UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION



FILED
FEB 17 2010
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

DONNA K. SOUTTER,
For herself and on behalf of all
similarly situated individuals.

Plaintiff,

v.

EQUIFAX INFORMATION SERVICES, LLC.

Defendant.

CIVIL ACTION NO.
3:10CV107

## CLASS COMPLAINT

COMES NOW, the Plaintiff, Donna K. Soutter, on behalf of herself and all similarly situated individuals, and alleges the following claims:

### INTRODUCTION

1. This action is brought under the Federal Fair Credit Reporting Act (FCRA), 15 U.S.C. §1681e(b), *et seq.* Plaintiff obtained a copy of her credit reports from Equifax Information Services, LLC. and discovered that it was reporting a judgment against Plaintiff in favor of Virginia Credit Union in the Richmond General District Court. This reporting was in inaccurate. Equifax violated the FCRA, 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the Plaintiff's credit reports and credit files it publishes and maintains concerning the Plaintiff. Plaintiff also seeks to represent a class of similar situated consumers.

### JURISDCTION

2. The Court has jurisdiction under the FCRA, 15 U.S.C. §1681p and 28 U.S.C. §1367 and

1331.

3. Venue is proper in this Court under 28 U.S.C. § 1391(b) as Equifax maintain its registered agents in Richmond.

## PARTIES

4. Plaintiff resides in Virginia and she is a "consumer" as protected and governed by the FCRA.

5. Equifax Information Services, LLC. (hereinafter "Equifax") is a Georgia corporation, doing business in Virginia. At all times relevant hereto, it was a "user" of the consumer report of Plaintiff, as governed by the FCRA.

8. Equifax is a "consumer reporting agency" as governed by the FCRA.

## FACTS

10. Prior to December 2008, Plaintiff obtained a copy of her credit report from Equifax and discovered that Equifax was reporting a judgment against Plaintiff in favor of Virginia Credit Union in the Richmond General District Court.

11. The reporting of the judgment by Equifax was inaccurate and in violation of the FCRA, 15 U.S.C. §1681e(b) due to defendant's failure to follow reasonable procedures to assure maximum possible accuracy in the preparation of the Plaintiff's credit reports and credit files it publishes and maintains concerning the Plaintiff. If the defendant had fully investigated, it would have found that there was an Order entered by the Court on March 02, 2008 which set aside and dismissed the judgment because the judgment was obtained against the Plaintiff in error.

12. Equifax failed to maintain reasonable procedures designed to avoid violations of the FCRA, 15 U.S.C. §1681e(b).

13. Equifax furnished to third parties multiple consumer reports regarding the Plaintiff that

contained the inaccurate information alleged herein.

## CLASS ACTION ALLEGATIONS

14. **The Class.** Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action for herself and on behalf of a class (the "Class") initially defined as follows:

All consumers for whom Equifax furnished a consumer report which reported a judgment that was either set aside, vacated or dismissed with prejudice.

15. **Numerosity. FED. R. CIV. P. 23(a)(1).** On information and belief, the Plaintiff alleges that Class members are so numerous that joinder of all is impractical. The names and addresses of the Class members are identifiable through documents maintained by the Defendant, and the Class members may be notified of the pendency of this action by published and/or mailed notice.

16. **Existence and Predominance of Common Questions of Law and Fact. FED. R. CIV. P. 23(a)(2).** Common questions of law and fact exist as to all members of the Class. These questions predominate over the questions affecting only individual members. These common legal and factual questions include, among other things:

a. Whether Equifax provided a consumer report which reported a judgment without first fully investigating the public records to determine if the judgment was set aside, vacated or dismissed with prejudice.

b. Whether Equifax knowingly and intentionally committed an act in conscious disregard of the rights of the consumer;

c. Whether Equifax conduct constituted violations of the FCRA.

17. **Typicality. FED. R. CIV. P. 23(a)(3)).** Plaintiff's claims are typical of the claims of each Class member. Plaintiff is entitled to relief under the same causes of action as the other members

of the Class.

18. **Adequacy. FED. R. CIV. P. 23(a)(4)).** Plaintiff is an adequate representative of the Class because his interests coincide with, and are not antagonistic to, the interests of the members of the Class he seeks to represent; he has retained counsel competent and experienced in such litigation; and he intends to prosecute this action vigorously. The interests of members of the Class will be fairly and adequately protected by Plaintiff and his counsel.

19. **Superiority. FED. R. CIV. P. 23(b)(3).** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The damages suffered by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendants' conduct. It would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the Courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendants' conduct. By contrast, the Class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a case.

20. **Injunctive Relief Appropriate for the Class. FED. R. CIV. P. 23(b)(2).** Class certification is appropriate because Defendant has acted on grounds generally applicable to the Class, making appropriate equitable injunctive relief with respect to Plaintiff and the Class

members.

## COUNT ONE: VIOLATION OF THE FCRA, § 1681e(b)

## CLASS CLAIM

21. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

22. Defendant violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer reports it furnished regarding the Plaintiff.

23. As a result of the conduct, actions and inactions of the Defendant as alleged in this Count, the Plaintiff suffered actual damages.

24. Defendant's conduct, actions and inactions were willful, rendering Defendant liable for actual, statutory and punitive damages, as well as attorneys fees and costs, in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, the Defendant was negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

WHEREFORE, Plaintiff and the Class Members pray for relief as follows:

1. an order certifying the proposed class herein under Federal Rule 23 and appointing Plaintiff and his undersigned counsel of record to represent same;

2. the creation of a common fund available to provide notice of and remedy Defendant's violations;

3. statutory and punitive damages for the class claims;

4. actual or statutory damages, and punitive damages for the individual claims;

5. injunctive and declaratory relief as pled;

5. attorneys fees, expenses and costs;

6. pre-judgment and post-judgment interest as provided by law; and

7. such other relief the Court does deem just, equitable and proper.

TRIAL BY JURY IS DEMANDED.

DONNA K. SOUTTER,
For herself and on behalf of all similarly situated individuals

By: _____
Of Counsel

Leonard A. Bennett, VSB#37523
Consumer Litigation Associates, P.C.
12515 Warwick Boulevard, Suite 100
Newport News, VA 23606
(757) 930-3660
(757) 930-3662 facsimile
lenbennett@clalegal.com