**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| **DONNA K. SOUTTER** and **TONY LEE WEBB,** *on behalf of themselves and those similarly situated* Plaintiffs, v. **EQUIFAX INFORMATION SERVICES, LLC** Defendant. | **CIVIL ACTION NO.** **3:10cv-00107-REP** |

**FIRST AMENDED CLASS COMPLAINT**

COME NOW, the Plaintiffs, DONNA K. SOUTTER and TONY LEE WEBB, on behalf of themselves and all similarly situated individuals, and allege the following claims:

**INTRODUCTION**

1. This is a consumer class action brought for willful violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. ("FCRA"), against Defendant Equifax Information Services LLC ("Equifax'"). Both Plaintiffs obtained copies of their credit reports from Equifax and discovered that the Defendant was inaccurately reporting a public records civil judgment. This lawsuit challenges the manner in which Equifax reports such civil judgments and the procedures it follows after a consumer disputes the judgment.

2. Equifax uses an automated and systematic procedure to gather and report derogatory civil judgments in consumer credit reports, but it does not follow similarly systematic procedures to gather information from the same courts when the civil judgments are satisfied, vacated, or appealed.

3. Thereafter, when a consumer disputes the status of an inaccurate civil judgment, tax lien, or bankruptcy, Equifax responds to the consumer by falsely representing the identity of the entity from which it obtains such records.  Defendant represents that it does so directly from the courthouse and provides the name and address of the respective Court and its clerk's office as its source of the information.  Equifax represents that the Court actually affirmatively reported the disputed information, and that the consumer can obtain a change in that reporting within Equifax's system by contacting the Court to dispute the inaccuracy.  This misrepresentation hides the fact that Courts do not report such records to Equifax.  Rather, Equifax receives such public records through a third party furnisher – usually LexisNexis – that it pays to maintain a public records database.  Courts do not report anything to Equifax.  The misrepresentation is material, as it hides the fact that consumers have separate rights and remedies through and/or against the third party public records furnisher to obtain correction of the underlying database from which Equifax actually obtains its public records.

## JURISDCTION

4. The Court has jurisdiction under the FCRA, 15 U.S.C. § 1681p and 28 U.S.C. § 1367 and 1331.

5. Venue is proper in this Court under 28 U.S.C. § 1391(b) as Equifax maintains its registered agent in Richmond.  Both Plaintiffs reside in Virginia, and Plaintiff Soutter resides in the Division.  The entire proposed Class is limited to Virginia residents, and the proposed Soutter class is based on consumers who have been the subjects of inaccurate reporting of Richmond Division state General District Court judgments.

## PARTIES

6. Plaintiffs reside in Virginia and are "consumers" as protected and governed by the FCRA.

7. Equifax is a Georgia corporation, doing business in Virginia. At all times relevant hereto, it was a "user" of the consumer reports of the Plaintiffs, as governed by the FCRA.

8. Equifax is a "consumer reporting agency" as governed by the FCRA.

### FACTS

9. Prior to December 2008, Plaintiff, DONNA K. SOUTTER, (hereinafter "Soutter") obtained a copy of her credit report from Equifax, and for the first time she discovered that Equifax was reporting a judgment against her in favor of Virginia Credit Union in the Richmond General District Court.

10. The reporting of the judgment by Equifax was inaccurate and occurred, because Defendant failed failure to follow reasonable procedures to assure maximum possible accuracy in the preparation of the Plaintiff's credit reports and credit files it publishes and maintains concerning the Plaintiff. Specifically, Equifax does not follow the same automated and systematically rigorous processes to obtain all satisfactions, vacations, and appeals of judgments that it otherwise follows to obtain the derogatory entry of the judgments in the first place. In Soutter's instance, if the Defendant had followed such procedures, it would have reported an update in the Richmond General District Court records showing that on March 02, 2008 the earlier judgment had been set aside and dismissed, because it was obtained against the Plaintiff in error.

11. Equifax furnished multiple consumer reports regarding Soutter to third parties that

contained the inaccurate information alleged herein.

12. Defendant Equifax also reported derogatory information and statements about Plaintiff, TONY LEE WEBB (hereinafter "Webb") to third parties that it knows or should know to be false.

