UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

DONNA K. SOUTTER
and TONY L. WEBB,
on behalf of themselves and those
similarly situated,

    Plaintiffs,

v.                                            Civil Action No. 3:10CV00107(REP)

EQUIFAX INFORMATION SERVICES LLC,

    Defendant.

## ANSWER AND DEFENSES OF DEFENDANT EQUIFAX INFORMATION SERVICES LLC TO PLAINTIFFS' FIRST AMENDED CLASS COMPLAINT

Defendant, Equifax Information Services LLC ("EIS"), submits the following Answer and Defenses to Plaintiffs' First Amended Class Complaint ("Complaint").

### PRELIMINARY STATEMENT

In submitting its Amended Answer and Defenses to the Complaint, EIS states that it is responding to the Complaint for itself only, even where Plaintiffs' allegations refer to alleged conduct of entities other than EIS. Furthermore, EIS denies all allegations contained in the unnumbered paragraphs and headings in the Complaint, and specifically denies any allegations in the Complaint that have not been otherwise specifically addressed herein, including any legal conclusions to which a response may be required.

### ANSWER

In response to the specific enumerated paragraphs in the Complaint, EIS responds as follows:

1

1. EIS admits that Plaintiffs purport to bring this action for willful violation of the Fair Credit Reporting Act ("FCRA"), but denies that it has violated any provisions of the FCRA. EIS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1 and, therefore, denies those allegations.

2. EIS denies the allegations in Paragraph 2.

3. EIS admits that it receives public records through a third party vendor - usually LexisNexis. EIS denies the remaining allegations in Paragraph 3.

4. EIS admits the allegations in Paragraph 4.

5. EIS admits the allegations in the first sentence of Paragraph 5. EIS is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 5 and, therefore, denies those allegations.

6. EIS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and, therefore, denies those allegations.

7. EIS admits that it is organized under the laws of Georgia and conducts business in Virginia. EIS denies the remaining allegations in Paragraph 7.

8. EIS admits the allegations in Paragraph 8.

9. EIS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and, therefore, denies those allegations.

10. EIS denies the allegations in Paragraph 10.

11. EIS denies the allegations in Paragraph 11.

12. EIS denies the allegations in Paragraph 12.

13. EIS denies the allegations in Paragraph 13.

14. EIS admits the allegations in Paragraph 14.

15. EIS admits that it sent Ms. Soutter the results of its reinvestigation on August 14, 2009 and that the letter attached as Exhibit A to Plaintiff's Amended Complaint contains the results. EIS denies the remaining allegations in Paragraph 15.

16. EIS denies the allegations in Paragraph 16.

17. EIS admits that it receives public record information from a public records vendor. EIS denies the remaining allegations in Paragraph 17.

18. EIS admits that it obtained the subject judgment concerning Ms. Soutter from a third party public records vendor. EIS denies the remaining allegations in the second sentence of Paragraph 18.

19. EIS denies the allegations in Paragraph 19.

20. EIS denies the allegations in Paragraph 20.

21. EIS denies the allegations in Paragraph 21.

22. EIS denies the allegations in Paragraph 22.

23. EIS restates and incorporates its responses to the allegations in the preceding paragraphs as though fully set forth herein.

24. EIS admits that Plaintiff Soutter purports to bring this action individually and as a class action pursuant to Federal Rule of Civil Procedure 23 and that the proposed class is defined in Paragraph 24, but denies that this case is appropriate for class certification and, therefore, denies the allegations in Paragraph 24.

25. EIS denies the allegations in Paragraph 25.

26. EIS denies the allegations in Paragraph 26.

27. EIS denies the allegations in Paragraph 27.

27. EIS denies the allegations in the second Paragraph 27.

28. Plaintiff's Amended Complaint does not contain a Paragraph 28.

29. Because EIS denies that this case is appropriate for class treatment, EIS denies the allegations in Paragraph 29.

30. EIS denies the allegations in Paragraph 30, including all subparts.

31. EIS denies the allegations in Paragraph 31.

32. Because EIS denies that this case is appropriate for class treatment, EIS denies the allegations in Paragraph 32.

33. EIS denies the allegations in Paragraph 33.

34. EIS denies the allegations in Paragraph 34.

35. EIS denies the allegations in Paragraph 35.

36. EIS restates and incorporates its responses to the allegations in the preceding paragraphs as though fully set forth herein.

37. EIS admits that Plaintiff Webb purports to bring this action individually and as a class action pursuant to Federal Rule of Civil Procedure 23 and that the proposed class is defined in Paragraph 37, but denies that this case is appropriate for class certification and, therefore, denies the allegations in Paragraph 37.

