UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

DONNA K. SOUTTER
and TONY L. WEBB,
For themselves and on behalf of all
similarly situated individuals,

    Plaintiff,

v.                                                    Civil Action No. 3:10CV00107(REP)

EQUIFAX INFORMATION SERVICES LLC,

    Defendant.
************************

DONNA K. SOUTTER,
For herself and on behalf of all
similarly situated individuals,

    Plaintiff,

v.                                                    Civil Action No. 3:09CV00695 (HEH)

EXPERIAN INFORMATION SOLUTIONS, INC.,

    Defendant.

### MEMORANDUM IN SUPPORT OF DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S MOTION TO CONSOLIDATE CASES

Defendant, Equifax Information Services LLC ("EIS"), submits its Memorandum in Support of its Motion to Consolidate Cases. As set forth below, EIS's Motion should be granted.

1

## INTRODUCTION

One of the two Plaintiffs in this case, Donna K. Soutter, has filed two class action lawsuits in this District and Division under the federal Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"), that contain virtually identical legal and factual issues. The first-filed case, pending before Judge Hudson, is *Donna K. Soutter v. Experian Information Solutions, Inc.*, Case No. 3:09cv695 ("Experian Lawsuit"). The second-filed case, pending before this Court, is *Donna K. Soutter and Tony L. Webb v. Equifax Information Services LLC*, Case No. 3:10cv00107 ("EIS Lawsuit").

The central claim in both cases is that the defendants -- two of the three national consumer reporting agencies -- violated the FCRA in the manner in which they collect and report public record information, such as judgments and liens, from the Richmond General District Court (the "Richmond Court"). As discussed below, these two lawsuits should be consolidated because they involve the same plaintiff, the same legal issues under the FCRA, the same legal issues on class certification, and virtually identical alleged facts. If the cases are not consolidated, then there is a substantial risk that the two Courts could reach inconsistent, and even conflicting, decisions on both the class certification issue and the substantive claims. Consolidation also would prevent unnecessarily duplicative and expensive discovery and inconvenience for both Courts and all the parties. Accordingly, EIS respectfully submits that the cases should be consolidated.

## RELEVANT FACTUAL BACKGROUND

### I. THE EXPERIAN LAWSUIT

Plaintiff filed the Experian lawsuit on November 4, 2009 against Experian Information Solutions, Inc. ("Experian"). A copy of the Complaint in the Experian Lawsuit is attached hereto

2

as Exhibit A. In the Experian lawsuit, Plaintiff alleges that:

> Plaintiff obtained a copy of her credit report from Experian and discovered that it was reporting a judgment against Plaintiff in favor of Virginia Credit Union in the Richmond General District Court. This reporting was inaccurate as the judgment had been vacated. Experian violated the FCRA, 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the Plaintiff's credit reports and credit files it publishes and maintains concerning the Plaintiff and by failing to establish a process to systematically pick up vacated, satisfied or appealed judgments.

Exhibit A, ¶ 1.

Plaintiff further alleges that the subject judgment was filed in the Richmond Court and "set aside and dismissed" on March 2, 2008. *Id.*, ¶ 8. Plaintiff seeks to certify a class defined as "[a]ll consumers for whom Experian furnished a consumer report which reported a judgment in the Richmond General District Court as unpaid that was either set aside, vacated, or appealed or dismissed with prejudice prior to the date of this reporting." *Id.*, ¶ 17.

Plaintiff asserts two FCRA claims in the Experian Lawsuit, one for violation of section 1681i(a) and another for violation of section 1681e(b). *Id.*, ¶¶ 25, 29. Plaintiff seeks statutory damages, punitive damages, and attorneys' fees for herself and all putative class members for willful violations of section 1681i(a). *Id.*, ¶¶ 26-27, 30. Further, she seeks damages, including punitive damages, and attorneys' fees for alleged negligent and willful violations of section 1681e(b) for herself and all putative class members. *Id.*, ¶ 30. Plaintiff also seeks injunctive relief for the class. *Id.*, ¶ 23.

## II. THE EIS LAWSUIT

Plaintiff filed her lawsuit against EIS on February 17, 2010. *See* Doc. 1. In her original Complaint, Plaintiff alleged that:

> Plaintiff obtained a copy of her credit report from Equifax and discovered that it was reporting a judgment against Plaintiff in favor of Virginia Credit Union in the Richmond General District Court. This reporting was inaccurate. Equifax violated the FCRA, 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure

maximum possible accuracy in the preparation of the Plaintiff's credit reports and credit files it publishes and maintains concerning the Plaintiff.

*Id.*, ¶ 1. Plaintiff further alleged that the subject judgment was filed in the Richmond Court and "set aside and dismissed" on March 2, 2008. *Id.*, ¶ 11.

