IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| DONNA K. SOUTTER and TONY L. WEBB ) <br> *on behalf of themselves and those similarly situated* ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> EQUIFAX INFORMATION SERVICES, LLC ) <br> ) <br> Defendant. ) | Civil Action <br> No. 3:10-cv-107 |

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO CONSOLIDATE CASES**

COME NOW the Plaintiffs, by counsel, and as for their opposition to Defendant Equifax Information Services, LLC's motion to consolidate cases, they state as follows:

Equifax moves to consolidate this case with another unrelated, and now settled case (Civil No. 3:09-cv-495, hereafter, "the -495 case") filed against a different defendant, involving different consumer reports, and which implicates the reasonableness of different FCRA compliance procedures in place at a different company.  Settlement discussions began in the -495 case prior to the initial pretrial conference, the parties reached an agreement on the terms of the memoralization of the agreement early last week, and yesterday, on April 13, 2010, Experian counter-signed a consent dismissal order and submitted it to the Court.  While the disparity of the factual and legal issues at issue in the two matters is significant enough to warrant a substantive finding against consolidation as discussed below, the resolution of the -495 case renders moot each of the *Arnold* factors cited by the Defendant.   Equifax's motion should be denied.

**ARGUMENT**

**I.     THE COURT'S CONSIDERATION OF THIS MOTION IS GOVERNED BY FEDERAL RULE OF CIVIL PROCEDURE 42.**

Consolidation of separate actions as a matter of convenience and economy in judicial administration is contemplated by Fed. R. Civ. P. 42(a), which provides that "[i]f actions before the

court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."  The Court has "broad discretion" in this regard with regard to cases pending in the same District, and should make this determination while weighing the efficiencies created by consolidation against any inconvenience, delay or expense that might result.  *A/S J. Ludwig Mowinckles Rederi v. Tidewater Construction Co.*, 559 F.2d 928, 933 (4th Cir. 1977); *Stein, Hall & Co. v. Scindia Steam Navigation Co.*, 264 F.Supp. 499, 501 (S.D.N.Y. 1967); *see generally,* Wright & Miller, *Federal Practice and Procedure: Civil 3d* § 2383 at 439.

Specifically, when considering a motion to consolidate, the Court should weigh the risk of inconsistent adjudications of common factual and legal issues, the burden on the parties, witnesses and judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single trial versus multiple-trial alternatives against the specific risks of prejudice and possible confusion which might result from consolidation. *Arnold v. Eastern Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982). Consolidation must be denied if there is no common question of law or fact tying the two cases together so as to accomplish the purpose of the federal rule.  *See, e.g., St. Paul Fire & Marine Ins. Co v. King*, 45 F.R.D. 519-20 (W.D. Okl. 1968)(refusing to consolidate an negligence action against the United States with a separate declaratory judgment action against the operator of the vehicle in question to adjudicate whether that person had permission from the United States to use the vehicle).  Further, even when a common issue is present, a district judge may nonetheless exercise his discretion to deny consolidation, if it may lead to confusion of the issues at trial.  *Southwest Marine, Inc. v. Triple A Machine Shop, Inc.*, 720 F. Supp 805, 807 (N.D. Cal 1989).

## II.    THE RESOLUTION OF THE -495 CASE MOOTS THE DEFENDANT'S THEORETICAL INEFFICIENCY CONCERNS.

At its core, the Defendant's motion is premised on the notion that two cases proceeding in parallel would result in a doubling of the burden and expense on the parties and witnesses.  As it could not credibly maintain the existence of a burden to itself or its employees, it compassionately bases this motion on the purported burden shouldered by *one of its opponents*, Mrs. Soutter.  Despite conceding that Mrs. Soutter's deposition testimony in the two cases would likely be "substantially similar, if not identical on the central issues", it still hypothesizes that she would need to be subjected to two separate depositions.  *Def's Memo in Supp. of Mot. to Consolidate* at 6.  It also theorizes that separate cases would require two different depositions of the Clerk of the Richmond General District Court, despite its acknowledgment that "the factual issues concerning these policies and procedures will be the same in both cases".  *Id.*

The Defendant half-heartedly also suggests that these co-pending cases might result in conflicting adjudications, but fails to expand on this or explain how one jury's finding that a certain company's procedures were reasonable (or not) would impact a different court's assessment of the reasonableness of a different company's procedures.  It also fails to explain how the simultaneous trial of two different companies, sued by different sets of named plaintiffs, representing different class members with regard to two different procedures for gathering and updating public records across different time periods could nonetheless proceed without confusing the jurors.

This argument also glosses over the fact that the -495 case alleged an additional and different claim directed at the way that Equifax's competitor, Experian, handles its processing of consumer disputes pursuant to 15 U.S.C. §1681i, as contrasted with the way that information is gathered in the first place by this Defendant.   To be sure - Experian's dispute processing procedures which were at issue in the -495 case are entirely unrelated to the allegations in this case that Equifax, an entirely distinct entity, *initially* gathers and reports derogatory public record information as proactively and

3

aggressively as possible to aid its paying subscribers in their efforts to collect on judgments, but fails to do the same with regard to subsequent pro-consumer public records that reflect that the consumer was no longer obligated on the judgment due to subsequent satisfaction, dismissal, vacation, or successful appeal.

At this juncture, however, the Court need not reach these distinctions. The Defendant's motion is entirely mooted by the resolution (and impending dismissal) of the -495 case. There is now no risk of inconsistent adjudication of common factual and legal issues. The alleged burden on the parties, witnesses and the judicial resources of this Court has been substantially diminished as a result. All of the *Arnold* factors now strongly weigh against the consolidation of these cases.

## CONCLUSION

In that the Defendant has failed to demonstrate the existence of any additional burden or expense to itself or any third party to support its motion, and in light of the recent termination of the -495 matter, the Plaintiff respectfully moves that this Court deny the Defendant's Motion to Consolidate.

Respectfully submitted,
**DONNA K. SOUTTER AND TONY L. WEBB**,

_____/s/_____
Matthew J. Erausquin, VSB#65434
Counsel for the Plaintiff
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA  22314
Tel:     703-273-7770
Fax:     888-892-3512
matt@clalegal.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 14th day of April, 2010 I have electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification to the following:

John Anthony Love
King & Spalding
1180 Peachtree St NE
Atlanta, GA 30309-3521
TLove@KSLAW.com

                                      /s/
                      Matthew J. Erausquin, VSB#65434
                      Counsel for the Plaintiff
                      CONSUMER LITIGATION ASSOCIATES, P.C.
                      1800 Diagonal Road, Suite 600
                      Alexandria, VA  22314
                      Tel:       703-273-7770
                      Fax:      888-892-3512
                      matt@clalegal.com