**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | | |
|---|---|---|
| DONNA K. SOUTTER AND TONY L. WEBB, on behalf of themselves and those similarly situated, | : : : : | CIVIL ACTION NO. |
| Plaintiffs, | : : | 3:10-CV-00107-REP |
| v. | : : | |
| EQUIFAX INFORMATION SERVICES LLC, | : : : | |
| Defendant. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT EQUIFAX**
**INFORMATION SERVICES LLC'S MOTION TO TRANSFER VENUE**
**TO THE WESTERN DISTRICT OF VIRGINIA, ROANOKE**
**DIVISION, OR IN THE ALTERNATIVE,  TO SEVER PLAINTIFFS'**
**CLAIMS AND TRANSFER MR. WEBB'S CLAIMS TO THE**
**WESTERN DISTRICT OF VIRGINIA, ROANOKE DIVISION**

Defendant, Equifax Information Services LLC ("Equifax"), submits this Memorandum of Law in support of its Motion to Transfer Venue to the Western District of Virginia, Roanoke Division, or in the Alternative, to Sever the Parties' Claims and Transfer Mr. Webb's Claims to the Western District of Virginia, Roanoke Division.  Equifax brings this motion pursuant to 28 U.S.C. § 1404(a) and Rule 21 of the Federal Rules of Civil Procedure.  Transfer of Plaintiffs' claims to the Western District will serve the interests of justice and enhance the convenience of the parties and witnesses.  Alternatively, Plaintiffs' misjoined claims should be severed, followed by transfer of Mr. Webb's claims to the Western District of Virginia, Roanoke Division.

## RELEVANT FACTS

### I.      THE PARTIES' LACK OF RESIDENCE IN THIS DISTRICT

According to records maintained by Equifax, Donna Soutter and Tony Webb reside in Culpeper County, Virginia, and Roanoke, Virginia, respectively.   (Ex. A ¶ 7; Ex. B ¶ 7.) Culpeper County is within the geographical boundaries of the United States District Court for the Western District of Virginia, Charlottesville Division.  *See* 28 U.S.C. § § 127(b) & (c).  Roanoke is within the geographical boundaries of the Western District of Virginia, Roanoke Division.  *See id.*

Equifax is a Georgia limited liability company with its principal place of business in Atlanta, Georgia, where both its headquarters and Consumer Center are located.  (Ex. A, ¶¶ 5-6; Ex. B, ¶¶ 5-6.)  Employees of Equifax who would testify regarding the underlying factual allegations in the Amended Complaint work for Equifax in Atlanta, Georgia.  (Ex. A, ¶ 9; Ex. B, ¶ 9.)  Equifax knows of no witnesses with knowledge of the allegations in the Amended Complaint who reside and/or work within the geographical boundaries of the Eastern District of Virginia.  (Ex. A, ¶ 8; Ex. B, ¶ 8.)

### II.     THE DISPARATE CLAIMS AND PROPOSED CLASSES OF THE TWO PLAINTIFFS

#### A.      Ms. Soutter's Original Complaint And Claims

Ms. Soutter initiated this litigation on February 17, 2010 by filing a complaint against Equifax claiming violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x. (Doc. 1.)  After Ms. Soutter obtained a copy of her Equifax consumer report in 2008, she discovered that it listed a state court judgment that had been entered against her but failed to state that the judgment had been set aside and dismissed on March 2, 2008.  (Doc. 1, ¶¶ 10-11.)  Ms. Soutter claims that Equifax failed to follow reasonable procedures for reporting released

2

judgments, in violation of 15 U.S.C. § 1681e(b).  (Doc. 1, ¶¶ 11-12, 22.)  She seeks to certify a class of comprised of Virginia residents "about whom Equifax furnished a consumer report to a third party that showed a civil judgment in the General District Court for the City of Richmond at any time on or after February 17, 2008," "where, on such date the report was furnished, the records of the General District Court for the City of Richmond showed that the judgment had been satisfied, appealed, vacated or otherwise set aside."  (Doc. 3, ¶ 24).

Ms. Soutter had alleged the same claims against another consumer reporting agency, Experian Information Solutions, Inc., in a separate complaint also filed in this Court before a different judge.  *See Soutter v. Experian Information Solutions, Inc.*, Civil Action No. 3:09-CV-00695-HEH (E.D. Va.).  Ms. Soutter eventually dismissed her case against Experian in accordance with a settlement agreement.  (*See id.*, Doc. 13.)

