**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

**DONNA K. SOUTTER and**
**TONY LEE WEBB,**
**For themselves and on behalf of all**
**similarly situated individuals.**

**Plaintiff,**

**v.** **CIVIL ACTION NO. 3:10CV00107**

**EQUIFAX INFORMATION SERVICES, LLC.**

**Defendant.**

**PLAINTIFFS" MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO TRANFER VENUE OR IN THE ALTERNATIVE TO SEVER CLAIMS OF WEBB AND TRANSFER VENUE**

COME NOW the Plaintiffs, Donna K. Soutter and Tony Lee Webb, by counsel, and for their memorandum in opposition to Defendant's motion to transfer venue, they state as follows:

## ARGUMENT

### I. FORUM TRANSFER IS IMPROPER BECAUSE THE TITLE 28 U.S.C. § 1404(a) FACTORS FAVOR THIS VENUE, OR ALTERNATIVELY VENUE IS NO MORE CONVENIENT IN AN ALTERNATE VENUE.

### A. The Standard for Transfer: Defendant must prove that balance of conveniences strongly favors transfer.

Title 28 U.S.C. § 1404(a) governs transfer of venue, and provides that "for the convenience of the parties and witnesses, in the interest of justice, a district court *may* transfer any civil action to any other district or division where it might have been

brought." (emphasis added). Whether transfer is proper, therefore, is within the discretion of the trial court. *Samsung Elecs. Co., Ltd. v. Rambus, Inc.*, 386 F. Supp. 2d 708, 724 (E.D. Va. 2005). In conducting a transfer analysis, courts engage in two inquiries: "(1) whether the claims might have been brought in the transferee forum, and (2) whether the interest of justice and convenience of the parties and witnesses justify transfer to that forum." *Koh v. Microtek Int'l, Inc.*, 250 F. Supp. 2d 627, 630 (E.D. Va. 2003). Courts base their decision on a motion to transfer on the following factors: (1) plaintiff's choice of venue, (2) witness convenience and access, (3) party convenience, and (4) the interest of justice. *Affinity Memory & Micro, Inc. v. K & Q Enters., Inc.*, 20 F. Supp. 2d 948, 954 (E.D. Va. 1998). As explained below, these considerations point to the Court's denial of Defendant's Motion.

As the moving parties, Defendant bears the burden of showing that transfer to Roanoke is proper. *Hanover Ins. Co. v. Paint City Contractors, Inc.*, 299 F. Supp. 2d 554, 556 (E.D. Va. 2004); *Nossen v. Hoy*, 750 F.Supp. 740, 742 (E.D.Va. 1990) (The party challenging venue has the burden of demonstrating that venue is improper). As this Court has previously explained in a comparable Fair Credit Reporting Act (FCRA) case, Equifax must prove that "the balance of convenience among the parties and witnesses "is beyond dead center, and strongly favors the transfer sought." *Mullins v. Equifax Information Services, LLC*, 2006 WL 1214024, •5 (E.D.Va. 2006) (citations omitted). To make this strong showing, Defendant must provide tangible proof of the inconveniences alleged:

> Witness convenience is often dispositive in transfer decisions. But the influence of this factor cannot be assessed in the absence of reliable information identifying the witnesses involved and specifically describing their testimony. This type of particularized information, typically

> submitted in affidavit form, is necessary to enable the court to ascertain how much weight to give a claim of inconvenience. Inconvenience to a witness whose testimony is cumulative is not entitled to greater weight. By contrast, greater weight should be accorded inconvenience to witnesses whose testimony is central to a claim and whose credibility is also likely to be an important issue. (emphasis added).

*Board of Trustees v. Baylor Heating & Air Conditioning*, 702 F.Supp. 1253 (E.D. Va. 1988).

Equifax concedes that venue in Richmond was itself proper. It is correct in doing so. As this Court has explained in a comparable venue motion in a case in which Equifax was a party:

> Assessment of the record makes it clear that laying venue in the Richmond Division was not improper. MBNA and the defendants joining its motion are corporations, and thus, they are deemed to reside in any division in which they are subject to personal jurisdiction at the time the action was commenced. The defendants have not argued that they were not subject to personal jurisdiction in the Richmond Division at the commencement of the action. And, indeed, it appears that all of the defendants were doing business in the Richmond Division and had registered or statutory agents for service of process in the Richmond Division. Consequently, the defendants resided in the Richmond Division, and the Plaintiff may properly lay venue in the Richmond Division.

*Mullins v. Equifax Information Services, LLC*, 2006 WL 1214024, •4 (E.D.Va. 2006).

