IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| DONNA K. SOUTTER AND TONY L. WEBB, on behalf of themselves and those similarly situated, | : : : CIVIL ACTION NO. |
| Plaintiffs, | : : 3:10-CV-00107-REP |
| v. | : : |
| EQUIFAX INFORMATION SERVICES LLC, | : : : |
| Defendant. | : |

**DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S
REPLY IN SUPPORT OF ITS MOTION TO TRANSFER VENUE
TO THE WESTERN DISTRICT OF VIRGINIA**

Defendant, Equifax Information Services LLC ("Equifax"), submits the following reply in support of its motion to transfer venue of the above-referenced action to the United States District Court for the Western District of Virginia pursuant to 28 U.S.C. § 1404(a). Although Tony Webb is still a party to this lawsuit, his claims against Equifax have been settled. Accordingly, Equifax's request that Plaintiffs' claims be severed is now moot. Furthermore, Equifax initially requested transfer to the Roanoke Division of the Western District of Virginia, where Mr. Webb resides. In light of the fact that the remaining Plaintiff, Ms. Donna Soutter, resides in the Charlottesville Division, Equifax respectfully asks that the destination of its motion for transfer be revised to the Western District of Virginia, Charlottesville Division.

For the reasons stated herein, as well as those stated in Equifax's initial memorandum of law, Equifax's motion for transfer should be granted and this case transferred to the Western District of Virginia, Charlottesville Division.

ATL_IMANAGE-6975401.3

## INTRODUCTION

As an initial matter, Equifax is surprised that Plaintiff opposes transfer in this case. Mr. Bennett, who represents Plaintiff, recently consented to transfer of a case against Equifax involving very similar circumstances. *See Quigley v. Equifax Information Services LLC*, Civil Action No. 3:10-CV-106 (REP), Doc. 22 (E.D. Va. May 20, 2010).

In any event, Plaintiff's argument for retaining venue in the Eastern District of Virginia is unavailing because the witnesses she identifies have only a remote connection to her claim and are unlikely to provide any of the "critical" evidence to which she alludes. For this reason and others, including the interests of justice, Equifax's motion should be granted.

## ARGUMENT

### A. This Case Does Not Directly Concern The Richmond State Court, Nor The Richmond-Based Credit Union.

Plaintiff argues that venue is proper in the Eastern District of Virginia because the underlying judgment reported by Equifax, about which she complains, was entered against her by a Richmond state court pursuant to a claim filed by a Richmond-headquartered credit union. Plaintiff herself, however, acknowledges that Equifax obtains information regarding state-court proceedings from a third-party vendor and that it does not interact directly with the Richmond court. *See* Doc. 3 ¶¶ 10, 17-18. Plaintiff's claim against Equifax is under a provision of the Fair Credit Reporting Act requiring it to "follow reasonable procedures to assure maximum possible accuracy of the information" in consumer credit reports. 15 U.S.C. § 1681e(b). The pertinent issue, therefore, is whether Equifax reasonably relied on the third-party vendor (which like Equifax, is not located in Virginia).

The credit union that obtained the judgment against Plaintiff has even less relevance to this case. In an abundance of caution, Equifax identified the credit union as a potential witness,

2

ATL_IMANAGE-6975401.3

but in fact that entity could provide very little information pertinent to Ms. Soutter's claim. Equifax's alleged violation of the FCRA is failure to report judgments accurately. Equifax's agent (the third-party vendor) obtains those judgments from the state court, not the credit union

### B. The Witnesses Identified By Plaintiff Have Little Connection To This Case.

Plaintiff identifies Ken Mittendorf as a potential third-party witness. Doc. 35, Pla.'s Brf. at 8. Mr. Mittendorf, according to Plaintiff, resides in Richmond and is the Assistant Director of the Department of Judicial Information Technology for the Executive Secretary of the Virginia Supreme Court. *Id.* Plaintiff suggests, with little by way of explanation, that Mr. Mittendorf and his colleagues could be "critical" witnesses in this case. *Id.* Mr. Mittendorf, however, is not likely to provide any significant information because he was not directly involved with Equifax's (or the third-party vendor's) collection of data, which is the subject of this lawsuit. Furthermore, any background information he might provide is not likely to be disputed by Equifax, making his presence at trial unnecessary. *See Board of Trustees, Sheet Metal Workers Nat. Fund v. Baylor Heating & Air Conditioning, Inc.*, 702 F. Supp. 1253, 1258 (E.D. Va. 1988) ("Inconvenience to a witness whose testimony is cumulative is not entitled to greater weight.").

