IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

EQUIFAX INFORMATION SERVICES LLC,

Plaintiff,

v.

LEXISNEXIS RISK SOLUTIONS FL INC., f/k/a LEXISNEXIS RISK & INFORMATION ANALYTICS GROUP, INC.,

Defendant.

CIVIL ACTION NO. 3:10cv00609(REP)

DONNA K. SOUTTER and TONY L. WEBB, for themselves and on behalf of all similarly situated individuals,

Plaintiffs,

v.

EQUIFAX INFORMATION SERVICES LLC,

Defendant.

CIVIL ACTION NO. 3:10cv00107(REP)

**BRIEF IN SUPPORT OF EQUIFAX INFORMATION SERVICES LLC's MOTION TO CONSOLIDATE**

Equifax Information Services LLC ("Equifax") respectfully submits the following brief in support of its Motion to Consolidate the captioned cases:

## I. STATEMENT OF FACTS

Equifax is a consumer reporting agency as defined by the Fair Credit Reporting Act ("FCRA"). 15 U.S.C. § 1681a(f). As such, Equifax maintains credit files on hundreds of millions of consumers residing in the United States and sells that information to credit grantors such as banks, mortgage companies and credit card issuers in the form of consumer reports. One

category of information that Equifax maintains in its credit files and includes in consumer reports is civil judgments. Thus, if a consumer has had a civil judgment entered against him, Equifax will report the fact of that judgment and other information related to the judgment on consumer reports regarding that consumer.

Equifax does not collect information regarding civil judgments, but instead purchases that information from third-party public records vendors. From October 2004 to the present, Equifax has purchased judgment and other public records information from defendant LexisNexis Risk Solutions FL, Inc. ("LexisNexis") and its predecessors in interest. Under the parties' current contract, which went into effect in 2008, LexisNexis is obliged to (1) provide Equifax with information regarding judgments against consumers when those judgments are first entered, and (2) inform Equifax of any changes in the status of such judgments, *e.g.* if the judgments are satisfied, reversed, vacated, or otherwise modified. And, LexisNexis is required to provide Equifax with information regarding changes in the status of judgments on the same schedule and with the same frequency as information regarding the entry of judgments in the first instance.

Currently pending in this Court is a case captioned *Soutter v. Equifax Information Services LLC*, Civil Action No. 3:10-CV-00107 (the "*Soutter*" case). In the *Soutter* case, the Plaintiffs allege that Equifax violated the FCRA by, *inter alia*, failing to adopt reasonable procedures to ensure maximum possible accuracy in its reporting of the status of judgments that have been satisfied, set aside, vacated or dismissed with prejudice. *Soutter* First Amended Complaint, ¶¶ 2, 10, 25. Specifically, the *Soutter* Plaintiffs allege that Equifax "does not follow the same automated and systematically rigorous processes to obtain all satisfactions, vacations and appeals of judgment that it otherwise follows to obtain the derogatory entry of the judgment

in the first place." *Id.*, Para. 2. The *Soutter* case is a putative class action and seeks certification of a class defined as:

> All consumers (a.) who Equifax credit file show had a primary address in Virginia as of February 17, 2010, (b.) about whom Equifax furnished a consumer report to a third party that showed a civil judgment in the General District Court for the City of Richmond at any time on or after February 17, 2008; and (c.) where, on such date the report was furnished, the records of the General District Court for the City of Richmond showed that the judgment had been satisfied, appealed, vacated or otherwise set aside

The allegations set forth in the *Soutter* Complaint directly implicate the contractual arrangements between Equifax and LexisNexis, which require LexisNexis to collect all information regarding civil judgments with the same frequency. If the allegations of the *Soutter* Plaintiffs are correct, then LexisNexis has breached its contracts with and is liable to Equifax. Accordingly, on August 25, 2010, Equifax filed Civil Action No.3:10-CV-609 in this Court against LexisNexis (the "*LexisNexis*" case) asserting a claim for indemnity.

The reasons to consolidate these cases are compelling. The facts of the cases overlap in substantial and material ways. The goal of judicial economy will be served by allowing discovery and other proceedings to coordinated between these cases. And, there is a risk of inconsistent determinations on common factual issues if the cases are tried separately. For these reasons, which are explained in detail below, Equifax respectfully requests that its Motion to Consolidate be granted.

## II. ARGUMENT AND CITATION OF AUTHORITY

Under Rule 42(a) of the Federal Rules of Civil Procedure, the decision to consolidate cases involves a two-step inquiry. First, the Court must determine whether the cases to be consolidated involve "a common question of law or fact":

> (a) Consolidation. If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters

> at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a). Assuming this threshold inquiry is satisfied, the Court then has discretion to consolidate the cases "so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." 9A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure Civil* 3d, § 2381 (3d ed. 2008).

A. The *LexisNexis* and *Soutter* cases involve common questions of fact and therefore satisfy Rule 42(a)'s threshold inquiry.

