# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DONNA K. SOUTTER and
TONY LEE WEBB,
*on behalf of themselves and those
similarly situated*

          Plaintiffs,

v.                                    CIVIL ACTION NO. 3:10-cv-00107(REP)

EQUIFAX INFORMATION SERVICES, LLC

          Defendant.

## NOTICE OF DEPOSITION

TAKE NOTICE that on the 27th day of August, 2010, at 10:00 a.m., and continuing until completed, in the law offices of Dale W. Pittman, 112-A West Tabb Street, Petersburg, Virginia 23803, Plaintiff, through her attorney, before a duly authorized Notary Public, will proceed to take the video deposition of the corporate designate of Lexis-Nexis. Pursuant to Fed. R. Civ. P. 30(b)(6), the Plaintiff identifies the following topics on which examination will take place:

**TOPIC NO. 1:** The substance and circumstances of all information known to you regarding any public record information associated with the Plaintiff, including without limitation that certain City of Richmond, Virginia, General District Court Civil Judgment entered against Donna K. Soutter in the captioned matter *Virginia Credit Union, Inc. v. Donna K. Soutter,* Case No. GV07-034182 and set aside pursuant to Order entered 3/20/08.

**TOPIC NO. 2:** All communications between you and Equifax or any other entity concerning Plaintiff or the collection of judgment information from the City of Richmond General District Court (not including any regularly scheduled communications by which an entries of a judgment is first reported to Equifax for batches of consumers).

**TOPIC NO. 3:** The history, substance and content of all contracts, agreements or other communications between you and Equifax regarding the reporting and/or investigations of civil judgment information from the City of Richmond General District Court specifically, and the Virginia court system generally, including, without limitation, all contracts, invoices, e-mail correspondence with, "report cards", "scorecards", marketing materials, policy, procedure, compliance or operating manuals, invoices or other documents concerning your relationships

with Equifax, but excluding documents or communications regarding a specific consumer.

**TOPIC NO. 4:** Your knowledge regarding the various means to determine whether or not a judgment in the City of Richmond General District Court that you have furnished to Equifax during the last ten years has been satisfied, vacated or appealed, as well as your experience with and projected expense for each of these methods.

**TOPIC NO. 5:** The name, most recent address and contact information, job title and job description and employer of, and all history regarding each person that you have paid to gather civil judgments in City of Richmond, General District Court at any time during the last ten years.

**TOPIC NO. 6:** All communications between you and any employee of the Virginia judicial system (e.g. any clerk of court, deputy clerk of court or employee at the Supreme Court of Virginia) during the last ten years in which the primary subject of the communication was the means by which you would access and record for your database civil judgment information from the Virginia General District courts

**TOPIC NO. 7:** The history and details regarding how you have collected civil judgment information – including terminations of judgments - in the City of Richmond General District Court and in the other General District courts in Virginia during the last ten years.

**TOPIC NO. 8:** The substance and circumstances of any reviews, inspections, audits or inquiries by Equifax regarding the effectiveness, expense or thoroughness of your data-gathering for Virginia civil judgment public records data.

**TOPIC NO. 9:** The number of CDVs you have received from Equifax during the last ten years regarding whether or not a civil judgment in a General District court in Virginia had been vacated, appealed or satisfied.

**TOPIC NO. 10:** The details of any statistics you have compiled on an annual basis regarding the number of disputes you received complaining or disputing the accuracy of civil judgment public records data in Virginia on the basis that the judgment was appealed, vacated or satisfied.

**TOPIC NO. 11:** The substance and history of any contracts, invoices, agreements, memos, letters, manuals, emails, or any other documents exchanged between you and any third party subcontractor or vendor related to the gathering of civil judgment public records data in Virginia, other than those documents which have been generated through the process of reinvestigating specific consumer disputes or which otherwise relate to a specific and single consumer.

**TOPIC NO. 12:** All electronic mail and information about electronic mail (including message contents, header information, metadata, and logs of electronic mail system usage) containing information about your reporting of Virginia civil judgments public records data.

**TOPIC NO. 13:** Your process for training, compensating, evaluating and otherwise supervising all employees or sub-vendors who have collected any civil judgment information regarding the City of Richmond General District Court for you during the past five years.

**TOPIC NO. 14:** The name, most recent address and contact information, job title and job description and employer of, and all history regarding the following persons – believed to be employees and public records abstractors – Michelle Morrison; Cammie Morrison; Michelle Roberts; Mark Gernchron; Michael D. Williams; Janet Clar; Cindy Long; Karen Christie; Miranda Webster; Michelle Marsh and a Richmond abstractor named "Conrad."

**TOPIC NO. 15:** Your knowledge regarding any changes to the process.

**TOPIC NO. 16**: Plaintiff's investigation determined that the clerks in the Virginia General District Courts, including in the City of Richmond, have made available a periodic printout or "Satisfactions Report" to you and other public records vendors for at least the last decade. Please provide all knowledge you have regarding your systematic use of such reports, the history of such use, whether it varied by court or time period, how such reports were used, if they were not used – why not, and what was done by you to monitor, supervise and require the gathering of data from such reports.

## CERTIFICATE

I hereby certify that on August 4, 2010 I sent a copy of the foregoing to opposing counsel via electronic transmission and via first class mail.

John Willard Montgomery, Jr.
Montgomery & Simpson, LLLP
2116 Dabney Rd
Suite A-1
Richmond, VA 23230
Email: jmontgomery@jwm-law.com

Barry Goheen
King & Spalding (GA-NA)
1180 Peachtree St NE
Atlanta, GA 30309-3521

John Anthony Love
King & Spalding (GA-NA)
1180 Peachtree St NE

Atlanta, GA 30309-3521
Email: tlove@kslaw.com

Keasha Ann Broussard
King & Spalding (GA-NA)
1180 Peachtree St NE
Atlanta, GA 30309-3521
Email: abroussard@kslaw.com

                                                                        /S/
                                         LEONARD A. BENNETT