## REQUESTS AT ISSUE RELEVANT TO PHASE I DISCOVERY

PLAINTIFF'S INTERROGATORY NO. 6:

For each consumer about whom Equifax has furnished a hard inquiry consumer report (a.) within the period commencing two years preceding the filing of the Complaint and through the date of this request, (b.) that contained a, and (c.) in which that judgment was not reported as paid, satisfied, vacated or appealed, list the full name and last known address of that consumer, the date of each such report and the details of the judgment tradeline contained in that consumer's file.

NOTE: A. In lieu of a substantive response to this request, Plaintiff will accept Equifax's stipulations as follows: 1. The putative class is numerous and would exceed 300 persons; 2. The putative class membership is ascertainable through a comparison of the records of Equifax and those of either the General District Court electronic files or those of Lexis Nexis.

B. Plaintiff's counsel is familiar with Equifax's argument in other cases that it does not maintain sufficient archives in order to know the content of a specific consumer report on a specific date. If Equifax asserts this position in this case, Plaintiff insists then that Equifax provide its answer by use of the frozen scans or other monthly archives to provide the above list for consumers about whom the report was furnished during a month in which Equifax's archives show the judgment as described to be in that consumer's file.

**DEFENDANT'S OBJECTION: Equifax objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant to any issue in this case nor reasonably calculated to lead to the discovery of relevant or admissible evidence. Equifax further objects to the extent**



the Interrogatory seeks the disclosure of confidential information about other consumers who are not represented by plaintiff's counsel. Subject to and without waiving these objections, Equifax will provide a list of the companies that made so-called "hard inquiries" on plaintiff's file in the two years preceding the filing of the complaint.

**DEFENDANT'S RESPONSE:** Subject to its previously served objections, EIS has advised Plaintiff that it will stipulate to numerosity. EIS is in the process of attempting to ascertain the class.

**DEFNDANT'S SUPPLEMENTAL RESPONSE:** Subject to its previously served objections, EIS has advised Plaintiff that it will stipulate to numerosity. EIS has attempted to ascertain the class in this matter and is unable to do so for the reasons explained by its employee, Margaret Leslie, during her deposition in this case.

PLAINTIFF'S REQUEST FOR PRODUCTION NO. 5:

In an electronically readable format, all archived reports you maintain regarding Plaintiff and each person whose credit file in any month during the two years preceding the filing of the Complaint contained a City of Richmond General District Court civil judgment that was not reported as satisfied, vacated or appealed.

*NOTE*: Plaintiff does not presently need this set of documents if the Defendant will stipulate that the class is numerous – containing at least 300 persons - and that membership is ascertainable.

**DEFENDANT'S OBJECTION:** Equifax objects to this Request on the basis that it is overbroad, unduly burdensome and expensive. Subject to and without waiving these objections, Equifax will stipulate, for the purpose of class certification briefing only, that the number of consumers that fall within the description above exceed 300. Equifax dos not stipulate that the class is ascertainable.

**DEFENDANT'S RESPONSE:** Subject to its previously served objections, see document EIS-Soutter-000001 through EIS-Soutter-000171.

PLAINTIFF'S REQUEST FOR PRODUCTION NO. 8:

All Documents which you believe support your claim that generating an accurate class list, or list of putative class members (as the classes are defined in the Plaintiffs' Complaint), would be difficult, impossible or expensive.

**DEFENDANT'S OBJECTION: Equifax has not made such a claim in this case. At this time, Equifax is still in the process of researching whether the class can be ascertained without undue burden and expense.**

PLAINTIFF'S REQUEST FOR PRODUCTION NO. 21:

Without regard to date, documents sufficient to identify your policy or policies with respect to the retention of documents, including, without limitation, any data stored in computer readable form.

**DEFENDANT'S OBJECTION: Equifax objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant or admissible evidence. Subject to and without waiving the foregoing specific and general objections, upon entry of an appropriate protective order to restrict dissemination of confidential information, Equifax will produce relevant policy and procedure manuals identifying document retention policies.**

**DEFENDANT'S RSPONSE: Subject to its previously served objections, see document EIS-Soutter-001038.**

PLAINTIFF'S REQUEST FOR PRODUCTION NO. 28:

Documents which explain and/or describe when, how and under what circumstances you archive, retain, or capture data or information for files concerning Plaintiffs' and consumers' respective personal identifiers.

**DEFENDANT'S OBJECTION: Equifax objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant or admissible evidence. Subject to and without waiving the**

foregoing specific and general objections, upon entry of an appropriate protective order to restrict dissemination of confidential information, Equifax will produce relevant policy and procedure manuals responsive to this Request.

**DEFENDANT'S RESPONSE:** See EIS's previously served objections.

PLAINTIFF'S REQUEST FOR PRODUCTION NO. 29:

Documents which explain or refer to any of the following:

- a) Archival of consumer reports and electronic data maintained;

- b) On-line maintenance and storage of consumer reports accessed by subscribers and you;

- c) On-line maintenance, storage, archival process, and microfiche process of consumer reports captured due to maintenance activity;

- d) Generation and dissemination of summary profiles, derogatory data flags, credit scores, and adverse action codes/denial codes.

**DEFENDANT'S OBJECTION:** Equifax objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant or admissible evidence. Subject to and without waiving the foregoing specific and general objections, upon entry of an appropriate protective order to restrict dissemination of confidential information, Equifax will produce relevant policy and procedure manuals responsive to this Request.

**DEFENDANT'S RESPONSE:** Subject to its previously served objections, see documents EIS-Soutter-000001 through EIS-Soutter-000152.

PLAINTIFF'S REQUEST FOR PRODUCTION NO. 34:

All reports or other documents which you are capable of printing or producing in electronic form from the databases (including your consumer databases and all tables, records, fields, screens and structural information in the databases such as "consumer personal information," "consumer address information," "public record detail," "dispute verification," and "notes" screens or fields) containing any reference to and/or information about Plaintiffs and the members of each proposed class including information provided via Metro Tape Format, Metro Tape 2 Format, or a Universal Data Form, and which regards the Plaintiff or a member of the proposed class.

**DEFENDANT'S OBJECTION:** **Equifax objects to this Request on the basis that it is vague, ambiguous, overbroad, unduly burdensome and seeks information that is neither relevant to any issue in this case nor reasonably calculated to lead to the discovery of admissible evidence. Equifax further objects to the extent the Request seeks the production of confidential, trade secret and/or proprietary information without the entry of a protective order.**

**DEFENDANT'S RESPONSE:** **Subject to its previously served objections, see documents EIS-Soutter-000001 through EIS-Soutter-000011 and EIS-Soutter-000023 through EIS-Soutter-000152.**

PLAINTIFF'S REQUEST FOR PRODUCTION NO. 42:

Produce the dispute letters, ACDVs and ACIS cases for each consumer with a Virginia address who your records show has made a dispute (request for reinvestigation) to you at any time since February 17, 2008 and which your employee or agent thereafter coded with any of the following dispute codes: 101, 102, 103 or 112.

**DEFENDANT'S OBJECTION:** **Equifax objects to this request on the basis that it is overbroad, unduly burdensome, expensive, not limited in time and seeks information which is neither relevant to this case, nor reasonably calculated to lead to the discovery of admissible evidence.**