**From:** Leonard Bennett [mailto:lenbennett@clalegal.com]
**Sent:** Friday, September 10, 2010 8:59 AM
**To:** Love, Tony
**Cc:** Craig Bertschi; Cindy Hanson; John Montgomery; Goheen, Barry; Matt Erausquin; Dale Pittman; Ward Armstrong
**Subject:** Re: Soutter/Lexis

Here is what we will do regarding the Motion to seal -

I will await your filing of the Motion to Seal for 5 business days from yesterday.  I will then file both our response to the M to Consolidate as well as our opposition to your Motion to Seal.  If you have not filed your motion by mid-day next Thursday, i will file the docs and info unredacted.

Regarding your request that we narrow the e-mails to tighter Bates ranges - we do not have to reveal to you before filing the specific content that we will use in our brief.  The emails produced were all similar in content and certainly in their propriety for protection under the PO.

This email also constitutes our written objection to Defendant's designation of those emails as well as all content of the vendor contracts besides pricing as Confidential under the Protective Order.

On Sep 9, 2010, at 3:11 PM, Love, Tony wrote:

In reviewing the Stipulated Protective Order in this case (Doc. 51), paragraph 9 provides: "In the event that any party disagrees with any designation made under this Order, the parties shall first try in good faith, via a telephone conference, to resolve the disagreement informally.  If the dispute cannot be resolved and the receiving party concludes in good faith that the materials have been improperly classified, the receiving party shall notify the designating party in writing by facsimile or by electronic transmission of its objection, but shall continue to maintain the document or other information as confidential for fifteen (15) business days after such notice.  The designating party shall have the right to move the Court to retain the designated status of such materials as CONFIDENTIAL or CONFIDENTIAL-AEO, consistent with the designating party's designation, until the Court has ruled on the designating party's motion."

Further, to the extent any of this were to be filed under seal, the provisions of paragraph 10 of the protective order would apply.

The point being that we need, and are entitled under the Order, a more reasonable amount of time to get this type of motion on file.  Plus we still need the specific bates numbers of the emails that are at issue.

Thank you.