UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

DONNA K. SOUTTER,
For herself and on behalf of all similarly
situated individuals,

    Plaintiff,

v.          CIVIL ACTION NO. 3:10-cv-00107

EQUIFAX INFORMATION SERVICES, LLC.

    Defendant.

**DECLARATION OF JAMES KEGLEY IN SUPPORT OF
DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S MOTION FOR
PROTECTIVE ORDER AND TO FILE DOCUMENTS UNDER SEAL**

I, James Kegley, hereby declare, under penalty of perjury and pursuant to 28 U.S.C. §1746, as follows:

1. My name is James Kegley. I am over 21 years of age, have personal knowledge of and am otherwise competent to testify concerning the matters stated herein. I am employed as Vice President of Data Services for Equifax Information Services LLC ("EIS") and submit this Declaration in support of EIS's Motion for Protective Order and to File Documents Under Seal.

2. It is my understanding that Plaintiff seeks to file and/or disclose copies of EIS's confidential contracts with its past and present public records vendors in a non-confidential manner.

3. It is also my understanding that Plaintiff seeks to file and/or disclose certain emails between Equifax and its public records vendors in a non-confidential manner, but has not identified which emails, out of the thousands that have been produced by Equifax in this case, are at issue.

4. I am familiar with EIS's public records vendor contracts, including the ones that EIS has produced in this case. These contracts contain confidential and proprietary information of EIS such as the manner in which the vendor will collect public records, the courts from which the records will be collected, the frequency with which the records will be collected, the amounts that the vendors will be paid for collecting the records, the remedies of the parties should a breach occur, the manner in which the vendor's compliance with the contract terms will be measured, the duration of the contract and other legal rights and obligations of the parties.

5. EIS is in competition with other consumer reporting agencies such as Trans Union and Experian. If the confidentiality of these vendor agreements is not maintained, then EIS's competitors will have access to the terms and provisions of EIS's agreement with its vendors and the ability to obtain an "inside view" of EIS's negotiated terms with the vendors. This might permit EIS's competitors to use such information to EIS's competitive disadvantage during their own negotiations with the vendors, especially since, upon information and belief, all three of the national consumer reporting agencies currently use the same vendor.

6. It is critical to EIS that it not be damaged competitively by permitting the release of its confidential vendor agreements in a non-confidential manner. EIS has no objection to having these documents available for the Court's use only in this litigation, but EIS's competitors and the public at large have no use for such information.

7. EIS agreed to produce this information subject to the Stipulated Protective Order in this case and did produce it with the "Confidential" designation subject to that order.

8. In addition to the concern over EIS's competitors obtaining the vendor agreements, EIS is also concerned about the general public having access to such information. In today's age with the internet and other methods of disseminating documents and information

to large groups of people almost instantly, it is possible that EIS's confidential vendor agreements could be placed on a public website or otherwise distributed across the internet.

9. EIS is extremely sensitive to consumer privacy and permitting its confidential vendor agreements to be broadly distributed in such a non-confidential manner risks providing such information to third parties with no use for it and who may use it in an improper manner, which could infringe on the consumer privacy EIS diligently strives to protect.

10. Finally, if EIS ever has a need to retain a different public records vendor in the future, disclosure of the current vendor agreements could harm it in the bidding process by providing other providers with the terms of the current and past agreements. Such information would be an unfair negotiation tool in the hands of such third parties that would possibly harm EIS in its negotiations.

11. For these reasons, EIS requests that its vendor agreements remain confidential.

12. With respect to the emails, EIS has designated some of the emails that it has produced in this case as confidential and others have not been so-designated. It is my understanding that plaintiff has refused to provide a list of the bates numbers of the emails that are at issue, so it is impossible for me to address each such email of the over 2,000 pages of emails that EIS has produced in the case.

13. EIS has generally designated the "Confidential" emails as such because they contain information concerning how EIS has communicated with its vendors about the day-to-day operation of its public records operations, its data and statistics concerning contract compliance, any issues that have arisen concerning that content of the data transmitted by the vendors and the manner in which the vendors collect and transmit the data to EIS.

14. These day-to-day business to business communications should remain confidential for many of the same reasons discussed above concerning the public record vendor contracts. They contain confidential information that could harm EIS in relation to its competitive position in the marketplace and its ability to negotiate the best terms with any future records vendors.

15. It would simply serve no purpose and would be harmful to EIS should these emails be made publicly available, including having them posted on the internet.

16. EIS requests the right to know which specific bates numbered emails are at issue and that all emails that are marked "Confidential" remain so until it has had the opportunity to review specifically designated emails out of the 2,000 plus emails that have been produced.

Pursuant to 28 U.S.C. §1746, I further declare under penalty of perjury that the foregoing is true and correct.

Executed this 20 day of September, 2010, at Atlanta, Georgia.

By: _____
James Kegley