IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| EQUIFAX INFORMATION SERVICES LLC,    ) <br>    ) <br>       Plaintiff,    ) <br>    ) <br> v.    ) <br>    ) <br> LEXISNEXIS RISK SOLUTIONS FL INC.,    ) <br> f/k/a LEXISNEXIS RISK & INFORMATION    ) <br> ANALYTICS GROUP, INC.,    ) <br>    ) <br>       Defendant.    ) | CIVIL ACTION NO. 3:10cv00609(REP) |
| DONNA K. SOUTTER and TONY L. WEBB,    ) <br> for themselves and on behalf of all similarly    ) <br> situated individuals,    ) <br>    ) <br>       Plaintiffs,    ) <br>    ) <br> v.    ) <br>    ) <br> EQUIFAX INFORMATION SERVICES LLC,    ) <br>    ) <br>       Defendant.    ) | CIVIL ACTION NO. 3:10cv00107(REP) |

**REPLY BRIEF IN SUPPORT OF EQUIFAX
INFORMATION SERVICES LLC'S MOTION TO CONSOLIDATE**

Pursuant to Fed. R. Civ. P. 42, Equifax Information Services LLC ("Equifax") submits

the following Reply Brief in support of its Motion to Consolidate the captioned cases:

I.     INTRODUCTION

Rule 42 is a rule of practicality. It permits cases to be consolidated when doing so will

aid in the just and efficient resolution of the cases involved. Judged against this standard, the

reasons to consolidate these cases are compelling.

First, the extent of the factual and legal overlap between these cases is so great that a decision in *Souter* could conclusively decide some, if not many, of the key issues in the *LexisNexis* case. For example, if the *Souter* Plaintiffs were to prevail on their claims, the jury would almost certainly have decided (1) that LexisNexis did not gather data regarding civil judgments and the status of those judgments on the same schedule and with the same frequency, and (2) that it was technologically possible and cost effective for LexisNexis to have obtained the judgment data that the *Souter* Plaintiffs contend should have been included in their consumer reports. These facts go a long way toward establishing a *prima facie* case on Equifax's claim against LexisNexis, and the Court should not risk inconsistent adjudications on these important issues.

Second, contrary to the *Souter* Plaintiffs' contentions, their case is not so far advanced that consolidation is impractical or prejudicial at this point. Proceedings in the *Souter* case were bifurcated between class certification and substantive merits. The parties have only recently concluded discovery on class certification issues, and the Court will not even hear argument on Plaintiffs' class certification motion until next year. Assuming a class is certified, discovery on the merits of the *Souter* Plaintiffs' claims will probably not begin until Spring of 2011. Discovery on the merits of the *Souter* claims can be conducted jointly with discovery in the *LexisNexis* case and the cases will be on the same schedule for the filing of the dispositive motions and a possible trial.

Finally, the parties to the *Souter* case have agreed to mediate on October 28-29, 2010. Since LexisNexis was contractually responsible for collecting and supplying Equifax with the data that the *Souter* Plaintiffs allege was inaccurately reported, it is difficult to imagine that the parties will be able to successfully mediate the *Souter* case unless LexisNexis is also at the table.

US2008 1640221.1

Equifax invited LexisNexis to attend the mediation; however, thus far, LexisNexis has not responded to that invitation and is, presumably, refusing to attend. While consolidation of these cases will not guarantee a successful mediation, it will insure LexisNexis' attendance at the meditation.

For these reasons, and others which are explained in detail below, Equifax respectfully requests that the Court grant its Motion to Consolidate the captioned cases.

## II.   ARGUMENT AND CITATION OF AUTHORITY

It appears that the parties are in agreement regarding the legal standard to be applied when deciding the current Motion. *See* LexisNexis' Response, pp. 4-5; Soutter's Response, pp. 4-6. The *Soutter* and *LexisNexis* cases can be consolidated under Rule 42 if they present common issues of fact or law that are material in nature. Assuming this threshold requirement is met, the Court has discretion to consolidate the cases. When exercising its discretion, the Court should consider the following factors: (1) the risk of prejudice and possible confusion, (2) the possibility of inconsistent adjudications of common factual and legal issues, (3) the burden on the parties, witnesses and judicial resources by multiple lawsuits, (4) the length of time required to try multiple suits versus a single suit, and (5) the relative expense required for multiple suits versus a single suit. *Arnold v. E. Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982) (citing 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2383 (1971)).

