UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| DONNA K. SOUTTER, *for herself and on behalf of others similarly situated individuals,*<br><br>Plaintiffs,<br><br>v.<br><br>EQUIFAX INFORMATION SERVCES, LLC,<br><br>Defendants. | Civil Action No. 3:10cv107-REP |

**Defendants.**

**DECLARATION OF DENISE HAIN**

I, Denise Hain, hereby declare:

1. My name is Denise Hain. I am over 21 years of age, of sound mind, capable of executing this declaration, and have personal knowledge of the facts stated herein, and they are all true and correct.

2. On May 1, 2010, I retired as Clerk of Court for the General District Court, Civil Division for the City of Newport News. I was so employed since June 1, 1978 and had worked in the same office since February 16, 1973.

3. As part of my responsibilities as Clerk of Court, I supervised and administered the civil case docket. Amongst many other tasks, I oversaw the filing and docketing of judgment satisfactions, notices and perfections of appeal from the General District Court to the Circuit Court and various orders that vacated, set aside, non-suited and dismissed civil actions.

4. The procedure in Virginia General District courts for receiving and docketing judgment satisfactions was as follows.

    A. Review "Notice of Satisfaction" form DC-458 or other document that all required information is given. If so, stamp received with "date/time received

and filed" stamp.

    B. Confirm case number and data in CMS system. Go to "Civil Hearing/Disposition Update" screen. Insert "Y" in "JDMT SAT ____ field and the date that the Clerk stamped the original judgment case papers or order paid or satisfied.

    C. Pull original case papers. Stamp "Judgment Paid or Satisfied" in red in bottom right hand corner or if case papers have an area designated, complete with the date stamp received in court and sign.

    D. Attach "Notice of Satisfaction" to the back of the original case papers.

    E. If a subsequent action has been issued, and the return date is still pending, pull paperwork and recall or release.

    F. The case will appear on the "Judgment Satisfied Report" requested by the Clerk. Newport News requests report once a moth.

5. The procedure in Virginia General District courts for receiving and docketing appeals was as follows.

    A. When an appeal is perfected the Clerk will receipt bond and fees. Type a check payable to the Circuit Court for such fees and complete a "transmittal of funds" form.

    B. Make a copy of case for our files.

    C. Mark the docket book that the case has been appealed.

    D. In the CMS system pull up case number on the "civil hearing/disposition update" screen, verify that information is correct. Enter the date "Appl Noted", "Appl Perf" and "Appealed By _____" (Plaintiff 1, 2 or 3 or Defendant 1, 2, 3,4)

    E. Send a letter to all parties that an appeal was received an processed, attach a copy with case papers.

    F. Decline case papers, appeal papers, check and transmittal to the Circuit Court.

6. Judgments were vacated or set aside in one of two ways. First, the General District Court judge could order a judgment vacated by noting the order directly on the Warrant in Debt, with our without a formal written motion. In addition, on occasion a party would file a formal motion and proposed order, which the judge would then enter.

7. Judgments were most often vacated or set aside because of a mistake or error on the part of the Plaintiff. The most common example of such error was incorrect or incomplete service of process.

8. When a judgment was vacated, it was then either placed back on the docket for a hearing or trial, or it was dismissed. Such history was always available for review in the actual court documents.

9. Throughout my tenure as Clerk, we had regular occasion to work with various individuals whose job it was to gather judgment information for private companies. Originally, we understood that they were collecting this information for the national credit bureaus. Until approximately 2000, it was common for such persons to visit the clerk's office on a weekly basis – sometimes less frequently, sometimes more frequently.

10. In order to facilitate their gathering of this judgment information, it was our procedure to systematically make available to the abstractors copies of judgment satisfaction notices, notices of appeal and orders, rehearings and other documents showing vacated judgments. My staff was directed to place these copies in a file folder or inbox for their exclusive use. We also would make multiple copies of a weekly printed report listing all satisfied judgments. My office as well made available to the abstractors the judgment docket book and at least one computer providing access to the court database.

11. Beginning in approximately 2006, the systematic in person records gathering by credit bureau abstractors appeared to end. Between that time and when I retired, it became unusual for such persons to visit. The copies of judgment satisfactions, vacates and appeals accumulated. The weekly satisfaction reports were not picked up. We eventually stopped copying and compiling these records because no one came to gather or review them.

12. For at least a decade – actually more – we have received regular complaints

and requests for help from debtors who had been the subject of a General District Court judgment, which thereafter was satisfied, vacated or appealed or reheard, but not removed from the person's credit report. I and my staff had to explain to numerous people that the Court did not have direct contact with the credit bureaus and instructing them to contact the bureau directly.

13. Over the term of my employment, I also had the occasion to attend training and other events overseen by the Supreme Court of Virginia at which we learned what procedures were followed and used in other Virginia General District courts. Similarly, I have had an opportunity to work and interact with numerous other clerks in other General District courts.

14. It is my understanding that while small variations might have existed in the way that information was made available to the private abstractors between one court or another, the same basic information was provided in each.

15. I am not aware of any obstacle that would prevent the credit bureaus from gathering judgment records and information directly from Virginia courthouses.

    I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge and belief.

    Executed in Newport News, Virginia, this 29th day of October 2010.

_____
Denise Hain