UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

DONNA K. SOUTTER,
For herself and on behalf of all similarly
situated individuals,

      Plaintiff,

v.                                    CIVIL ACTION NO. 3:10-cv-00107

EQUIFAX INFORMATION SERVICES, LLC,

      Defendant.

**DECLARATION OF MARGARET LESLIE IN SUPPORT OF
DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S OPPOSITION TO
PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

I, Margaret Leslie, declare, under penalty of perjury and pursuant to 28 U.S.C. § 1746, as follows:

1. I am employed as Vice President of Core Data Platforms Technology for Equifax Information Services LLC ("Equifax"). I submit this Declaration in support of Equifax's Opposition to Plaintiff's Motion for Class Certification ("Plaintiff's Motion"). I am over 21 years of age and have personal knowledge of the matters stated herein based upon my experience and review of Equifax's records. I am otherwise competent to provide this declaration.

2. In am responsible for Equifax's consumer credit reporting system and the system involved in credit recording, storing and retrieving credit reports. I am also responsible for the data quality assurance system, model implementation group, the Exchange system, and CDC system.

3. Equifax receives information such as judgments and satisfactions from its public records vendors ("PRV") for the state of Virginia. Equifax's current vendor in Virginia is LexisNexis ("LN").

4. With respect to such public records items, Equifax has quality assurance procedures that apply to such items to ensure that any public record item is reported in the proper format before it is allowed to post to a consumer's credit file. Equifax also has quality assurance procedures to compare the consumer's identifying information (such as name and address) on the public record to the identifying information on the credit file to insure that the public record is matched to the correct consumer.

5. If a new public record passes Equifax's quality assurance process, then it is added to the appropriate consumer's credit file. If Equifax receives public record information from its PRV concerning any changes (such as satisfactions, appeals, vacates or set asides) to the initial public record, then Equifax will update the consumer files accordingly based on the information provided by the PRV.

6. I am aware that Plaintiff Donna Soutter has made a claim in this case that she suffered "credit score damage." A consumer credit score is a numerical calculation based on information in a consumer's credit file. One purpose of a credit score is to provide an estimation of the likelihood that a consumer will meet his or her debt obligations. Credit scores depend on many variables in a consumer's particular credit file such as number of open accounts, balances, delinquencies and public record information. Therefore, Equifax's procedures for reporting public record data in Virginia will potentially impact the credit scores of different consumers in different ways.

7. I am also aware that Equifax produced three sets of data to Plaintiff's counsel in this case as part of a stipulated agreement. The first set of data included a list of consumers who made a dispute concerning a Virginia judgment on their credit file under dispute codes 101, 102, 103 and/or 112. Plaintiff's name does not appear on this set of data because the subject judgment was removed by Equifax based on its receipt of her dispute letter and supporting documentation in December 2008. Because her dispute was not sent out for reinvestigation, her file did not require any dispute code under Equifax's procedures.

8. The second set of data included a subset of the consumers listed in the first set of data who still had a judgment in their credit file as of the date the data was produced. Plaintiff's name does not appear on this set of data because her judgment was deleted from her credit file in December 2008, before the data was produced.

9. The third set of data included a list of consumers from three zip codes in Virginia who had a current Virginia judgment on their credit files. Plaintiff's names does not appear on this set of data because her judgment was deleted from her credit file in December 2008, before the data was produced.

10. I am aware that Equifax produced a set of data to Plaintiff's counsel outside the agreement covering the three sets of data referenced above. This data included information about liens in addition to judgments. It also included disputes made under all dispute codes and not just the four codes mentioned in paragraph 7 above.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 23rd day of November, 2010, at Atlanta, Georgia.

By: *Margaret Leslie*
Margaret Leslie