UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

DONNA K. SOUTTER,
For herself and on behalf of all similarly
situated individuals,

      Plaintiff,

v.                                                     CIVIL ACTION NO. 3:10-cv-00107

EQUIFAX INFORMATION SERVICES LLC,

      Defendant.

### DECLARATION OF ALICIA FLUELLEN IN SUPPORT OF EQUIFAX INFORMATION SERVICES LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

I, Alicia Fluellen, declare, under penalty of perjury and pursuant to 28 U.S.C. § 1746, as follows:

1.     I am the Director of Consumer Customer Care in the Office of Consumer Affairs for Defendant Equifax Information Services LLC ("Equifax"). I submit this declaration in support of Equifax's Opposition to Plaintiff's Motion For Class Certification ("Plaintiff's Motion"). I am over 21 years of age and have personal knowledge of the facts below based upon my experience and a review of Equifax's records. I am otherwise competent to provide this declaration.

2.     Throughout the period relevant to this lawsuit, I have served as an employee of the Office of Consumer Affairs. I have been responsible for supervising the disclosure of consumers' credit files and the handling of consumers' inquiries and reinvestigation requests.

3.     Equifax is a consumer reporting agency under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq.* It maintains a database of consumer credit information.

1

4. Equifax reports certain public record information, such as civil court judgments, that it receives from its public records vendors ("PRV") for the state of Virginia.

5. Should a consumer believe that a judgment is being inaccurately reported in his or her credit file, he or she can make a dispute with Equifax. When Equifax receives such a dispute, it contacts the PRV, which then contacts the original source of the information (generally the court), reviews the information, and reports the results to Equifax.

6. Equifax requires the PRV to verify all information from the "primary source," defined as the courthouse from which the record was obtained. Once Equifax receives the response from the PRV, it completes its reinvestigation and sends the results to the consumer.

7. Donna Soutter contacted Equifax on two occasions concerning the Richmond General District Court judgment reporting on her credit file.

8. On May 20, 2008, Equifax received a letter from Ms. Soutter wherein she stated that a Virginia Credit Union ("VCU") judgment had been entered against her in error in the Richmond General District Court. A copy of the letter is attached hereto as Exhibit A. She enclosed a copy of the order dismissing the case.

9. At the time Equifax received of the receipt of this dispute, the judgment was not reporting on her Equifax credit file. On May 23, 2008, Equifax sent Ms. Soutter a letter advising her that the judgment was not reporting on her file.

10. On December 28, 2008, Equifax received a letter from Ms. Soutter wherein she disputed the VCU judgment and enclosed a copy of the order dismissing the case. A copy of the letter is attached hereto as Exhibit B. Pursuant to its policies and procedures, Equifax used the documents provided by Ms. Soutter to promptly remove the judgment from her credit file and

sent her a letter advising that the judgment had been deleted. A copy of the letter (produced by Plaintiff in discovery) is attached hereto as Exhibit C.

11. I am aware that Equifax produced certain data to Plaintiff's counsel in this case related to dispute codes 101, 102, 103, and 112. These codes are used, respectively, to indicate that (1) the consumer has requested verification of a disposition, (2) the consumer claims that a judgment was satisfied, (3) the consumer claims that a judgment was vacated, reversed, dismissed, or never rendered, and (4) the consumer claims that the judgment was vacated or filed in error.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 23rd day of November, 2010 in Atlanta, Georgia.

_____
ALICIA FLUELLEN