UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

**DONNA K. SOUTTER,**
For herself and on behalf of all similarly
situated individuals,

       Plaintiff,

v.                                              CIVIL ACTION NO. 3:10-cv-00107

**EQUIFAX INFORMATION SERVICES LLC,**

       Defendant.

### DECLARATION OF MARK JOHNSON

I, Mark Johnson, declare as follows:

1. I am employed as Vice President, Data Services with LexisNexis Risk Data Retrieval Services, LLC ("LNRDRS"). I have personal knowledge of the matters discussed below and am otherwise competent to provide this declaration.

2. As part of its regular business, LNRDRS collects information regarding civil judgments of public record from courts across the nation, including from General District Courts in the State of Virginia. LNRDRS also obtains information regarding a small number of civil judgments from Virginia Circuit Courts. LNRDRS has contractual relationships with customers, such as Equifax, which pay LNRDRS to provide the customer with certain of the information according to criteria established by the customer.

**INFORMATION REGARDING PUBLIC RECORDS COLLECTED FROM VIRGINIA GENERAL DISTRICT COURTS**

3. LNRDRS or one of its predecessor companies has collected information about civil judgments, and case dispositions from the General District Courts and Circuit Courts in Virginia for more than 10 years. I use the phrase "case disposition" herein to include (A)

Satisfactions, meaning a record reflecting that the judgment debtor paid or otherwise satisfied a civil judgment; and (B) Vacations, meaning a record reflecting that a civil judgment was set aside either by the District Court on its own or at the direction of the Court of Appeals.

4. Ordinarily, if there is case disposition with respect to a civil judgment, those events are made available in public records at different times. LexisNexis data and other sources indicate that fewer than 25% of civil judgments are ever paid or otherwise terminated. If a case disposition occurs with respect to a civil judgment, it is ordinarily first reflected in publicly available records some time after the civil judgment is recorded. However, there can be delays in recording civil judgments, and there can be quick satisfactions. As a result, while some satisfactions may be recorded within days of the initial judgment entry, other case dispositions may not be reflected in publicly available records for months or years after the civil judgment is recorded.

5. LNRDRS has collected information regarding civil judgments and case dispositions from Virginia District Courts using a variety of methods. First, the Virginia Supreme Court at one time provided information regarding judgments and case dispositions in bulk via electronic media. Second, in some instances, LNRDRS's independent contractors perform in-person review of source documents at courthouses using a variety of methods. Finally, LNRDRS has retrieved from the Virginia District Courts public access web site selected information about case dispositions. LNRDRS collects information about public records from the Circuit Courts through in-person review of source documents.

**Electronic Collection of Information Regarding
Public Records from the Virginia District Courts**

<u>Bulk Feed</u>

6. Until May 2009, the Supreme Court of Virginia made available information regarding civil judgments and case dispositions in the Virginia District Courts through regularly scheduled Bulk Feeds. Specifically, LNRDRS received, among other things, the (A) court name, (B) the case number, (C) the name and address of the defendant (judgment debtor), (D) the name of the plaintiff (judgment creditor), (E) the date filed, (F) the judgment amount and the (G) disposition date, if applicable. LNRDRS was advised by personnel at the Virginia Supreme Court that the disposition date shown in some records was the date a satisfaction was recorded, or the date a judgment was vacated by order of the court or after an appeal.

7. The Office of the Executive Secretary of the Supreme Court of Virginia provided this information to LNRDRS via a bulk electronic load file that was designed and managed solely by Supreme Court personnel. With one exception (adding a field to indicate that the information related to a proceeding in a small claims court), the Court personnel did not allow LNRDRS to specify the type or fields of data provided in the Court's Bulk Feeds. LNRDRS was given access to documentation and was provided assurances by Supreme Court personnel that the Bulk Feed provided the data necessary to track the current status of Virginia District Court civil judgments, including timely updates to reflect satisfactions and, in some cases, vacation of judgments. LNRDRS also conducted standard quality assurance reviews of the Bulk Feeds and monitored the volumes of case dispositions relative to civil judgments and other statistics for consistency with LNRDRS's historical experience. This statistical monitoring and the quality review methodologies were conducted routinely and on an as needed basis over

time. To supplement known gaps in the Bulk Feed relating to vacated judgments, LNRDRS employed independent contractors to conduct in-person reviews of source documents in the District Courts as described below.

## Webscrape

8. The Office of the Executive Secretary of The Supreme Court of Virginia maintains a public access website through which limited information about civil judgments in Virginia District Courts may be obtained. LNRDRS developed a "webscrape" to review current records on that public access website. A webscrape is a computer program that conducts successive website searches with different search criteria, captures the search results, and organizes the search results in a standardized format. LNRDRS's webscrape was designed to identify case dispositions relating to cases for which the Supreme Court's Bulk Feed had previously reported information about a civil judgment. LNRDRS used the case numbers associated with previously reported judgments to search for dispositions in those cases.

9. In December, 2009, Office of the Executive Secretary of The Supreme Court of Virginia changed the public access web portal to require that a user of the site type in displayed, distorted numbers before running each new search. Because the webscrape cannot read such numbers, LNRDRS was no longer able to retrieve information about Virginia District Court case dispositions using the webscrape.

