**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | |
|---|---|
| **DONNA K. SOUTTER and TONY LEE WEBB,** *for themselves and on behalf of others similarly situated individuals,*<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>**EQUIFAX INFORMATION SERVCES, LLC,**<br><br>　　　　Defendants. | Civil Action No. 3:10cv107-REP |

## PLAINTIFFS' FED. R. CIV. P. 26(a)(1) DISCLOSURES

COMES NOW the Plaintiffs, by counsel, and pursuant to Fed. R. Civ. P. 26(a)(1), and make the following disclosures to Defendant. These initial disclosures are based on information reasonably available to Plaintiffs at this time. Plaintiffs reserve the right to supplement these initial disclosures (either through express supplements to these disclosures or through responses to formal discovery) when additional information becomes available.

In making these initial disclosures, Plaintiffs do not waive the right to object on the grounds of competency, privilege, relevancy and materiality, hearsay or any other proper ground to the use of any such information, for any purpose, in whole or in part, and this action or any other action. Plaintiffs also do not waive the right to object to any request for production of any document, electronically stored information, or tangible thing on the basis of any privilege, the work product doctrine, evidentiary exclusion, relevancy, undue burden or any other proper ground.

**I. Individuals likely to have discoverable information.**

    A.    The Plaintiff, Donna K. Soutter, c/o Consumer Litigation Associates, P.C.,12515 Warwick Boulevard, Suite 100, Newport News, Virginia 23606. (All facts)

    B.    The Plaintiff, Tony Lee Webb, c/o Consumer Litigation Associates, P.C.,12515 Warwick Boulevard, Suite 100, Newport News, Virginia 23606. (All facts)

    C.    Evan Hendricks, 8321 Tomlinson Avenue, Bethesda, MD 20817 (All facts concerning his expert opinion and expert report in this matter concerning the credit reporting industry practices and standards in connection with the public records information, the automated reinvestigation or consumer disputes, and FCRA disclosure practices by other CRA's).

    D.    Shawn DeGrace, Equifax Information Services, LLC, 1550 Peachtree Street, NW, Atlanta, GA 30309. (All facts regarding Equifax's policies and practices concerning Equifax's acquisition and processing of public records information as well as Equifax's representations in the form letter and regarding the form letter)

    E.    Alicia Fluellen, Equifax Information Services, LLC, 1550 Peachtree Street NW, Atlanta, GA 30309 (All facts regarding Equifax's policies and practices concerning reinvestigation of consumer disputes of public records information as well as Equifax's representations in the form letter and regarding the form letter)

    F.    Vicki Banks, Equifax Information Services, LLC, 1550 Peachtree Street NW, Atlanta, GA 30309 (All facts regarding the purported changes to the form letter)

    G.    Lewis P. Perling, Esq., King & Spalding, 1180 Peachtree Street, NW, Atlanta, GA 30309-3521 (All facts regarding any changes to the form letter.)

    H.    Andy W. Klaer, ChoicePoint, Inc., 1100 Alderman Drive, Alpharetta, GA 30005 (All facts regarding ChoicePoint's business activities and relationship with Equifax in connection with public records and public records disputes).

    I.    Corporate Representative, ChoicePoint, Inc., 1100 Alderman Drive, Alpharetta, GA 30005 (All facts regarding ChoicePoint's business activities and relationship with Equifax in connection with public records and public records disputes).

J. Mark Johnson or other Corporate Representative, LexisNexis, 1900 Northwest Expressway, Suite 1600, Oklahoma City, OK 73118 (ChoicePoint's successor corporation is expected to testify about ChoicePoint's business activities and relationship with Equifax in connection with public records and public records disputes.)

L. Corporate Representative, DarMar, LLC, 605 Lynnhaven Parkway, Virginia Beach, VA 23452 (All facts regarding a judgment obtained against "Tony A. Webb", also referenced as "Tony Webb" in the Roanoke City General District Court in March 2009)

M. Richard Epps, Esq., 605 Lynnhaven Parkway, Virginia Beach, VA 23452 (All facts regarding a judgment obtained by DarMar, LLC against "Tony A. Webb" also referenced as "Tony Webb, in the Roanoke City General District Court in March 2009)

N. Darryl Drinkwater, Registered Agent of DarMar, LLC, 605 Lynnhaven Parkway, Virginia Beach, VA 23452 (All facts regarding a judgment obtained by DarMar, LLC against "Tony A. Webb" also referenced as "Tony Webb, in the Roanoke City General District Court in March 2009)

O. Ken Mittendorf, Assistant Director of the Department of Judicial Information Technology for the Executive Secretary of the Supreme Court of Virginia, 100 North Ninth Street, Richmond, VA (All facts regarding the his overseeing and maintaining the electronic records system for Virginia Courts, including General District Courts in the City of Richmond or the City of Roanoke. All facts regarding the previous bulk sales of judgment records. All facts concerning his knowledge of the manner in which the major data collectors communicate with the court systems.)

