UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

DONNA K. SOUTTER and
TONY LEE WEBB,
 on behalf of themselves and those similarly situated
  Plaintiffs,

v.                                              CIVIL ACTION NO. 3:09cv695

EQUIFAX INFORMATION SERVICES, LLC,

  Defendant.

## PLAINTIFF, DONNA K. SOUTTER'S ANSWERS TO DEFENDANT, EQUIFAX INFORMATION SERVICES, LLC. FIRST SET OF INTERROGATORIES

TO:    DEFENDANT, EQUIFAX INFORMATION SERVICES, LLC.

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, the Plaintiff, Donna K. Soutter, hereby propounds the following Answers upon the defendant Equifax Information Services, LLC.:

**INTERROGATORY NO. 1:** List all communications that you have had with EIS in the last five years and, for each, state the date of the communication, whether it was by telephone, mail, the internet or some other means, and the nature and substance of the communication.

**ANSWER:**

*APRIL 11, 2008 (First Dispute) – Letter to Equifax (sent certified mail & received by Equifax on May 20, 2008) – disputed the reporting of the judgment. Explained that the judgment was entered against me by Virginia Credit Union in error. Enclosed a copy of the order of the court showing that the judgment was set aside.*

*MAY 23, 2008 (Equifax's Response) – Equifax stated that they contacted each source directly and their investigation is now completed. Result – The disputed judgment account number gv07-034182 is currently not reporting on your credit file.*

*DECEMBER 26, 2008 (Second Dispute) – Letter to Equifax (sent certified mail & received by Equifax on 12/28/2008) – Once again enclosed a copy of the Order that*

*was entered on 3/28/08 in the City of Richmond General District Court. "The Order clearly state that a judgment that was entered against me by Virginia Credit Union is a clerical error. I have been denied credit because this is shown on my credit history. I need this judgment removed from my credit history immediately." Also enclosed a copy of all credit denials which showed the reason that I was denied credit was because of the collection/judgment reporting.*

*DECEMBER 30, 2008 (Equifax's Response) - Equifax stated that they contacted each source directly and their investigation is now completed. Result – The disputed judgment account number gv07-034182 is currently not reporting on your credit file.*

**INTERROGATORY NO. 2:** State the exact date that you learned that a judgment in favor of Virginia Credit Union was being reported on your EIS credit file as described in paragraph 10 of your First Amended Class Complaint.

**ANSWER:**

*I do not recall the "exact" date. It was sometime around the date that I received a copy of the Court documents (approximately March, 2008).*

**INTERROGATORY NO. 3:** State whether you ever communicated with Virginia Credit Union concerning the judgment that you reference in paragraph 10 of your First Amended Class Complaint and, if so, the date of each such communication, whether the communication was by telephone, mail, the Internet or some other source, and the nature and substance of each communication.

**ANSWER:**

*Yes, I spoke with a gentlemen (R. David Oakes) directly in charge of the collections department and he had the attorney (Archie Berkeley, Jr.) for Virginia Credit Union call me. We spoke about the possible impact this would have on my future. I do not recall the exact dates.*

**INTERROGATORY NO. 4:** State whether you ever communicated with the Richmond

General District Court concerning the judgment you reference in paragraph 10 of your First Amended Class Complaint and, if so, the date of each such communication, whether the communication was by telephone, mail, the Internet or some other source, and the nature and substance of each communication.

**ANSWER:**

*No, I have not, other than filing the Motion and obtaining a copy of the Order.*

**INTERROGATORY NO. 5:** State whether you ever communicated with anyone else, other than any person or company described above and/or your attorneys in this case, concerning the judgment that you reference in paragraph 10 of your First Amended Class Complaint and, if so, the date of each such communication, whether the communication was by telephone, mail, the internet or some other source, and the nature and substance of each communication.

**ANSWER:**

*The only other people I have spoken to are creditors that I attempted to obtain credit from. I tried to explain to them that I do not have a judgment against me and that the reporting of the judgment is in error.*

**INTERROGATORY NO. 6:** What specific procedures do you claim EIS should have followed in relation to the reporting of the judgment by Virginia Credit Union that was reported on your credit file.

**ANSWER:**

*Plaintiff relies upon her counsel and information obtained from other witnesses to provide this response.*

*Equifax should have complied with the Fair Credit Reporting Act 15 U.S.C. §1681e(b). While a consumer is not required to identify or proffer alternative reporting procedures to state a claim, the Plaintiff suggests the following would have more reasonably assured maximum possible accuracy.*

> *a.   Obtain record of the termination of judgment in a timely, systematic and comprehensive manner; and*
> *b.   Do not report civil judgments unless Equifax can reasonably conclude that it knows whether or not such judgments have been terminated.*
>
> *More simply stated, Equifax should perform sufficient research in order to determine the proper method and expense necessary to regularly and comprehensively obtain judgment termination records. Once it has determined the method so necessary, it should either perform this work itself or hire a third party under a pricing and supervision regime that properly incentivizes the third party to actually obtain these records in the prescribed manner. It should regularly audit that process and the third party or employee performance to ensure that all or nearly all such records are obtained.*

**INTERROGATORY NO. 7:** Provide a list of the "third parties" to whom EIS provided allegedly inaccurate information concerning the Virginia Credit Union judgment as described by you in paragraph 11 of your First Amended Class Complaint.

