UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION



DONNA K. SOUTTER,
For herself and on behalf of all
similarly situated individuals.

    Plaintiff,

v.                                         CIVIL ACTION NO. 3:09CV695

EXPERIAN INFORMATION SOLUTIONS, INC.,

    Defendant.

## CLASS COMPLAINT

COMES NOW, the Plaintiff, Donna K. Soutter, on behalf of herself and all similarly situated individuals, and alleges the following claims:

### INTRODUCTION

1. This action is brought under the Federal Fair Credit Reporting Act (FCRA), 15 U.S.C. §1681, *et seq.* Plaintiff obtained a copy of her credit report from Experian and discovered that it was reporting a judgment against Plaintiff in favor of Virginia Credit Union in the Richmond General District Court. This reporting was inaccurate as the judgment had been vacated. Experian violated the FCRA, 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the Plaintiff's credit reports and credit files it publishes and maintains concerning the Plaintiff and by failing to establish a process to systemically pick up vacated, satisfied or appealed judgments. In addition Plaintiff violated FCRA, 15 U.S.C. §1681i(a) on multiple occasions by failing to conduct a

reasonable reinvestigation to determine whether the disputed information is inaccurate. Plaintiff also seeks to represent a class of similar situated consumers.

## JURISDICTION

2. The Court has jurisdiction under the FCRA, 15 U.S.C. §1681p and 28 U.S.C. §1367 and §1331.

3. Venue is proper in this Court under 28 U.S.C. § 1391(b) as the Defendant regularly does business in the district and division. Experian Information Solutions, Inc. also maintains its registered agent in Richmond. Plaintiff resides in this district.

## PARTIES

4. Donna K. Soutter (hereinafter "Soutter") resides in Virginia and she is a "consumer" as protected and governed by the FCRA.

5. Experian Information Solutions, Inc.(hereinafter "Experian") is an Ohio corporation, doing business in Virginia, and specifically in Richmond. At all times relevant hereto, it was a "user" of the consumer report of Plaintiff, as governed by the FCRA.

6. Experian is a "consumer reporting agency" as governed by the FCRA.

## FACTS

7. Prior to December, 2008, Plaintiff obtained a copy of her credit report from Experian and discovered that Experian was reporting a judgment against Plaintiff in favor of Virginia Credit Union in the Richmond General District Court.

8. The reporting of the judgment was inaccurate. Plaintiff did not have a judgment entered against her. A more thorough review of the public records would reveal that there was an Order entered by the Court on March 2, 2008 which set aside and dismissed the judgment because the

judgment was obtained against the Plaintiff in error, a copy of which Order Plaintiff included in her dispute letter to Experian.

9. On or about December 15, 2008, Plaintiff disputed the inaccurate public information which was being reported.

10. On January 8, 2009, Experian responded to Plaintiff's December 15, 2008 dispute by acknowledging notice of same and by stating that Experian had verified and updated the reporting of the judgment.

11. Defendant received, but ignored the Plaintiff's dispute letter and did refuse to delete the inaccurate information regarding the public records reporting from the Plaintiff's credit file.

12. Defendant had actual knowledge of the inaccuracy and deliberately chose to ignore and permit same.

13. After receiving Plaintiff's notices of the inaccuracy and within the two years preceding the filing of this action, Experian prepared and published to third parties multiple inaccurate consumer reports about Plaintiff which contained the inaccurate public record.

14. Plaintiff provided substantial documentation to Experian demonstrating that the reporting of the judgment was inaccurate.

15. After Plaintiff had actual knowledge of the inaccurate reporting of the judgment, Experian still continued to publish the inaccurate public records within Plaintiff's credit file.

16. Experian has furnished to third parties multiple consumer reports regarding the Plaintiff that contained the inaccurate public records information alleged herein.

## CLASS ACTION ALLEGATIONS

17. **The Class.** Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action for herself and on behalf of a class (the "Class") initially defined as follows:

All consumers for whom Experian furnished a consumer report which reported a judgment in the Richmond General District Court as unpaid that was either set aside, vacated, or appealed or dismissed with prejudice prior to the date of this reporting.

18. **Numerosity. FED. R. CIV. P. 23(a)(1).** On information and belief, the Plaintiff alleges that Class members are so numerous that joinder of all is impractical. The names and addresses of the Class members are identifiable through documents maintained by the Defendant, and the Class members may be notified of the pendency of this action by published and/or mailed notice.

19. **Existence and Predominance of Common Questions of Law and Fact. FED. R. CIV. P. 23(a)(2).** Common questions of law and fact exist as to all members of the Class. These questions predominate over the questions affecting only individual members. These common legal and factual questions include, among other things:

a. Whether Experian's standard procedures to update Richmond General District Court judgments that have been vacated, set aside, appealed or dismissed were reasonable.

b. Whether Experian knowingly and intentionally committed an act in conscious disregard of the rights of the consumer;

c. Whether Defendant's conduct constituted violations of FCRA.

