# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF VIRGINIA
# RICHMOND DIVISION



DONNA K. SOUTTER,
For herself and on behalf of all
similarly situated individuals.

Plaintiff,

v.                                                   CIVIL ACTION NO. 3:10CV514

TRANS UNION, LLC.

Defendant.

## CLASS COMPLAINT

COMES NOW, the Plaintiff, Donna K. Soutter, on behalf of herself and all similarly situated individuals, and alleges the following claims:

### INTRODUCTION

1. This action is brought under the Federal Fair Credit Reporting Act (FCRA), 15 U.S.C. §1681e(b), *et seq*. Plaintiff obtained a copy of her credit reports from Trans Union, LLC., and discovered that it was reporting a judgment against Plaintiff in favor of Virginia Credit Union in the Richmond General District Court. This reporting was in inaccurate. Trans Union violated the FCRA, 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the Plaintiff's credit reports and credit files it publishes and maintains concerning the Plaintiff. Plaintiff also seeks to represent a class of similar situated consumers.

### JURISDCTION

2. The Court has jurisdiction under the FCRA, 15 U.S.C. §1681p and 28 U.S.C. §1367 and



1331.

3. Venue is proper in this Court under 28 U.S.C. § 1391(b) as Trans Union maintain its registered agents in Richmond.

## PARTIES

4. Plaintiff resides in Virginia and she is a "consumer" as protected and governed by the FCRA.

5. Trans Union, LLC. (hereinafter "Trans Union") is an Illinois corporation, doing business in Virginia. At all times relevant hereto, it was a "user" of the consumer report of Plaintiff, as governed by the FCRA.

8. Trans Union is a "consumer reporting agency" as governed by the FCRA.

## FACTS

10. Prior to December 2008, Plaintiff obtained a copy of her credit report from Trans Union and discovered that Trans Union was reporting a judgment against Plaintiff in favor of Virginia Credit Union in the Richmond General District Court.

11. The reporting of the judgment by Trans Union was inaccurate and in violation of the FCRA, 15 U.S.C. §1681e(b) due to defendant's failure to follow reasonable procedures to assure maximum possible accuracy in the preparation of the Plaintiff's credit reports and credit files it publishes and maintains concerning the Plaintiff. If the defendant had fully investigated, it would have found that there was an Order entered by the Court on March 02, 2008 which set aside and dismissed the judgment because the judgment was obtained against the Plaintiff in error.

12. Trans Union failed to maintain reasonable procedures designed to avoid violations of the FCRA, 15 U.S.C. §1681e(b).

13. Trans Union furnished to third parties multiple consumer reports regarding the Plaintiff that contained the inaccurate information alleged herein.

## CLASS ACTION ALLEGATIONS

14. **The Class.** Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action for herself and on behalf of a class (the "Class") initially defined as follows:

All consumers for whom Trans Union furnished a consumer report which reported a judgment that was either set aside, vacated or dismissed with prejudice.

15. **Numerosity. FED. R. CIV. P. 23(a)(1).** On information and belief, the Plaintiff alleges that Class members are so numerous that joinder of all is impractical. The names and addresses of the Class members are identifiable through documents maintained by the Defendant, and the Class members may be notified of the pendency of this action by published and/or mailed notice.

16. **Existence and Predominance of Common Questions of Law and Fact. FED. R. CIV. P. 23(a)(2).** Common questions of law and fact exist as to all members of the Class. These questions predominate over the questions affecting only individual members. These common legal and factual questions include, among other things:

a. Whether Trans Union provided a consumer report which reported a judgment without first fully investigating the public records to determine if the judgment was set aside, vacated or dismissed with prejudice.

b. Whether Trans Union knowingly and intentionally committed an act in conscious disregard of the rights of the consumer;

c. Whether Trans Union conduct constituted violations of the FCRA.

17. **Typicality. FED. R. CIV. P. 23(a)(3)).** Plaintiff's claims are typical of the claims of each

Class member. Plaintiff is entitled to relief under the same causes of action as the other members of the Class.

18. **Adequacy. FED. R. CIV. P. 23(a)(4)).** Plaintiff is an adequate representative of the Class because his interests coincide with, and are not antagonistic to, the interests of the members of the Class he seeks to represent; he has retained counsel competent and experienced in such litigation; and he intends to prosecute this action vigorously. The interests of members of the Class will be fairly and adequately protected by Plaintiff and his counsel.

19. **Superiority. FED. R. CIV. P. 23(b)(3).** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The damages suffered by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendants' conduct. It would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the Courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendants' conduct. By contrast, the Class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a case.

20. **Injunctive Relief Appropriate for the Class. FED. R. CIV. P. 23(b)(2).** Class certification is appropriate because Defendant has acted on grounds generally applicable to the

Class, making appropriate equitable injunctive relief with respect to Plaintiff and the Class members.

## COUNT ONE: VIOLATION OF THE FCRA, § 1681e(b)

## CLASS CLAIM

21. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

22. Defendant violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer reports it furnished regarding the Plaintiff.

23. As a result of the conduct, actions and inactions of the Defendant as alleged in this Count, the Plaintiff suffered actual damages.

24. Defendant's conduct, actions and inactions were willful, rendering Defendant liable for actual, statutory and punitive damages, as well as attorneys fees and costs, in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, the Defendant was negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

WHEREFORE, Plaintiff and the Class Members pray for relief as follows:

1. an order certifying the proposed class herein under Federal Rule 23 and appointing Plaintiff and his undersigned counsel of record to represent same;
2. the creation of a common fund available to provide notice of and remedy Defendant's violations;
3. statutory and punitive damages for the class claims;
4. actual or statutory damages, and punitive damages for the individual claims;

5. injunctive and declaratory relief as pled;

5. attorneys fees, expenses and costs;

6. pre-judgment and post-judgment interest as provided by law; and

7. such other relief the Court does deem just, equitable and proper.

