# COMMONWEALTH OF VIRGINIA



NORFOLK CIRCUIT COURT
Civil Division
100 ST. PAUL'S BOULEVARD
NORFOLK VA 23510
(757) 664-4387

Summons

To:  EQUIFAX INFORMATION SERVICES          Case No.  710CL09005897-00
     CORP SERVICE COMPANY, RA
     11 S 12TH STREET
     P.O. BOX 1463
     RICHMOND VA 23218

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Wednesday, September 15, 2010

by _____
(CLERK/DEPUTY CLERK)

Instructions: SERVICE REQUESTED 9/1/2010-TS

Hearing Official:


Attorney's name: HOGAN, GUY T
                757-726-2800

VIRGINIA:   IN THE CIRCUIT COURT FOR THE CITY OF NORFOLK

| | |
|---|---|
| JANICE and KEVIN HOLLOWAY ) | |
|    Plaintiffs/Petitioners ) | |
| v ) | No. CL09-5897 |
| STERLING CHURCH ST. FURNITURE ) | |
| PARTNERSHIP t/a GRAND FURNITURE, ) | |
|    Respondent/Defendant ) | |
| and ) | |
| EQUIFAX INFORMATION SERVICES, ) | |
|    Defendant ) | |
| and ) | |
| ROSA PARKS, ) | |
|    Defendant ) | |

## COMPLAINT

**and**

## PETITION FOR DECLARATORY AND INJUNCTIVE RELIEF

1. COME NOW THE PLAINTIFFS, JANICE HOLLOWAY, and KEVIN HOLLOWAY, by counsel, in the above-entitled cause, and move this Honorable Court for A Declaratory Judgment asserting that Plaintiff, Janice Holloway, is not indebted to Defendant Sterling Church Street Furniture (Grand Furniture) for purchases made by one ROSA PARKS, on or around July 4, 2005 from their

1

Norfolk store.

2. Further, Plaintiffs pray for an Order enjoining Defendant Equifax Information Services (Equifax), from continuing on their credit records any reference to a default judgment, in Virginia Beach District Court, in favor of Grand Furniture, and against Janice Holloway, for $2175, on or around August 8, 2006, such faulty information continuing even through May and June, 2009.

3. Plaintiffs pray for compensatory damages and punitive damages from all Defendants for reasons, and in amounts, as will be outlined below.

4. Plaintiff Janice Holloway prays for compensatory and punitive damages against Defendant Rosa Parks for conversion of Plaintiff's property, viz., her name and personal identity, for an illegal, fraudulent purpose.

JURISDICTION. Defendant Grand Furniture is a corporation, doing business in Virginia, and registered with the State Corporation Commission as Sterling Church Street Furniture Store, Inc., since 1948. Further, Grand Furniture is a furnisher of credit information, within the meaning of the Fair Credit Reporting Act FCRA..15 U.S.C., § 1681 *et seq.*

Plaintiffs are consumers, within the meaning of the FCRA.

Equifax Information Services, LLC, is a Georgia LLC, registered to do business in Virginia since, at least, 2001, with Registered Agent Corporation Service Co., 11 S 12th Street, Richmond, VA 23218. It is also clear that Equifax is a credit reporting agency, within the meaning of the FCRA. Furthermore, Equifax has been providing credit information within this Commonwealth since, at least, 2001.

Rosa Parks is a Virginia resident whose last known work address was Dominion Enterprises, 100 W. Plume St., Norfolk, VA 23510.

That this Court has jurisdiction to adjudicate this cause derives from 15 U.S.C. § 1681p. An action to enforce any liability created under this title may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction...

BACKGROUND

5   On or around July 4, 2005 Rosa Parks, pretending to be Janice Holloway, created a credit account in Mrs. Holloway's name, with intent to defraud, then made a purchase of several pieces of furniture from Grand Furniture, Norfolk.

3

6. To the surprise of no one, the account became delinquent and Grand Furniture brought an action against Janice Holloway in the Virginia Beach General District Court on or around July 25, 2006.

7. A default judgment was entered against Mrs. Holloway, and in favor of Grand Furniture on or around October 4, 2006.

8. As it was learned, in subsequent rehearings, there had been defective service of process in the first hearing, leading to the default judgment. This default judgment was then vacated by the Honorable Judge Pamela Hutchens on or about October 13, 2006 in the General District Court of Virginia Beach.

9. Unfortunately, the default judgment was posted on the General District Court online Court Information System, but the fact that this judgment was vacated never appeared on the system until just recently, in early March, 2009.

10.. Mrs. Holloway, in the meantime, made several attempts, by contacting the General District Court, to have the correction made, but all to no avail. The General District Court, being a Court Not of Record, could find no record of the aforementioned proceedings.

11. Mrs. Holloway then turned her attention to Grand Furniture, asking that they should contact the Court to correct the record, since the erroneous judgment was in their favor, and their (Grand Furniture's) record, by court reporter's transcript of the proceedings, would have sufficed to make the correction.

12. Several letters were mailed to Equifax (Fraud Investigative Unit) and to Grand Furniture, advising them of the incorrect information appearing on the Plaintiff's credit report, and the damage it was causing to her ability to obtain credit. The last of these letters was dated January 8, 2008. For its part, Equifax responded to the earlier letter on May 24, 2007, claiming that information supplied by Grand Furniture verified that the debt in question belonged to the Plaintiff, Janice Holloway.

13. In the meantime, Grand Furniture obtained a judgment in the Virginia Beach General District Court against Rosa Parks, on March 15, 2007, for the same debt for which Mrs. Holloway had been wrongfully charged. This judgment was recorded as satisfied on April 3, 2008.

