IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| DONNA K. SOUTTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 3:10cv107 |
| ) | |
| EQUIFAX INFORMATION SOLUTIONS, INC. ) | |
| ) | |
| Defendant. ) | |

## DECLARATION OF MATTHEW J. ERAUSQUIN

I, Matthew J. Erausquin, an adult individual, depose upon my oath and declare the following to be true and correct:

1. I am a member in good standing of the Virginia State Bar. I have personal knowledge of the matters set forth herein, and could and would testify competently thereto if called upon to do so. I submit this Declaration in support of Plaintiff's Reply in Support of her Motion for Class Certification. I am one of the attorneys working on behalf of the Plaintiff in the above styled litigation.

2. I am familiar with the arguments made by Equifax in its Opposition to Plaintiff's Motion for Class Certification, having reviewed its brief thoroughly.

3. This Declaration is submitted to describe the documents obtained in discovery in this case. The documents referenced herein were produced in electronic format in Microsoft Access database files, or in some cases, in a plain "text file" of data. While these are easily readable by counsel, the Court or lay witnesses – (they are no more difficult to read than any simple spreadsheet) they are also not conducive to attachment to a formal Court pleading. Further, all of the information in the databases represents personal information or information that would violate the privacy rights of the consumers listed therein, and/or subject them to

undue embarrassment, and some of it has been designated by Equifax as Confidential pursuant to the Protective Order. However, this data has been prepared to transmit to the Court for its review, *in camera*, if the Court wishes to do so.

4. In this litigation, Plaintiff's counsel requested from the Executive Secretary of the Supreme Court of Virginia ("Executive Secretary") a subset of the data that it maintains regarding judgments taken in Virginia General District Courts, specifically limited to any electronic data regarding judgments that were satisfied, vacated or appealed.

5. On September 15, 2010, the Executive Secretary produced a database file responsive to our request. While it initially estimated an invoice cost of $24,115.68, the ultimate amount invoiced and then paid was only about $2,300.

6. We also obtained various sets of data from Equifax, including lists of consumers who made disputes regarding public records, as well as a separate file containing what Equifax has represented is the entirety of its historical credit file judgment information regarding consumers with current addresses in 3 separate zip codes, from January 2008 through the present (hereafter, "the Equifax Sampling file").

7. I and my co-counsel have thoroughly reviewed the data in each of these database files.

8. This historical archive (or "frozen scan") data provided by Equifax was comprised of month by month snapshots of the judgment information contained in a consumer's credit file at Equifax during that month. It also described whether Equifax sold a credit report regarding that consumer during each month between January 2008 and the present. It was a small subset of a broader set of data known by us to be available from Equifax.

9. The data provided by the Supreme Court of Virginia and by Equifax can be easily overlapped and share many of the same data fields as follows:

| SCV | Equifax |
|---|---|
|  | Credit File Snapshot Month |
| Party Name | Consumer Name |
| Party Address | Consumer Address |
| Court Name | Court Name |
| Case Number | Case Number |
| Judgment Amount | Judgment Amount |
| Date Judgment Satisfied | Date Judgment Satisfied |
| Judgment Satisfied Flag | Judgment Satisfied Flag |
| Judgment Code |  |
| Date Appeal Perfected |  |
|  | Inquiry Date |
|  | Court Identification Number |
|  | Case Filing Date |

10. The Court could, as we did, match the data in the historical Equifax file to the Supreme Court file to determine if Equifax's file has at any time reflected the actual status of a judgment as contained in the Supreme Court file. By reviewing the case numbers in Equifax's files of judgments which have always been listed as unpaid, and comparing those case numbers to the Supreme Court list of judgments which were either paid or appealed, members of the class become immediately apparent. Practical examples of actual examples are attached to this Declaration as Exhibits 1, 2 and 3. These documents represent the results of my personal review of the electronic records of the Supreme Court of Virginia, both from their database and website, together with recent Equifax credit files provided to us by consumers.

11. Exhibit 1 to this Declaration is illustrative of a case filed against a consumer in August of 2004 in Chesterfield County. On September 16, 2004, a default judgment was entered against the consumer in the amount of $110.00. This consumer's judgment satisfaction was recorded with the Chesterfield County General District Court on July 27, 2007. However, three years later, this judgment was still shown as outstanding. Exhibits 2 and 3 are illustrative of the "double judgment" problem referenced below, created by Equifax's failure to ensure consistent formatting of the case numbers in its system.

12. Using these sets of data, it was a straightforward task to match the Equifax data to the data provided by the Supreme Court of Virginia as to three categories of judgments, (1) satisfied judgments, (2) appealed judgments, and (3) vacated judgments. In a majority of cases, the match was performed by matching the Equifax "case number" field to the Supreme Court's "case number" field.

13. However, as we worked through the data, it became quickly apparent that Equifax's "case number" field is not captured with uniformity.

