IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| |
|---|
| DONNA K. SOUTTER , *for herself and on behalf of others similarly situated individuals,*<br><br>**Plaintiffs,**<br><br>v.<br><br>EQUIFAX INFORMATION SERVCES, LLC,<br><br>**Defendants.** |

Civil Action No. 3:10cv107-REP

**PLAINTIFF'S SUPPLEMENTAL FILING REGARDING THE**
**DATE RANGE FOR CLASS CERTIFICATION**

COMES NOW the Plaintiff, by counsel, in response to inquiry from the Court seeking the parties' position(s) as to the date range that would be appropriately covered by an order of the Court certifying Plaintiff's putative class.  As her supplemental filing she states as follows:

**THE OPENING DATE OF THE CLASS PERIOD SHOULD BE**
**FEBRUARY 17, 2008**

The Plaintiff filed her initial Complaint in this case on February 17, 2010. (Docket No. 1).  While she pled a class definition that was (admittedly) overbroad, the Complaint clearly outlined the nature of the claim still before the Court with the class definition requested in Plaintiff's more recent filings and argument.   While the class

definition has changed (and may change again when the Court rules), the substantive claims have not.

Following the Court's communication requesting the present briefing, the parties' counsel conferred and were unable to reach agreement. It is apparently Equifax's position that the class period should start at some period later than the two-year period before the initial filing of the Complaint. There is no sensible, let alone legal basis for a class period tied to anything other than the initial Complaint.

Determination of the proper class period requires consideration of several provisions of Rule and statute. Initially, the Court needs to fix the relative time to track back from the filing (or notice) date. More simply – is the Plaintiff's Fair Credit Reporting Act (FCRA), 15 U.S.C. §1681e(b) claim subject to a two or a five year limitations period? The FCRA limitations is detailed at §1691p which states:

> An action to enforce any liability created under this subchapter may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction, not later than the earlier of—
> (1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or
> (2) 5 years after the date on which the violation that is the basis for such liability occurs.

Consumer claims under the FCRA are governed by a period of limitations of the shorter of five years from accrual of the claim or two years from discovery of the "violation." "Given FCRA's clear wording, a plaintiff must file suit within two years from the date that he learns that a credit reporting agency or lender did not act as required by the statute in response to his dispute." *Broccuto v. Experian Info. Solutions, Inc.*, CIV.A. 3:07CV782HEH, 2008 WL 1969222 (E.D. Va. May 6, 2008)

However, in a class case as this one, enlargement of the statute beyond the two-year period could suggest additional predominance and manageability problems that are avoided entirely with a class definition tracking back just two years.[1] Defendant would argue that this could require individualized inquiries for many consumers in order to determine whether or not a class member had actual notice of the violation. Accordingly, Plaintiff asks the Court to certify the class of persons who suffered the FCRA violation at issue in the case on or after February 17, 2008, the date two years before her initial Complaint was filed. As a practical matter this would be primarily an academic point as most consumers who had a qualifying credit report inquiry in March 2008 would also have had one in later 2008. They would be a class member regardless of whether or not the class date range was more circumscribed.

Two other legal conclusions are also relevant. First, as the Court is likely aware, the claims of individual class members are tolled during the pendency of a class action. *Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538, 550-51, 94 S. Ct. 756, 764-65, 38 L. Ed. 2d 713 (1974)("[W]here the District Court found that the named plaintiffs asserted claims that were 'typical of the claims or defenses of the class' and would 'fairly and adequately protect the interests of the class,' Rule 23(a)(3), (4), the claimed members of the class stood as parties to the suit until and unless they received notice thereof and chose not to

---

[1] This case is in contrast to a claim based solely on a failure to deliver a required notice or an impermissible use of the report, where such determinations would be easier and more systematically made. See e.g. *Yarish v. Downey Fin. Corp.*, 3:08-CV-00380-HEH, 2009 WL 1208178 (E.D. Va. Apr. 28, 2009); *In re Farmers Ins. Co., Inc., FCRA Litig.*, CIV-03-158-F, 2010 WL 3835716 (W.D. Okla. Sept. 20, 2010) *leave to appeal denied,* 10-704, 2010 WL 5497794 (10th Cir. Dec. 27, 2010)

continue. Thus, the commencement of the action satisfied the purpose of the limitation provision as to all those who might subsequently participate in the suit as well as for the named plaintiffs."). See also *Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345, 353, 103 S. Ct. 2392, 2397, 76 L. Ed. 2d 628 (1983). This "equitable tolling" applies until the class certification motion is formally denied or the class members are otherwise put on notice. In this case, the Plaintiff's initial Complaint pled a class that included every consumer about whom Equifax had reported a judgment that had been satisfied, vacated or appealed. (Docket No. 1, ¶14). In contrast the definition advocated in the Plaintiff's Motion for Class Certification limited this initial class to effectively exclude any persons – if there are any – of such persons for whom Equifax has updated its reporting to note the judgment with its accurate satisfied, vacated or appealed status. The current definition is less inclusive than the first. Yet Equifax's position would apparently be that the interim filing of the Amended Complaint suggested a class definition tied to the City of Richmond General District Court. (Docket No. 3). However, the actual class definition within the Amended Complaint as in the Complaint itself remains fluid. The pled class definition need not include all details or contain the exactness otherwise needed within a Class Certification Order to determine membership. *See* Plaintiff's Reply Memorandum, p. 12, 18. *Sembach v. McMahon Coll., Inc.*, 94 F.R.D. 260, 262 (S.D. Tex. 1982) (Permitting expansion of class definition even after a Rule 23 Order and concluding, "Finally, the Court rejects this defendant's argument that the claims of the persons sought to be included in the class are barred by the applicable statute of limitations. Compliance with a statute of limitations is determined with the filing of the complaint and not a Rule 23(c)(1) class certification order perforce issued

