**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| DONNA K. SOUTTER, ) | CASE NO. 3:10-cv-00107-REP |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| EQUIFAX INFORMATION ) | |
| SERVICES LLC, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S MEMORANDUM
CONCERNING TEMPORAL PARAMETERS OF PROPOSED CLASS**

Defendant, Equifax Information Services LLC ("Equifax"), by Counsel, at the Court's request, files its Memorandum Concerning Temporal Parameters of Proposed Class.

**INTRODUCTION**

This is a proposed class action lawsuit under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. ("FCRA"). Plaintiff alleges that Equifax violated § 1681e(b) of the FCRA in relation to the collection of certain public record information in the Commonwealth of Virginia. Plaintiff's motion for class certification was argued on February 22, 2011. Following oral argument, the Court took Plaintiff's motion under advisement and directed the parties to submit their positions concerning the appropriate temporal parameters of any proposed class. As discussed below, Equifax respectfully submits that it is difficult, if not impossible, to determine the appropriate temporal parameters of the class under these circumstances, just as Equifax has maintained that it is not possible to ascertain the members of the proposed class. Nevertheless, in

compliance with the Court's directive and without waiving its arguments that class certification is not appropriate for the reasons explained in Equifax's response in opposition to the class certification motion (Doc. 77) and in the oral argument on the motion on February 22, 2011, Equifax submits this memorandum.

## RELEVANT PROCEDURAL BACKGROUND

The operative complaint in this case is the "First Amended Class Complaint" filed on February 26, 2010.[1] (Doc. 3.) That complaint proposed the following class definition:

> All consumers (a.) who Equifax credit files show had a primary address in Virginia as of February 17, 2010, (b.) about whom Equifax furnished a consumer report to a third party that showed a civil judgment in the General District Court for the City of Richmond at any time on or after February 17, 2008; and (c.) where, on such date the report was furnished, the records of the General District Court for the City of Richmond showed that the judgment had been satisfied, appealed, vacated or otherwise set aside."

(Doc. 3 ¶ 24.)

Thus, the operative complaint (1) included only the Richmond General District Court (not any Circuit Courts in Virginia or other District Courts in Virginia); and (2) proposed, a beginning class period of "any time on or after February 17, 2008." (*Id.*) Several months latter, Plaintiff proposed two additional class definitions -- one in response to Equifax's interrogatories and another in her reply in support of class certification -- that retreated from the "at any time on or after February 17, 2008" proposal contained in the amended complaint. First, in her interrogatory response, Plaintiff proposed a temporal parameter of "in February 2008 or a month thereafter." *See*

---

[1] Plaintiff's original complaint was filed on February 17, 2010 -- just 9 days before the filing of the amended complaint. The original complaint appears to have been a mere placeholder for Plaintiff's lawsuit as the class definition did not even describe any illegal conduct ("All consumers for whom Equifax furnished a consumer report which reported a judgment that was either set aside, vacated or dismissed with prejudice.") (Doc. 1, ¶ 14). Equifax did not file an answer to the original complaint and, therefore, the issues were not joined as to those claims. Further, the original complaint was limited to the Richmond General District Court. (*Id.*, ¶¶ 1, 10.)

Doc. 77-19, p. 8 (Pl's Resp. to Def's Interrog. No. 15.) Second, in her reply in support of class certification, Plaintiff again retreated from a firm temporal parameter and merely proposed a method that checked to see whether a judgment that was "satisfied, appealed or vacated more than 30 days earlier was reported in Equifax's file as remaining unpaid." (Doc. 79, p. 13.) During the argument on her motion for class certification, Plaintiff stated that it was this final proposed definition of the class that she asked the Court to certify. *See* 2/21/11 Tr., pp. 3-4.

## ANALYSIS

### I. THE FAIR CREDIT REPORTING ACT

To determine an appropriate temporal parameter for a proposed class in this case, it is necessary to consider the language of the single section of the FCRA under which this case is brought as well as the Act's statute of limitations. Each is discussed below.

