IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| DONNA K. SOUTTER, *for herself and on behalf of others similarly situated individuals,*<br><br>**Plaintiffs,**<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES, LLC,<br><br>**Defendants.** | Civil Action No. 3:10cv107-REP |

**PLAINTIFF'S MEMORANDUM IN REPLY TO DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S MEMORANDUM CONCERNING TEMPORAL PARAMETERS OF PROPOSED CLASS**

COMES NOW the Plaintiff, by counsel, in reply she states as follows:

**ARGUMENT**

Plaintiff makes this Reply to highlight two misstatements of law suggested by Defendant Equifax Information Services, LLC ("Equifax").[1]

First, Equifax argues that the statute of limitations for a claim under 15 U.S.C. §1681e(b) would run from the date that an inaccuracy was first discovered in a consumer's credit report. Def. Mem. p. 5. Its argument is supported only by the citation

---

[1] Plaintiff properly styles this Memorandum as a Reply to Equifax's brief given the opportunity presented to Equifax by its (justifiably) delayed filing after Plaintiff's timely filing. Equifax had an opportunity to review Plaintiff's brief and would appropriately have incorporated its response in its own filing.

to one case, not cited by any other Court and lacking any substantive explanation for its conclusion. Equifax cannot credibly believe this position to be true – it didn't even raise the issue in its opposition to class certification.

Such argument confuses the statutory text at 15 U.S.C. §1681p in two ways. First, it would substitute the word "inaccuracy" for the statute's word "violation." Thus, defendant would improperly suggest that what Congress really meant was not "2 years after the date of discovery by the plaintiff of the <u>violation</u> that is the basis for such liability", but instead "2 years after the date of discovery by the plaintiff of the inaccuracy that is the basis for such liability." Each dispute and failure to comply with the FCRA's investigation requirement will itself be the basis for a separate FCRA violation. Defendant's position to the contrary is not only inconsistent with the statutory text, but as well with nearly every court decision applying such text. Most recently and directly on point, the Southern District of Illinois explained the underlying reasoning for such decisions:

> Likewise, when different forms of unlawful conduct occur over the course of several years, and the putative plaintiff thereafter files suit; it is possible that some statutory bases of her recovery may be time-barred while she may yet proceed with other claims arising from the defendant's more recent violations. A contrary ruling would allow an actor to commit minor infractions in violation of federal law, wait for the applicable statute of limitations to pass, and thereafter escalate both the breadth and depth of its illegal conduct with impunity, violating new provisions within the statute and ramping up the intensity of its earlier violations.

*Pletz v. MBNA America, NA*, 2007 WL 518756, *3 (S.D.Ill2007). *See also e.g. Thomas v. U.S. Bank, N.A.,* 2007 WL 764312, *5 (D. Or. 2007); *Jaramillo v. Experian Information Solutions, Inc.,* 155 F.Supp.2d 356,359 (E.D. Pa. 2001); *Hyde v. Hibernia*, 861 F.2d 446 (5th Cir.l988) ("each transmission of the same credit report is a separate and distinct tort

to which a separate statute of limitations applies"); *Campbell v. Chase Manhattan Bank*, 2005 WL 1514221, *11 n. 5 (D.N.J., June 27, 2005) (unpublished) (same), amended on reconsideration on other grounds, 2005 WL 1924669 (D.N.J., Aug. 10, 2005); *Lawrence v. Trans Union LLC*, 296 F.Supp.2d 582, 587 (E.D.Pa.2003) (same); *Acton v. Bank One Corp.*, 293 F.Supp.2d 1092, 1098 (D.Ariz.2003) (same); *Jaramillo v. Experian Information Solutions, Inc.*, 155 F.Supp.2d 356, 359-60 (E.D.Pa.2001) (same), reconsideration granted on other grounds, 2001 WL 1762626 (E.D. Pa., June 20, 2001); *Whitesides v. Equifax Credit Information Servs.*, 125 F.Supp.2d 807, 812 (W.D.La.2000); *Gill v. Kostroff*, 2000 WL 141258, *5 (M.D.Fla., Feb. 8, 2000) (unpublished); *Wilson v. Porter, Wright, Morris & Arthur*, 921 F.Supp. 758, 759 (S.D.Fla.1995) ("[t]he alleged violations of the FCRA by Equifax occurred when the credit reports were issued"); *Lawhorn v. Trans Union Credit Information Corp.*, 515 F.Supp. 19, 20 (E.D.Mo.1981).

The alleged violation was Equifax's furnishing of a consumer report without following reasonable procedures to assure maximum possible accuracy. 15 U.S.C. § 1681e(b). It is the furnishing of the report under such conditions that violates the statute – just as Equifax explains in their memorandum. Thus the FCRA violation occurs when that discrete event occurs. This is an objectively determinable element: it is reflected in Equifax's files as a "hard inquiry."

The second incorrect application of the case law suggested by Equifax is in its response to Plaintiff's explanation of Fed. R. Civ. P. 15(c). Again, its argument is limited solely to: "here is a case that concludes as we want." There is no explanation or even an examination of *Cliff v. Payco General American Credits, Inc.*, 363 F.3d 1113 (2004) offered. Def. Mem. p. 6. *Cliff* does not stand for Equifax's implied proposition that

enlargement of an individual or class claim into a larger class definition is restricted or substantially limited. Instead, all *Cliff* stands for is the proposition that the District Court in that case did not abuse its discretion in refusing to enlarge the class definition in *Cliff*. *Cliff*, 363 F.3d at 1122. ("Therefore, the district court did not clearly err when it concluded that Cliff's original complaint did not provide OSI with adequate notice of the nationwide class, nor did it clearly err when it concluded that relation back would unfairly prejudice OSI.") In contrast, in the present case, even in its response to Plaintiff's Supplemental filing Equifax fails to present even an argument as to how it would be prejudiced or surprised by the relation back of the present class definition.

**DONNA K. SOUTTER,** *for herself and on behalf of others similarly situated individuals,*

_____/s/_____
Leonard A. Bennett, Esq.
VSB #37523
Attorney for Plaintiff
CONSUMER LITIGATION ASSOCIATES, P.C.
12515 Warwick Boulevard, Suite 100
Newport News, Virginia 23606
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
lenbennett@cox.net

**CERTIFICATE OF SERVICE**

I hereby certify that on this 2st day of March, 2011, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

| | |
|---|---|
| John W. Montgomery, Jr., Esq.<br><br>Montgomery & Simpson, LLLP<br><br>2116 Dabney Road<br><br>Suite A-1<br><br>Richmond, VA  23230<br><br>jmontgomery@jwm-law.com | Barry Goheen, Esq.<br><br>King & Spalding<br><br>1180 Peachtree Street, NE<br><br>Atlanta, GA  30309-3521 |
| John Anthony Love<br><br>King & Spalding<br><br>1180 Peachtree Street, NE<br><br>Atlanta, GA  30309-3521<br><br>tlove@kslaw.com | Keasha Ann Broussard, Esq.<br><br>King & Spalding<br><br>1180 Peachtree Street, NE<br><br>Atlanta, GA  30309-3521<br><br>abroussard@kslaw.com |

        /s/        

Leonard A. Bennett, Esq.
VSB #37523
Attorney for Plaintiff
CONSUMER LITIGATION
ASSOCIATES, P.C.
12515 Warwick Boulevard, Suite 100
Newport News, Virginia 23606
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
       lenbennett@cox.net