UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

DONNA K. SOUTTER,
*on behalf of herself and those*
*similarly situated,*

    Plaintiffs,

    v.                                     Civil Action No. 3:10CV00107(REP)

EQUIFAX INFORMATION SERVICES LLC,

    Defendant.

**DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S OBJECTIONS TO PLAINTIFF'S PROPOSED SCHEDULE AND PROCEDURES FOR CLASS NOTIFICATION, FOR COMPLETING DISCOVERY AND TO SET A TRIAL DATE AND PROPOSED ALTERNATIVE PHASE 2 SCHEDULE AND PLAN**

    Defendant, Equifax Information Services LLC ("Equifax"), by counsel, files its Objections to Plaintiff's Proposed Schedule and Procedures for Class Notification, for Completing Discovery and to Set a Trial Date ("Plaintiff's Proposal") and offers its Proposed Alternative Phase 2 Schedule and Plan as follows:

    1.    Last week, the parties agreed to ask the Court to continue the status conference set for April 13 to the first available date in May. (*See* Doc. 93.)

    2.    The reasons for this request included (1) scheduling issues on the part of Equifax's counsel; and (2) the desire of the parties to use the additional time to (a) negotiate the language of the proposed notice to the class; and, more significantly, (b) attempt to negotiate the terms, content, and logistics of any additional data that Equifax will produce to plaintiff as part of plaintiff's ongoing effort to ascertain and/or identify the class members in this case.

    3.    After Equifax filed the Agreed Motion to Continue Status Conference, plaintiff filed Plaintiff's Proposal hours later. (*See* Docs. 94 and 94-1.)

4.     If the Court grants the Agreed Motion to Continue Status Conference, then Equifax requests that the parties be given until two business days before the rescheduled status conference in May to further confer and submit a joint proposal. Equifax believes that the issues can be narrowed if the Agreed Motion is granted and the parties are afforded the additional few weeks to negotiate these complex issues.

5.     Nevertheless, since plaintiff has now filed her proposed schedule and "plan" for Phase 2, Equifax, in an abundance of caution, submits its own proposed schedule and its objections to plaintiff's proposed schedule and "plan."

6.     Equifax's proposed Schedule (including dates upon which Plaintiff and Equifax agree):

**Beginning of Discovery**:     May 1, 2011

**Plaintiff's Expert Disclosures Due:**     July 15, 2011

**Defendant's Expert Disclosures Due:**     August 15, 2011 (**Note**: Plaintiff proposed a contemporaneous exchange of expert disclosures by Plaintiff and Equifax. Equifax objects to this and requests that it be permitted to disclose its expert(s) after Plaintiff makes her disclosures.)

**End of Discovery**:     October 31, 2011 (**Note**: Although Plaintiff does not propose a specific date for the end of Phase 2 discovery, she does propose that rebuttal expert disclosures be due September 15, 2011, thus implicitly suggesting a discovery window of between five and six months. Equifax proposes a five month discovery window of five months, beginning May 1, 2011.)

**Deadline to File Motions for Summary Judgment:**     November 30, 2011

**Responses to Motions for Summary Judgment:**     December 15, 2011

**Reply Briefs on Motions for Summary Judgment:**     December 21, 2011

2

**Trial Date:** 45 - 60 Days after ruling on all pending dispositive motions. (**Note**: although Plaintiff's Proposal suggests that the "parties agree" that the trial date should be in November, 2011, Equifax has never agreed to a November trial date. Such an early trial date would not permit adequate time for the filing and consideration of Equifax's anticipated motion for summary judgment that it intends to file following the close of discovery.)

7.      Equifax also objects to the following portions of Plaintiff's Proposal:

**Development of the Class List**: Equifax objects to Plaintiff's proposal concerning the development of the class list, particularly any requirement that Equifax be required to provide Plaintiff (or Plaintiff's designee or agent) with "a knowledgeable employee to work together with Rust to determine the full limits and available data in Equifax's credit file database in order to develop the Class List." (Doc. 94, ¶ 1(b).)   All that this proposal demonstrates is that the proposed class, as Equifax has consistently argued, is not ascertainable.  It is not appropriate to require Equifax to devote one if its employees to the full-time task of working with the class administrator or Plaintiff's counsel to develop a "Class List."  This likely will be a manual process that simply is not appropriate, and Plaintiff's proposal cites no case that would allow a court to impose such an onerous requirement on a corporate defendant, which Equifax would construe as akin to an injunction mandating one of its employees to work with the administrator and/or Plaintiff's counsel.  Equifax respectfully states that such a requirement is not supported by the law.

**Class Discovery**: Equifax objects to Plaintiff's request for 45 interrogatories and 15 depositions per side.  This is excessive.  The parties have already exchanged voluminous discovery and documents and taken depositions in Phase 1.  Although the earlier discovery focused primarily on Phase 1, there was substantial overlap with Phase 2 issues and much of the document production will be identical in Phase 2.  Plaintiff's request for such a large number of interrogatories and depositions in Phase 2 is unnecessary and would only case unnecessary burden and expense for Equifax.

8.      Should the Court deny the Agreed Motion to reschedule the status conference and permit additional time for the parties to negotiate these issues and submit a joint report, Equifax requests leave to file supplemental objections to Plaintiff's Proposal.

Wherefore, Equifax requests that the Court grant the Agreed Motion and strike Plaintiff's Proposal pending submission of a joint proposed scheduling order and plan by the parties after further negotiation.

 Respectfully submitted this 11th day of April, 2011.

3

4

/s/
John W. Montgomery, Jr.
Virginia State Bar No. 37149
Counsel for Equifax Inc.
Montgomery & Simpson, LLLP
2116 Dabney Road, Suite A-1
Richmond, VA 23230
Telephone (804) 355-8744
Facsimile (804) 355-8748
Email jmontgomery@jwm-law.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 11th day of April, 2011, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Leonard A. Bennett
Matthew James Erausquin
Consumer Litigation Associates PC
3615-H Chain Bridge Rd
Fairfax, VA 22030

Dale Wood Pittman
The Law Office of Dale W. Pittman, P.C.
112-A W Tabb St
Petersburg, VA 23803-3212

Matthew James Erausquin
Consumer Litigation Associates PC
1800 Diagonal Road
Suite 600
Alexandria, VA 22314

/s/
John W. Montgomery, Jr.
Virginia State Bar No. 37149
Counsel for Equifax Inc.
Montgomery & Simpson, LLLP
2116 Dabney Road, Suite A-1
Richmond, VA 23230
Telephone (804) 355-8744
Facsimile (804) 355-8748
Email jmontgomery@jwm-law.com