UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

DONNA K. SOUTTER, *on behalf of herself and those similarly situated,*

      Plaintiffs,

      v.           Civil Action No. 3:10CV00107(REP)

EQUIFAX INFORMATION SERVICES LLC,

      Defendant.

**DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S PROPOSED DISCOVERY PLAN FOR PHASE II AND OBJECTIONS TO "PLAINTIFF'S AMENDED PROPOSED SCHEDULE AND PROCEDURES FOR CLASS NOTIFICATION, FOR COMPLETING DISCOVERY AND TO SET A TRIAL DATE"**

Defendant, Equifax Information Services LLC ("Equifax"), by Counsel, files its Proposed Discovery Plan for Phase II and its Objections to Plaintiff's Amended Proposed Schedule and Procedure to Notify the Class as follows:

**EQUIFAX'S PROPOSED SCHEDULE FOR PHASE II**

**I.    EQUIFAX AGREES ON THE TIMEFRAME FOR THE PARTIES TO CONDUCT PHASE II DISCOVERY, BUT NOT THE DATES PROPOSED BY PLAINTIFF.**

Plaintiff has proposed a five-month discovery period to run from May 2, 2011 through October 31, 2011 with dispositive motions being due approximately 30 days following the close of discovery. Equifax does not object to the length of the discovery period, the summary judgment briefing period, or the other timeframes and deadlines within the discovery period proposed by Plaintiff. Equifax respectfully suggests, however, that discovery not commence until the later of (1) the date, if any, that the Fourth Circuit denies Equifax's Rule 23(f) petition; or (2) should the Fourth Circuit grant Equifax's petition, the date that a final ruling is issued by the Fourth Circuit on the merits of Equifax's appeal.

Equifax agrees that it will be necessary to produce any private consumer data under either the existing protective order or a new protective order that is tailored specifically to the data of the unnamed class members. Equifax and Plaintiff are also working to negotiate the language of the class notice and Equifax requests and additional ten days to determine whether an agreement on the language of the notice can be reached without Court intervention.

## II. DISCOVERY SHOULD NOT COMMENCE UNTIL PLAINTIFF HAS COMPLETED HER EFFORTS TO CREATE A CLASS LIST.

This case is highly unusual among class actions. In most class actions, the defendant is able to generate a class list from its own records (such as how many consumers were sent a certain disclosure or charged a certain fee) without having to resort to external data, third parties, or a manual process to determine class membership. In this case, as Plaintiff concedes, she is unable to create a class list from Equifax's records alone, and it is undisputed that a list of class members cannot be generated electronically. Instead, Plaintiff proposes to retain an outside vendor, Rust Consulting ("Rust"), to review the records of the Virginia Supreme Court to compare them to certain data that she has requested from Equifax. Plaintiff has not provided any estimate for how long such a process would take or how much it would cost. Plaintiff's methodology is untested and, in Equifax's view, based upon flawed assumptions and a misunderstanding of the data that is to be used to create the list.

Further, it would be manifestly unfair to require Equifax to engage in Phase II discovery before the class list is created. This class action requires consumers to self-identify whether or not they believe they have actual damages in excess of $1,000 for purposes of whether they even belong in the class. Equifax should be permitted to depose those persons who claim to have less than $1,000 in actual damages in order to determine whether such persons, in fact, have actual damages in excess of $1,000 such that they would not be members of the class. Equifax is

unable to depose such individuals until the class list is complete. If discovery commences now, the class list will not be available for many months. Half of the discovery period -- and likely more -- will have expired before Equifax even knows whom it needs to depose. Equifax respectfully submits that the unique factors in this case call for an intermediate phase -- between Phase I and Phase II -- during which the Plaintiff's proposed methodology for creating the class list it tested and, if possible, the class list is created. Discovery should not commence until the class list is created, if that is even possible.

