IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

DONNA K. SOUTTER, *for herself and on behalf of all similarly situated individuals*,

      Plaintiff,

v.

EQUIFAX INFORMATION SERVICES LLC,

      Defendant.

CIVIL ACTION NO.

3:10-CV-00107-REP

**MEMORANDUM IN SUPPORT OF DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S MOTION TO STAY DEADLINES
<u>PENDING INTERLOCUTORY REVIEW</u>**

Defendant, Equifax Information Services LLC ("Equifax"), by Counsel, files its Memorandum in Support of Motion to Stay Deadlines Pending Interlocutory Review. For the reasons set forth herein, Equifax's motion should be granted.

## <u>INTRODUCTION</u>

This matter is a class action lawsuit under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"). The Court granted the motion for class certification in March and, in April, Equifax filed a petition with the Fourth Circuit Court of Appeals seeking review of the class certification decision. In May, the Court conducted two telephonic status conferences to discuss issues related to class notice and issues concerning Phase II discovery, ultimately entering a scheduling order on May 17, 2011. In both conferences, the Court suggested that it would stay the case if the Fourth Circuit accepted Equifax's petition to appeal the class certification order. On June 1, 2011, the Fourth Circuit entered an order granting Equifax's petition for leave to file an interlocutory appeal. In light of the Fourth Circuit's decision, and in

furtherance of the Court's comments at the prior status conferences, Equifax respectfully requests that all deadlines in this case be stayed pending resolution of Equifax's appeal by the Fourth Circuit.

## ARGUMENT AND CITATION OF AUTHORITY

On June 1, 2011, the Fourth Circuit granted Equifax's petition, filed pursuant to Federal Rule of Civil Procedure 23(f), to appeal the Court's order granting the motion for class certification ("Equifax's Petition"). The Fourth Circuit's grant of Equifax's Petition impacts two orders the Court entered in this case two weeks before the Fourth Circuit's action: (1) the Court's order of May 17, 2011 (Doc. 107) adopting the parties' Joint Proposed Phase II Schedule (the "Scheduling Order"); and (2) the Court's Consent Order Re: Class List Data dated May 20, 2011 (the "Class List Order") (Doc. 114). In light of the Fourth Circuit's decision to review the class certification order, Equifax respectfully requests that the Court enter an order staying the deadlines set forth in the Scheduling Order and the Class List Order pending a final ruling by the Fourth Circuit on Equifax's appeal.

Indeed, the Court contemplated the need for such a stay during the two status conferences it held in this case last month, while Equifax's Petition was pending. First, during the May 4, 2011 status conference, the Court, while discussing the possibility that the Fourth Circuit might grant Equifax's Petition, explained that "if the [Fourth Circuit] grants the appeal, I think it's appropriate to stop the case, but you need to get going with the class list." (5/4/11 Tr., relevant portions of which are attached hereto as Exhibit A, 27:22-28:5.)

Second, during the May 16, 2011 status conference, the Court explained that if the Fourth Circuit granted Equifax's Petition, then the "whole process" would need to be "slowed down" and that "If they grant it, we'll just have to revisit what we're doing." (5/16/11 Tr., relevant

portions of which are attached hereto as Exhibit B, 23:24-24:6, 28:18-19.) Equifax respectfully suggests that a stay is appropriate given the Court's recent comments during the status conferences.

It is within this Court's discretion to enter a stay under these circumstances. *See Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936) (discretion to stay is "incidental to the power in every court to control the disposition of causes on its docket with economy of time and effort for itself, for counsel and for litigants"). Further, other courts in this Circuit have entered stays in order to permit Rule 23(f) petitions to be heard. For example, just last year, in *Brown v. Charles Schwab & Co., Inc.*, 2010 WL 424031, *1 (D.S.C. Feb. 1, 2010), the court entered such a stay and explained, in language that applies with equal force here:

> The difference between this case as a class action and this case as a direct action is significant, especially in terms of the burdensome and costly class-wide discovery that will take place if this case proceeds as a class action. Class-wide merits discovery would not only burden the parties (particularly Schwab), but it could also burden the court if discovery disputes were to arise. And any expenditure of resources on class-wide discovery will be for naught if the Fourth Circuit sides with Schwab in its appeal of the class certification decision.

