# EXHIBIT A

```
                                                                   1

 1            IN THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF VIRGINIA
 2                      RICHMOND DIVISION

 3   _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _
                                        :
 4   DONNA K. SOUTTER,                  :
         on behalf of herself and       :
 5       those similarly situated,      :
                                        :
 6                    Plaintiffs,       :
      v                                 : Civil Action
 7                                      : No. 3:10CV107
     EQUIFAX INFORMATION SERVICES,      :
 8                                      : May 4, 2011
                      Defendant.        :
 9   _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ :

10

11

12        COMPLETE TRANSCRIPT OF CONFERENCE CALL
            BEFORE THE HONORABLE ROBERT E. PAYNE
13                UNITED STATES DISTRICT JUDGE

14

15   APPEARANCES: (All via telephone)

16   Leonard A. Bennett, Esq.
     Matthew J. Erausquin, Esq.
17   Consumer Litigation Associates, PC
     3615-H Chain Bridge Road
18   Fairfax, VA   22030

19   Dale W. Pittman, Esq.
     The Law Office of Dale W. Pittman, P.C.
20   112-A W. Tabb Street
     Petersburg, VA   23803-3212
21
              Counsel for the Plaintiffs
22

23              DIANE J. DAFFRON, RPR
                OFFICIAL COURT REPORTER
24             UNITED STATES DISTRICT COURT

25
```

```
 1   APPEARANCES:   (Cont'd.)

 2   Barry Goheen, Esq.
     John A. Love, Esq.
 3   King & Spalding
     1180 Peachtreet Street, NE
 4   Atlanta, GA    30309-3521

 5   John W. Montgomery, Jr., Esq.
     Montgomery & Simpson
 6   2116 Dabney Road, Suite A-1
     Richmond, VA    23230
 7
                 Counsel for the defendant
 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1   these to act fairly quickly on these matters when they
2   are briefed.  They send them to a panel.  And it may
3   be that next week when they're here they'll kind of
4   confer over it and decide it next week.
5           MR. GOHEEN:  Based on -- this is Barry Goheen
6   again.  Based on what Your Honor said with regard to
7   the schedule, I would be extremely surprised if the
8   Court in going into some sort of a break after this
9   month or after some point this month that the petition
10  would not be ruled upon one way or another by the time
11  the Court broke for the reasons that we've just been
12  discussing.
13          THE COURT:  They also, though, Mr. Goheen,
14  it's not unusual that these panels will adjourn
15  without making decisions, not just these, but on any
16  interim matter, and they'll continue to focus on them
17  whether the court has sessions or not.  They don't
18  just take off and stop work, although some of them,
19  the judges take off, but I think this court is pretty
20  careful about trying to manage its docket and handle
21  things as expeditiously as they can.
22          So I don't think that's a problem.  We're not
23  looking at a forever time frame.  That's for sure.
24          MR. GOHEEN:  Correct, Your Honor.
25          THE COURT:  But on the other hand, I'm

1  concerned about delay, and I don't know why we can't
2  get started with the case, and then if the Court
3  grants the appeal, I think it's appropriate to stop
4  the case, but you need to get going with the class
5  list.
6         How are you going to get the class list?
7         MR. BENNETT: Judge, this was the third
8  issue. The proposal we have for the class list is the
9  plaintiff will hire a company called Rust, which was
10 actually the administrator that was used in the
11 *Williams v. LexisNexis* case. There are a number of
12 others approved in the Eastern District of Virginia,
13 but it's seen as the gold standard of administration
14 companies. It costs a little bit more, but they have
15 significant experience in actually putting together
16 from disparate databases class list information. And
17 our proposal had been one -- and we offered what we
18 thought was a cooperative proposal, and Equifax
19 opposed it, so in our more recent filing we have
20 offered an alternative that isn't dependent on
21 Equifax's cooperation.
22        The first suggestion we have, and the purpose
23 would be to minimize burden on the defendant, would be
24 that Rust would be retained and paid by the plaintiff
25 but responsible to the Court, as the notice process

1    THE COURT: Well, I'm going to tell you have
2 what we're going to have in this case, and that is if
3 there's an issue respecting that it takes so much time
4 and it costs so much money, we're going to have a
5 detailed explanation of why that is so under oath in
6 such a way as these people will take seriously what it
7 is that they're doing in telling the Court that it
8 takes time and it takes money.
9    I know it takes time. I know it takes money.
10 The question is: How much of each? And it has been
11 my experience that when people have to provide
12 something that they are accountable for in court, the
13 information becomes much more focused, the cost
14 becomes less, and the time becomes less.
15    Equifax can either do it the easy way or the
16 hard way. And it's going to be up to you, Mr. Love.
17 I think you-all need to talk about this a little
18 further, don't you?
19    MR. BENNETT: Yes, sir.
20    THE COURT: Given that this just came up.
21 But just understand, Mr. Love, that whatever you say
22 is the cost, whatever you say is the time, it's going
23 to have to be backed up by somebody under oath with
24 figures, and they can't have months or weeks to put it
25 together. This is not a difficult process.

1     I, Diane J. Daffron, certify that the
2 foregoing is a true and accurate transcription of my
3 stenographic notes.
4
                    /s/
5     _____    _____
      DIANE J. DAFFRON, RPR, CCR       DATE