```
 1              IN THE UNITED STATES DISTRICT COURT

 2            FOR THE EASTERN DISTRICT OF VIRGINIA

 3                     RICHMOND DIVISION

 4

 5   ----------------------------------------
                                           :
 6   DONNA K. SOUTTER, for herself and     :
     on behalf of all similarly            :   Civil Action No.
 7   situated individuals                   :   3:10CV107
                                           :
 8   vs.                                     :
                                           :   June 13, 2011
 9   EQUIFAX INFORMATION SERVICES, LLC      L
                                           :
10   ----------------------------------------

11

12      COMPLETE TRANSCRIPT OF THE CONFERENCE CALL

13        BEFORE THE HONORABLE ROBERT E. PAYNE

14            UNITED STATES DISTRICT JUDGE

15

16   APPEARANCES:

17   Leonard A. Bennett, Esquire
     Consumer Litigation Associates, PC
18   12515 Warwick Boulevard
     Suite 100
19   Newport News, Virginia  23606

20   Matthew J. Erausquin, Esquire
     Consumer Litigation Associates, PC
21   1800 Diagonal Road
     Suite 600
22   Alexandria, Virginia  22314

23

24                  Peppy Peterson, RPR
                 Official Court Reporter
25             United States District Court
```

```
 1   APPEARANCES:    (cont'g)

 2   Dale W. Pittman, Esquire
     The Law Office of Dale W. Pittman, PC
 3   The Eliza Spottswood House
     112-A West Tabb Street
 4   Petersburg, Virginia  23803-3212
     Counsel for the plaintiff
 5
     Barry Goheen, Esquire
 6   John A. Love, Esquire
     King & Spalding
 7   1180 Peachtree Street NE
     Atlanta, Georgia  30309-3521
 8   Counsel for the defendant

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

| | |
|---|---|
| 1 | P R O C E E D I N G S |
| 2 | |
| 3 | THE COURT:  Hello. |
| 4 | MR. BENNETT:  Hello, Judge. |
| 5 | THE COURT:  This is Soutter against Equifax, |
| 6 | 3:10CV107.  Who is here for whom? |
| 7 | MR. BENNETT:  Your Honor, for the plaintiff, this is |
| 8 | Leonard Bennett speaking.  Also on the call are Mr. Pittman and |
| 9 | Mr. Erausquin. |
| 10 | MR. GOHEEN:  Your Honor, Barry Goheen and Tony Love |
| 11 | are on the call representing the Equifax defendant. |
| 12 | THE COURT:  Mr. Montgomery had a meeting at |
| 13 | three o'clock and we had to move it, so he's not on the phone. |
| 14 | MR. GOHEEN:  Right, Your Honor. |
| 15 | THE COURT:  There's a motion by Equifax to stay |
| 16 | deadlines pending interlocutory review.  The Fourth Circuit |
| 17 | granted the review.  Is there a schedule, briefing or anything |
| 18 | yet? |
| 19 | MR. GOHEEN:  Barry Goheen, Your Honor.  Not yet.  We |
| 20 | would expect one to be forthcoming pretty soon, but, no.  All |
| 21 | that occurred was on June 1st, the Fourth Circuit just entered |
| 22 | a very short order granting the petition, and it did not |
| 23 | include a briefing schedule with that order. |
| 24 | MR. BENNETT:  Judge, this is Leonard Bennett.  It |
| 25 | also included an order retaining the record at the district |

1    court which is one of the triggering times under the Federal

2    Rules of Appellate Procedure.  We expect -- the estimate,

3    Judge, depending upon, of course, what the Fourth Circuit

4    briefing schedule is, would put the defendant's brief due 40

5    days or so out, our brief a month after that, and, of course,

6    whenever -- if the other party requests oral argument, then

7    whatever date that the Fourth Circuit provides for that.

8             THE COURT:  Well, they wouldn't hear it until

9    September at the earliest.

10            MR. BENNETT:  Yes, Your Honor.

11            THE COURT:  Maybe not until October.  I don't know

12   what they've got on their schedule.  Generally, I thought that

13   you called the case manager and agreed on a briefing schedule.

14   Don't you do that anymore?

15            MR. BENNETT:  Judge, given my -- I've had four Fourth

16   Circuit appeals.  We -- the briefing schedule -- none of them

17   were 23(f).  The briefing schedules just came in the ordinary

18   course of the case, fairly early after receipt of the notice of

19   appeal by the Fourth Circuit, and the date doesn't run until

20   the record hits, and in this instance, the district court

21   record has been ordered to remain at the district court level.

22            We believe, and this is not based on long expertise,

23   but based on the rules and discussion with a lawyer that does

24   practice in that courthouse still, that the 40-day period would

25   already be running from the record order that the Fourth

1  Circuit issued.

2          THE COURT:  I would suggest that you all go ahead and

3  call over there and talk to the case manager and see what the

4  schedule is, but that's up to you all.  You apparently oppose

5  the motion for a stay.

6          MR. BENNETT:  No, sir.  No, sir.

7          THE COURT:  Huh?

8          MR. BENNETT:  Judge, we do not oppose --

9          THE COURT:  You say, plaintiff is not in agreement

10  concerning a stay, is what the motion says.

11          MR. BENNETT:  Yes, sir.  That's not entirely correct.

12          THE COURT:  So what is correct?

13          MR. BENNETT:  Judge, we agree and would have asked

14  ourselves for a stay with respect to the notice and the class

15  list development process.

16          THE COURT:  Yes, I would think so.

17          MR. BENNETT:  And so there was no disagreement as to

18  there.  There also is no disagreement as to discovery of

19  matters that would not otherwise be necessary or part of the

20  discovery of an individual case.  Where we disagree is that --

21  and it's not apparent whether or not it's still being

22  advocated, because it wasn't a proposed order with details of

23  the stay, but we would disagree with a stay of everything as in

24  the Court locks down the docket and we come back in November.

25          There is no reason for that from our perspective.

1    There's no benefit to either side, because the discovery with

2    respect to Donna Soutter's claim or any of the other individual

3    claims, if it ever went to that or if it went to a different

4    class definition, would all be the same with respect to certain

5    matters, what are Equifax's procedures, how did they come to

6    adopt those procedures --

7              THE COURT:  Excuse me.  Are you saying you want to

8    proceed with discovery on Ms. Soutter's individual case?  Is

9    that what you are saying?

10             MR. BENNETT:  Yes, sir, or at least on class issues

11   that are individual issues as well.  To the extent that there's

12   full overlap --

13             THE COURT:  What is there, a class issue that's an

14   individual issue?  I don't understand how that can even be.

