UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

**DONNA K. SOUTTER,**
For herself and on behalf of all similarly
situated individuals,

      Plaintiff,

v.                              CIVIL ACTION NO. 3:10-cv-00107

**EQUIFAX INFORMATION
SERVICES LLC,**

      Defendant.

**DECLARATION OF MARK JOHNSON**

I, Mark Johnson, declare as follows:

1.      I am employed as Vice President, Data Services with LexisNexis Risk

Data Retrieval Services, LLC ("LNRDRS").  I have personal knowledge of the matters discussed

below and am otherwise competent to provide this declaration.

2.      LNRDRS or one of its predecessor companies has collected information

about civil judgments, and case dispositions, from the General District Courts in Virginia for

more than 10 years.  (I use the phrase "case disposition" herein to include (A) Satisfactions,

meaning a record reflecting that the judgment debtor paid or otherwise satisfied a civil judgment;

and (B) Vacations, meaning a record reflecting that a civil judgment was set aside either by the

District Court on its own or at the direction of the Court of Appeals.)

3.      Ordinarily, if there is case disposition with respect to a civil judgment,

those events are made publicly available at different times after the judgment is paid.  If a case

disposition occurs with respect to a civil judgment, it is ordinarily first reflected in publicly

available records some time after the civil judgment is paid and then recorded.  However, there can be delays in recording notice of satisfactions or vacates after the judgment is paid.

### LNRDRS' REVIEW OF THE VIRGINIA SUPREME COURT DATABASE

4.      Plaintiff's motion for class certification (doc. no. 132) seeks to prove his claims on a class wide basis based in part on a computer database of records relating to judgments that is maintained by the Executive Secretary of the Supreme Court of Virginia ("Virginia Supreme Court Database").  Plaintiff's accuracy claim depends on the case disposition being publicly available but not appearing in the consumer's report within some period of time after that information is first made publicly available.  Plaintiff asserts that the Virginia Supreme Court Database can be relied upon to determine when a case disposition was first made publicly available and thus collectible.  Specifically, Plaintiff asserts that the database field corresponding with the recorded date of receipt by the clerk of the notice of satisfactions of judgment is proof of when the case disposition was first available in the Virginia Supreme Court Database.

5.      LNRDRS also has received a copy of the Virginia Supreme Court Database relied upon by Plaintiff.  Initially, LNRDRS confirmed that the Virginia Supreme Court Database has no audit logs or other means by which to report when a record or case disposition was first added to the database.  As a result, there is no immediate means by which to test Plaintiff's assumption of whether the recorded date of receipt by the clerk of the notice of satisfactions of judgment is proof of when the case disposition was first available in the Virginia Supreme Court Database .  Likewise, reviewing every record in the Virginia Supreme Court Database would be practically impossible.  In order to test Plaintiff's assumption, LNRDRS has done a preliminary and high level review of the Virginia Supreme Court Database to gauge

2

whether the information in the database regarding recorded date of receipt for case dispositions can be relied upon as the date for when that information was first made publicly available.

6.     LNRDRS, including persons acting under my direction, sampled the listings in the database to test for date anomalies.  LNRDRS has not done a line-by-line or entry-by-entry review; rather than undertaking that massive analysis, it merely took a small sample of entries.  That sample, however, was enough to reveal that the case disposition filing date in the Virginia Supreme Court Database cannot be relied upon to accurately determine when that information was first made publicly available.  The database contains numerous examples showing that its data is inaccurate or at a minimum inconsistent in how each clerk applies data entry rules, including, for example, instances in which the clerk reported as the date of notice of satisfaction judgment the date the judgment was paid, which, as noted above, can be much earlier in time than the date on which a notice of satisfaction of judgment is actually filed and thus notice of the satisfaction first made public.

7.     Based on the above sampling, LNRDRS assembled a set of entries from the Virginia Supreme Court Database for manual examination.  The analysis as to those records included an examination of the public website maintained by Virginia that shows information on judgments.  Specifically, the Office of the Executive Secretary of the Supreme Court of Virginia maintains a public access website through which limited information about civil judgments in Virginia District Courts may be obtained.  The information is "limited" in that it does not encompass certain personal information, such as addresses, available through the actual paper court record.  LNRDRS' understanding is that, for the data that is provided, the data available through public access website for an individual judgment will match the data in the fields displayed in the computerized website.