13. Specifically, Equifax has falsely reported that a judgment had been obtained against Plaintiff Webb (the "inaccurate public record"). The inaccurate public record negatively reflects upon Plaintiff Webb's financial responsibility and credit reputation. Defendant has reported the inaccurate public record on Plaintiff Webb's credit reports, which it has disseminated to various persons and credit grantors.

14. Plaintiff Webb disputed the inaccurate public record with the Defendant in writing in July 2009.

15. In response to Plaintiff's dispute, Defendant sent Plaintiff Webb the results of it's reinvestigation on August 14, 2009, which falsely stated that it had contacted the source of the inaccurate public record identified as the "Roanoke City General Distr, Room 206, Court House, Roanoke, VA 24011." In reference to Plaintiff's dispute, Defendant Equifax further stated that it had "verified" that the inaccurate public record belonged to Plaintiff (the "Reinvestigation Letter" or "Letter"). See letter of August 14, 2009, attached hereto as Exhibit "A."

16. Contrary to what it represented to Plaintiff Webb, Defendant never contacted the Roanoke City General District Court or anyone located in Room 206, Court House, Roanoke, VA 24011 in response to Plaintiff's dispute; in fact, Defendant did not even receive any initial reporting from this source for the disputed civil judgment.

17. As a matter of common practice, Defendant obtains the public record information it reports about consumers from an intermediary entity that resells its database to Equifax. Equifax does not receive any Virginia public records from Virginia courthouses. Moreover, if

and when Defendant undertakes any action in response to a consumer's dispute regarding the accuracy of a public record, it never contacts the original source of the information but instead contacts the undisclosed private company from which it purchased the reports. It is this third party company on which Equifax relies to determine whether to reject a consumer's dispute of an allegedly inaccurate public record, and it is this entity only that has authority or the means to make a correction to the public records database.

18. On information and belief, Equifax obtained this public record (as well as Plaintiff Soutter's and those of all putative class members) from the same private third party company. The vendor is paid for each derogatory public record – judgments, tax liens, and bankruptcies – it discovers and reports to Equifax.

19. This public record vendor is a "furnisher" governed by the FCRA and triggers certain responsibilities for Equifax about the data furnished through this relationship.

20. Notwithstanding this reality, Defendant falsely advises consumers otherwise, as demonstrated above. Defendant's practice of misrepresenting its investigation activities to consumers is carried out systemically through its use of form letters, such as the Reinvestigation Letter sent to Plaintiff Webb.

21. At all times pertinent hereto, Defendant's conduct was willful and carried out in reckless disregard for a consumer's rights as set forth under the FCRA. By example only and without limitation, the conduct is willful, as it was intentionally accomplished through intended procedures; these procedures have continued despite the fact that Equifax has already been subject to court decisions in other states critical of its similar conduct; and as Equifax's diligence in collecting and reporting derogatory information is believed by it to be of greater economic value than follow up information that would fully cancel or render the previous reporting of the public record irrelevant.

22. At all times pertinent hereto, Defendant was acting by and through its agents,

servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

### COUNT ONE:  FAIR CREDIT REPORTING ACT
### CLASS ACTION CLAIM
### 15 U.S.C.  § 1681e(b) – DONNA K.  SOUTTER

**(Systemic failure to report satisfactions, vacations and appeals of Civil judgments in the City of Richmond General District Court)**

23. Plaintiffs restate each of the allegations in the preceding paragraphs as if set forth at length herein.

24. Plaintiff Soutter brings this action individually and as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of the following Class:

> All consumers (a.) who Equifax credit files show had a primary address in Virginia as of February 17, 2010, (b.) about whom Equifax furnished a consumer report to a third party that showed a civil judgment in the General District Court for the City of Richmond at any time on or after February 17, 2008; and (c.) where, on such date the report was furnished, the records of the General District Court for the City of Richmond showed that the judgment had been satisfied, appealed, vacated or otherwise set aside.

(Hereafter the "Section 1681e(b) Class").

25. Defendant violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer reports it furnished regarding the Plaintiff and other class members.

26. As a result of the conduct, actions, and inactions of the Defendant as alleged in this Count, the Plaintiff and other class members suffered credit score damage.

27. Defendant's violation of 15 U.S.C. § 1681e(b) was willful, rendering the Defendant liable pursuant to 15 U.S.C. § 1681n.  In the alternative, the Defendant was negligent

entitling the Plaintiffs to recover under 15 U.S.C. § 1681o.