38. Because EIS denies that this case is appropriate for class treatment, EIS denies the allegations in Paragraph 38.

39. EIS denies the allegations in Paragraph 39.

40. EIS denies the allegations in Paragraph 40.

41. Because EIS denies that this case is appropriate for class treatment, EIS denies the allegations in Paragraph 41.

42. EIS denies the allegations in Paragraph 42.

43. EIS denies the allegations in Paragraph 43.

44. EIS denies the allegations in Paragraph 44.

45. EIS denies the allegations in Paragraph 45.

46. EIS denies the allegations in Paragraph 46.

47. EIS denies the allegations in Paragraph 47.

48. EIS restates and incorporates its responses to the allegations in the preceding paragraphs as though fully set forth herein.

49. EIS denies the allegations in Paragraph 49.

50. EIS denies the allegations in Paragraph 50.

51. EIS denies the allegations in Paragraph 51.

52. EIS admits that Plaintiffs seek the relief described in Paragraph 52, but denies that Plaintiffs are entitled to such relief.

53. EIS denies that Plaintiffs are entitled to any of the relief identified in their prayer for relief immediately following Paragraph 52 in Plaintiffs' Complaint.

54. EIS demands a trial by jury on all issues so triable.

## DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiffs, EIS pleads the following defenses to Plaintiffs' Complaint:

## FIRST DEFENSE

Plaintiffs' Complaint fails, in whole or in part, to state a claim against EIS upon which relief can be granted.

## SECOND DEFENSE

At all times relevant herein, EIS maintained reasonable procedures in its handling of Plaintiffs' consumer credit files.

## THIRD DEFENSE

EIS has complied with the FCRA in its handling of Plaintiffs' credit files, if any, and is entitled to each and every defense stated in the Act and any and all limitations of liability.

## FOURTH DEFENSE

Plaintiffs have not alleged any injury in fact.

## FIFTH DEFENSE

Plaintiffs have not sustained damages and does not have standing to assert any of the causes of action enumerated in the Complaint.

## SIXTH DEFENSE

Plaintiffs have failed to mitigate their damages.

## SEVENTH DEFENSE

Plaintiffs' claims do not meet the requirements, in whole or in part, of Fed. R. Civ. P. 23 and thus cannot be maintained as a class action.

## EIGHTH DEFENSE

Plaintiffs' claims for punitive damages are barred or limited by the provisions of 15 U.S.C. §1681n.

## NINTH DEFENSE

Plaintiffs' Complaint seeks the imposition of punitive damages. EIS adopts by reference the defenses, criteria, limitations, standards and constitutional protections mandated or provided by the United States Supreme Court in the following cases: BMW v. Gore, 517 U.S. 559 (1996);

Cooper Indus., Inc. v. Leatherman Tool Group, Inc., 532 U.S. 923 (2001); State Farm v. Campbell, 538 U.S. 408 (2003); Philip Morris USA v. Williams, 127 S. Ct. 1057 (2007); Exxon Shipping Co. v. Baker, 168 S. Ct. 265 (2008).

### TENTH DEFENSE

Plaintiffs' claims for willful violations of the FCRA are barred by the principles articulated in Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47 (2007).

### ELEVENTH DEFENSE

EIS denies each and every averment of Plaintiffs' Complaint not specifically admitted in this Answer.

### TWELFTH DEFENSE

Plaintiffs' damages, if any, were not caused by EIS, but by another person or entity for whom or for which EIS is not responsible.

### THIRTEENTH DEFENSE

EIS reserves the right to have additional defenses that it learns through the course of discovery.

WHEREFORE, having fully answered or otherwise responded to the allegations in Plaintiffs' Complaint, EIS prays that:

(1)  Plaintiffs' Class Action Complaint be dismissed in its entirety and with prejudice, with all costs taxed against Plaintiffs;

(2)  EIS be dismissed as a party to this action;

(3)  EIS recover from Plaintiffs its expenses of litigation, including attorney's fees; and

(4)     EIS recover such other and additional relief as the Court deems just and appropriate.

Respectfully submitted this 26th day of March, 2010.

/s/
John W. Montgomery, Jr.
Virginia State Bar No. 37149
Counsel for Equifax Information Services, LLC
MONTGOMERY & SIMPSON, LLP
2116 Dabney Road, Suite A-1
Richmond, Virginia 23230
Telephone: (804) 355-8744
Facsimile: (804) 355-8748
Email: jmontgomery@jwm-law.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of March, 2010, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Leonard A. Bennett
Consumer Litigation Associates
12515 Warwick Boulevard
Suite 100
Newport News, Virginia 23606
***Counsel for Plaintiff***

Joseph W. Clark
JONES DAY
51 Louisiana Avenue, NW
Washington, DC 20001
***Counsel for Defendant Experian Information Solutions, Inc.***

/s/
John W. Montgomery, Jr.
Virginia State Bar No. 37149
Counsel for Equifax Information Services, LLC
MONTGOMERY & SIMPSON, LLP
2116 Dabney Road, Suite A-1
Richmond, Virginia 23230
Telephone: (804) 355-8744
Facsimile: (804) 355-8748
Email: jmontgomery@jwm-law.com