On March 1, 2010, Plaintiff filed an Amended Complaint. *See* Doc. 2. In her Amended Complaint, Plaintiff alleges that EIS "uses an automated and systematic procedure to gather and report derogatory civil judgments in consumer credit reports, but it does not follow similarly systematic procedures to gather information from the same courts when the civil judgments are satisfied, vacated or appealed." *Id.*, ¶ 2.[1] Just as in the Experian Lawsuit, Plaintiff alleges that the subject judgment was filed in the Richmond Court and "set aside and dismissed" on March 2, 2008. *Id.*, ¶ 10. In her Amended Complaint, Plaintiff seeks to certify a class defined as:

> All consumers (a.) who Equifax credit files show had a primary address in Virginia as of February 17, 2010, (b.) about whom Equifax furnished a consumer report to a third party that showed a civil judgment in the General District Court for the City of Richmond at any time on or after February 17, 2008; and (c.) where, on such date the report was furnished, the records of the general District Court for the City of Richmond showed that the judgment had been satisfied, appealed, vacated or otherwise set aside." *Id.*, ¶ 24. Plaintiff also seeks injunctive relief for the class.

*Id.*, ¶ 34.

In the EIS Lawsuit, Plaintiff asserts claims under the same FCRA provision (section 1681e(b)) and seeks the same relief as she does in the Experian Lawsuit. *Id.*, ¶¶ 25, 27. She seeks damages, including punitive damages, and attorneys' fees for alleged negligent and willful violations of section 1681e(b) for herself and all putative class members. *Id.*, ¶¶ 26-27. Plaintiff also seeks injunctive relief for the class. *Id.*, ¶ 34.

---

[1] Plaintiff's Amended Complaint also added an additional plaintiff, Tony L. Webb. The claims asserted by Mr. Webb are not relevant to this motion.

4

## ARGUMENT AND CITATION OF AUTHORITY

**I.  CONSOLIDATION MOTIONS ARE GOVERNED BY FEDERAL RULE OF CIVIL PROCEDURE 42.**

Federal Rule of Civil Procedure 42(a) permits a court to consolidate actions pending before it if those actions involve "a common question of law or fact":

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a).

Once the threshold requirement of a "common question of law or fact" is met, then whether to grant a motion to consolidate is within the discretion of the Court. *See Arnold v. Eastern Air Lines*, 681 F.2d 186, 193 (4th Cir. 1982), *cert. denied*, 460 U.S. 1102 (1983). Judicial economy generally favors consolidation of cases. *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 n. 85 (2d Cir. 1990). The factors to consider when determining a motion to consolidate include "the risk of prejudice and possible confusion versus the possibility of inconsistent adjudication of common factual and legal issue, the burden on the parties, witnesses and judicial resources by multiple lawsuits, the length of time required to try multiple suits versus a single suit, and the relative expense required for multiple suits versus a single suit." *In Re Cree, Inc., Securities Litigation*, 219 F.R.D. 369, 371 (M.D.N.C. 2003) (*citing Arnold*, 681 F.2d at 193).

Consolidation does not require the common questions of law or fact to be exhaustive of the questions of law or fact before the Court. *See Arnold*, 681 F.2d at 193. Nor is consolidation limited to actions involving identical parties. *See St. Bernard Gen'l Hosp., Inc. v. Hosp. Service Ass'n of New Orleans, Inc.*, 712 F.2d 978, 989 (5th Cir. 1983) ("the fact that a defendant may be

involved in one case and not the other is not sufficient to avoid consolidation"). Further, courts have "broad discretion" under Rule 42(a) to consolidate cases that are pending in the same district. *A/S J. Ludwig Mowinckles Rederi v. Tidewater Const. Co.*, 559 F.2d 928, 933 (4th Cir. 1977). The separate lawsuits filed by Ms. Soutter against EIS and Experian undeniably involve questions of law and fact that are common to Experian and EIS and, therefore, should be consolidated as discussed below.

## II.   EIS's MOTION TO CONSOLIDATE SHOULD BE GRANTED.

### A.   The Experian And EIS Lawsuits Involve Questions Of Law And Fact That Are Common To Each Case.

It cannot reasonably be disputed that the EIS and Experian Lawsuits involve questions of law and fact that are common to each case. First, Ms. Soutter is a Plaintiff in both cases. She presumably will have knowledge of the subject Richmond Court judgment, the reason(s) that the judgment was allegedly "set aside and dismissed," her personal and credit history, her adequacy as a class representative, and her actual damages, if any. Plaintiff's records, evidence, and deposition testimony in the two cases are likely to be substantially similar, if not identical, on the central issues.

Second, the subject Richmond Court judgment is the same in both cases. The judgment was filed in the same Richmond Court, against the same person (Ms. Soutter) and allegedly "set aside and dismissed" on the same date, March 2, 2008, in both cases. Common issues concerning the accuracy of the judgment will be present in both cases.

Third, the same underlying court records and procedures are at issue -- those of the Richmond Court. A representative of the Richmond Court will likely need to be deposed concerning the policies and procedures of that court related to public records and, therefore, the factual issues concerning these policies and procedures will be the same in both cases.