### B.    Mr. Webb's Misjoined Claims

In an amended complaint filed on February 26, 2010, Mr. Webb was added to this case. (Doc. 3.)  The Amended Complaint alleges that, in 2009, Equifax inaccurately reported that a state court judgment had been entered against Mr. Webb.  (Doc. 3, ¶¶ 13-14.)  Mr. Webb contacted Equifax to dispute the report.  (*Id.*, ¶ 14.)  He claims that, in response to his dispute, Equifax conducted an unreasonable reinvestigation of the report, in violation of 15 U.S.C. §§ 1681i(a)(6), and sent him a letter inaccurately describing the scope of the reinvestigation, in violation of 15 U.S.C. §§ 1681i(a)(1).  (*Id.*, ¶¶ 15, 45, 49.)  Mr. Webb seeks to certify a class comprised of Virginia residents who disputed a public record from a Virginia court on or after February 17, 2010, and to whom Equifax mailed a response letter substantially similar to the one received by Mr. Webb.  (*Id.*, ¶ 37.)

## ARGUMENT

### III.   THIS CASE SHOULD BE TRANSFERRED TO THE WESTERN DISTRICT OF VIRGINIA, ROANOKE DIVISION.

The transfer provision of the Judicial Code provides that, "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).  "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to 'an individualized case-by-case consideration of convenience and fairness.'" *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).  Its purpose is "to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'"  *Van Dusen*, 376 U.S. at 616.  "In applying this statute to the facts at hand, this court 'must make two inquiries: (1) whether the claims might have been brought in the transferee forum; and (2) whether the interest of justice and convenience of the parties and witnesses justify transfer to that forum.'"  *JTH Tax, Inc. v. Lee*, 482 F. Supp. 2d 731, 735 (E.D. Va. 2007) (quoting *Koh v. Microtek Int'l, Inc*., 250 F. Supp. 2d 627, 630 (E.D. Va. 2003)).

### A.   Plaintiffs' Action Could Have Been Brought In The Western District Of Virginia.

A civil action involving a question of federal law may "be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought."  28 U.S.C. § 1391(b).  For purposes of this statute, a corporation is "deemed to reside

in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c). Because Equifax is subject to personal jurisdiction throughout the Commonwealth of Virginia, Plaintiffs could have filed their claims in either of Virginia's two district courts. The availability of personal jurisdiction over Equifax, however, appears to be the sole connection this case has with the Eastern District. The Western District, in contrast, has the added advantage of being the location of Plaintiffs' residences and, presumably, their separate interactions with Equifax.

    **B.**    **The Convenience Of The Parties And Witnesses And The Interests Of Justice Weigh In Favor Of Transferring This Case To The Western District Of Virginia.**

"Once the district court determines that transfer is possible, the court must next 'consider and balance' several factors when deciding whether transfer is warranted." *Byerson v. Equifax Information Services, LLC*, 467 F. Supp. 2d 627, 631 (E.D. Va. 2006). These factors include (1) ease of access to sources of proof; (2) the convenience of the parties and witnesses; (3) the cost of obtaining the attendance of witnesses; (4) the availability of compulsory process; (5) the interest in having local controversies decided at home; (6) in diversity cases, the court's familiarity with the applicable law; and (7) the interests of justice. *See Samsung Electronics Co., Ltd. v. Rambus, Inc.*, 386 F. Supp. 2d 708, 715 (E.D. Va. 2005); *accord Byerson*, 467 F. Supp. 2d at 631; *Cognitronics Imaging Sys., Inc. v. Recognition Research Inc.*, 83 F. Supp. 2d 689, 696 (E.D. Va. 2000). "While each of those factors may be weighed, '[t]he principal factors to consider . . . are plaintiff's choice of forum, witness convenience, access to sources of proof, party convenience, and the interest of justice.'" *Byerson*, 467 F. Supp. 2d at 632 (quoting *Samsung Electronics*, 386 F. Supp. 2d at 716). "Ultimately, 'the trial court must consider all relevant factors to determine whether or not on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum.'" *Id.* (citing

*Samsung Electronics*, 386 F. Supp. 2d at 716).   Here, the pertinent factors weigh in favor of transferring this case to the United States District Court for the Western District of Virginia.