**B. Plaintiffs' convenience and venue choice requires that this case stay in Richmond.**

Both Plaintiffs have selected Richmond within which to file this action and now both have affirmed under oath their preference for this venue. Exhibit A, Declaration of Donna K. Soutter, ¶¶8, 9; Exhibit B, Declaration of Tony Lee Webb, ¶6. The sanctity of a plaintiff's choice of venue is well recognized, and should not be put aside "unless the balance is strongly in favor of the defendant." *Morehead v. Barksdale*, 263 F.2d 117, 119 (4th Cir. 1959). This is true, even if "the Richmond Division is not the Plaintiff's home

forum or the nucleus of operative fact." Mullins v. Equifax Information Services, LLC, 2006 WL 1214024, •5 (E.D.Va. 2006). "If the defendants cannot demonstrate that the balance of factors strongly favors transfer, then the Plaintiff's choice of forum should be respected." *Id.*

Defendant's implicit argument is that transfer is appropriate in order to avoid inconveniencing the Plaintiffs. This concern is not the Defendant's to protect. Webb and Souter have selected Richmond venue and the assumption thereby taken is that this venue is their most desirable option. In *Hester Industries Inc. v. Stein Inc.,* the Court considered a similar motion to transfer venue. 1996 WL 710835, 40 U.S.P.Q.2d 1844 (E.D.Va. 1996). The Defendant did not have any meaningful connection to the Plaintiff's home district. Still, it argued that the case should be transferred there because this was where the Plaintiff resided and had its contacts. As in the present case, the defendant failed to identify any contacts it had in the venue of Plaintiff's residence. The Court rejected the Defendant's argument:

> Stein, which bears the burden of proving improper forum, has failed to proffer any contacts with the Western District, except the sale of some equipment to a client in Rockingham County.
>
> Here, Stein goes to great lengths to emphasize Plaintiff Hester's contacts with the Western District of Virginia. However, *sections 1391 and 1400 address only the defendant's contacts with the disputed venue*. This statutory choice reflects traditional deference to the Plaintiff's choice of forum, essentially restricting that choice to fora that are fair to the defendant. Therefore, venue is proper in the Eastern District of Virginia. (Emphasis added).

1996 WL 710835, 40 U.S.P.Q.2d 1844 (E.D.Va. 1996). Similarly, this Court held:

> More importantly, however, "[a] defendant moving for transfer must show that the original forum is inconvenient for it and that plaintiff would not be substantially inconvenienced by a transfer. It is not enough for defendant to argue only that plaintiff's choice of forum is inconvenient for the plaintiff." 15 Wright, Miller & Cooper § 3849. *See also American Can Co.*

> *v. Crown Cork & Seal Co., Inc.,* 433 F.Supp. 333, 338 (E.D.Wis.1977) ("The defendant cannot assert plaintiff's inconvenience in support of a motion to transfer."); *James v. Norfolk & Western Ry. Co.,* 430 F.Supp. 1317, 1319 (S.D.Ohio 1976) ("The defendant cannot assert plaintiff's inconvenience in support of a motion to transfer. Assuming arguendo, that the plaintiff has inconvenienced himself in this case, he may do so if he so desires. Thus the plaintiff's residence is more a consideration in determining whether hardship will result to the plaintiff should the transfer be granted rather than a factor to be weighed in the movant's favor.").

*Mullins v. Equifax Information Services*, LLC, 2006 WL 1214024, •6 (E.D.Va. 2006).

Beyond their stated preference, at least as to Soutter, Richmond is significantly more convenient than Roanoke, the venue Defendant seeks for transfer. While both Webb and Soutter are familiar with Richmond (Exhibit A, Declaration of Donna K. Soutter, ¶8; Exhibit B, Declaration of Tony Lee Webb, ¶6), Soutter is not familiar with Roanoke (Exhibit A, Declaration of Donna K. Soutter, ¶9) and she lives almost half as close to Richmond as she does to Roanoke. Exhibit C, Declaration of Leonard Bennett, ¶18.

Defendant also ignores the convenience of putative class members. In its present motion. Equifax makes exactly the opposite arguments the Court may recall that it previously made in *Byerson v. Equifax Information Services, LLC.* In *Byerson*, the Plaintiffs resided in Richmond. Equifax asserted that their residence was immaterial in a class action because the Court should instead consider the residences of putative class members. 467 F.Supp.2d 627 (E.D.Va. 2006). While the Court ultimately rejected the notion that Plaintiff's home forum is immaterial in a class action, the reasoned point of Equifax's position remains. The Court is considering venue of a putative class action.