Plaintiff also identifies Hal Vaughan as a potential witness. Doc. 35, Pla.'s Brf. at 9. Plaintiff's counsel describes Mr. Vaughan as "a Richmond area resident who has extensive knowledge and experience using the online records of the General District Courts in the Richmond area." Doc. 35, Bennett Decl. ¶ 15. Any relevant information Mr. Vaughan might provide is again unlikely to be significant. As Plaintiff admits, Equifax obtained information regarding Virginia state-court proceedings from a third-party vendor. The reasonableness of Equifax's reliance on this vendor is the pertinent issue, not the intricacies of the state court's electronic records system.

Finally, Plaintiff identifies a potential expert witness, Denise Hains, who apparently resides in the Eastern District Of Virginia. *See* Doc. 35, Pla.'s Brf. at 9; Doc. 35, Declaration of Leonard A. Bennett ¶ 16. "Expert witnesses or witnesses who are retained by a party to testify carry little weight in determining where the 'balance of convenience' lies . . . because they are usually selected on the basis of their reputation and special knowledge without regard to their residences and are presumably well compensated for their attendance, labor and inconvenience, if any." *Affymetrix, Inc. v. Synteni, Inc.*, 28 F. Supp. 2d 192, 203 (D. Del. 1998) (quotations and brackets omitted); *see also Williams v. Bowman*, 157 F. Supp. 2d 1103 (N.D. Cal. 2001); *Houston Trial Reports, Inc. v. LRP Publications, Inc.*, 85 F. Supp. 2d 663 (S.D. Tex. 1999); *Hillard v. Guidant Corp.*, 76 F. Supp. 2d 566 (M.D. Pa. 1999); *Promuto v. Waste Management, Inc.*, 44 F. Supp. 2d 628 (S.D.N.Y. 1999).

Accordingly, the connection Ms. Soutter has with Richmond is, at best, marginal and is not sufficient to support venue in the Eastern District of Virginia. For this reason, Equifax's motion should be granted.

### C. The Interests Of Justice Weigh In Favor Of Transfer.

District courts have discretion to adjudicate motions for transfer according to "an individualized case-by-case consideration of convenience and fairness." *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). "Ultimately, the trial court must consider all relevant factors to determine whether or not on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." *Byerson v. Equifax Information Services, LLC*, 467 F. Supp. 2d 627, 632 (E.D. Va. 2006) (quotations omitted). Courts must "weigh in the balance . . . those public-interest factors of systemic integrity and fairness that, in addition to private concerns, come under the heading of 'the interest of justice.'" *Ricoh*, 487 U.S. at 30. "In

4

some cases, the interests of justice may be decisive in ruling on a transfer motion, even though the convenience of the parties and witnesses point[s] in a different direction." *Byerson*, 467 F. Supp. 2d at 635 (quotations omitted).

Because Plaintiff's claim has no pertinent connection to Richmond or any portion of the Eastern District of Virginia, the interests of justice strongly favor transfer of her case to the Western District of Virginia, Charlottesville Division, where she resides. "Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation," *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09 (1947), especially where, as here, the convenience of the parties and witnesses favors a different location. "A plaintiff's choice of forum, while usually entitled to substantial weight, is here of little moment because it is neither plaintiff's nor defendants' home forum." *Corry v. CFM Majestic Inc.*, 16 F. Supp. 2d 660, 666 (E.D. Va. 1998).

## CONCLUSION

In summary, because Plaintiff resides in the Western District of Virginia, Charlottesville Division, and has little connection with the Eastern District of Virginia, Equifax respectfully requests that this action be transferred to the United States District Court for the Western District of Virginia, Charlottesville Division.

Respectfully submitted this 23rd day of June, 2010.

/s/
John W. Montgomery, Jr.
Virginia State Bar No. 37149
Counsel for Equifax Information Services, LLC
MONTGOMERY & SIMPSON, LLP
2116 Dabney Road, Suite A-1
Richmond, Virginia 23230
Telephone: (804) 355-8744
Facsimile: (804) 355-8748
Email: jmontgomery@jwm-law.com

ATL_IMANAGE-6975401.3

## CERTIFICATE OF SERVICE

I hereby certify that on this day I will electronically file a copy of the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Leonard A. Bennett, Esq.
Robin A. Abbott, Esq.
Consumer Litigation Associates PC
12515 Warwick Boulevard
Suite 100
Newport News, Virginia 23606

Matthew J. Erausquin
Consumer Litigation Associates, P.C.
1800 Diagonal Rd, Suite 600
Alexandria, VA 22314


Dated: June 23, 2010

/s/
John W. Montgomery, Jr.
Virginia State Bar No. 37149
Counsel for Equifax Information Services, LLC
MONTGOMERY & SIMPSON, LLP
2116 Dabney Road, Suite A-1
Richmond, Virginia 23230
Telephone: (804) 355-8744
Facsimile: (804) 355-8748
Email: jmontgomery@jwm-law.com