Under Rule 42(a), common questions of law or fact do not have to be exhaustive of the questions of law or fact before the Court. *See Arnold v. E. Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982). Nor is consolidation limited to actions involving identical parties. *See St. Bernard Gen'l Hosp. Inc. v. Hosp. Serv. Ass'n of New Orleans, Inc.*, 712 F.2d 978, 989 (5th Cir. 1983) ("[t]he fact that a defendant may be involved in one case and not the other is not sufficient to avoid consolidation"). Rather, Rule 42(a)'s requirement of a "common question of fact or law" presents a low bar and one that is easily satisfied in these cases.

A key factual question in both the *Soutter* and *LexisNexis* cases is on what schedule and with what frequency did LexisNexis provide Equifax with information regarding the updated status of civil judgments? The *Soutter* Plaintiffs allege that Equifax obtained information regarding the initial entry of judgments and updates to the status of judgments on different schedules, which harmed members of the proposed class. However, by contract, LexisNexis was obliged to collect and supply Equifax with all information regarding judgments on the same schedule and its failure to do would constitute a breach of contract, which would establish liability in the *LexisNexis* litigation.

There are other questions of fact common to these cases, including the following: (1) Was Equifax aware of LexisNexis' procedures for collecting information on civil judgments in the General District Court for the City of Richmond? (2) What information regarding civil judgments (including updates to the status of judgments) was available from the General District Court for the City of Richmond? (3) Assuming LexisNexis did not collect civil judgment data from the General District Court for the City of Richmond and provide it to Equifax on a uniform schedule, was it reasonable to do so? (4) What were the costs associated with different data collection schedules for information on civil judgments and updates thereto?

Recognizing the substantial factual overlap between these cases, the *Soutter* Plaintiffs have already served discovery on LexisNexis, seeking a 30(b)(6) deposition of LexisNexis[1] and the production of documents.[2] The topics listed in the *Soutter* Plaintiffs' 30(b)(6) deposition notice to LexisNexis include the following:

> TOPIC NO. 3: The history, substance and content of all contracts, agreements or other communications between you and Equifax regarding the reporting and/or investigations of civil judgment information from the City of Richmond General District Court specifically, and the Virginia court system generally, including, without limitation, all contracts, invoices, email correspondence with, "report cards," "score cards," marketing materials, policy, procedure, compliance or operating manuals, invoices or other documents concerning your relationships with Equifax....
>
> TOPIC NO. 4: Your knowledge regarding the various means to determine whether or not a judgment in the City of Richmond General District Court that you have furnished to Equifax during the last ten years has been satisfied, vacated or appealed, as well as your experience with and projected expense for each of these methods.
>
> TOPIC NO. 7: The history and details regarding how you have collected civil judgment information – including terminations of judgments – in the City of

[1] A copy of the *Soutter* Plaintiffs' deposition notice to LexisNexis is attached hereto as Exhibit A.

[2] A copy of the list of documents that the *Soutter* Plaintiffs have requested from LexisNexis is attached hereto as Exhibit B.

Richmond General District Court and other General District courts in Virginia during the last ten years.

TOPIC NO. 8: The substance and circumstances of any reviews, inspections, audits or inquiries by Equifax regarding the effectiveness, expense or thoroughness of your data-gathering for Virginia civil judgment public records data.

The documents that the *Soutter* Plaintiffs have subpoenaed from LexisNexis include the following:

REQUEST FOR PRODUCTION NO. 2: All written communications between you and Equifax or any other entity concerning Plaintiff with a collection of judgment information from the City of Richmond General District Court....

REQUEST FOR PRODUCTION NO. 3: ... all contracts, agreements or other communications between you and Equifax regarding the reporting and/or investigations of civil judgment information from the City of Richmond General District Court specifically, and the Virginia court system generally, including, without limitation, all contracts, invoices, email correspondence with, "report cards," "score cards," marketing materials, policy, procedure, compliance or operating manuals, invoices or other documents concerning your relationship with Equifax....

REQUEST FOR PRODUCTION NO. 8: Documents containing internal analyses and/or audits of the accuracy of your Virginia civil judgment public records data.

REQUEST FOR PRODUCTION NO. 15: ... all contracts and consideration schedules by which City of Richmond General District Court civil judgment public records data was furnished by you to Equifax; all records of interaction with Equifax regarding the collection of such data ... including, but not limited to, records of meetings, correspondence and other communications in which process improvement, accuracy, timeliness of response, sub-vendor/employee training and/or suggestions for enhancements to production were discussed with regard to your retrieval of civil judgment information.

This discovery highlights the substantial degree of factual overlap between the *Soutter* and *LexisNexis* cases. In short, there are many questions of fact common to these cases, which easily satisfy Rule 42(a)'s requirement that cases present a single common issue of fact in order to be consolidated.

B. In order to further the goals of judicial economy and avoiding inconsistent ajudications on common factual issues, the Court should exercise its discretion to consolidate the *LexisNexis* and *Soutter* cases.