A.   The *Soutter* and *LexisNexis* cases present common questions of material fact and thereby satisfy the threshold requirement of Rule 42(a).

In support of its Motion to Consolidate, Equifax identified five material questions of fact that are common to the *Soutter* and *LexisNexis* cases.

Question #1:   On what schedule and with what frequency did LexisNexis provide Equifax with information regarding the updated status of civil judgments?

US2008 1640221.1

The *Souter* Plaintiffs concede that this is a common issue, but contend that it is immaterial because the frequency with which LexisNexis provided Equifax with information regarding the status of judgments is not in dispute. Souter's Response, p. 7. This argument is demonstrably incorrect. The *Souter* Plaintiffs allege that Equifax violated the FCRA by failing to collect information regarding civil judgments and the status of those judgment on the same schedule and with the same frequency. Souter First Amended Complaint ("FAC"), ¶ 2 [Dkt. 3]. Equifax denies that allegation. Equifax's Amended Answer ("Answer"), ¶ 2 [Dkt. 28]. However, to the extent that the *Souter* Plaintiffs are correct, then LexisNexis has breached its contract with Equifax. As alleged in its Complaint against LexisNexis, Equifax does not collect information regarding civil judgments and the status of those judgments, but contracts with LexisNexis to collect that information. The contracts between Equifax and LexisNexis require that LexisNexis collect information regarding civil judgments and the status of those judgments on the same schedule and with the same frequency. Equifax Complaint, ¶¶ 12 and 20. While LexisNexis has not answered Equifax's Complaint, it will, presumably, deny breaching its contracts with Equifax and will allege that it supplied Equifax with data regarding civil judgments and the status of those judgments on the same schedule and with the same frequency. If LexisNexis is correct, then the *Souter* Plaintiffs have no case. Thus, Issue #1 is not only common to both cases, it is disputed in and potentially dispositive of both of cases.

LexisNexis does not dispute that Issue #1 is common to both cases and material, but asserts that this issue was not pled in Equifax's Complaint. This argument is without merit for several reasons. First, the issue was pled in Equifax's Complaint. In Paragraphs 11, 12 and 20 of its Complaint, Equifax alleged that LexisNexis was contractually obliged to provide Equifax with information regarding civil judgments and the status of those judgments on the same

-4-

schedule and with the same frequency. And, in Paragraph 24, Equifax described the allegations of the *Soutter* Plaintiffs, *i.e.* that Equifax violated the FCRA by failing to accurately report the status of judgments. Second, when evaluating Equifax's Motion to Consolidate, the Court should consider the complaints in both cases. *See, e.g., Bertels v. Sullivan*, 312 F. Supp. 63, 64 (E.D. Va. 1970) (granting motion to consolidate, noting that "[e]ach complaint contained similar allegations"). The *Soutter* Plaintiffs' clearly allege that Equifax "does not follow the same automated and systematically rigorous processes to obtain all satisfactions, vacations and appeals of judgment that it otherwise follows to obtain the derogatory entry of the judgment in the first place." Soutter FAC, ¶ 2. If this allegation is true, it is LexisNexis' fault. Finally, there is no requirement in Rule 42 that "common questions of … fact" arise only from the complaints filed in the cases to be consolidated. Rather, consolidation is appropriate if other pleadings, such as an answer, raise common questions. *See, e.g., Harris v. L & L Wings, Inc.*, 132 F.3d 978, 982 n. 1 (4th Cir. 1997) (citing common defenses as reason for consolidating suits). Presumably, in this case, LexisNexis will deny providing Equifax with data regarding judgments and status of judgments on different schedules and with differing frequencies.