### In-Person Collection of Information Regarding Public Records from the Virginia District Courts

10. LNRDRS also uses independent contractors to collect information about civil judgment and case disposition records from the Virginia District Courts. LNRDRS assigns a series of District Courts to a collector based on the geographic location of the collector and the number of cases adjudicated in the courts. The collector visits each District Court to identify and

4

obtain information on judgments and dispositions entered since the last visit. These contractors review information publicly available at the courthouse and key information about court records into a program developed by LNRDRS.

   11. The information collected about civil judgments includes (A) the judgment debtor name and any associated AKAs, (B) addresses identified for the judgment debtor, (C) the date judgment was filed, (D) the case number, (E) the judgment plaintiff (creditor) name, (F) amount of judgment and (G) the status of the judgment (one of three statuses: filing, satisfaction or vacate). The manner and method used by each collector varies depending on the type of access available at the specific District Court, the relationship the collector has with the court personnel and unique, unexpected events that may arise during a court visit or over time. For example, some personnel in the clerk's offices provide spreadsheets or other print-outs of information about judgments or dispositions to the collectors. If that individual is out of the office when the collector visits, other clerk's office personnel may be unwilling to provide the same print-outs to the collector.

   12. As to case dispositions, the collectors are required to review specific fields in the source documents to determine whether to code the judgment as satisfied or vacated. Information needed to make this determination may be displayed in different places and in different forms depending on the type of source document made available to the collector and the practices of the specific District Court. Some District Courts (and judges) use varied terminology and different forms of orders to report the same kind of case disposition.

   13. The collector's access to the records varies according to the means of access provided by each District Court. For example, a collector who visits four courts may access the records in four different ways: (A) through a computer terminal available to the

public in the courthouse that allows access to records for that court only, (B) through a computer terminal available to court workers only, but offered to the collector by court personnel, (C) by reviewing the original records, or (D) by reviewing print-outs or other summaries of records prepared or provided by court staff.

14. Using case dispositions as an example, some clerks in the Virginia District Courts prepare weekly spreadsheets of the dispositions entered and keep the spreadsheets for the collectors. Other clerks create a pile, sometimes placed in a box, of the disposition records entered between visits by the collectors. In other courts, the collectors must search the case numbers in the public access terminals to determine in which cases dispositions have been filed, or review the original records if in a District Court with a smaller docket.

15. Collectors develop relationships with court personnel that may improve the level of access and cooperation. Some collectors are more successful than others in developing these relationships, and these relationships change over time. For example, court personnel might allow one collector to use a court-personnel only computer terminal, while another may deny access. Likewise, some court personnel might be more willing to create and make available lists of disposition summaries, while others are less cooperative. The specific collector used at a particular District Court has changed over time, affecting these relationships and possibly modifying the process used at a particular court. Regardless, each collector uses the best commercially reasonable method available to obtain accurate and timely records.

**COLLECTION OF RECORDS RELATING TO DONNA K. SOUTTER**

16. Publicly available records indicate that a judgment in the amount of $14,403.79 was entered against a Donna K. Soutter and in favor of Virginia Credit Union in the Richmond General District Court on January 29, 2008 and dismissed pursuant to an order dated

March 20, 2008. LNRDRS never received any information via the Bulk Feed that the status of the judgment against Ms. Soutter had changed.

17.     While the details are set out above, the following charts identify whether a particular method has been used to collect publicly available information about civil judgments, including case dispositions, in the District and Circuit Courts. The charts also identify the method used to collect the publicly available records for a judgment entered against a Donna K. Soutter discussed above in paragraph 16.

## DISTRICT COURT COLLECTIONS

|  | Judgments | Satisfactions | Vacate/Appeals | Soutter |
|---|---|---|---|---|
| In Person Review of Record | Yes | Yes | Yes | No |
| Bulk Feed | Yes | Yes | Limited | Yes (Judgment) |
| Webscrape | No | Yes | Yes | Yes (Dismissal) |
| Satisfactions Report | N/A | Varies by Court and Personnel | N/A | N/A |
| Record Box | N/A | Varies by Court and Personnel | Varies by Court and Personnel | No |
| CMS Terminal | Varies by Court and Personnel | Varies by Court and Personnel | Varies by Court and Personnel | No |
| Public Terminal | Varies by Court and Personnel | Varies by Court and Personnel | Varies by Court and Personnel | No |

CIRCUIT COURT COLLECTIONS

|  | Judgments | Satisfactions | Vacate/Appeals | Soutter |
|---|---|---|---|---|
| In Person Review of Record | Yes | Yes | Yes | N/A |
| Satisfactions Report | N/A | Varies by Court and Personnel | N/A | N/A |
| Record Box | N/A | Varies by Court and Personnel | Varies by Court and Personnel | N/A |
| CMS Terminal | Varies by Court and Personnel | Varies by Court and Personnel | Varies by Court and Personnel | N/A |
| Public Terminal | Varies by Court and Personnel | Varies by Court and Personnel | Varies by Court and Personnel | N/A |

I declare under the penalty of perjury that the foregoing is true and correct. Executed this 23RD day of November, 2010 in Oklahoma City, Oklahoma.

_____Mark John_____

424475.3