P. Hal Vaughan (All facts regarding his knowledge and experience using the online records of the General District Courts in the Richmond area.)

Q. Denise Hains, Retired Clerk for the Newport News General District Court, Civil Division (All facts regarding her general knowledge of the online records system utilized by the General District Courts.)

R. Sandra Cox Blount, Clerk of the Richmond General District Court, John Marshall Courts Building, 400 N. 9th Street, Room 203, Richmond, VA 23219 (All facts regarding her general knowledge of the online records system utilized by the Richmond General District Court.)

3

    S.    Putative class members. (All facts)

    T.    The clerks of each court and all agents, employees and/or representatives of the clerks of each court which was the original source of any derogatory public record information concerning any Plaintiff and/or any putative class member reported by Defendant and/or any predecessor of Defendant to any user of any consumer report on any Plaintiff and/or putative class member. (Liability facts regarding individual claims).

    U.    All agents, employees and/or representatives of each other entity that was the original source of any derogatory public record information concerning any Plaintiff and/or any putative class member reported by Defendant and any predecessor of Defendant to any user of any consumer report on any Plaintiff and/or putative class member. (Liability facts regarding individual claims).

    V.    The spouse, partner or significant other and all family members, friends and associates of each plaintiff and each putative class member. Counsel has not identified all such persons, and as to those who have been identified, counsel has not yet decided which of these persons they may call as witnesses. (All facts, including but not limited to all facts related to damages).

    W.    Any and all witnesses identified by the Defendant.

    X.    Any and all witnesses who have testified regarding similar claims in previous litigation.

**II. Description of documents in possession of the Plaintiff.**

a. Dispute letters between Plaintiffs and Defendant regarding the inaccurate judgments.

b. Equifax Consumer Disclosures and Investigation Results with regard to each Plaintiff.

c. ACIS cases reflecting disputes made by the Plaintiffs produced by Defendant;

d. ACDV's related to the Plaintiffs' disputes produced by the Defendant;

e. Relevant Policy and Procedures Manuals produced by the Defendant;

f. Documents and depositions available from Defendants or other parties from previous litigation;

g. Consumer Files on Plaintiffs furnished by Defendant.

4

h. Declarations of Plaintiffs Soutter and Webb and of Plaintiffs' attorney Leonard Bennett, filed with the Court in this proceeding in connection with Defendant's Motion to Transfer.

### III. Computation of Damages

**A. <u>Individual Claims</u>**

<u>Itemization Of Damages</u>

The Plaintiffs seeks damages for the following categories of harm as "actual damage" in this matter. These actual damages are not liquidated and do not lend themselves to a statement of calculation but may be subject to an award of damages. *Williams v. Trader Pub. Co.,* 218 F.3d 481, 486-487 (5th Cir. 2000); *See Burrell v. Crown Central Petroleum, Inc.,* 177 F.R.D. 376, 386 (E.D.Tex.1997). Such damages will be determined by the jury in this matter.

<u>Categories and types of Actual Damages</u>

i. Emotional and mental anguish, frustration and annoyance from being been deterred from applying for employment.

ii. Emotional and mental anguish, frustration, humiliation, embarrassment and annoyance from being denied employment.

iii. Emotional and mental anguish, humiliation, anger and frustration, annoyance, and embarrassment as a result of the publication of false information by the Defendants.

iv. General economic damages in the form of lost employment capacity.

v. General damages in the form of damage to reputation.

vi. Economic damage also includes the considerable time, effort and expense Plaintiffs have been forced to expend attempting to force Defendants to comply with their statutory obligations including telephone calls, writing letters, sending faxes.

vii. Embarrassment from having to explain circumstances to potential employers, including anxiety when considering seeking additional employment because the consumer believes, justifiably, that he or she will be forced to once again subject himself or herself to the humiliation of having to explain the false and defamatory information previously

5

discovered.