**ANSWER:**

> *Bank of America*
> *Nordstrom*
> *Stellarone*
> *FA Credco*
> *Cox Communications*
> *Chase Circuit City*

*(The addresses are not stated in Equifax's credit reports and thus are not accurately known. To the extent that Equifax cannot obtain these from its own records, and contacts Plaintiff's counsel in such regard, Plaintiff's counsel will endeavor to obtain the additional identifying information).*

**INTERROGATORY NO. 8:** Describe all specific act and/or omissions by EIS that you believe support your statement in paragraph 21 of your First Amended Class Complaint that claims that EIS' "conduct was willful and carried out in reckless disregard for a consumer's rights under the FCRA."

**ANSWER:**

> *Willfulness is reserved for Phase II of this litigation. In addition, discovery continues and much of the evidence necessary to provide a response to this Interrogatory remains*

*under the undisclosed control of Equifax. Nevertheless, Plaintiff, by her counsel, proffers the following:*

*To date, Plaintiff has learned of the following evidence that supports her allegation that the alleged FCRA violations were willful. For at least a decade, Equifax has imposed vendor pricing for the gathering of judgment termination records at the same price, presently less than 40¢ per record, as the much less labor-intensive original judgment records. It has also followed a rigorous target budget for the amount of money it would spend on its public records and has even rejected satisfaction records when they threatened that budget. Equifax has devoted close to zero dollars and zero personnel to monitoring the thoroughness of its vendors' gathering of judgment termination records. It has no audit process. It does not even know how these records are obtained and for at least a decade has never sought to obtain such information. Equifax's procedure for complying with 15 U.S.C. §1681e(b) has for at least a decade relied most heavily on the consumer dispute process – requiring consumers to initiate disputes before Equifax would make an effort to determine whether or not a judgment had been terminated. Over this decade, Equifax has also received numerous disputes from consumers challenging its failure to gather and report judgment terminations and thus had significant notice of these problems.*

**INTERROGATORY NO. 9:** State whether you have communicated with any other members of the class that you describe in paragraph 24 of your First Amended Class Complaint and, if so, provide the date of each such communication, whether the communication was by telephone, mail, the internet, or some other source, and the nature and substance of each communication.

**ANSWER:**

> *Donna Soutter has not personally communicated with any other members of the putative class. Plaintiff does not interpret this Interrogatory as requiring the work product of her attorney. To the extent Defendant clarifies this Interrogatory to explicitly ask for such information, Plaintiff objects.*

**INTERROGATORY NO. 10:** Identify each and every occasion from February 26, 2008 to the present that you have been denied credit, employment, or insurance based on allegedly inaccurate information contained on your EIS consumer report, and for each such instance, identify:

    a.    The date of the credit, employment, or insurance denial;

    b.    The credit grantor, employer, or insurance company that took the adverse action;

    c.    The reason given for credit, employment, or insurance denial;

    d.    Please also identify any documents that refer or relate to any of the foregoing matters or, any persons with knowledge of the foregoing matters.

**ANSWER:**

> *12/16/2008 - Discover Financial Services. Denied because of collection/charge-off/or judgment.*

**INTERROGATORY NO. 11:** Describe in detail all damages you have sustained as a result of any action or inaction by EIS at any time since January 1, 2003. Your response should include an explanation of the basis for each item of damage claimed, the dates that each alleged damage occurred, the amounts of each alleged damage incurred, and any calculations used to arrive at those amounts.

**ANSWER:**

*Plaintiff has been denied credit based on the inaccurate information reporting within her credit file. She incorporates her Rule 26(a)(1) disclosures as her claim for damages.*

**INTERROGATORY NO. 12:** List your employment history for the last 10 years including names of employers, job titles, job duties and salary or rate of pay.

**ANSWER:**

*2010 - Self-employed as Court Reporter.*

*2009 – 2010 - $12.35/hour – Culpeper Regional Hospital.*

*1988- 2003 – 15 years- Virginia State Police. Became ill and had to leave career due to decline in health.*

**INTERROGATORY NO. 13:** State whether you have ever been convicted of any crimes and, if so, state the dates, the jurisdictions, the crimes and the disposition.