20. **Typicality. FED. R. CIV. P. 23(a)(3)).** Plaintiff's claims are typical of the claims of each Class member. Plaintiff is entitled to relief under the same causes of action as the other members of the Class.

21. **Adequacy. FED. R. CIV. P. 23(a)(4)).** Plaintiff is an adequate representative of the Class because her interests coincide with, and are not antagonistic to, the interests of the members of the Class she seeks to represent; she has retained counsel competent and experienced in such litigation; and she intends to prosecute this action vigorously. The interests of members of the Class will be fairly and adequately protected by Plaintiff and his counsel.

22. **Superiority. FED. R. CIV. P. 23(b)(3).** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. It would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the Courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the Class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a case.

23. **Injunctive Relief Appropriate for the Class. FED. R. CIV. P. 23(b)(2).** Class certification is appropriate because Defendant has acted on grounds generally applicable to the Class, making appropriate equitable injunctive relief with respect to Plaintiff and the Class members.

## COUNT ONE: VIOLATION OF THE FCRA, § 1681i(a)

## CLASS CLAIM

24. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

25. Defendant, Experian willfully violated 15 U.S.C. §1681i(a) on multiple occasions by failing to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate.

26. Plaintiff seeks statutory damages and attorneys fees and costs for herself and all putative class members for this violation pursuant to the FCRA, 15 U.S.C. § 1681n(a)(1)(A).

27. Plaintiff seeks punitive damages for this violation pursuant to the FCRA, 15 U.S.C. §1681n(a)(2) for herself and all putative class members.

## COUNT TWO: VIOLATION OF THE FCRA, § 1681e(b)

## CLASS CLAIM

28. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

29. Defendant violated 15 U.S.C. §1681e(b) as to the Plaintiff and all class members by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer reports it furnished regarding the consumer who has a vacated, satisfied or appealed Richmond General District Court judgment.

30. Defendant's conduct, actions and inactions were willful, rendering Defendant liable for damages, including punitive damages, as well as attorneys fees and costs, in an amount to be

determined by the Court pursuant to 15 U.S.C. §1681n or §1681o.

WHEREFORE, Plaintiff and the Class Members pray for relief as follows:

1. an order certifying the proposed class herein under Federal Rule 23 and appointing Plaintiff and his undersigned counsel of record to represent same;

2. the creation of a common fund available to provide notice of and remedy Defendant's violations;

3. damages and punitive damages for the class claims;

4. damages and punitive damages for the individual claims;

5. injunctive and declaratory relief as pled;

5. attorneys fees, expenses and costs;

6. pre-judgment and post-judgment interest as provided by law; and

7. such other relief the Court does deem just, equitable and proper.

TRIAL BY JURY IS DEMANDED.

DONNA K. SOUTTER,
For herself and on behalf of all similarly situated individuals.

By: _____
Of Counsel

Leonard A. Bennett, VSB#37523
Consumer Litigation Associates, P.C.
12515 Warwick Boulevard, Suite 100
Newport News, VA 23606
(757) 930-3660
(757) 930-3662 facsimile
lenbennett@clalegal.com

Matthew James Erausquin
Consumer Litigation Associates PC
3615-H Chain Bridge Rd
Fairfax, VA 22030
703-273-6080
Fax: 888-892-3512
matt@clalegal.com

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

3:09CV695

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Donna K. Soutter, for herself and on behalf of all similarly situated individuals,

## DEFENDANTS
Experian Information Soulutions, Inc.

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

RECEIVED NOV - 4 2009 CLERK US DISTRICT COURT RICHMOND VA

(c) Attorney's (Firm Name, Address, and Telephone Number) (757)930-3660
Leonard A. Bennett, Consumer Litigation Associates, PC
12515 Warwick Blvd., Suite 100, Newport News, VA 23606