TRIAL BY JURY IS DEMANDED.

DONNA K. SOUTTER,
For herself and on behalf of all similarly situated individuals

By: _____
Of Counsel

Leonard A. Bennett, VSB#37523
Consumer Litigation Associates, P.C.
12515 Warwick Boulevard, Suite 100
Newport News, VA 23606
(757) 930-3660
(757) 930-3662 facsimile
lenbennett@clalegal.com

• JS 44 (Rev. 11/04)                          **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
DONNA K. SOUTTER

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number) (757)930-3660
Leonard A. Bennett, Consumer Litigation Associates, PC
12515 Warwick Blvd., Suite 100, Newport News, VA 23606

### DEFENDANTS
TRANS UNION, LLC   3:10CV514

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.
JUL 26 2010

Attorneys (If Known)

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| • 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | • 610 Agriculture | • 422 Appeal 28 USC 158 | • 400 State Reapportionment |
| • 120 Marine | • 310 Airplane | • 362 Personal Injury - Med. Malpractice | • 620 Other Food & Drug | • 423 Withdrawal 28 USC 157 | • 410 Antitrust |
| • 130 Miller Act | • 315 Airplane Product Liability | • 365 Personal Injury - Product Liability | • 625 Drug Related Seizure of Property 21 USC 881 | **PROPERTY RIGHTS** | • 430 Banks and Banking |
| • 140 Negotiable Instrument | • 320 Assault, Libel & Slander | • 368 Asbestos Personal Injury Product Liability | • 630 Liquor Laws | • 820 Copyrights | • 450 Commerce |
| • 150 Recovery of Overpayment & Enforcement of Judgment | • 330 Federal Employers' Liability | **PERSONAL PROPERTY** | • 640 R.R. & Truck | • 830 Patent | • 460 Deportation |
| • 151 Medicare Act | • 340 Marine | • 370 Other Fraud | • 650 Airline Regs. | • 840 Trademark | • 470 Racketeer Influenced and Corrupt Organizations |
| • 152 Recovery of Defaulted Student Loans (Excl. Veterans) | • 345 Marine Product Liability | • 371 Truth in Lending | • 660 Occupational Safety/Health | **LABOR** | ☒ 480 Consumer Credit |
| • 153 Recovery of Overpayment of Veteran's Benefits | • 350 Motor Vehicle | • 380 Other Personal Property Damage | • 690 Other | • 710 Fair Labor Standards Act | • 490 Cable/Sat TV |
| • 160 Stockholders' Suits | • 355 Motor Vehicle Product Liability | • 385 Property Damage Product Liability | | **SOCIAL SECURITY** | • 810 Selective Service |
| • 190 Other Contract | • 360 Other Personal Injury | | • 720 Labor/Mgmt. Relations | • 861 HIA (1395ff) | • 850 Securities/Commodities/Exchange |
| • 195 Contract Product Liability | | | • 730 Labor/Mgmt.Reporting & Disclosure Act | • 862 Black Lung (923) | • 875 Customer Challenge 12 USC 3410 |
| • 196 Franchise | | | • 740 Railway Labor Act | • 863 DIWC/DIWW (405(g)) | • 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | • 790 Other Labor Litigation | • 864 SSID Title XVI | • 891 Agricultural Acts |
| • 210 Land Condemnation | • 441 Voting | • 510 Motions to Vacate Sentence | • 791 Empl. Ret. Inc. Security Act | • 865 RSI (405(g)) | • 892 Economic Stabilization Act |
| • 220 Foreclosure | • 442 Employment | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | • 893 Environmental Matters |
| • 230 Rent Lease & Ejectment | • 443 Housing/ Accommodations | • 530 General | | • 870 Taxes (U.S. Plaintiff or Defendant) | • 894 Energy Allocation Act |
| • 240 Torts to Land | • 444 Welfare | • 535 Death Penalty | | • 871 IRS—Third Party 26 USC 7609 | • 895 Freedom of Information Act |
| • 245 Tort Product Liability | • 445 Amer. w/Disabilities - Employment | • 540 Mandamus & Other | | | • 900 Appeal of Fee Determination Under Equal Access to Justice |
| • 290 All Other Real Property | • 446 Amer. w/Disabilities - Other | • 550 Civil Rights | | | • 950 Constitutionality of State Statutes |
| | • 440 Other Civil Rights | • 555 Prison Condition | | | |

### V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. §1681
Brief description of cause:
Violation of the Fair Credit Reporting Act

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

### VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

```
Court Name: UNITED STATES DISTRICT COURT
Division: 3
Receipt Number: 34683009207
Cashier ID: lbreeden
Transaction Date: 07/26/2010
Payer Name: CONSUMER LITIGATION ASSOCIAT
ES
--------------------------------
CIVIL FILING FEE
 For: CONSUMER LITIGATION ASSOCIATES
 Amount:      $350.00
--------------------------------
CHECK
 Check/Money Order Num: 11610
 Amt Tendered: $350.00
--------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00

#3:10-CV-514
```

Court Name: UNITED STATES DISTRICT COURT
Division: 3
Receipt Number: 34683039287
Cashier ID: lbreeden
Transaction Date: 07/26/2010
Payer Name: CONSUMER LITIGATION ASSOCIATES

---

CIVIL FILING FEE
For: CONSUMER LITIGATION ASSOCIATES
Amount: $350.00

---

CHECK
Check/Money Order Num: 11615
Amt Tendered: $350.00

---

Total Due: $350.00
Total Tendered: $350.00
Change Amt: $0.00

H3:10-CV-514