14. In spite of this history the erroneous information was still on the Equifax credit report of Mrs. Holloway as late as March 26, 2009, attesting to the fact that Grand

Furniture, and Equifax have been in breach of their duty to adequately investigate and correct, in a timely manner, the erroneous publication as reflected in the credit reports.

15. As a result of the inaccurate and erroneous information contained in the aforementioned credit reports, Plaintiffs have been denied credit on several occasions, including a denial from Navy Federal Credit Union on October 20, 2008, and another from Beneficial Finance as recently as January, 2009. There was also another denial from GE Consumer Finance in January, 2009, and several denials from the Virginia Beach Postal Federal Credit Union (VBPFCU) through 2007 and 2008. These refusals to extend credit all made reference to the derogatory information contained in the credit reports obtained from Equifax And, of course, the credit scores of the Plaintiffs have taken a dive since the appearance of the erroneous entries.

16. In addition, Grand Furniture continued billing Mrs. Holloway for unpaid, overdue balances, with late charges added on, even after the dismissal of the case against her, and while there was no outstanding judgment. In fact, these billings continued even after Grand Furniture had released the garnishee, creditor of Mrs. Holloway, in a related garnishment action.

17. Kevin Holloway, husband of Janice Holloway was also unable to obtain credit, having been refused several times because Janice's credit problems tainted their jointly held assets. As a result, the Plaintiffs suffered humiliation and extreme marital distress due to the strains attributable to these credit problems and the attendant emotional damages. Mrs. Holloway has suffered from the emotional strains imposed on her as she tried to struggle against the inequities thrust upon her while trying to keep her family intact, and clear her records of the inaccuracies that would not seem to go away. As a result, she has had to be treated for heart problems, and is currently under the care of her physician, with a heart monitor implanted. The actions recited above, attributed to all defendants, were all outrageous and intolerable. They were intentional (at least, reckless), and resulted in severe emotional distress visited upon each Plaintiff. And it is clear that there was a causal connection between the distress suffered, and the actions, or omissions, of the Defendants.

CAUSES OF ACTION

18. Rosa Parks is liable to Janice Holloway for conversion of her intangible property rights in her name and personal identity, having wrongfully exercised control over the same, contrary to the wishes and interests of the rightful owner. She is liable,

as well, for the intentional infliction of emotional distress as to each Plaintiff.

19. Grand Furniture is liable for violation of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et seq* by negligent noncompliance with its provisions, notably, for failing to promptly investigate after being notified by Plaintiff Janice Holloway that there were credit reporting problems with respect to her account with Grand Furniture.

20. Equifax Information Services (Equifax) is liable to Janice Holloway for violation of the Fair Credit Reporting Act (FCRA) 15 U.S.C. § 1681 *et seq* for failure to promptly conduct a reasonable investigation into the reported inaccuracies in their credit report on Janice Holloway, even while maintaining the erroneous information on their records, and furnishing same to providers of credit, to the detriment of both Plaintiffs.

21. Equifax is liable to Plaintiff Kevin Holloway for violation of the FCRA because their negligent noncompliance with the provisions of that Act (failure to conduct prompt and reasonable investigation to correct the inaccuracies in his wife's credit information on their records) was a proximate cause of his unsuccessful attempts to obtain credit from VBPFCU, among others, in 2008. One of the loans he was seeking was one that would have allowed him to arrange a proper funeral and

burial of his mother.

22. Grand Furniture is liable for willful violation of the FCRA because they knew that the information on Janice Holloway's Equifax credit report was erroneous, and yet they failed to engage in a reasonable, vigorous, and timely investigation to see to it that the errors were corrected. As a furnisher of information to credit reporting agencies, they were clearly negligent and in breach of their duty to the Plaintiffs.

23. Equifax is liable for defamation for placing on their public records the statement "08/06 JUDG, 832VC65, $2175, DEF-HOLLOWAY JANICE, 602819000, STERLING CHURCH ST FURNITURE JERRY S IN" as late as May and June, 2009.

By this date, Equifax knew, or should have known that the information was incorrect. But that incorrect information was used by providers of credit, e.g., the Virginia Beach Postal Federal Credit Union (VBPFCU), to deny credit to the Plaintiffs.

WHEREFORE, Plaintiffs pray for :

    A. A Court Order enjoining Defendant Equifax Information Services (Equifax) from continuing on their credit records any reference to a default judgment, in Virginia Beach District Court, in favor of Grand Furniture, and against

Janice Holloway, for $2175, on or around August 8, 2006.

B.  A Declaratory judgment asserting that Janice Holloway is not indebted to Defendant Sterling Church Street Furniture (Grand Furniture) for purchases made by one ROSA PARKS, pretending to be Janice Holloway, on or around July 4, 2005 from their Norfolk store.

C.  Compensatory damages from Rosa Parks and Grand Furniture, jointly and severally, in the amount of $75,000, in favor of Plaintiffs.

D.  Compensatory damages from Equifax in the amount of $80,000, in favor of Plaintiffs.

E.  Punitive damages against Rosa Parks in the amount of $25,000, in favor of Plaintiff Janice Holloway.

F.  Punitive damages against Equifax in the amount of $90,000, in favor of Plaintiffs.

G.  Punitive damages against Grand Furniture in the amount of $20,000. .

H.  TRIAL BY JURY.

WE ASK FOR THIS.

PLAINTIFFS,

By: _____
Guy T. Hogan, Esq.
VSB # 36832
47 West Queens Way, Suite D
Hampton, Virginia 23669
Tel: 757-726-2800
Fax: 757-726-0822
Email: guyhogan@cox.net