14. By way of example, Equifax would capture a case with a correctly formatted case number, but then capture the same case using a different format of the same case number. So, by way of example, a correctly formatted case number appearing in the Supreme Court data as "703GV0102421400" might appear the same way in the Equifax data, or it could also appear numerous times using one or more of the following formats:

01 024214
24214
1-24214
0102421400

15. The result is that a single judgment may sometimes appear in a consumer's credit file multiple times, giving the false appearance that the consumer incurred multiple judgments.

16. In order to deal with those cases in which case number formats in the Equifax data were not uniform with the Supreme Court data, we used an alternate data matching algorithm in which we matched data by judgment amount, court name, person name, and/or time period. After this match was created, we then confirmed the case numbers.

17. Using one of these two matching methods, the Court would find that of the satisfied, vacated or appealed judgment records in the Supreme Court file relating to consumers in these 3 zip codes, at least 4,867 judgments matched up with Equifax's records showing unpaid and owing judgments – that is 4,867 Equifax judgment records were inaccurately reporting in Equifax's file. Thus data matching revealed that although some of the judgments were no longer

owed as far back as 2001 due to satisfaction, vacation or appeal, the Equifax's records still show the judgment as unpaid and outstanding as of late 2010, months after this case was filed and Equifax was clearly aware of the problem.

18. The results referenced in paragraph 17 relate only to those consumers in these 3 zip codes who were the subject of at least 1 consumer report sold by Equifax during the period beginning at least 30 days after the judgment termination was recorded at the Court and continuing through the present.

19. I have reviewed the most recent publically available census data available for the Commonwealth of Virginia, dated 7/1/2008. This data indicates that as of that date, the population of the Commonwealth was 7,769,089. The population for the three zip codes which were the subject of the Equifax frozen scan data on that date was as follows:

23608: 41,696
23232: data unavailable.
23803: 41,402

20. Assuming that the population with current addresses in Equifax's systems located in the 23232 zip code was roughly the size of the other two zip codes (41,500), the sample population for these zip codes is 124,598, or 1.6% of the population of the Commonwealth as of 2008. Therefore, further assuming that these 3 zip codes are predicative of the rest of the population of the Commonwealth, Equifax's sampling records suggest that a rough but still reasonable estimate is that there are 304,187 terminated or zero balance judgment public records dating back as far as late 2000 or early 2001 that are still reflected in Equifax's files as owed through late 2010, months after this litigation began, and which were the subject of at least one publication to a third party within the past 2 years.

21. This number does not include the other terminated judgments that remained in Equifax's files with an inaccurate status for a period of months or years before Equifax updated them to reflect their terminated status following such time as it either obtained the data on its

5

own or after a consumer was forced to dispute the status of the judgment in order to have it corrected.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief and that this declaration was signed in Alexandria, Virginia, on December 10, 2010.

_____
Matthew J. Erausquin

Chesterfield County General District (Pay Online)
Civil Case Details Page : GV04016984-00

| Case Number: GV04016984-00 | File Date: 08/24/2004 | | Case Type: Warrant In Debt |
|---|---|---|---|
| Debt Type: | Number of Plaintiffs: 01 | | Number of Defendants: 01 |
| Plaintiff # 1 Information: | | Defendant # 1 Information: | |
| Name: COUNTY OF CHESTERFIELD | | Name: ▓▓▓▓▓▓▓▓▓▓ | |
| Judgment: Plaintiff | | Judgment: Plaintiff | |
| Attorneys: | | Defendant # 2 Information: | |
| Plaintiff Attorney: TARA MCGEE | | Name: | |
| Defendant Attorney: | | Judgment: | |
| Appeal Information | | | |
| Appealed Date: | | Appealed By: | |
| Hearings | | | |
| Number | Date | Time | Result | Hearing Type | Courtroom |
| 01 | 09/16/2004 | 09:00 AM | Default Judgment | | |
| Judgment: Plaintiff | | Judgment Amount: $110.00 | |
| Other Amount: | | Interest Award: 6.0 % FROM DOJ | |
| Cost: $33.00 | | Attorney Fees: | |
| Possession: | | Writ Issued: | |
| Is Judgment Satisfied: Yes | | Date Satisfaction Filed: 07/27/2007 | |
| Homestead Exemption Waived: | | | |
| Other: | | | |

10/7/2010 8:23 PM

Judgment

Type:           Judgment

Date Filed:     09/2004

Case Number:    4 16984

Court Number/Name:

Court Address:  ****************************
                CHESTERFIELD, VA 23832

Plaintiff:      COUNTY OF CHESTERFIELD

Defendant:      ▓▓▓▓▓▓▓▓▓▓

Amount:         $110

Status:

Date Reported:  N/A

Satisfied Date:

Verified Date:

Comments:

You have no Tax Liens on file.