4

subsequently.") Persons protected by *American Pipe* tolling will include those within the class as ultimately defined. As the Supreme Court explained:

> Under present Rule 23, however, the difficulties and potential for unfairness which, in part, convinced some courts to require individualized satisfaction of the statute of limitations by each member of the class, have been eliminated, and there remain no conceptual or practical obstacles in the path of holding that the filing of a timely class action complaint commences the action for all members of the class <u>as subsequently determined.</u>

*Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538, 550, 94 S. Ct. 756, 764, 38 L. Ed. 2d 713 (1974) (emphasis added). The relevant considerations for equitable application of the statute of limitations simply do not apply in a case as this one. Nothing has changed in the case for Equifax. It has had full notice of the claims at issue. The facts alleged have not varied between the Complaint and the Amended Complaint.

The second important consideration is Federal Rule of Civil Procedure 15(c). "Rule 15(c) is based on the notion that once litigation involving particular conduct or a given transaction or occurrence has been instituted, the parties are not entitled to the protection of the statute of limitations against the later assertion by amendment of defenses or claims that arise out of the same conduct, transaction, or occurrence as set forth in the original pleading. Thus, the rule states that amendments meeting this standard relate back to the date of the initial pleading." FPP § 1496, 6A Fed. Prac. & Proc. Civ. § 1496 (3d ed.) This is true even if a new Plaintiff is added, so "long as defendant is fully apprised of a claim arising from specified conduct and has prepared to defend the action, defendant's ability to protect itself will not be prejudicially affected if a new plaintiff is added, and defendant should not be permitted to invoke a limitations defense." FPP § 1501, 6A Fed. Prac. & Proc. Civ. § 1501 (3d ed.). The facts in this case have never

5

changed. Equifax's challenged conduct and even the specific FCRA claim at issue remain. As this Court has considered:

> The Supreme Court has stated that "[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order." *Mayle v. Felix,* 545 U.S. 644, 664 (2005). Nevertheless, an amended claim "does not relate back (and thereby escape [the] one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Id.* at 650.

*United States v. Clayton*, 3:07CR488, 2010 WL 4735762 (E.D. Va. Nov. 15, 2010). There is no possible way that Equifax could assert prejudice from the relation back of the claim. In fact, while Equifax would apparently complain that the class definition sought by the Plaintiff changed increased the class from one size to another, it would actually remain within the Court's discretion to relate the claims of an entire class back to a Complaint that initially pled only an individual cause. *Sokolski v. Trans Union Corp.*, 178 F.R.D. 393, 397 (E.D.N.Y. 1998) (In FDCPA consumer credit case, Plaintiff's amended complaint adding a class claim against Trans Union related back to the initial individual claim). See also *Anderson v. Montgomery Ward & Co., Inc.*, 852 F.2d 1008, 1018 (7th Cir. 1988); *Paskuly v. Marshall Field & Co.*, 646 F.2d 1210, 1211 (7th Cir. 1981) (Nature of original filing put Defendant "on notice" of possibility of class allegation).

Accordingly, as Equifax was fully on notice of the same claims now before the Court and was already subject to the same discovery as a result, it suffered no prejudice as a result of any contraction or expansion of the Plaintiff's expression of an intended class definition sufficient to bar the relation back of the present class claims to the initial Complaint. The proper opening date of the class should be February 17, 2008.

The Plaintiff also suggests that the class period end as of the date that the Court enters its certification Order as the parties will thereafter be obligated to create a class list and to provide class notice.

                                                             **DONNA K. SOUTTER,** *for herself and on behalf of others similarly situated individuals,*

                                                             _____/s/_____
Leonard A. Bennett, Esq.
VSB #37523
Attorney for Plaintiff
CONSUMER LITIGATION ASSOCIATES, P.C.
12515 Warwick Boulevard, Suite 100
Newport News, Virginia 23606
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
lenbennett@cox.net

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 1st day of March, 2011, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

| | |
|---|---|
| John W. Montgomery, Jr., Esq.<br><br>Montgomery & Simpson, LLLP<br><br>2116 Dabney Road<br><br>Suite A-1<br><br>Richmond, VA  23230<br><br>jmontgomery@jwm-law.com | Barry Goheen, Esq.<br><br>King & Spalding<br><br>1180 Peachtree Street, NE<br><br>Atlanta, GA  30309-3521 |
| John Anthony Love<br><br>King & Spalding<br><br>1180 Peachtree Street, NE<br><br>Atlanta, GA  30309-3521<br><br>tlove@kslaw.com | Keasha Ann Broussard, Esq.<br><br>King & Spalding<br><br>1180 Peachtree Street, NE<br><br>Atlanta, GA  30309-3521<br><br>abroussard@kslaw.com |

                                                    _____/s/_____

                                       Leonard A. Bennett, Esq.
                                       VSB #37523
                                       Attorney for Plaintiff
                                       CONSUMER LITIGATION
                                       ASSOCIATES, P.C.
                                       12515 Warwick Boulevard, Suite 100
                                       Newport News, Virginia 23606
                                       (757) 930-3660 - Telephone
                                       (757) 930-3662 – Facsimile
                                                lenbennett@cox.net