#### A. The Requirements of FCRA § 1681e(b)

Specifically, the only claim in the case is under § 1681e(b) of the FCRA. (Doc., 3, ¶¶ 23-35.) This one-sentence provision states that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). The FCRA defines "consumer report" as "any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for [credit]." 15 U.S.C § 1681(a)(d)(1).

Therefore, as the plain language of the FCRA states, a violation of § 1681e(b) requires, at a minimum, the "communication" of a "consumer report." It is not enough, in the context of the claims made in this case, for Plaintiff merely to demonstrate that there was a satisfaction or other judgment disposition in the records of the Richmond General District Court (or any other court in Virginia) that was not reflected in Equifax's credit file for a particular consumer. The additional step of issuing a consumer report to a third party must occur. *See, e.g., Wantz v. Experian Info. Sols., Inc*., 386 F.3d 829, 833 (7th Cir. 2004), *abrogated on other grounds in Safeco Ins. of Am. v. Burr*, 551 U.S. 47 (2007) (without a consumer report, there is no liability under § 1681e(b)); *Smith v. First Nat'l Bank of Atlanta*, 837 F.2d 1575, 1578 (11th Cir. 1988) (reasoning that there can be no liability where there is no consumer report); *Renninger v. ChexSystems*, 1998 WL 295497, **4-5 (N.D. Ill. May 22, 1998) (there cannot be a "consumer report" without disclosure to a third party). As discussed below, this requirement of the FCRA impacts the analysis of any temporal parameter for the class definition.

B.   **The FCRA's Statute of Limitations**

The FCRA's statute of limitations provision was amended in 2003. *See* 15 U.S.C. § 1681p. Prior to the amendment, a plaintiff was required to bring all claims within two years of the "date on which the liability arises" regardless of when the consumer discovered the violation. *See* 28 U.S.C. § 1681p (1970). The 2003 amendment, which became effective on March 31, 2004, provides that a suit under the FCRA must be filed within two years of the "discovery by the plaintiff of the violation that is the basis for … liability" but in no event more than five years after the date of such alleged violation. *See* 15 U.S.C § 1681p. Courts have declined to apply this new discovery rule retroactively.

*See*, *e.g.*, *Sweitzer v. Am. Express Centurion Bank*, 554 F. Supp. 2d 788 (S.D. Ohio Mar. 24, 2008); *Benjamin v. Coker*, 2007 WL 433574 (D. Ariz. Feb. 6, 2007).

In this present case, Plaintiff proposes a temporal parameter of February 17, 2008 -- two years prior to the filing of the original complaint.[2] This proposal, however, ignores the fact that an individual analysis must be performed for each consumer to determine (1) when the violation occurred for that specific consumer and, (2) when the consumer knew or should have known of the violation. In fact, there may be circumstances where class members' claims are governed by the pre-2004 statute of limitations. For example, if a consumer was aware of a Virginia court judgment on her credit file in 2002 that should have been reported as satisfied based on the court file, then that consumer's claim should be time barred even if subsequent copies of the credit file were issued to third parties. *See Bermudez v. Equifax Info. Servs., LLC*, 2008 WL 5235161, *2 (M.D. Fla. Dec. 15, 2008) (republication by consumer reporting agency of the same inaccurate information that appeared earlier in other credit reports that plaintiff knew about does not restart statute of limitations; summary judgment granted).

## II. THE TWO SEPARATE TEMPORAL PARAMETERS CREATED BY PLAINTIFF'S NUMEROUS, EVER-CHANGING CLASS DEFINITIONS

As discussed above and in Equifax's opposition to Plaintiff's motion for class certification, Plaintiff proposed four separate class definitions through the filing of his motion for class certification. (Doc. 73.) In her interrogatory responses, dated September 28, 2010, Plaintiff expanded her proposed class to include not just the Richmond General District Court, but also the other district courts throughout Virginia as

---

[2] Although the proposed class definition in Plaintiff's reply in support of class certification does not contain a temporal parameter, the parties met and conferred on this issue on February 28, 2011; in that conference, Plaintiff's counsel advised that he intends to propose the February 17, 2008 beginning date.

well as the Circuit Courts. (Doc. 77-19.) Even assuming that Plaintiff's proposed temporal parameter is correct, Plaintiff's delay in expanding the proposed class to include these other courts creates two separate temporal parameters in the case -- one for the consumers in the Richmond General District Court (February 17, 2008) and a second for those consumers in all the other state courts in Virginia (September 28, 2008).