## EQUIFAX'S OBJECTIONS TO PLAINTIFF'S PROPOSED PHASE II PLAN

As stated above, Equifax does not have any objection to the general timeframes set forth in Plaintiff's proposed discovery plan. Equifax does, however, object to the following additional components of Plaintiff's proposed plan:

### I.   EQUIFAX OBJECTS TO PLAINTIFF'S PROPOSED METHODOLOGY FOR CREATING THE CLASS LIST.

Plaintiff proposes that Equifax make one of its employees available for use by Rust for the purposes of assisting Rust with developing the class list. Such an arrangement would be unprecedented and Plaintiff cites no legal authority for requiring Equifax to produce such a dedicated employee for the convenience of Rust and Plaintiff's counsel in their effort to create a list of class members; such an unprecedented, burdensome process plainly demonstrates the lack of ascertainability in this case. In any event, there is no reason to require Equifax employees to remove themselves from their normal job responsibilities or to require Equifax to absorb the cost of having one or more of its employees basically seconded to Rust and Plaintiff's counsel in such

a manner.[1] Further, Equifax's employees are required to follow strict privacy and confidentiality guidelines as it relates to consumer data, and the arrangement proposed by Plaintiff would likely result in violation of these guidelines.

Plaintiff also provides a "wish list" for data that she wants from Equifax without any estimate on the time that it would take Equifax to produce such data or the burden and expense involved. Equifax has preliminarily investigated the time and expense required to produce various data Plaintiff suggests she would seek in Phase II discovery and, based on that preliminary investigation, has learned: (a) if Plaintiff or Rust provides Equifax with a list of class members from their review of the Virginia Supreme Court database and Equifax then searches its own records against this list for the relevant information, the estimated time to complete is at least six to eight weeks; (b) if Equifax produces certain judgment-related data from two points in time (the beginning and end of the class period) for the subject consumers, the estimated time to complete is eight to ten weeks;[2] and (c) if Equifax is required to produce a full 24 months of archived credit file data for each consumer, the estimated time to complete is at least three months and probably more.

---

[1] Of course, because Plaintiff's proposed procedure is in furtherance of the nearly-impossible goal of creating a list of class members for purposes of disseminating notice, Plaintiff necessarily would absorb all costs associated with her proposal, including all costs imposed upon and incurred by Equifax in creating the class list; indeed, the law is clear that such costs are borne by the class plaintiff in such circumstances. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 349 (1978).

[2] The unreliability of this "beginning and end" approach is demonstrated by the fact that Plaintiff herself would not be captured by such an approach -- her judgment not having been reported in February 2008 (the beginning of the class period) and that judgment having been removed over a year before February 2010 (the end of the class period). Presumably, many more consumers would likewise fall outside these two poles, once again demonstrating the unreliability of the methods that can be used to identify the class members.

Further, the burden and expense upon Equifax to produce any of this data is estimated to be substantial and, depending on the type of data provided, will be, at a minimum, in the tens of thousands of dollars and possible in the hundreds of thousands of dollars should a full set of 24 months of frozen scans be required.  It is well settled under Supreme Court precedent that Plaintiff, not Equifax, should bear the burden of such substantial expenses.

## II.  EQUIFAX OBJECTS TO PLAINTIFF'S REQUEST FOR EXCESSIVE DISCOVERY.

Equifax objects to Plaintiff's request for 45 interrogatories and 15 depositions per side in Phase II.  Plaintiff provides no good cause or other basis to take Phase II outside the standards set forth in the Federal Rules of Civil Procedure.  Equifax proposes 25 interrogatories and ten depositions per side in Phase II.

 Respectfully submitted this 3rd day of May, 2011.

/s/
John W. Montgomery, Jr.
Virginia State Bar No. 37149
Counsel for Equifax Inc.
Montgomery & Simpson, LLLP
2116 Dabney Road, Suite A-1
Richmond, VA 23230
Telephone (804) 355-8744
Facsimile (804) 355-8748
Email jmontgomery@jwm-law.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 3rd day of May, 2011, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Leonard A. Bennett
Matthew James Erausquin
Consumer Litigation Associates PC
3615-H Chain Bridge Rd
Fairfax, VA 22030

Dale Wood Pittman
The Law Office of Dale W. Pittman, P.C.
112-A W Tabb St
Petersburg, VA 23803-3212

Matthew James Erausquin
Consumer Litigation Associates PC
1800 Diagonal Road
Suite 600
Alexandria, VA 22314

/s/
John W. Montgomery, Jr.
Virginia State Bar No. 37149
Counsel for Equifax Inc.
Montgomery & Simpson, LLLP
2116 Dabney Road, Suite A-1
Richmond, VA 23230
Telephone (804) 355-8744
Facsimile (804) 355-8748
Email jmontgomery@jwm-law.com