The *Brown* court entered a stay even though (1) the 23(f) petition had not yet been granted (unlike here) and (2) many members of the "class of investors" were "of retirement age," and allegedly would "continue to suffer financial harm until this case is resolved." *Id.* Here, of course, Plaintiff has disclaimed any actual harm or actual damages for herself and those she purports to represent, so there is no risk whatsoever of the "financial harm" that the *Brown* class members claimed -- and even then that was insufficient to prevent a stay pending the outcome of the 23(f) appeal. *See also In re Lorazepam & Clorazepate Antiitrust Lit.*, 208 F.R.D. 1, 6 (D.D.C. 2002) ("In summary, a flexible balancing of the factors considered above reveals that while a denial of a stay at this juncture would cause no irreparable harm as a matter of law,

proceeding headlong into discovery and other matters before this Court has the very real potential of unnecessarily wasting significant resources of all parties (potentially including absent class members) . . . . A short stay of all matters pending a decision from the Court of Appeals is therefore warranted.").

In this case, the cost to Equifax of generating the class list has been a central issue of negotiations between the parties. As the Court noted during the May 4, 2011 status conference: "I know it takes time. I know it takes money." (Exhibit A, 38:9.) It would be manifestly unfair to require Equifax to continue to incur the time and expense to generate the data that Plaintiff believes she can use to create a class list when the outcome of the appeal in the Fourth Circuit could potentially render all the data unnecessary (if class certification is reversed) or require that the entire process be repeated using some different search criteria (if class certification is affirmed but modified to define the class differently, whether in terms of size, scope, or time -- all issues that the parties vigorously litigated in this Court prior to the Court's order granting class certification). As noted in the May 16, 2011 status conference Equifax has estimated that the costs for generating the data will be in the six-figure range. (Exhibit B, 12:9-10.) In order to avoid such unnecessary time and expense, the requirements related to the generation of class data and notice should be stayed.

Similarly, Phase II discovery should be stayed. Given the possibility that the class will be decertified or modified by the Fourth Circuit, it is unnecessary to proceed with burdensome, time-consuming, and costly class discovery at this stage. For example, if discovery and depositions proceed and the Fourth Circuit modifies the class definition, then the written discovery and depositions may need to be repeated to account for any changes by the Fourth Circuit. The more prudent, and less prejudicial, approach, would be to "slow down" the process

-- to use the words the Court used in the May 16 status conference -- until the Fourth Circuit has entered its final ruling.   Plaintiff cannot colorably claim any prejudice to a stay, and the potential for the parties -- especially Equifax -- to incur significant expense in discovery that may be unnecessary or may need to be repeated after the Fourth Circuit issues its opinion on the appeal counsels in favor of a stay.

## CONCLUSION

For the reasons set forth above, Equifax requests that its motion be granted.

DATED:  June 9, 2011.

/s/
John W. Montgomery, Jr.
Virginia State Bar No. 37149
Counsel for Defendant Equifax Information Services, LLC
MONTGOMERY & SIMPSON, LLP
2116 Dabney Road, Suite A-1
Richmond, Virginia 23230
Telephone:  (804) 355-8744
Facsimile:  (804) 355-8748
Email: jmontgomery@jwm-law.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of June, 2011, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Leonard A. Bennett
Matthew James Erausquin
Consumer Litigation Associates PC
3615-H Chain Bridge Rd
Fairfax, VA 22030
*Counsel for Plaintiff Donna Soutter*

Dale Wood Pittman
The Law Office of Dale W. Pittman, P.C.
112-A W Tabb St
Petersburg, VA 23803-3212

Matthew James Erausquin
Consumer Litigation Associates PC
1800 Diagonal Road
Suite 600
Alexandria, VA 22314

/s/
John W. Montgomery, Jr.
Virginia State Bar No. 37149
Counsel for Defendant Equifax Information Services, LLC
MONTGOMERY & SIMPSON, LLP
2116 Dabney Road, Suite A-1
Richmond, Virginia 23230
Telephone: (804) 355-8744
Facsimile: (804) 355-8748
Email: jmontgomery@jwm-law.com