15             MR. BENNETT:  Willfulness, Judge.  How it is that

16   Equifax came to adopt the procedures that are challenged in

17   this case is evidence that would be used for Ms. Soutter's

18   individual case as well as for the class --

19             THE COURT:  I know that, but once you've had that --

20   that's still -- the answer to the question is you really want

21   discovery as to Ms. Soutter's class.

22             MR. BENNETT:  Yes, sir, that's correct.

23             THE COURT:  All right.  Now that we understand that,

24   where do you stand on that, Mr. Goheen?

25             MR. GOHEEN:  We believe that that should be stayed as

1    well.

2              THE COURT:  Why?

3              MR. GOHEEN:  Our view is one of the primary arguments

4    on the class cert in the papers as well as in the argument

5    before the Court in February was that the cases are not

6    individually viable, that there's not a -- class adjudication

7    is the only way to adjudicate the particular allegations being

8    made here.

9              You know, if that's the case, if that argument, which

10   I believe probably must have been accepted at some level on the

11   class cert order is true, there is not individual -- should be

12   no individual case if the Fourth Circuit were to reverse class

13   certification.  I guess I'd assume that --

14             THE COURT:  Wait a minute, Mr. Goheen.  They didn't

15   argue, the plaintiff didn't argue that there wasn't a viable

16   claim.  They were arguing that because -- if I recall the

17   argument correctly, that because of the nature of the claim,

18   there wasn't enough incentive in it to proceed with individual

19   cases, that individuals would, therefore, forego the pursuit of

20   the case, and, therefore, for that reason, that was one of the

21   reasons why class certification or class treatment was

22   appropriate.  That's what I recall the argument being --

23             MR. GOHEEN:  I think that accurately characterizes

24   it, I think more accurately than I did, but I was trying to say

25   essentially what Your Honor said, is that there was no

1    incentive for individual consumers to pursue the claims.   I

2    think Ms. Soutter is an individual consumer.   That's my point.

3             THE COURT:   Doesn't that really depend on Mr.

4    Bennett?

5             MR. BENNETT:   The better way of phrasing it, Your

6    Honor, is we argued that class certification was superior to

7    relying on 200,000 individual consumers to find their own

8    lawyers and pursue their own claim.   The fact that Donna

9    Soutter, out of 200,000 people, has a lawyer that is hardheaded

10   enough to pursue an individual case is not dispositive of

11   whether or not class versus individual treatment is superior.

12            THE COURT:   Well, I think I understand that point.

13   Anything else on what, if anything, to stay that you all want

14   to argue about?

15            MR. GOHEEN:   This is Barry Goheen again.   I think

16   what we generally would get into if a stay of discovery is not

17   granted is that we will have trifurcated discovery to the

18   extent there are these class issues still remaining that need

19   to be the subject of discovery after the Fourth Circuit renders

20   whatever decision it's going to render on the appeal.

21            I guess I simply don't see the efficiency to be

22   gained by going through the schedule which, right now, is an

23   end of discovery November and summary judgment motion practice

24   in December.   I think it's unlikely we'll have a decision by

25   then.   We could, but I think it's probably not going to happen

1    by then, so we're supposed to file motions -- take discovery on

2    a very discrete set of issues and file motions for summary

3    judgment under the current schedule only to come back and do it

4    again, conceivably, unless the Fourth Circuit has an outright

5    affirmance which, obviously, is possible.

6            On the current appeal, it just seems like now we've

7    gotten into much more of a -- you know, it's already

8    bifurcated.  We get into a trifurcated situation, and we may

9    have to redo or repeat steps in the discovery process.  I

10   respectfully suggest that's not contemplated by the rule here

11   or by the schedule that the parties agreed upon prior to the

12   petition being granted.

13            THE COURT:  Anything else?

14            MR. BENNETT:  No, Your Honor.

15            THE COURT:  I think it's appropriate to stay the

16   proceedings as respects the class.  The Fourth Circuit now is

17   going to have to decide those issues, and we shouldn't be

18   proceeding with the action as a class action here while the

19   Fourth Circuit is doing that.  That's not contemplated by the

20   rule or the statute or by any aspect of judicial efficiency or

21   respect for judicial hierarchy which I happen to be a great

22   believer in.  So I believe that aspect of the stay should be

23   granted.

24            I don't see any reason, if Mr. Bennett is prepared to

25   proceed with Ms. Soutter's case, he can't go on and get the

1    case ready, and if it's ready to be tried by the time that the

2    Fourth Circuit decides the case as a class, then we'll just

3    deal with what the impact of that is down the road.

4           It may be that Mr. Bennett will choose just to go on

5    and try the Soutter case, and if he wins on class certification

6    maybe there'll be somebody else who will want to pursue the

7    class.  Maybe they won't, but it seems to me if he's willing to

8    go forward, Ms. Soutter's case need not be delayed, and she can

9    be proceeding with her case.

10          And I would like -- I think that aspect of the case

11   should not be stayed.  I happen to believe that the decision on

12   the class certification was correct or I never would have

13   issued it.  That doesn't mean that other people could not feel

14   differently about it, and I recognize that, and the Fourth

15   Circuit wants to hear the issue and is concerned enough about

16   it to hear it.  That's a sufficient indication to me that the

17   likelihood-of-success factor could be met, and I believe that

18   the rest of the factors warranting an appropriate stay counsel

19   in favor of granting the stay, but as to Ms. Soutter's case, I

20   believe you ought to proceed and go forward with discovery.  Do

21   we have a trial date?

22          MR. BENNETT:  I believe we set a May date, Judge.

23          THE COURT:  That was for class trial; is that right?

24          MR. BENNETT:  Yes, sir, Judge.  We would still like

25   to have the trial date to come after the Fourth Circuit has had