3

8.      LNRDRS then directed independent contractors, whom it employs to collect information about civil judgments and case dispositions in Virginia, to visit the appropriate courthouses, pull the physical file for the case, and copy the actual original, paper, notices of satisfaction of judgment for that small number of examples. The purpose was to determine whether the Virginia Supreme Court Database accurately reflects, for those individual records, the date of notice of satisfaction as shown on the actual filed document.

9.      This manual review of paper courthouse records showed a number of inaccurate dates in the Virginia Supreme Court Database.  A few of those inaccuracies are described below as examples.

## Brown

10.     The public website shows for case no. GV07015612-00 (Defendant Willie Brown) that a judgment was obtained on October 19, 2007 and that the "Date Satisfaction Filed" was October 27, 2007.  See exhibit A.  The October 27, 2007 date also appears in the Virginia Supreme Court Database.

11.     The actual paper file for the case, which was filed in the City of Roanoke, General District Court, shows that notice of satisfaction was filed by the judgment creditor's agent on June 19, 2009.  See exhibit B.  The notice of satisfaction shows the judgment was paid as of October 27, 2007, but the first time that fact was made of record and so publicly available was by the notice filed on June 19, 2009.  The Virginia Supreme Court Database inaccurately lists the date of satisfaction as the date the notice of satisfaction was filed.

## Jennings

12.     The public website shows for case no. GV 08000265-00 (Defendants: Mark Jennings, et al.) that a judgment was entered on November 24, 2008 and that the "Date Satisfaction Filed" was October 24, 2008.  See exhibit C.  The record on its face reflects an

4

impossible date for notice of satisfaction of judgment: it is one month before there was a judgment. The October 24, 2008 date also appears in the Virginia Supreme Court Database.

13.     Using the date of judgment as the date of notice of satisfaction would not be accurate, either. The actual paper file for the case, which was filed in the Dinwiddie County General District Court, shows a letter to the clerk from the accounts receivable manager of the judgment creditor dated April 29, 2009, and informing the clerk that the judgment had been satisfied. The letter bears a handwritten notation, apparently from the clerk, of "5-4-09." See exhibit D. The paper record also shows a hearing date of November 24, 2008. The clerk apparently entered the November 24, 2008 date into the Virginia Supreme Court Database as the date that notice of satisfaction was filed, when in fact the notice of satisfaction could not have been made public and part of the record before May 4, 2009.

Lane

14.     The public website shows for case no. GV 09004001-00 (Defendant: Kevin Lane, filed in Spotsylvania County General District Court), that a judgment was entered on July 1, 2009 and that the "Date Satisfaction Filed" was June 27, 2009. See exhibit E. Again, the computer record on its face reflects an impossible date for notice of satisfaction of judgment: it is shown as occurring before there was a judgment.

Pate

15.     The public website shows for case no. GV 08007722-00 (Defendant Jennifer Pate) that a judgment was obtained on June 12, 2008 and that the "Date Satisfaction Filed" was July 7, 2008. See exhibit F. The July 7, 2008 date also appears in the Virginia Supreme Court Database. In this instance, in contrast to the Lane case, the record on its face is plausible as to dates. However, review of actual paper files show that it is also inaccurate.

16.     The actual paper file for the case, which was filed in the City of Roanoke, General District Court, shows that notice of satisfaction was filed by the judgment creditor on March 11, 2009.  See exhibit G.  The notice of satisfaction shows that the judgment was paid  as of July 7, 2008, but the first time that fact was made of record and thus publicly available was March 11, 2009.  The Virginia Supreme Court Database inaccurately lists the date of payment as the date the notice of satisfaction was filed.

CONCLUSIONS

17.     These examples from the limited analysis undertaken by LNRDRS show that the dates listed for filing of notice of satisfaction in the Virginia Supreme Court Database cannot be relied upon in determining when a case disposition was first made publicly available and part of the record.   In order to determine the actual date notice of satisfaction was filed for each record at issue, the actual paper file for the case will have to be retrieved at its courthouse location and manually reviewed.

18.     In addition, there is no indication in the Virginia Supreme Court Database of when, once filed, a notice of satisfaction was first posted on the public website or included in the database.


I declare under the penalty of perjury that the foregoing is true and correct. Executed this 19th day of April, 2013 in Oklahoma City, Oklahoma.

Mark Johnson

711601.1

6