27. The Plaintiffs are entitled to recover actual damages and/or statutory damages, punitive damages, costs, and attorney's fees from the Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

29. Numerosity. Fed. R. Civ. P. 23(a)(1). On information and belief, the Plaintiff alleges that the Section 1681e(b) class is so numerous that joinder of the claims of all class members is impractical. The names and addresses of the Class members are identifiable through documents maintained by the Defendant and through publically available court records, and the Class members may be notified of the pendency of this action by published and/or mailed notice.

30. Existence and Predominance of Common Questions of Law and Fact. FED. R. CIV. P. 23(a)(2). Common questions of law and fact exist as to all members of the Section 1681e(b) Class. These questions predominate over the questions affecting only individual members. These common legal and factual questions include by example only and without limitation:

    a. Whether Equifax adopted procedures that collected and reported updates to public record civil judgments that were less systematic and effective than those it used to collect and report the underlying judgments;

    b. Whether Equifax did so negligently, recklessly, knowingly, or intentionally in conscious disregard of the rights of the consumer class members; and

    c. Whether Equifax's conduct constituted violations of the FCRA.

31. Typicality. Fed. R. Civ. P. 23(a)(3)). Plaintiff's claims are typical of the claims of each Section 1681e(b) Class member. Plaintiff is entitled to relief under the same causes of

action as the other members of the class.

32. Adequacy. Fed. R. Civ. P. 23(a)(4)). Plaintiff Soutter is an adequate representative of the Section 1681e(b) Class, because her interests coincide with and are not antagonistic to the interests of the members of the class she seeks to represent; she has retained counsel competent and experienced in such litigation; and she intends to prosecute this action vigorously. Plaintiff and her counsel will fairly and adequately protect the interests of members of the Section 1681e(b) Class.

33. Superiority. Fed. R. Civ. P. 23(b)(3). As alleged above, questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. Further, individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct and the limited availability of legal representation for such prosecutions. It would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the Courts. In fact, it is also likely that a large number of class members may not even know of the underlying inaccuracy, not having yet discovered the uncorrected public record or otherwise reviewed their current credit report. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the Class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a

case.

34. Injunctive Relief Appropriate for the Class. Fed. R. Civ. P. 23(b)(2). Class certification is appropriate, because Defendant has acted on grounds generally applicable to the Class, making appropriate equitable injunctive relief with respect to the Plaintiffs and the Class members.

35. Plaintiff and the Section 1681e(b) class members are entitled to recover costs and attorney's fees from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

## COUNT TWO: FAIR CREDIT REPORTING ACT
## CLASS ACTION CLAIM
## 15 U.S.C. § 1681i(a)(6) – TONY LEE WEBB

**(Misrepresenting in notice if reinvestigation results the source of a disputed item and that the underlying data source had actually verified the disputed item)**

36. Plaintiffs reiterates each of the allegations in the preceding paragraphs as if set forth at length herein.

37. Plaintiff Webb brings this action individually and as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of the following Class:

> All consumers (a.) who Equifax credit files show had a primary address in Virginia as of February 17, 2010, (b.) who disputed a civil judgment, tax lien or bankruptcy or other public record from a Virginia court on or after February 17, 2010; and (c.) to whom Equifax mailed a response letter substantially similar to that attached as Exhibit "A" (that represented that the public record had been verified and identified as the source of such reporting and verification the underlying court rather than the third party public records vendor).

(Hereafter the "Section 1681i(a)(6) Class").

38. Numerosity. FED. R. CIV. P. 23(a)(1). The Section 1681i(a)(6) Class is so

numerous that joinder of all members is impracticable. Although the precise number of Class members is known only to Defendant, Defendant handles hundreds if not thousands of consumer disputes and investigations of public record information, and Defendant's uniform practice and procedure is to send form letters in response which misrepresent its investigation activities. Accordingly, Plaintiff estimates that the class size numbers in the hundreds, if not thousands.

39. Existence and Predominance of Common Questions of Law and Fact. FED. R. CIV. P. 23(a)(2). Common questions of law and fact exist as to all members of the Section 1681i(a)(6) Class. Without limitation, the total focus of the litigation will be whether or not Defendant violated the FCRA by misrepresenting its reinvestigation activities when responding to a dispute it received from a consumer who disputed the accuracy of a public record that Equifax was reporting.