Fourth, the class allegations are substantially similar in both cases. The class allegations involve the manner in which two national consumer reporting agencies collect and report public records from the Richmond Court. Although the defendants are different, the issues are substantively identical, which favors consolidation. *See, e.g., In Re Microstrategy Inc. Securities Litigation*, 110 F. Supp. 2d 427, 431 (E.D. Va. 2000) ("[T]he existence of slight differences in class periods, parties or damages among the suits does not necessarily defeat consolidation where the essential claims and factual allegations are similar.").

Fifth, the substantive claims under section 1681e(b) of the FCRA are substantially similar. These claims, in both cases, relate to the manner in which consumer reporting agencies collect and report public records from the Richmond Court. Further, Plaintiff seeks substantially the same relief from Experian and EIS in both cases: actual damages and/or statutory damages, punitive damages, and attorneys' fees and costs pursuant to sections 1681n and 1681o.

Given the substantial similarities between these two cases, consolidation is appropriate. Indeed, the factual similarity of Ms. Soutter's complaints against Experian and EIS compels consolidation, as numerous decisions from the Court have held. *See, e.g., Kelley v. U.S.*, 580 F. Supp. 2d 490, 494 (E.D. Va. 2008) (consolidating actions because of common questions of law and fact at issue); *In Re Microstrategy Inc. Securities Litigation*, 110 F. Supp. 2d at 431-32 (consolidating actions that involved factual and legal similarities among the cases); *Switzenbaum v. Orbital Sciences Corp.*, 187 F.R.D. 246, 248 (E.D. Va. 1999) (consolidating action that posed several common questions of law and fact and noting that the efficiency of resolving these actions in a single proceeding was beyond serious debate); *see also Johnson*, 899 F.2d at 1285 (permitting consolidation where two cases shared several factual commonalities); *Allen v.*

*McEntee*, 1993 WL 121513, at *3 (D.D.C. Apr. 5, 1993) ("The near identity of the complaints in these two actions provides ample basis for consolidation.").

### B. Consolidation Will Prevent Needless Duplication Of Labor, Unnecessary Court Costs, And Delay.

Given the indisputable legal and factual similarities set forth above, it is clear that consolidation would avoid needless duplication of labor, unnecessary time and expense, and needless delay. *See In Re Norfolk Dredging Co.*, 2006 WL 3182761, at *3 (E.D. Va. Nov. 3, 2006) (consolidating actions that arose out of the same alleged event and involved the same witnesses and evidence to avoid unnecessary costs and delay). Plaintiff would only need to be deposed one time rather than twice. Similarly, a representative of the Richmond Court would only need to be deposed one time instead of twice. The Court before which the cases are consolidated could place class discovery and certification briefing on the same schedule in order to avoid needless duplication and expense.

Further, and perhaps most importantly, consolidation would eliminate the chance for inconsistent results on either the anticipated motion for class certification or any motion(s) for summary judgment. *See Malcolm v. Nat'l Gypsum Co.*, 995 F.2d 346, 350 (2d Cir. 1993) (the risk of inconsistent adjudication of common factual and legal issues generally weighs in favor of consolidation). Plaintiff would not be prejudiced by consolidation because, as far as EIS is aware, the Experian Lawsuit has not moved into the discovery phase and no substantive motions have been filed. *See Werner v. Saterlee, et al.*, 797 F. Supp. 1194, 1212 (S.D.N.Y. 1992) (concluding that consolidation would not impose an undue delay even though the lawsuits at issue were at different stages). Accordingly, in order to avoid needless expense and the risk of inconsistent results, the cases should be consolidated.

## CONCLUSION

For the foregoing reasons, EIS respectfully requests that the Court grants its Motion and, pursuant to Rule 42(a), consolidate these actions for all purposes, including discovery and trial. EIS requests that the Court consolidate the existing Civil Action No. 3:10-cv-107-REP with the matter currently pending before this Court at Civil Action No. 3:09-cv-695-HEH.

Respectfully submitted this 26th day of March, 2010.

/s/
John W. Montgomery, Jr.
Virginia State Bar No. 37149
Counsel for Equifax Information Services, LLC
MONTGOMERY & SIMPSON, LLP
2116 Dabney Road, Suite A-1
Richmond, Virginia 23230
Telephone: (804) 355-8744
Facsimile: (804) 355-8748
Email: jmontgomery@jwm-law.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of March, 2010, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Leonard A. Bennett
Consumer Litigation Associates
12515 Warwick Boulevard
Suite 100
Newport News, Virginia 23606
*Counsel for Plaintiff*

Joseph W. Clark
JONES DAY
51 Louisiana Avenue, NW
Washington, DC 20001
*Counsel for Defendant Experian Information Solutions, Inc.*

/s/
John W. Montgomery, Jr.
Virginia State Bar No. 37149
Counsel for Equifax Information Services, LLC
MONTGOMERY & SIMPSON, LLP
2116 Dabney Road, Suite A-1
Richmond, Virginia 23230
Telephone: (804) 355-8744
Facsimile: (804) 355-8748
Email: jmontgomery@jwm-law.com