### 1.     Plaintiffs' Choice Of Forum Is Not Entitled To Any Weight.

Generally, a plaintiff's choice of forum is accorded substantial weight.   *See Koh*, 250 F. Supp. 2d at 633.   That general proposition, however, applies only when the plaintiff selects her forum of residence, or "home forum," as the venue for the lawsuit.   Indeed, "a plaintiff's chosen venue is not given such substantial weight when the plaintiff selects a forum other than its home forum and the claims bear little or no relation to the chosen forum."   *Id.*; *accord Intranexus, Inc. v. Siemens Med. Solutions Health Serv. Corp.*, 227 F. Supp. 2d 581, 583 (E.D. Va. 2002); *Cognitronics Imaging Systems*, 83 F. Supp. 2d at 696; *see also Board of Trustees v. Sullivant Ave. Properties, LLC*, 508 F. Supp. 2d 473, 477 (E.D. Va. 2007) (holding that the amount of weight given a plaintiff's choice of venue "varies depending on the significance of the contacts between the venue chosen by Plaintiff and the underlying cause of action"); *Ion Beam Applications S.A. v. Titan Corp.*, 156 F. Supp. 2d 552, 563 (E.D. Va. 2000) ("where the plaintiff's choice of forum is a place where neither the plaintiff nor the defendant resides and where few or none of the events giving rise to the cause of action accrued, that plaintiff's choice loses its place status in the court's consideration").

As the facts described above demonstrate, neither Ms. Soutter nor Mr. Webb resides in Richmond, or for that matter anywhere in the Eastern District of Virginia.   Furthermore, their claims arise from actions taken by Equifax at its Atlanta location and communications between Plaintiffs and Equifax, presumably initiated from their homes.   Circumstances such as these "militate against a plaintiff's chosen forum," *Koh*, 250 F. Supp. 2d at 635, and make that choice "of little moment," *Corry v. CFM Majestic Inc.*, 16 F. Supp. 2d 660, 666 (E.D. Va. 1998). Accordingly, Plaintiffs' choice of the Eastern District of Virginia – which is neither the residence

of any of the three parties to this lawsuit, nor the locus of the operative facts as alleged in the Amended Complaint – should not be accorded any weight.

Equifax anticipates that Plaintiffs will argue that Ms. Soutter has a connection to the Eastern District of Virginia because a Richmond state court issued, and later dismissed, the pertinent judgment against her.  (*See* Doc. 3, ¶ 10.)  Plaintiffs also allege, however, that Equifax obtains public record information from a third party vendor and does not itself interact with any court.  (*See Id.*, ¶¶ 10, 17-18.)  Moreover, Plaintiffs' causes of action challenge Equifax's reinvestigations, documents, policies, and procedures, which Equifax performs and develops at its Atlanta headquarters.  (*See* Doc. 3, ¶¶ 25, 30, 37, 39, 45, 49.)  Accordingly, the connection Ms. Soutter has with Richmond is, at best, marginal and is not sufficient to support venue in Eastern District of Virginia.

### 2. The Convenience Of The Parties And Witnesses Favors Transfer To The Western District Of Virginia.

"In evaluating the convenience of the parties, this court considers factors such as the 'ease of access to sources of proof, the cost of obtaining the attendance of witnesses, and the availability of compulsory process.'"  *Lycos, Inc. v. TiVo, Inc.*, 499 F. Supp. 2d 685, 693 (E.D. Va. 2007) (quoting *Samsung Electronics*, 386 F. Supp. 2d at 717 n.13).

In this case, the evidence demonstrates that both Plaintiffs reside in the Western District of Virginia, and their interactions with Equifax presumably occurred within that District.  "[I]t is permissible to infer, absent any contrary evidence from the non-movant, that witnesses are located at or near the center of the allegedly infringing activities."  *Koh*, 250 F. Supp. 2d at 636.  Accordingly, this Court may assume that pertinent witnesses and documents are located in the Western District of Virginia and in Atlanta, Georgia, where Equifax issues consumer reports and

conducts dispute reinvestigations.   Equifax has no intention relying on any witnesses from Richmond.