In this case there are two proposed classes. The Soutter class consists of persons about whom Equifax inaccurately reports a civil judgment in the General District Court

for the City of Richmond. The Plaintiffs properly infer that the vast majority of such consumers reside or did reside in the City of Richmond. The Webb class consists of Virginians who disputed civil judgments and thus includes consumers from Virginia Beach to Fairfax County, to Richmond and Danville, and from Roanoke to Winchester. While Richmond is imperfect for some, it is by far the most central federal courthouse in the state.

**C. Roanoke is not more convenient for Equifax.**

Equifax does not attempt to argue that the Defendant or the Defendant's witnesses would be more inconvenienced by Richmond venue than by Roanoke venue. It does not proffer a single witness at Equifax who resides in Roanoke or even the Western District of Virginia. It does not suggest a single non-party witness that resides there. The truth is that Richmond is more feasible for Equifax and its non-party witnesses than Roanoke. All witnesses disclosed by Equifax in comparable litigation over the same issues, in Pennsylvania and New Jersey[1], were from Atlanta. Exhibit C, Declaration of Leonard Bennett, ¶¶5-7; Exhibit F, *Chakejian v. Equifax Information Services LLC*. Plaintiff's Pretrial Memorandum. Even the non-party witnesses disclosed by the Plaintiff in those cases were all from Atlanta, but for one in Oklahoma. Equifax thus does not attempt to argue its own or any non-party defense witness inconvenience.

However, not only is Richmond not less convenient to Equifax and its witnesses relative to Roanoke, but in fact it is significantly *more* convenient. Equifax witnesses are able to fly from Atlanta to Richmond at a wide range of times on multiple airlines and

[1] Chakejian v. Equifax Information Services LLC, 256 F.R.D. 492 (E.D. Pa. 2009) (Exhibit D); Summerfield v. Equifax Information Services LLC, 264 F.R.D. 133 (D.N.J. 2009) (Exhibit E).

for fares less than $120 each way. Exhibit G, May 21, 2010 search www.orbitz.com, Atlanta to Richmond, July 15, 2010. The twelve scheduled flights landing at Richmond International are supplemented with nineteen others in Newport News and Norfolk, also similarly priced. *Id*. In contrast, there are only five daily flights between Atlanta and Roanoke and only nine if the options are expanded to include Lewisburg, West Virginia and Lynchburg. Exhibit H, May 21, 2010 search www.orbitz.com, Atlanta to Roanoke, July 15, 2010. And not one of these flights – all on one airline – is priced at less than $400 each way. *Id*. While Equifax may want to move this case away from this Court, it certainly has not articulated any reason to move the case to the Roanoke court. "[W]here the defendant proposes a transfer to a district or division other than the one in which it resides, it can hardly be said to have maximized its convenience. *See* 17 Moore's Federal Practice § 111.13(1)(e) (Matthew Bender 3ed.2005)." *Mullins v. Equifax Information Services, LLC*, 2006 WL 1214024, •6 (E.D.Va. 2006).

**D. Witness and party convenience favor keeping this suit in this Court. All known non-party Virginia witnesses reside in the Eastern District of Virginia and the most critical one resides in the Richmond Division.**

"Party witnesses are the parties themselves and those closely aligned with a party, and they are presumed to be more willing to testify in a different forum, while there is no such presumption as to non-party witnesses. The convenience of non-party witnesses should be afforded greater weight in deciding a motion to transfer venue. *Koh*, 250 F.Supp.2d at 637." *Mullins v. Equifax Information Services, LLC*, 2006 WL 1214024, Note 7 (E.D. Va. 2006).

This case is about the manner in which Equifax receives, processes and reports civil judgments in the public records section of its credit reports. As Equifax agrees in its memorandum and as is alleged in the Amended Complaint, Defendant gathers the civil judgments data it reports through a third party data vendor – LexisNexis/ChoicePoint – who obtains such data electronically. The individual in Virginia with the greatest knowledge of this process is Ken Mittendorf, the Assistant Director of the Department of Judicial Information Technology for the Executive Secretary of the Virginia Supreme Court. He works two or three blocks from this courthouse. Exhibit C, Declaration of Leonard Bennett, ¶¶13-14. Importantly as well, he would not only be inconvenienced by travel to Roanoke, but as well he would not be subject to process outside 100 miles of the Roanoke courthouse. It is likely that there are additional witnesses and relevant documentary evidence in the Executive Secretary's office. Plaintiffs expect that there may be some need for discovery regarding the General Districts court for the City of Richmond. Regardless, this particular group of witnesses will be the most critical of those residing in Virginia. " '[G]reater weight should be accorded inconvenience to witnesses whose testimony is central to a claim and whose credibility is also likely to be an important issue.' Witness convenience is "not merely a battle of numbers favoring the party that can provide the longest list of witnesses it plans to call." *Mullins v. Equifax Information Services, LLC*, 2006 WL 1214024, •7 (E.D.Va. 2006)(citations omitted).