Once the threshold requirement of a "common question of law or fact" is met, then whether to grant a motion to consolidate is within the discretion of the Court. *See Arnold*, 681 F.2d at 193. When exercising that discretion, the Court should consider the following factors: "the risk of prejudice and possible confusion versus the possibility of inconsistent adjudication of common factual and legal issues, the burden on the parties, witnesses and judicial resources by multiple lawsuits, the length of time required to try multiple suits versus a single suit, and the relative expense required for multiple suits versus a single suit." *In Re Cree, Inc., Sec. Litig.*, 219 F.R.D. 369, 371 (M.D.N.C. 2003) (citing *Arnold*, 681 F.2d at 193). These factors weigh heavily in favor of the consolidation of the *Soutter* and *LexisNexis* cases.

First, consolidation will serve the goal of judicial economy. There is no reason for the parties to incur the burden and expense of having witnesses from LexisNexis and Equifax deposed twice on issues such as those listed in the *Soutter* Plaintiffs' 30(b)(6) notice, *e.g.* the contracts between Equifax and LexisNexis, LexisNexis' schedule for collecting data regarding civil judgments, Equifax's knowledge of LexisNexis' procedures, the cost/reasonableness of collecting data regarding judgments on differing schedules, *etc.* The parties should not be required conduct duplicative document productions. Although it is difficult to predict the subject of dispositive and other motions that might be filed in these cases, one can easily imagine scenarios in which the parties would brief and the Court would called on to decide legal issues that would affect all of the parties to both of these cases, *e.g.* whether reporting information regarding the reporting of the initial entry of civil judgments and the modification of those judgments on differing schedules violated the FCRA. The parties should not have to brief and

the Court should not have to address such issues on multiple occasions in different cases. Finally, assuming the claims are not resolved by motion, the jury that decides whether Equifax has violated the FCRA should also decide if the violation was caused by LexisNexis' breach of contract. Holding separate trials would be a waste of the Court's and parties' resources.

Second, if these cases are not consolidated, Equifax will be exposed to a risk of inconsistent ajudications on common factual issues. For example, suppose that a jury in the *Soutter* case renders a verdict in favor of Plaintiffs, finding that Equifax willfully violated the FCRA by reporting information regarding the initial entry of civil judgments and the subsequent modification of those judgments on different schedules. If LexisNexis is not a party to the *Soutter* case, it would not be bound by the jury's finding. A different jury in a subsequent trial of the *LexisNexis* case could make an inconsistent factual finding on any number of issues that would leave Equifax without indemnity or other remedy.

Third, consolidation of these cases will not prejudice any party. Equifax's claim in the *LexisNexis* case is one for indemnity and could have been asserted in the *Soutter* case as a third-party claim. There is nothing inherently prejudicial about third-party claims for indemnity, and there is nothing uniquely prejudicial about the consolidation of Equifax's indemnity claim with the *Soutter* Plaintiffs' claim. Third-party and indemnity claims are routinely litigated and tried at the same time as the underlying claims without prejudice to any party.

Finally, the fact that the *Soutter* case was filed on February 17, 2010, should not preclude the consolidation of these cases. As the Court is aware, *Soutter* is a putative class action. Under the current Scheduling Order, proceedings in *Soutter* have been bifurcated between class certification and the merits. Per the Court's Scheduling Order, discovery is currently being conducted on "all evidence reasonably necessary for the plaintiff to litigate class certification."

Plaintiffs' motion for class certification is not due to be filed until the end of October, and the Court will not hear argument on that Motion until January 2011. Only after the class certification motion is decided will discovery on other merits and liability issues commence. Furthermore, counsel for the *Soutter* Plaintiffs has notified Equifax's counsel that he intends to seek leave of Court to file a second amended complaint. It is possible that the filing of that complaint will warrant additional changes and delay to the current schedule. Thus, the *Soutter* case is not so far advanced that its consolidation with the *LexisNexis* case would be disruptive or illogical.

## III. CONCLUSION

In light of the foregoing, Plaintiff Equifax Information Services LLC respectfully requests that its Motion to Consolidate be granted.

This 8th day of September, 2010.

/s/
John W. Montgomery, Jr.
Virginia State Bar No. 37149
**Counsel for Equifax Information Services LLC**
MONTGOMERY & SIMPSON LLLP
2116 Dabney Road, Suite A-1
Richmond, Virginia 23230
Phone: (804) 355-8744
Fax: (804) 355-8748
Email: jmontgomery@jwm-law.com

**CERTIFICATE**

I hereby certify that on the 8th day of September, 2010, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all parties.

/s/
John W. Montgomery, Jr.
Virginia State Bar No. 37149
**Counsel for Equifax Information Services LLC**
MONTGOMERY & SIMPSON LLP
2116 Dabney Road, Suite A-1
Richmond, Virginia 23230
Phone: (804) 355-8744
Fax: (804) 355-8748
Email: jmontgomery@jwm-law.com