Question #2:   Was Equifax aware of LexisNexis' procedures for collecting information on civil judgments in the General District Court for the City of Richmond?

On page 8 of their Response, the *Soutter* Plaintiffs state that (1) Equifax does not explain how Issue #2 is common to both cases and (2) argue that this Issue cannot be common to both cases because the cases involve two different claims, one for FCRA violations and the other for contractual indemnity. Both of these arguments are easily addressed.

First, in their Amended Complaint, the *Soutter* Plaintiffs allege that Equifax *willfully* violated the FCRA. Soutter FAC, ¶ 27. Equifax will defend this claim by proving that it was not aware that LexisNexis was obtaining data regarding civil judgments and the status of those

US2008 1640221.1

judgments on different schedules and with different frequencies.  And, although LexisNexis has

not answered Equifax's Complaint, it is likely that LexisNexis will defend Equifax's indemnity

claim by alleging that Equifax was aware of its (LexisNexis') collection procedures and ratified

them.  Thus, Equifax's knowledge of LexisNexis' collection procedures is material fact in both

of these cases.

Second, the fact that the legal claims/theories asserted in the *Soutter* and *LexisNexis* cases

are different is irrelevant to the issue of consolidation.  Under Rule 42, cases can be consolidated

when they involve common issues of law **or** fact.  *Sizemore v. Sw. Va. Reg'l Jail Auth.*, No.

1:08cv0035, 2009 WL 90108, at *1 (W.D. Va. Jan. 14, 2009) ("If actions before the court

involve a common question of law **or** fact, the court may consolidate the actions.") (quoting Fed.

R. Civ. P. 42(a)) (emphasis added); *see also* 8 James Wm. Moore, *Moore's Federal Practice*, §

42.10[1][a] (3d ed. 2010) (hereafter "*Moore's*") (noting that the standard for consolidating cases

"is an expansive one, allowing consolidation of the broad range of cases brought in federal

court").  Here, the cases involve common questions of fact, which is sufficient to meet the

threshold requirement of Rule 42(a).  Furthermore, the notion that the claims in these cases

should not be consolidated because they are predicated on differing legal theories is absurd.  *See,*

*e.g.*, *Kelley v. United States*, 580 F. Supp. 2d 490, 494 (E.D. Va. 2008) (consolidating personal

injury and loss of consortium claims).  Courts and juries routinely consider multiple legal claims

based on differing theories when a plaintiff asserts more than one claim, when a defendant

asserts a counterclaim and/or when a third-party claim, like indemnity, is asserted in a case.

LexisNexis does not specifically address Issue #2 in its Response.

Question #3:   What information regarding civil judgments, including updates to the
               status of judgments, was available from the General District Court for the
               City of Richmond?

US2008 1640221.1

Question #4:   Assuming LexisNexis did not collect civil judgment data from the General District Court for the City of Richmond and provided to Equifax on a uniform schedule, was it reasonable to do so?

Question #5:   What were the costs associated with different data collection schedules for information on civil judgments and updates thereto?

The *Souter* Plaintiffs do not address Issues 3, 4 and 5 separately, but lump them together, arguing (1) that Equifax does not explain how these questions are common to both cases and (2) that Issues 3 and 5 are "incontestable" and not really questions at all.

With respect to their first argument, it is surprising that the *Souter* Plaintiffs do not see how Issues 3-5 are common to these cases. These Issues are based directly on the third-party discovery requests that the *Souter* Plaintiffs served on LexisNexis in the *Souter* case, which are quoted on pages 5-6 of the original brief filed in support of Equifax's Motion to Consolidate. The obvious intent of that discovery was to gather evidence regarding the "reasonableness" of Equifax's procedures, which is an element of the *Souter* Plaintiffs' FCRA claim. If data regarding dispositions of judgments was not available from the General District Court for the City of Richmond or was costly or technologically difficult to obtain, then those facts directly impacts the "reasonableness" of Equifax's procedures. *See, e.g., Perez v. Trans Union, LLC*, 526 F. Supp. 2d 504, 508 (E.D. Pa. 2007), *abrogated on other grounds by Cortez v. Trans Union*, No. 08-2465, 2010 WL 3190882 (3d Cir. Aug. 13, 2010), ("Judging the reasonableness of a credit reporting agency's procedures involves weighing the potential harm from inaccuracy against the burden of safeguarding against such inaccuracy.") (quoting *Philbin v. Trans Union Corp.*, 101 F.3d 957, 965 (3d Cir. 1996)).