**Case Law Supporting Actual Damages**

Such damages will likely be in keeping with the following FCRA decisions and settlements:

    i. *Adams v Phillips,* 2002 U.S. Dist. LEXIS 24888 (E.D. LA 2002) ($225,000 actual damages and $275,000 punitive damages based upon general and economic damage theories);

    ii. *Anderson v. Conwood Co.*, 34 F. Supp. 2d 650 (W.D. Tenn. 1999) ($50,000 in actual damages awarded in absence of testimony other than worry, stress and anxiety);

    iii. *Ayers v. v. Experian*, Case Number 3:03cv1048 (E.D. VA 2004)(Judgment taken on offer of judgment $95,000 for claimed damages of emotional distress under 15 U.S.C. 1681e(b), defended by Jones Day);

    iv. *Bell v. May Department Stores* (Missouri 2000, jury award $50,000 actual damages);

    v. *Boris v. Choicepoint Servs., Inc.*, WL 1255891 (W.D. Ky. Mar. 14, 2003) ($197,000 emotional distress damages remitted to $100,000 based upon inaccurate reporting by consumer reporting agency. $250,000 punitive damage award sustained.);

    vi. *Brown v. Experian*, (D. Conn. April 16, 2004) ($50,000 jury verdict for emotional distress damages in reinvestigation case under 15 U.S.C. §1681i defended by Jones Day);

    vii. *Bryant v. TRW Inc.*, 689 F.2d 72 (6th Cir. 1982) ($8,000 for embarrassment and humiliation, attorney's fees $13,705, tried and appealed by Sidney Frank, local counsel for Experian);

    viii. *Conseco Finance Servicing Corp. v. Carlson, District Court, Creek County*, Sapulpa Division, State of Oklahoma, No. CJ-00-227, Feb. 14, 2002 (jury award of $1.35 million; $450,000 in actual damages for emotional distress and $900,000.00 in punitive damages);

    ix. *Cousin v. Trans Union;* 246 F. 3d 399 (5th Cir. 2001) ($50,000 actual damages; 4.5 million punitive vacated by appellate court.)

    x. *Guimond v. Trans Union*, 45 F.3d 1329 (9th Cir. 1995) (jury awarded $275,000 for humiliation and mental distress damages available under FCRA following remand);

xi. *Johnson v. MBNA* (D. Va. 2002) (jury award of $90,300 for emotional distress and damage to reputation sustained against furnisher MBNA for negligent investigation of consumer's dispute in violation of FCRA section 1681s-2(b), appeal reported at 357 F.3d 426 (4th Cir.2004);

xii. *Jorgenson v Experian* (D. Ore. No. 96-286-JE) (jury awarded $600,000 actual damages in 1998);

xiii. *McGowan v. Warner,* Alabama (CV 9503310, 1999) (jury awarded 1.85 million to theft of identity victim.)

xiv. *Milgram v. Advanced Cellular Systems, Inc.*, 1990 WL 116322 (E.D. Pa. 1990) (jury award of $20,000 for actual damages, $20,224 in attorney's fees);

xv. *Mills v. NationsBank* (Florida, 1999) (Jury award $140,000 actual and $300,000 punitive damages);

xvi. *Mullins v. Trans Union,* 2006 WL 1214024 (E.D.Va.) (jury verdict of $20,000 actual damages and $100,000 in punitive damages);

xvii. *Pinner v Schmidt*, 617 F. Supp. 342 (E.D. La. 1985), 805 F.2d 1258 (5th Cir. 1991) ($100,000 actual and $100,00 punitive remitted to $25,000 actual);

xviii. *Soghomonian v. Trans Union*, (N.D Ca 2004)($330,000 actual damages and $660,000 punitive damages);

xix. *Stevenson v. TRW*, 987 F.2d 288 (5th Cir. 1993) ($30,000 in mental anguish and embarrassment damages, plus $20,700 in attorney's fees);

xx. *Thomas v. Trans Union*, (D. Or. 2002). (In 2002, the jury awarded $5 million punitive, $300,000 actual damage for emotional distress. Judge remitted the punitive to $1million);

xxi. *Thompson v. Equifax*, (Ala. 2002) (jury award $80,000);

xxii. *Thompson v. San Antonio Retail Merchants Asps'*, 682 F.2d 509 (5th Cir. 1982) ($10,000 actual damages for humiliation and mental distress even when no out-of-pocket expenses);

xxiii. *Trans Union Corp. v. Crisp*, 896 S.W. 2d 446 (Ark. App. 1995) ($15,000 compensatory damages, $25,000 punitive damages);

xxiv. *Wenger v. Trans Union* (Cal. jury award of actual damages of $200,000);

7

    xxv. *Zamora v. Valley Fed. S&L Ass'n*, 811 F.2d 1368 (10th Cir. 1987) ($61,500 in actual damages for emotion distress sustained based on impermissible access of consumer report under false pretenses);

**Punitive Damages.**

The Plaintiff seeks punitive damages that are unliquidated in this matter based upon the factors set forth in *Mathias v. Accor Economy Lodging, Inc.*, 347 F.3d 672 (7th Cir. 2004).