**ANSWER:**

*None other than small traffic offenses.*

**INTERROGATORY NO. 14:** State whether you have retained any experts in this matter and, if so, the date you retained each expert, the name, address and telephone number of each expert and the subject matter on which the expert has been asked to provide an opinion or testimony about at trial.

**ANSWER:**

*Plaintiff has not elected to use an expert witness for Phase I. Plaintiff will supplement her response to this Interrogatory in accordance with the Scheduling Order in this case and Rule 26(a)(2).*

**INTERROGATORY NO. 15:** Does paragraph 24 of the Amended Complaint set forth your definition of the proposed class? If not, state the precise definition of the proposed classes, including any sub-classes, and the beginning and ending dates of the classes.

**ANSWER:**

*The First Amended Complaint states only one possible formulation of a class definition. Plaintiff will proffer a second definition in her intended Second Amended Complaint and of course the Court may define an alternative. Presently, the Plaintiff would include within her intended class:*
*(a.) All natural persons who (b.) during February 2008 or any month thereafter maintained a primary address located in the Commonwealth of Virginia in their Equifax credit file and (c.) during any such month had within their Equifax credit file a civil judgment in a Virginia General District Court or Virginia Circuit Court with an unpaid status, (d.) and after the date such judgment was added to the Equifax credit file, but before any update was made to the file to show that judgment as paid, satisfied, vacated, set aside or appealed, were the subject of a hard inquiry request for an Equifax consumer report, (e.) more than thirty days after the respective Virginia General District Court or Virginia Circuit Court records showed the judgment as paid, satisfied, vacated, set aside or appealed.*

*The parties, by counsel, have also discussed and considered alternate class definitions that better accommodated Equifax's standard accessible archive system. As a result, Plaintiff has offered to consider a subclass that modifies the above to exclude consumers whose only qualifying hard inquiry appears in an Equifax frozen scan month in which the subject judgment is therein first updated to show that judgment as paid, satisfied, vacated, set aside or appealed. Plaintiff, by counsel, has also offered to consider such a subclass with the period stated in subsection (e.) above increased to sixty or ninety days.*

**INTERROGATORY NO. 16:** Identify all persons from whom Plaintiff expects to submit any sworn testimony, including affidavit testimony, or to testify at any evidentiary hearing, in support of Plaintiff's motion for class certification, or trial, and for each person, summarize the testimony you expect that person to give. In the event any such persons include expert witnesses, please provide instead the following information: (a) the identity of the expert witness and a summary of the expert's qualifications and educational background; (b) a description of the expert's subject area of testimony; (c) a summary of the facts and opinions to which the expert is expected to testify; and (d) a summary of the grounds for each opinion.

**ANSWER:**

*Plaintiff expects to call as a witness all individuals listed and disclosed in her 26a(1) initial disclosures previously filed in this matter, which Plaintiff further incorporates and attaches herewith.*

*Plaintiff will further supplement this response in accordance with the Scheduling Order in this case and Rule 26(a)(2).*

**INTERROGATORY NO. 17:** Identify all persons who have knowledge of the facts in your First Amended Class Complaint by providing each person's name, address, telephone number and a description of the knowledge they have concerning the facts.

**ANSWER:**

*Plaintiff identifies those persons stated in her Rule 26(a)(1) disclosures, or otherwise made known, identified or disclosed by Defendant in discovery.*

**INTERROGATORY NO. 18:** List each denial of credit you have experienced in the last two years and, for each, state the date of the denial, the company where the denial occurred, the type and amount of credit sought and whether you received an adverse action letter in relation to the denial.

**ANSWER:**


*See Plaintiff's answer to Interrogatory 10 above.*

[signature]

DONNA K. SOUTTER

SWORN TO and SUBSCRIBED before me by Donna K. Soutter on September 22 2010.

[signature] Susan E. G. Harpine
Notary Public

My Commission Expires: May 31, 2012
Registration No: 352116

SUSAN E.A. HARPINE
Notary Public
Commonwealth of Virginia
352116
My Commission Expires May 31, 2012

## **CERTIFICATE OF SERVICE**

I certify that on September 28, 2010, I mailed a true copy of the foregoing to the following: *hand-delivered*

John Willard Montgomery, Jr.
Montgomery & Simpson, LLLP
2116 Dabney Rd
Suite A-1
Richmond, VA 23230
Email: jmontgomery@jwm-law.com

Barry Goheen
King & Spalding (GA-NA)
1180 Peachtree St NE
Atlanta, GA 30309-3521

John Anthony Love
King & Spalding (GA-NA)
1180 Peachtree St NE
Atlanta, GA 30309-3521
Email: tlove@kslaw.com

Keasha Ann Broussard
King & Spalding (GA-NA)
1180 Peachtree St NE
Atlanta, GA 30309-3521
Email: abroussard@kslaw.com