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- 1 U.S. Government Plaintiff
- 2 U.S. Government Defendant
- **X** 3 Federal Question (U.S. Government Not a Party)
- 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)
(Place an "X" in One Box for Plaintiff and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | 610 Agriculture | 422 Appeal 28 USC 158 | 400 State Reapportionment |
| 120 Marine | 310 Airplane | 362 Personal Injury - Med. Malpractice | 620 Other Food & Drug | 423 Withdrawal 28 USC 157 | 410 Antitrust |
| 130 Miller Act | 315 Airplane Product Liability | 365 Personal Injury - Product Liability | 625 Drug Related Seizure of Property 21 USC 881 | | 430 Banks and Banking |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | 368 Asbestos Personal Injury Product Liability | 630 Liquor Laws | PROPERTY RIGHTS | 450 Commerce |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | | 640 R.R. & Truck | 820 Copyrights | 460 Deportation |
| 151 Medicare Act | 340 Marine | PERSONAL PROPERTY | 650 Airline Regs. | 830 Patent | 470 Racketeer Influenced and Corrupt Organizations |
| 152 Recovery of Defaulted Student Loans (Excl. Veterans) | 345 Marine Product Liability | 370 Other Fraud | 660 Occupational Safety/Health | 840 Trademark | **X** 480 Consumer Credit |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 371 Truth in Lending | 690 Other | | 490 Cable/Sat TV |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | 810 Selective Service |
| 190 Other Contract | 360 Other Personal Injury | 385 Property Damage Product Liability | 710 Fair Labor Standards Act | 861 HIA (1395ff) | 850 Securities/Commodities/Exchange |
| 195 Contract Product Liability | | | 720 Labor/Mgmt. Relations | 862 Black Lung (923) | 875 Customer Challenge 12 USC 3410 |
| 196 Franchise | | | 730 Labor/Mgmt.Reporting & Disclosure Act | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | 740 Railway Labor Act | 864 SSID Title XVI | 891 Agricultural Acts |
| 210 Land Condemnation | 441 Voting | 510 Motions to Vacate Sentence | 790 Other Labor Litigation | 865 RSI (405(g)) | 892 Economic Stabilization Act |
| 220 Foreclosure | 442 Employment | Habeas Corpus: | 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | 893 Environmental Matters |
| 230 Rent Lease & Ejectment | 443 Housing/ Accommodations | 530 General | | 870 Taxes (U.S. Plaintiff or Defendant) | 894 Energy Allocation Act |
| 240 Torts to Land | 444 Welfare | 535 Death Penalty | | 871 IRS—Third Party 26 USC 7609 | 895 Freedom of Information Act |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment | 540 Mandamus & Other | | | 900 Appeal of Fee Determination Under Equal Access to Justice |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | 550 Civil Rights | | | 950 Constitutionality of State Statutes |
| | 440 Other Civil Rights | 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- **X** 1 Original Proceeding
- 2 Removed from State Court
- 3 Remanded from Appellate Court
- 4 Reinstated or Reopened
- 5 Transferred from another district (specify)
- 6 Multidistrict Litigation
- 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. §1681
Brief description of cause:
Violation of the Fair Credit Reporting Act

## VII. REQUESTED IN COMPLAINT:
- CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $
- CHECK YES only if demanded in complaint:
- JURY DEMAND: **X** Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 11/3/09

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# CONSUMER LITIGATION ASSOCIATES

ATTORNEYS AND COUNSELORS AT LAW

A PROFESSIONAL CORPORATION

**HAMPTON ROADS OFFICE:**
12515 Warwick Blvd. _ Suite 100
Newport News, Virginia 23606

**NORTHERN VIRGINIA OFFICE:**
3615-H Chain Bridge Road
Fairfax, Virginia   22030

Leonard A Bennett, Esquire
lenbennett@clalegal.com
(757) 930-3660 Phone
(757) 930-3662 Facsimile

**REPLY TO: HAMPTON ROADS OFFICE**

November 3, 2009

*Federal Express Delivery*
Fernando Galindo, Clerk
United States District Court
Richmond Division
701 East Broad Street
Suite 3000
Richmond, Virginia 23219

3: 09CV695



Re:   Donna K. Soutter, for herself and on behalf of all similarly situated individuals v. Experian Information Solutions, Inc.

Dear Mr. Galindo:

Enclosed please find the following with regard to the above-referenced matter which I would kindly appreciate your filing and processing for service:

1. Original Civil Cover Sheet.
2. Original and one copy of the Summons in a Civil Action for each Defendant.
3. Original and one copy of the Complaint.
4. Filing fee check in the amount of $350.00, payable to Clerk of Court.

Please forward the service copies of the Summons and Complaint back to my attention for service through my private process server.

Thank you for your assistance in this matter, I remain

Very truly yours,

Leonard A. Bennett

LAB/vlw
Enclosure

```
Court Name: UNITED STATES DISTRICT COURT
Division: 3
Receipt Number: 34683005868
Cashier ID: lbreeden
Transaction Date: 11/04/2009
Payer Name: CONSUMER LITIGATION ASSOC
----------------------------------
CIVIL FILING FEE
 For: CONSUMER LITIGATION ASSOC
 Amount:       $350.00
----------------------------------
CHECK
 Check/Money Order Num: 10690
 Amt Tendered: $350.00
----------------------------------
Total Due:     $350.00
Total Tendered: $350.00
Change Amt:    $0.00

#3:09-CV-695
```