EXHIBIT I

### Fairfax County General District (Pay Online)
### Civil Case Details Page : GV07033579-00

| Case Number: GV07033579-00 | File Date: 12/06/2007 | | Case Type: Warrant In Debt |
|---|---|---|---|
| Debt Type: | Number of Plaintiffs: 01 | | Number of Defendants: 01 |

| Plaintiff # 1 Information: | Defendant # 1 Information: |
|---|---|
| Name: | Name: |
| Judgment: Plaintiff | Judgment: Plaintiff |

| Attorneys: | Defendant # 2 Information: |
|---|---|
| Plaintiff Attorney: MANN, M | Name: |
| Defendant Attorney: | Judgment: |

#### Appeal Information

| Appealed Date: | Appealed By: |
|---|---|

#### Hearings

| Number | Date | Time | Result | Hearing Type | Courtroom |
|---|---|---|---|---|---|
| 01 | 01/09/2008 | 09:30 AM | Continued | Civil Hearing | 2A |
| 02 | 02/14/2008 | 09:30 AM | Default Judgment | Civil Hearing | 2A |

| Judgment: Plaintiff | Judgment Amount: $2,680.00 |
|---|---|
| Other Amount: | Interest Award: 6% FROM 021408 |
| Cost: $60.00 | Attorney Fees: $0 |
| Possession: | Writ Issued: |
| Is Judgment Satisfied: Yes | Date Satisfaction Filed: 02/29/2008 |
| Homestead Exemption Waived: No | |
| Other: | |

## EQUIFAX
### CREDIT FILE : April 19, 2010

**Public Record Information** (This section includes public record items obtained from local, state and federal courts.)

>>> We have reviewed the judgement information. Case or ID # - 0703357900 The results are: Equifax has verified that this public record item is reporting correctly. If you have additional questions about this item please contact: *Fairfax County Court, 4000 Chain Bridge Rd, Fairfax VA 22030-4017*

Satisfied Judgment Filed 02/2008; Fairfax District CRT; Case or ID # - 0703357900; Defendant - ███████████, Amount - $2,680 ; Plaintif - ███████████; Status - Satisfied; Satisfied 02/2008; Verified 03/2010;  Address: 4110 CHAIN BRIDGE RD  FAIRFAX, VA 22030-4020 ; (703) 246-2224

>>> We have reviewed the judgement information. Case or ID # - 059GV0703357900 The results are: This item has been updated to report satisfied/released. If you have additional questions about this item please contact: *Fairfax County Court, 4000 Chain Bridge Rd, Fairfax VA 22030-4017*

Satisfied Judgment Filed 02/2008; Fairfax District CRT; Case or ID # - 059GV0703357900; Defendant - ███████████; Amount - $2,680 ; Plaintiff - ███████████; Status - Satisfied; Satisfied 02/2008; Verified 03/2010;  Address: 4110 CHAIN BRIDGE RD  FAIRFAX, VA 22030-4020 ; (703) 246-2224



EXHIBIT 2

# EQUIFAX
## CREDIT FILE : September 25, 2010

### Henrico County General District (Pay Online)
### Civil Case Details Page : GV09005312-00

| | | | |
|---|---|---|---|
| Case Number: | GV09005312-00 | Case Type: | Unlawful Detainer |
| Debt Type: | | | |
| | File Date: 02/24/2009 | | |
| | Number of Plaintiffs: 01 | Number of Defendants: 01 |

#### Plaintiff # 1 Information:

| | | Defendant # 1 Information: | |
|---|---|---|---|
| Name: | FOX REST LLP | Name: | |
| DBA: | HUNT CLUB APARTMENTS | | |
| Judgment: | Plaintiff | Judgment: | |

Attorneys:

| | Defendant # 2 Information: | |
|---|---|---|
| Name: | Name: | |
| Judgment: Plaintiff | Judgment: | |

Plaintiff Attorney: ZWERDLING & OPPLEMAN
Defendant Attorney:

### Appeal Information:

| Appealed Date: | Appealed By: | | |
|---|---|---|---|

### Hearings

| Number | Date | Time | Result | Hearing Type | Courtroom |
|---|---|---|---|---|---|
| 01 | 03/13/2009 | 10:00 AM | Judgment | Civil Hearing | 4 |

Judgment: Plaintiff
Judgment Amount: $1,035.00
Other Amount: $183.50
Interest Award: 6.00 % FROM DOJ
Cost: $51.00
Attorney Fees: $299.63
Possession:
Writ Issued:
Is Judgment Satisfied: Yes
Date Satisfaction Filed: 11/23/2009
Homestead Exemption Waived:
Other: FEB 2009 AND LATE FEE AND DAMAGES DUE BY LEASE/UTILITIES

---

Judgment Filed 03/2009; Henrico District CRT; Case or ID # - 087GV09005312000; Defendant - ▓▓▓; Amount - $1,035 ; Plaintif - Fox Rest LLP; Address: 4301 EAST PARHAM ROAD, RICHMOND, VA 23273-0001

Satisfied Judgment Filed 03/2009; Henrico District CRT; Case or ID # - GV09005312; Defendant - ▓▓▓; Amount - $1,035 ; Plaintif - Fox Rest; Satisfied-11/2009; Address: 4301 EAST PARHAM ROAD, RICHMOND, VA 23273-0001

Blumberg No. 5118

EXHIBIT 3