There is no basis to support relating the proposed expanded class back to the filing of the original complaint. Indeed, courts have rejected efforts to expand proposed classes as Plaintiff has attempted here. For example, in *Cliff v. Payco General American Credits, Inc.,* 363 F.3d 1113 (11th Cir. 2004), the plaintiff initially proposed a class limited to consumers within Florida; seven months later, he proposed an amended complaint that added a nationwide class. The district court held that the amended complaint did not relate back to the original complaint, and the Eleventh Circuit agreed; "in this case, [plaintiff] made the strategic decision to limit the class to individuals residing in one state, and subsequently decided -- after the statute of limitations had run -- that he wished to expand his suit to encompass individuals in all fifty states." 363 F.3d at 1133 n. 16. As such, the expanded class definition did not relate back.

The same logic applies here, where the operative complaint proposed a class limited to one court -- the Richmond General District Court, where the named Plaintiff's judgment had been entered.[3] Seven months later -- the same period of time at issue in *Cliff* -- she decided to expand the class definition from one court to the over 250 General District and Circuit Courts in Virginia. In fact, it is arguable that, without any new

---

[3] It should also be noted that the amended complaint included a second plaintiff -- Tony Lee Webb - with claims that had nothing to do with the claims asserted by Ms. Soutter. Including these distinct, unrelated claims in the amended complaint did not serve to alert Equifax that the Soutter claims might subsequently be expanded to include other courts. To the contrary, the inclusion of the Webb claims had the opposite effect.

complaint attempting that amendment, the interrogatory responses were, standing alone, insufficient to supply adequate notice to Equifax. Further, as discussed in Equifax's opposition to Plaintiff's motion for class certification, the procedures related to each court are different and a jury would need to consider each procedure and court individually and make a separate determination for each concerning whether the procedures for each court is "reasonable." Permitting Plaintiff to relate back the claims regarding other courts, to which completely different procedures and scheduled pick up and reporting times for public records apply, would be unfairly prejudicial to Equifax because both the original complaint and the amended complaint never suggested that the procedures related to these other courts (or which there are over 200) would be similarly tested. Under these circumstances, at a minimum, the Court should not allow any class(es) outside the Richmond General District Court to have a start date prior to September 28, 2008.[4]

## CONCLUSION

Equifax is prepared to submit further briefing on this issue at the Court's request. Equifax and Plaintiff conferred and were not able to reach an agreement on the temporal parameters of any proposed class.

---

[4] In rebuttal during the February 22 argument, Plaintiff's counsel asserted that Equifax somehow had "agreed" to the expanded class. Equifax did no such thing; it merely consented to a motion to amend the (still operative) complaint. For whatever reason, Plaintiff never attempted to file an amended complaint. Equifax should not be penalized for Plaintiff's strategic decision not to seek an amendment.

Respectfully submitted, this 2nd day of March, 2011.

/s/
John W. Montgomery, Jr.
Virginia State Bar No. 37149
Counsel for Equifax Information Services, LLC
Montgomery & Simpson, LLLP
2116 Dabney Road, Suite A-1
Richmond, VA 23230
Telephone (804) 355-8744
Facsimile (804) 355-8748
Email: jmontgomery@jwm-law.com


## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of March, 2011, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Leonard A. Bennett
Consumer Litigation Associates
12515 Warwick Boulevard
Suite 100
Newport News, Virginia  23606

Dale Wood Pittman
The law Office of Dale W. Pittman, PC
112-A W Tabb St
Petersburg, VA 23803

Matthew James Erausquin
Consumer Litigation Associates, PC
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
***Counsel for Plaintiff***

/s/
John W. Montgomery, Jr.
Virginia State Bar No. 37149
Counsel for Equifax Information Services, LLC
Montgomery & Simpson, LLLP
2116 Dabney Road, Suite A-1
Richmond, VA 23230
Telephone (804) 355-8744
Facsimile (804) 355-8748
Email: jmontgomery@jwm-law.com