```
 1    an opportunity to rule.

 2              THE COURT:  What is the schedule for discovery, et

 3    cetera, et cetera?  I don't have that at hand.

 4              MR. BENNETT:  November discovery cutoff.

 5              THE COURT:  On the merits of the case?

 6              MR. BENNETT:  Yes, sir.

 7              THE COURT:  And then --

 8              MR. BENNETT:  Judge, my preference, what we would ask

 9    for or move for would be to set a status conference in the

10    beginning of October.  By then we would know -- at least we

11    would have briefing completed, maybe argument scheduled, and

12    the parties could be heard and the Court could decide the

13    appropriate path from that point, again, to make sure that our

14    bearings are still in order for the efficiency of the

15    litigation.

16              THE COURT:  Mr. Goheen, is that schedule suitable

17    with you?

18              MR. GOHEEN:  It is, Your Honor, for the reasons I

19    guess I have said, because I would be very leery about -- if

20    the Fourth Circuit has not ruled on the appeal or issued an

21    opinion on the appeal by the end of the November 18th discovery

22    deadline and the end-of-the-year deadline to complete briefing

23    on summary judgment, whether we should, especially with regard

24    to summary judgment, go through with that briefing absent an

25    opinion from the Fourth Circuit on the current appeal.
```

```
 1            THE COURT:  Well, I mean it may be that Mr. Bennett

 2    wants just to proceed with Ms. Soutter's case as an individual

 3    case and let somebody else carry the cudgel in the class case

 4    if he wins the class issue.  I don't know what he's got in

 5    mind, and I'm not going to get into that.  That's not my

 6    business, but I think we stay with the current schedule on

 7    discovery, the discovery cutoff, and your summary judgments

 8    schedule, and then we'll have a conference call in October to

 9    check the status of the matter after you've gotten part way

10    through the process.  I'll set a conference call on

11    October 28th at 2:00 p.m.

12            MR. GOHEEN:  What was that date Your Honor?

13            THE COURT:  October 28th, Friday, at 2:00 p.m.   Is

14    that all right with everybody?

15            MR. BENNETT:  Yes, sir.

16            MR. GOHEEN:  Yes, Your Honor.

17            THE COURT:  I would like for you to give me a report

18    on the 24th of October about the status of where you are in the

19    Court of Appeals as well as where you are in your discovery in

20    this case.

21            MR. BENNETT:  Yes, sir.

22            THE COURT:  All right.  I'll issue an order.  Thank

23    you very much.

24            MR. BENNETT:  Thank you.

25            THE COURT:  Goodbye.
```

1

2                          (End of proceedings.)

3

4

5          I certify that the foregoing is a correct transcript

6   from the record of proceedings in the above-entitled matter.

7

8

9   _____/s/_____                    _____
    P. E. Peterson, RPR                      Date

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25