40. Typicality. FED. R. CIV. P. 23(a)(3). Plaintiff's claims are typical of the claims of each Section 1681i(a)(6) Class member. Plaintiff is entitled to relief under the same causes of action as the other members of the class.

41. Adequacy. FED. R. CIV. P. 23(a)(4). Plaintiff Webb is an adequate representative of the Section 1681i(a)(6) Class, because his interests coincides with and are not antagonistic to the interests of the members of the class he seeks to represent; he has retained counsel competent and experienced in such litigation; and he intends to prosecute this action vigorously. Plaintiff and his counsel will fairly and adequately protect the interests of members of the Section 1681i(a)(6) Class.

42. Superiority. FED. R. CIV. P. 23(b)(3). Questions of law and fact common to the Section 1681i(a)(6) Class members predominate over questions affecting only individual

members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. Without limitation, the statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Equifax's conduct. It would be virtually impossible for the members of the class individually to redress effectively the wrongs done to them. Even if the members of the Section 1681i(a)(6) Class members themselves could afford such individual litigation, it would be an unnecessary burden on the Courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Equifax's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a case.

43. Whether a consumer was sent one of Equifax's false Reinvestigation Letters can be easily determined by a ministerial inspection of Defendant's business records.

44. A class action is a superior method for the fair and efficient adjudication of this controversy. The interest of Section 1681i(a)(6) Class members in individually controlling the prosecution of separate claims against Defendant is slight, because the maximum statutory damages are limited to between $100.00 and $1,000.00 under the FCRA. Management of the class claims is likely to present significantly fewer difficulties than those presented in many individual claims. The identities of the Section 1681i(a)(6) Class members may be obtained from Defendant's records.

45. Defendant violated 15 U.S.C. § 1681i(a)(6) by failing to accurately provide the

results of the reinvestigations of class member disputes within 5-days of completion of the reinvestigation.

46. The conduct, action, and inaction of Defendant was willful, rendering it liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

47. Plaintiff and the class members are entitled to recover costs and attorney's fees from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

## COUNT THREE: FAIR CREDIT REPORTING ACT
## INDIVIDUAL CLAIM - TONY LEE WEBB
## 15 U.S.C. § 1681i(a)(1)

**(Failure to conduct a reasonable reinvestigation)**

48. Plaintiffs restate each of the allegations in the preceding paragraphs as if set forth at length herein.

49. Defendant violated 15 U.S.C. § 1681i(a)(1) by failing to conduct a reasonable reinvestigation to determine whether the public record disputed by Webb was accurate, complete, and current and to record the current status of the disputed information following the reinvestigation.

50. As a result of the conduct, actions, and inactions of the Defendant as alleged in this Count, the Plaintiffs suffered actual damages.

51. Defendant's violation of 15 U.S.C. § 1681i(a)(1) was willful, rendering the Defendant liable pursuant to 15 U.S.C. § 1681n. In the alternative, the Defendant was negligent entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

52. The Plaintiff is are entitled to recover actual damages and/or statutory damages,

punitive damages, costs, and attorney's fees from the Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

WHEREFORE, Plaintiffs move for class certification and for judgment against the Defendant, individually as alleged for actual and/or statutory damages and punitive damages, as a class as alleged for statutory damages and punitive damages; and for attorney's fees and costs, and such other specific or general relief the Court does find just and appropriate.

TRIAL BY JURY IS DEMANDED.

                      **DONNA K. SOUTTER and**
                      **TONY LEE WEBB,**
                      *for themselves and on behalf of all*
                      *similarly situated individuals*.

By:_____/s/_____
Leonard A. Bennett, Esq.
VSB #37523
Attorney for Plaintiff
CONSUMER LITIGATION ASSOCIATES, P.C.
12515 Warwick Boulevard, Suite 100
Newport News, Virginia 23606
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
lenbennett@cox.net


Matthew J. Erausquin
VSB# 65434
Attorney for Plaintiff
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Road
Suite 600
Alexandria, VA 22314
703-273-7770 - Telephone
888-892-3512 - Facsimile
matt@clalegal.com