Given these circumstances, a transfer to the Western District would not inconvenience Plaintiffs and indeed would provide them with more convenient access to their evidence and witnesses.  A balancing of the advantages of the Eastern District versus those of the Western District is not required in this case because venue in the Eastern District has no advantages to offer and venue in the Western District will not disadvantage any of the parties or witnesses.  For these reasons, the convenience of the parties and witnesses weighs in favor of transferring this case to the United States District Court for the Western District of Virginia, Roanoke Division.

### 3.    The Interests Of Justice Favor Transfer To The Western District of Virginia.

The transfer statute requires district courts "to take account of factors other than those that bear solely on the parties' private ordering of their affairs.  The district court also must weigh in the balance . . . those public-interest factors of systemic integrity and fairness that, in addition to private concerns, come under the heading of 'the interest of justice.'"  *Ricoh*, 487 U.S. at 30.  "In some cases, 'the interests of justice may be decisive in ruling on a transfer motion, even though the convenience of the parties and witnesses point in a different direction.'" *Byerson*, 467 F. Supp. 2d at 635 (quoting *Samsung Electronics,* 386 F. Supp. 2d at 716). Relevant factors include "docket congestion, interest in having local controversies decided at home, knowledge of applicable law, unfairness in burdening forum citizens with jury duty, and interest in avoiding unnecessary conflicts of law."  *Id.*; *see also Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09 (1947); *JTH Tax*, 482 F. Supp. 2d at 738; *Koh*, 250 F. Supp. 2d at 639; *Intranexus*, 227 F. Supp. 2d at 583; *Cognitronics Imaging Systems*, 83 F. Supp. 2d at 696.

Most of these factors weigh in favor of transfer to the Western District, and none of them warrant retaining venue in this Court.  For example, the interest in having local controversies decided at home and the unfair burden that would be imposed upon the citizens of the Eastern District if trial of this case were to remain here weigh heavily in favor of transfer.  Indeed, the Supreme Court's admonition in *Gulf Oil* is particularly appropriate here:  "Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation."  *Gulf Oil,* 330 U.S. at 508-09.  Furthermore, because the Western District is the locus of operative facts, its community has a special interest in resolution of this dispute that is not shared by the Eastern District.

For these reasons, Equifax asks the Court to transfer this case to the Western District of Virginia, where the convenience of the parties and witnesses will be enhanced and the interests of justice well served.

## IV.   IN THE ALTERNATIVE, THE CLAIMS OF MR. WEBB SHOULD BE SEVERED AND TRANSFERRED TO THE WESTERN DISTRICT OF VIRGINIA, ROANOKE DIVISION.

In the event that the Court declines to transfer this entire case to the United States District Court for the Western District of Virginia, Equifax moves the Court, in the alternative and pursuant to Rule 21 of the Federal Rules of Civil Procedure, to sever the claims of the two Plaintiffs and transfer Mr. Webb's claims to the Western District of Virginia, Roanoke Division.

### A.   Plaintiffs Have Been Misjoined In This Lawsuit.

Rule 21 of the Federal Rules of Civil Procedure, which governs misjoinder of parties, gives this Court broad discretion to "sever any claim against a party."  Fed. R. Civ. P. 21; *Hanna v. Gravett*, 262 F. Supp. 2d 643, 647 (E.D. Va. 2003) (citing *Saval v. BL, Ltd*., 710 F.2d 1027, 1031-32 (4th Cir. 1983)).  "While Rule 21 is silent on the standard applicable for determining

misjoinder, courts have uniformly held that parties are misjoined when they fail to satisfy either of the preconditions for permissive joinder of parties set forth in Rule 20(a)." *Hanna*, 262 F. Supp. 2d at 647 (citing cases).  Under Rule 20(a), joinder of plaintiffs is permitted only if:  (1) they assert claims "in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences," *and* (2) "any question of law or fact common to all plaintiffs will arise in the action."  Fed. R. Civ. P. 20(a)(1).  "Whether claims are properly joined under Rule 20 is determined on a case-by-case basis."  *Advamtel, LLC v. AT & T Corp.*, 105 F. Supp. 2d 507, 513-14 (E.D. Va. 2000) (citing *Saval*, 710 F.2d at 1031).  Rule 20(a) "is designed to permit all reasonably related claims for relief by or against different parties to be tried in a single proceeding.  Absolute identity of all events is not necessary, and the rule should be construed in light of its purpose, which is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits."  *Advamtel*, 105 F. Supp. 2d at 514 (citations omitted).