Beyond these obvious potential witnesses, the known Virginia individuals who had something to do with the Plaintiffs' cases all reside in Richmond or Hampton Roads. The inaccurate judgment reported as belonging to Plaintiff Webb was obtained by a collection lawyer in Virginia Beach for a creditor in Virginia Beach. Exhibit C,

Declaration of Leonard Bennett, ¶¶8-12; Exhibit I, Roanoke City General District Court Civil Case Details Page : GV08020989-00; Exhibit J, Website of Richard Epps last viewed May 21, 2010. The inaccurately reported judgment reported as to Plaintiff Soutter was obtained in favor of Richmond-headquartered Virginia Credit Union. Exhibit A, Declaration of Donna Soutter, ¶¶3-4.

Finally, Plaintiffs intend to obtain testimony from two other non-party witnesses, Hal Vaughn, an individual in Richmond that Plaintiff's counsel understands to have significant knowledge of the online judgment data otherwise available, and Denise Hains, the recently retired civil division clerk for the General District court for the City of Newport News. Exhibit C, Declaration of Leonard Bennett, ¶¶ 15-16. Both of these non-party witnesses would be greatly inconvenienced, or made unavailable if not expert witnesses, by transfer to Roanoke.

Equifax asks the Court to "assume that pertinent witnesses and documents are located in the Western District of Virginia[.]" *Def. Mem*. p. 7. As argued above, Defendant retains the burden to provide evidence – actual proof – of the inconveniences it asserts. Certainly there may be a limited number of damages witnesses for Soutter and Webb who reside near their homes – friends and family who observed the difficulties caused by the Equifax inaccuracies. However, both Webb and Soutter have now testified in their declarations that the family and friend witnesses they could call would be available and willing to travel to Richmond as needed. Exhibit A, Declaration of Donna K. Soutter, ¶8; Exhibit B, Declaration of Tony Lee Webb, ¶6.

**D. The interest of justice favors keeping this case in this District**

The factors the Court considers weigh in favor of keeping the case in Richmond. In analysis of the "interest of justice" question, courts weigh such things as the pendency of a related action, the court's familiarity with the applicable law, docket conditions, access to premises that might have to be viewed, the possibility of unfair trial, the ability to join other parties, and the possibility of harassment. *Bd. of Trs.*, 702 F. Supp. at 1260. The only factor Defendant suggests would be material is the possibility of a "special interest" in the Roanoke community in resolution of this dispute "that is not shared by the Eastern District." *Def. Mem.*, p. 9. This argument is without reason or merit. The Eastern District and Western Districts of Virginia certainly share the same interest and concern I enforcing a uniform federal statute. (Defendant's citation is contextually relevant to actual local disputes, such as a dispute regarding a specific parcel of property in a distant community).

In contrast, one of the important "interest of justice" factors is implicated. "The court's familiarity with the applicable law" is one of the enumerated factors. Though not necessarily by choice, the Eastern District of Virginia, Richmond Division has become a judicial docket with unique expertise in consumer credit protection litigation. For support, in a recent piece in the Virginia Lawyers Weekly, Richmond defense attorney Alan Wingfield acknowledged as much:

> The pace of the docket also has brought the district's judges up to speed and generated what Wingfield described as an avalanche of decisions on consumer law. … "It's a specialized area, and it requires knowing what you're doing," Wingfield said. The statutes have quirks not familiar to attorneys who practice in other areas of the law, and the case law is developing rapidly. "It's developed into a world of its own," he said.

Exhibit K, http://valawyersweekly.com/blog/2010/04/19/consumer-law-world-of-its-own-in-richmond-court/ last viewed on May 21, 2010.

**II. PLAINTIFF WEBB'S CLAIMS SHOULD REMAIN COLSOLIDATED WITH THAT OF SOUTTER AND REGARDLESS SHOULD NOT BE TRANSFERRED.**

**A. There is no basis to transfer Webb's case, regardless of whether or not the Court severs his claims from Soutter's.**

Plaintiffs have already established the important basis for retaining Richmond venue for the Webb individual and class claims. Thus, if as Plaintiffs believe proper the Court denies Equifax's motion to transfer the case to Roanoke as to both Soutter and Webb, it appears that Defendant's motion to sever is addressed as well. Equifax is not asking to sever and retain both cases in Richmond. Defendant's motion to sever is in the alternative to its motion to transfer the entire case to Roanoke and is conditioned upon its success in winning transfer as to Webb. This posture is telling. There are five scenarios available:

1. Sever and then transfer Webb;
2. Sever and the transfer both cases;
3. Sever and then do not transfer;
4. Do not sever and do not transfer;
5. Do not sever and then transfer.