The availability and cost of data regarding civil judgments issued by the General District Court for the City of Richmond also impacts LexisNexis' defense to Equifax's claim for indemnity. As the *Souter* Plaintiffs correctly note on page 7 of their Response, the contract

-7-

between Equifax and LexisNexis contains a provision stating that: "Dispositions on judgment and lien data shall be submitted to Equifax as they are made available from the primary source consistent with the visit frequency schedule in Exhibit B and where commercially reasonable to obtain." In light of this provision, LexisNexis may defend against Equifax's indemnification claim by asserting that it was not commercially reasonable to obtain the data at issue in the *Soutter* case. Thus, the availability and cost of obtaining data regarding judgments from the courts in Richmond is a material issue in both cases.

LexisNexis does not specifically address Issues 3-5 in its Response.

B.      The Court should exercise its discretion to consolidate these cases.

1.      The risk of prejudice is slight, can be remedied and is not sufficient to outweigh the benefits of consolidation.

In opposition to Equifax's Motion to Consolidate, the *Soutter* Plaintiffs and LexisNexis argue that they will be prejudiced by consolidation. As explained below, the risk of prejudice to either the *Soutter* Plaintiffs or LexisNexis is overstated and largely hypothetical.

a.      There will be no prejudicial delay if the cases are consolidated.

In light of the bifurcation of proceedings in the *Soutter* case, these cases are perfectly positioned for consolidation. To date, the discovery in *Soutter* has focused on class certification issues, not the merits of the case. The parties in *Soutter* are now in the process of briefing class certification, and the Court will not decide that issue until January 2011, at the earliest. While the class certification motion is pending in *Soutter*, the Court has time to resolve LexisNexis' Motion to Dismiss, and the parties can complete other prediscovery activities, such as the filing of Initial Disclosures, etc. Assuming a class is certified in *Soutter*, merits discovery in both cases can commence in February/March 2011. The cases will then be on the same track for the filing

-8-

of dispositive motions and a possible trial, and there will be no delay in the resolution of either case.

On pages 15-17 of their Response, the *Soutter* Plaintiffs argue that consolidation is inappropriate because (1) Phase I of discovery is completed in *Soutter,* (2) no further discovery is needed from LexisNexis and (3) consolidation of these cases would require "the full restart of the discovery process" in *Soutter*. These related arguments fail to account for three important facts.

First, discovery in Phase I of the *Soutter* case was limited to issues relevant to the class certification decision. Thus, the discovery that was conducted on LexisNexis did not cover all issues relevant to the merits of the *Soutter* claims. Assuming a class is certified in the *Soutter* case, it is inevitable that the parties, and particularly Equifax, will need additional discovery from LexisNexis regarding the merits of the claim asserted in *Soutter*. This additional discovery was specifically provided for in the current scheduling order in *Soutter*.

Second, merits discovery in the *Soutter* case will not be duplicative, as the *Soutter* Plaintiffs argue. For obvious reasons, it is the merits of the *Soutter* claim, not class certification issues, that are relevant to Equifax's claim for indemnity against LexisNexis and LexisNexis' defenses to that claim. Equifax has no incentive to duplicate the discovery that has already been conducted on class certification issues, because it is irrelevant to the merits of the *Soutter* case and Equifax's claims against LexisNexis. And, if Equifax attempts to engage in duplicative discovery, the *Soutter* Plaintiffs have the ability to file a motion for protective order, seeking the Court's protection against such unnecessary discovery.