**Case Law Supporting Punitive Damages.**

Such damages are expected to fall within the general range of those cases outlined below dealing with punitive damages in consumer employment cases.

    i. *Mullins v. Trans Union,* 2006 WL 1214024 (E.D.Va.) (jury verdict of $100,000 in punitive damages);

    ii. *Soghomonian v. Trans Union*, (N.D Ca 2004)($660,000 punitive damages).

    iii. *Boris v. Choicepoint Servs., Inc.*, WL 1255891 (W.D. Ky. Mar. 14, 2003) ($250,000 in punitive damages award was appropriate under FCRA);

    iv. *Thomas v. Trans Union*, (D. Or. 2002) ($5 million for punitive damages, remitted to $1 million);

    v. *Conseco Finance Servicing Corp. v. Carlson*, District Court, Creek County, Sapulpa Division, State of Oklahoma, No. CJ-00-227, Feb. 14, 2002 (jury award of $900,000.00 in punitive damages);

    vi. *Jones v. Employment Bureau of Huntington, Inc.*, 399 S.E.2d 694 (W. Va. 1990) (jury award of $42,500 punitive upheld);

    vii. *Thorton v. Equifax Inc.*, 467 F. Supp. 1008 (E.D. Ark. 1979) ($250,000 in punitive damages).

    viii. *Yohay v. City of Alexandria Employees Employment Union*, 827 F.2d 967 (4th Cir. 1987) (punitive damages $10,000 in case involving impermissible access of consumer reports under false pretenses);

    ix. *Saunders v. B.B. & T. of Va.* (4th Cir. 2008) ($1,000 statutory damages and $80,000 punitive damages sustained by Court of Appeals);

    x. S*tevenson v. TRW, Inc.*, 978 F.2d 288 (5th Cir. 1993) ($100,000 punitives);

   xi. *Trans Union Corp. v. Crisp*, 896 S.W. 2d 446 (Ark. App. 1995) ($25,000 punitive damages).

  xii. *Mills v. NationsBank* (Florida, 1999) (Jury award $300,000 punitive damages).

**B. Class Claims**

Pursuant to 15 U.S.C. §1681n, Plaintiffs and each class member seek statutory damages from $100.00 and $1,000.00 per violation, punitive damages in an unliquidated amount; and for attorney's fees and costs.

Plaintiff further seeks these damages individually and on a class basis.

Plaintiff reserves the right to supplement these disclosures.

                           **DONNA K. SOUTTER and TONY LEE WEBB,**
                           *for themselves and on behalf of others similarly situated individuals,*

                           _____/s/_____
                           Leonard A. Bennett, Esq.
                           VSB #37523
                           Attorney for Plaintiff
                           CONSUMER LITIGATION ASSOCIATES, P.C.
                           12515 Warwick Boulevard, Suite 100
                           Newport News, Virginia 23606
                           (757) 930-3660 - Telephone
                           (757) 930-3662 – Facsimile
                           lenbennett@cox.net

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of May, 2010, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

| | |
|---|---|
| John W. Montgomery, Jr., Esq.<br>Montgomery & Simpson, LLLP<br>2116 Dabney Road<br>Suite A-1<br>Richmond, VA 23230<br>jmontgomery@jwm-law.com | Barry Goheen, Esq.<br>King & Spalding<br>1180 Peachtree Street, NE<br>Atlanta, GA 30309-3521 |
| John Anthony Love<br>King & Spalding<br>1180 Peachtree Street, NE<br>Atlanta, GA 30309-3521<br>tlove@kslaw.com | Keasha Ann Broussard, Esq.<br>King & Spalding<br>1180 Peachtree Street, NE<br>Atlanta, GA 30309-3521<br>abroussard@kslaw.com |

/s/

Leonard A. Bennett, Esq.
VSB #37523
Attorney for Plaintiff
CONSUMER LITIGATION ASSOCIATES, P.C.
12515 Warwick Boulevard, Suite 100
Newport News, Virginia 23606
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
lenbennett@cox.net