> ### 1. Plaintiffs' Claims Do Not Arise Out Of The Same Series of Transactions Or Occurrences.

In determining whether claims arise out of the same series of transactions or occurrences, courts generally use a case-by-case approach and consider whether the claims are "logically related."  *Mosley v. General Motors Corporation*, 497 F.2d 1330, 1333 (8th Cir. 1974); *see also Sue & Sam Manufacturing Co. v. B-L-S Construction Co.*, 538 F.2d 1048, 1052-53 (4th Cir. 1976) (finding, with respect to a similar requirement for counterclaims under Fed. R. Civ. P. 13, that pertinent factors include whether the claim and counterclaim have a logical relationship).

In this case, the claims of Ms. Soutter and Mr. Webb have no logical relationship with one another.  Plaintiffs assert that they both "obtained copies of their credit reports from Equifax and discovered that the Defendant was inaccurately reporting a public records civil judgment."

(Doc. 3, ¶ 1.)  This broad generalization is hardly sufficient to support an assertion that the claims arise out of the same series of transactions or occurrences.  Although Plaintiffs both allege violations of the FCRA and both claims involve civil judgments, their claims rely on different FCRA provisions and involve entirely dissimilar circumstances:   Ms. Soutter alleges that Equifax followed ineffective procedures for updating civil judgments, in violation of 28 U.S.C. § 1681e(b);  In contrast, Mr. Webb claims that Equifax failed to conduct an adequate reinvestigation of a disputed judgment and then provided misleading information regarding its reinvestigation, in violation of 28 U.S.C. §§ 1681i(a)(1) and (6).

In *Saval*, the Fourth Circuit held that the purchasers of four automobiles could not join their fraud claims alleging similar, but not identical, car defects, even though they had each relied on common misrepresentations and warranties made by the seller.  710 F.2d at 1031-32.  The court observed that to allow joiner "would be to open the federal courts to every claim involving products purchased from large manufacturers, simply through the device of alleging that all consumers relied on the companies' advertising."  *Id*. at 1032.  A similar admonition could be made in the present case:  To allow joinder of Plaintiffs' claims would open the federal courts to joinder of every claim involving the same category of credit entries (*e.g.*, entries involving civil judgments) simply through the device of alleging different violations of the FCRA.

If this were the only problem with joinder of Plaintiffs' claims, this Court would have more than enough reason for severance.  Plaintiffs, however, push their attempt at joinder beyond the realm of reason by proposing two distinct potential classes of plaintiffs in their Amended Complaint.  (*Cf*. Doc. 3, ¶¶ 24, 37.)  The only common element of the putative classes is that they are statewide only.  (*Id*.)  Cases involving a single class of plaintiffs can be unwieldy

for parties, courts, and juries.   A case involving two separate classes would compound that problem exponentially and would defeat the purposes of joinder by obscuring the individualized issues and promoting jury confusion, prejudice, and trial delays.   "Judicial resources are wasted, not conserved, when a jury is subjected to a welter of evidence relevant to some parties but not others."   *Insolia v. Philip Morris Inc.*, 186 F.R.D. 547, 551 (W.D. Wis. 1999).

Stated differently, Mr. Webb is not a member of Ms. Soutter's putative class, and Ms. Soutter is not a member of Mr. Webb's putative class.   There is simply no reason to cram both purposed class actions, which assert different legal claims and will require wholly different evidence and proof, into one case.

Because the claims of Ms. Soutter and Mr. Webb do not arise out of the same series of transactions or occurrences, Plaintiffs cannot satisfy the requirements of Rule 20(a). Accordingly, this Court should sever their claims pursuant to Rule 21 of the Federal Rules of Civil Procedure.