Of these, Defendant is apparently seeking to avoid an outcome in which the cases are severed, but then remain in the same venue – though this would certainly be the least efficient and most irrational outcome.

**B. The Court has discretion to consolidate cases for discovery, motions practice and/or trial.**

Defendant asks the Court to apply Rule 21 to sever the claims of Soutter and Webb as impermissibly joined. For reasons stated below, Defendant is incorrect in its narrow articulation of the claims of each Plaintiff. However, even if the Court determined that the Soutter and Webb claims did not meet the rigors of Rule 20 joinder, it should still retain the cases in a consolidated posture for discovery, mediation, motions practice or trial. Fed. R. Civ. P. 42(a) provides:

> (a.) If actions before the court involve a common question of law or fact, the court may:
> (1) join for hearing or trial any or all matters at issue in the actions;
> (2) consolidate the actions; or
> (3) issue any other orders to avoid unnecessary cost or delay.

When considering the propriety of consolidation, the "critical issue" is:

> Whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Arnold v. E. Air Lines, Inc.,* 681 F.2d 186, 193 (4th Cir.1982). Given the strong relationship between the factual and legal questions in these two sets of claims, the parties and the Court will benefit significantly from the consolidation of each in this litigation. "The Court also has a clear interest in judicial economy, which is furthered by the consolidation of cases involving common questions of law and fact. *See Cole v. Schenley Indus. Inc.,* 563 F.2d 35, 38 (2d Cir.1977) ( "Consolidation under Rule 42(a), Fed.R.Civ.P., is a procedural device designed to promote judicial economy, ...") *Kelley v. U.S.*, 580 F.Supp.2d 490 (E.D. Va. 2008).

The discovery process in both sets of claims will be nearly identical. The core dispute relates to the manner in which Equifax gathers and reviews the civil judgment

public records in its credit reports. It uses the same vendors for Soutter as for Webb. The online data systems are the same. The Equifax witnesses with knowledge will be the same. The only obviously different witnesses between Soutter and Webb will be Soutter and Webb themselves. Defendant cannot credibly assert that there are not significant common issues of fact, if not even law, between Soutter and Webb.

**C. Plaintiffs also satisfy the more rigorous requirements in Rule 20(a).**

Though the Court may consolidate cases with the showing that they contain common questions of law or fact, one of the thresholds for Rule 20(a) joinder, under this later Rule, the joining party must also show that the Plaintiffs " assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(1). The Soutter and Webb claims also satisfy this threshold.

The allegations in each case are that Equifax failed to use reasonable procedures in the manner in which it prepared consumer reports containing civil judgments in consumer credit reports. In fact, the claims are even more similar in that they both are alleged to have arisen by Equifax's failure to do more than rely blindly on the second hand information from its data vendor. It is also likely that Soutter is a Webb putative class member. She as well disputed the accuracy of te civil judgment in her Equifax report.

**CONCLUSION**

Here, as explained above, the transfer factors clearly favor keeping this case in the Eastern District of Virginia. Defendant's request for transfer and to sever must therefore be denied in its entirety.

Donna K. Soutter and Tony Lee Webb,

_________/s/_______________
Leonard A. Bennett, Esq.
VSB #37523
Attorney for Plaintiff
CONSUMER LITIGATION ASSOCIATES, P.C.
12515 Warwick Boulevard, Suite 100
Newport News, Virginia 23606
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
lenbennett@cox.net

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of May, 2010, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

**Keasha Ann Broussard**
King & Spalding
1180 Peachtree St NE
Atlanta, GA 30309-3521
abroussard@kslaw.com

**John Anthony Love**
King & Spalding
1180 Peachtree St NE
Atlanta, GA 30309-3521
tlove@kslaw.com

**John Willard Montgomery, Jr.**
Montgomery & Simpson, LLLP
2116 Dabney Rd
Suite A-1
Richmond, VA 23230
(804) 355-8744
jmontgomery@jwm-law.com

________/s/_______________

Leonard A. Bennett, Esq.
VSB #37523
Attorney for Plaintiff
CONSUMER LITIGATION ASSOCIATES, P.C.
12515 Warwick Boulevard, Suite 100
Newport News, Virginia 23606
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
lenbennett@cox.net