Third, discovery on Equifax's claims against LexisNexis will not delay progress of the *Soutter* case. As noted above, the Court is not even scheduled to hear oral argument in *Soutter*

US2008 1640221.1

until January 2011.  Assuming a class is certified, discovery on the merits of the *Souter* claims will not begin until February or March 2011 at the earliest.  Thus, it is entirely appropriate to consolidate these cases so that discovery in the *Souter* and *LexisNexis* cases can take place during the Spring of 2011.  The cases will then be on the same schedule for purposes of dispositive motions and trial.

On page 16 of their Response, the *Souter* Plaintiffs also argue that if these cases are consolidated, it will delay notice to members of the class and make it more difficult for them to cooperate in the prosecution of the class' claims.  This argument is demonstrably false.  The Court will hear argument on the *Souter* Plaintiffs' Motion for Class Certification in January 2011, and assuming a class is certified in *Souter*, notice will be sent promptly to the members of the class, probably sometime in Spring 2011.  This schedule will not be affected by consolidation.  Counsel for the *Souter* Plaintiffs can send notice to the class while merits discovery is being conducted in both cases.  Thus, the *Souter* Plaintiffs' contention that consolidation will make it "more difficult to reach class members in a notice process or to obtain their cooperation in litigation of the case," is nothing more than unjustified speculation.

      b.    <u>There will be no prejudice to consolidating the cases for trial, and the Court can always try the cases separately.</u>

On pages 14-15 of their Response, the *Souter* Plaintiffs argue that consolidation of these cases would raise manageability concerns at trial.  This argument is meritless for several reasons.

First, either or both cases may be disposed of on summary judgment.  For example, if Equifax and LexisNexis are able to prove that LexisNexis collected and supplied Equifax with data regarding civil judgments and the status of those judgments on the same schedule and with the same frequency, then the *Souter* Plaintiffs have no case, and the issues in the case between Equifax and LexisNexis will be significantly narrowed.  It is also possible that Equifax could

prevail on portions of its claim against LexisNexis as a matter of law, or vice-versa. Until the

parties and the Court know what issues will have to be tried, there is no reason to deny

consolidation of these clearly-related cases.

Second, complex cases involving multiple claims and legal theories are tried to juries

every day. *See generally* Fed. Judicial Ctr., *Manual for Complex Litigation* (4th ed. 2004). The

claim that Equifax is asserting against LexisNexis is nothing more than a simple claim for breach

of contract. It is certainly less complex than patent infringement claims, antitrust claims,

securities claims, RICO claims and a host of other suits that are routinely tried to juries. It is

arguable that the *Souter* Plaintiffs' statutory claim under the FCRA is more complex than

Equifax's claim for indemnity. Furthermore, there is nothing inherently complex about trying an

FCRA claim and Equifax's claim for indemnity in the same case. The Federal Rules of Civil

Procedure clearly contemplate the trial of indemnity claims with underlying claims by virtue of

sanctioning third-party claims in Rule 14. *See* 3 *Moore's,* § 14.03[1] ("Third-party practice

fosters efficient litigation by packaging the underlying claim for liability and any indemnity or

contribution claims in a single case.").

Finally, the Court always has the option of severing the cases for trial if it appears that a

single trial would be unmanageable. Rule 42(b) provides that "[f]or convenience, to avoid

prejudice, or to expedite and economize, the court may order a separate trial of one or more

separate issues, claims, crossclaims, counterclaims, or third-party claims." Given this flexibility,

there is certainly no harm in consolidating the cases for pretrial purposes and deciding whether to

try the cases together after motions for summary judgment have been decided. *See, e.g., Katz v.

Realty Equities Corp. of N.Y.*, 521 F.2d 1354 (2d Cir. 1975) (affirming trial court's decision to

-11-

consolidate pretrial proceedings but awaiting decision on trial consolidation until conclusion of pretrial proceedings).

        c.      Consolidation of these cases will not "derail" the settlement process in the <u>*Souter*</u> case, but will actually improve prospects for settlement of both cases.