### 2.   Plaintiffs' Claims Do Not Require Resolution of Common Questions Of Law or Fact.

Plaintiffs' separate claims also fail to satisfy Rule 20(a)'s second requirement – that the claims of joined parties share a common question of law or fact.   Fed. R. Civ. P. 20(a)(1)(B). With respect to Mr. Soutter, Plaintiffs identify the following question of law or fact common to her proposed class: "Whether Equifax adopted procedures that collected and reported updates to public record civil judgments that were less systematic and effective than those it used to collect and report the underlying judgments."   (Doc. 3 ¶ 30.)   With respect to Mr. Webb's proposed class, Plaintiffs identify the pertinent question as whether Equifax "violated the FCRA by misrepresenting its reinvestigation activities when responding to a dispute it received from a consumer who disputed the accuracy of a public record that Equifax was reporting."   (*Id*. ¶ 39.)

Moreover, with respect to Mr. Webb's individual claim, Plaintiffs allege that Equifax violated the FCRA "by failing to conduct a reasonable reinvestigation to determine whether the public record disputed by Webb was accurate, complete, and current . . . ." (*Id.* ¶ 49.) These distinct questions of law and fact are plainly insufficient to satisfy the requirements of Rule 20(a).

In summary, given the absence of any common questions of law or fact shared by Plaintiffs and the different types of transactions out of which their claims arose, continued joinder of Plaintiffs would be in violation of Rule 20(a) of the Federal Rules of Civil Procedure. Plaintiff's claims are connected only at the broadest possible level – they both allege violations of (different) provisions of the FCRA involving (different aspects of) Equifax's treatment of civil judgments. Accordingly, the parties are misjoined and should be severed by the Court.

**B.**  **Once Severed, Mr. Webb's Claims Should Be Transferred To The Western District Of Virginia, Roanoke Division.**

Equifax recognizes that Ms. Soutter's claim has a marginal connection to Richmond, Virginia (where the pertinent state court judgment was entered) and that the Court may find this sufficient to defeat Equifax's Motion to Transfer Ms. Soutter's portion of the case. In contrast to Ms. Soutter, however, Mr. Webb's claims do not have even a marginal connection to Richmond or to any portion of the Eastern District of Virginia. He admits that he does not reside in the Eastern District and, by implication, that he does reside in the Western District. (Doc. 3 ¶ 5.) He further states that the allegedly inaccurate judgment that appeared in his credit file was associated with a Roanoke state court. (*See id.* ¶¶ 5, 15.) As previously noted, Roanoke is located within the geographical boundaries of the Western District of Virginia. *See* 28 U.S.C. § 127(b).

As discussed above, "[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation," *Gulf Oil*, 330 U.S. at 508-09,

13

especially where, as here, the convenience of the parties and witnesses favors a different location.  For these reasons, as well as the additional reasons discussed above regarding venue, Webb's claims should be transferred to the Western District of Virginia, Roanoke Division, where the interests of justice would be better served and the convenience of the parties and witnesses would be enhanced.

<b><u>CONCLUSION</u></b>

In summary, because Plaintiffs reside in the Western District of Virginia and have little connection with the Eastern District, Equifax respectfully requests that this action be transferred to the United States District Court for the Western District of Virginia.  In the alternative, because the separate claims of the parties do not arise from the same series of transactions or occurrences and do not involve any common questions of fact or law, Equifax requests that their claims be severed and that Webb's claims be transferred to the Western District of Virginia.

Respectfully submitted this 7th day of May, 2010.

/s/
John W. Montgomery, Jr.
Virginia State Bar No. 37149
Equifax Information Services, LLC
MONTGOMERY & SIMPSON, LLP
2116 Dabney Road, Suite A-1
Richmond, Virginia 23230
Telephone:  (804) 355-8744
Facsimile:  (804) 355-8748
Email: jmontgomery@jwm-law.com

14

<u>CERTIFICATE</u>

I hereby certify that on this 7th day of May, 2010, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Leonard Anthony Bennett
Consumer Litigation Assoc PC
12515 Warwick Blvd
Suite 100
Newport News, VA 23606
lenbennett@cox.net

/s/
John W. Montgomery, Jr.
Virginia State Bar No. 37149
Counsel for Equifax Information Services, LLC
MONTGOMERY & SIMPSON, LLP
2116 Dabney Road, Suite A-1
Richmond, Virginia 23230
Telephone:  (804) 355-8744
Facsimile:  (804) 355-8748
Email: jmontgomery@jwm-law.com