On page 19 of their Response, the *Souter* Plaintiffs argue that if these cases are consolidated, it will "derail" the settlement process in the *Souter* case. In fact, the just the opposite is true. The data that the *Souter* Plaintiffs contend was inaccurately reported by Equifax was supplied to Equifax by LexisNexis pursuant to the contracts that give rise to Equifax's indemnity claim against LexisNexis. It is hard to imagine that the *Souter* case will settle without LexisNexis represented at the mediation. By way of analogy, mediation orders customarily require parties AND their insurers to attend mediations, for precisely this reason.

As mentioned above, the *Souter* case is schedule for mediation in the last week of October 2010 and Equifax has asked LexisNexis to attend. LexisNexis has not responded to Equifax's invitation and is apparently unwilling to attend. If these cases were consolidated, LexisNexis would be obliged to participate in the mediation, which would materially improve the prospects for settling both of these cases. And, even if the Court is not inclined to consolidate these cases for purposes of litigation, it should nevertheless order LexisNexis to participate in the mediation process in *Souter*.

        2.      Consolidation will preclude the possibility of inconsistent adjudications on common factual and legal issues.

Significantly, neither the *Souter* Plaintiffs or LexisNexis address the issue of the potential for inconsistent adjudications if these cases are not consolidated. One jury, not two, should decide the following issues:

-12-

- Did LexisNexis collect data regarding judgments and the status of judgments on the same schedule and with the same frequency?

- Was Equifax aware that LexisNexis was providing it with data regarding judgments and the status of judgments on different schedules and with different frequencies?

- Did Equifax approve of or ratify LexisNexis' practice of providing it with data regarding judgments and the status of judgments on different schedules and with different frequencies?

- Was the data that the *Souter* Plaintiffs contend should have been included in consumer reports regarding them available from the courts in question?

- Could the data that the *Souter* Plaintiffs contend should have been included in consumer reports regarding them be obtained by LexisNexis in a cost effective and commercially reasonable fashion?

To the extent that any of these issues are decided in an inconsistent manner, one of the parties to these cases, probably Equifax, will be greatly prejudiced and left without a remedy. *See* 8 *Moore's*, § 42.10[4][d] ("In appropriate cases, consolidation is used to combine actions so as to avoid producing inconsistent or conflicting results.").

    3.    <u>Considerations of judicial economy justify the consolidation of these cases.</u>

The last three factors that the Court should consider when deciding whether to consolidate these cases all relate to judicial economy, i.e. the burdens on the parties, witnesses, the Court, etc. The *Souter* Plaintiffs and LexisNexis make no real effort to dispute the obvious economies associated with consolidating these cases. Why should the Court hold two hearings on dispositive motions, conduct two pretrial conferences and conduct two jury trials, when all of

-13-

these proceedings can be handled in a single case?  Yes, it will invariably take longer to try a

consolidated case than simply the *Souter* Plaintiffs' FCRA case, but it is certain that the

consolidated case will take less time to try than trying these cases separately.  The same is true

for pretrial proceedings, discovery, etc.

C.     The *Souter* Plaintiffs' efforts to exonerate LexisNexis are legally flawed and irrelevant to
       the consolidation question.

       It is often said that "politics makes for strange bedfellows."  Apparently, litigation does

as well.  In their brief, the *Souter* Plaintiffs devote considerable effort to attempting to exonerate

LexisNexis from any fault or liability in these cases.  As explained below, the *Souter* Plaintiffs'

arguments are legally flawed and irrelevant to the consolidation decision.

       1.     Equifax's claim for indemnity is based on its contract with LexisNexis, not
              common law.

       On pages 12-13 of their Brief, the *Souter* Plaintiffs argue that Equifax's claim against

LexisNexis must fail because there is no right of indemnity under the FCRA.  While it is true

that there is no common law right of indemnity under the FCRA, Equifax is not asserting a claim

for common law indemnity against LexisNexis.  Equifax's indemnity claim is based on an

indemnity provision contained in its contracts with LexisNexis.  The cases cited by the *Souter*

Plaintiffs are distinguishable on these grounds. *See McSherry v. Capital One FSB*, 236 F.R.D.

516 (W.D. Wash. 2006) (holding that defendant had no implied right to indemnity or

contribution).  Moreover, *Kay v. First Cont'l Trading, Inc.*, 966 F. Supp. 753 (N.D. Ill. 1997),

specifically noted that the third-party plaintiff would be able to rely upon its contractual

indemnification clause if it applied to the situation before the court. *Id.* at 755-756.

Accordingly, the *Souter* Plaintiffs are simply incorrect that Equifax cannot assert its contractual

right for indemnification as against LexisNexis.

US2008 1640221.1

2.      Equifax's alleged knowledge of LexisNexis' procedures does not preclude Equifax's claim for indemnity.

On page 7 of their Brief, the *Souter* Plaintiffs correctly point out that Equifax had a contractual right to be informed of and approve LexisNexis' procedures for gathering data. However, there is no allegation (or evidence) that Equifax knew that LexisNexis might be collecting data regarding judgments and dispositions of judgments on different schedules and ratified that practice. The emails quoted on pages 10-11 of the *Souter* Plaintiffs' Response pertain to what the parties refer to as the "live feed" issue. This is a discrete issue that pertains to only a portion of Plaintiffs' claims and a portion of the Class Period at issue in this case. It certainly does not dispose of the broader issues regarding Equifax's alleged knowledge of LexisNexis' collection procedures.

To the extent that LexisNexis did gather and provide data regarding judgments and dispositions of judgments on different schedules, it would constitute a breach of contract, giving rise to a claim for indemnity; the very claim asserted by Equifax in this litigation. Finally, the *Souter* Plaintiffs' argument on this issue is completely irrelevant to the pending Motion. The only issue now before the Court is whether the *Souter* and *LexisNexis* cases should be consolidated. The *Souter* Plaintiffs are, in effect, moving for summary judgment on behalf of LexisNexis, which is clearly improper for a multitude of reasons.

D.      LexisNexis' procedural arguments are not grounds to refuse to consolidate these cases.

LexisNexis' Response to Equifax's Motion to Consolidate is largely a repeat of arguments made in LexisNexis' Motion to Dismiss. Those arguments are not relevant to issue of consolidation. Obviously, a case that stands dismissed cannot be consolidated with a case that is

-15-

in active litigation.  Conversely, if the Court denies LexisNexis' Motion to Dismiss, these cases

ought to be consolidated for the reasons stated above.

### III.   CONCLUSION

In light of the foregoing, Equifax respectfully requests that its Motion to Consolidate be

granted.

This 4th day of October, 2010.

/s/
John W. Montgomery, Jr.
Virginia State Bar No. 37149
**Counsel for Plaintiff Equifax Information Services LLC**
MONTGOMERY & SIMPSON LLLP
2116 Dabney Road, Suite A-1
Richmond, Virginia 23230
Phone:  (804) 355-8744
Fax:  (804) 355-8748
Email:  jmontgomery@jwm-law.com

-16-

## CERTIFICATE OF SERVICE

I certify that on this 4th day of October, 2010, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF System, which will send a notification of the filing (NEF)

to the following attorneys of record:

> Cameron S. Matheson
> Murphy & McGonigle, P.C.
> 4870 Sadler Road, Suite 301
> Glen Allen, Virginia 23060
> cameron.matheson@murphymcgonigle.com


> /s/
> John W. Montgomery, Jr.
> Virginia State Bar No. 37149
> **Counsel for Plaintiff Equifax Information Services LLC**
> MONTGOMERY & SIMPSON LLLP
> 2116 Dabney Road, Suite A-1
> Richmond, Virginia 23230
> Phone:  (804) 355-8744
> Fax:  (804) 355-8748
> Email:  jmontgomery@jwm-law.com

US2008 1640221.1