UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

DONNA K. SOUTTER,
For herself and on behalf of all similarly
situated individuals,

       Plaintiff,

v.                                       CIVIL ACTION NO. 3:10-cv-00107

EQUIFAX INFORMATION SERVICES, LLC,

       Defendant.

**DECLARATION OF MARGARET LESLIE**

I, Margaret Leslie, declare, under penalty of perjury and pursuant to 28 U.S.C. § 1746, as follows:

1. I am employed as Vice President of Core Platforms Technology for Equifax Information Services LLC ("Equifax"). I submit this Declaration in support of Equifax's Opposition to Plaintiff's Amended Motion for Class Certification ("Plaintiff's Motion").

2. I am over 21 years of age and have personal knowledge of the matters stated herein based upon my experience and review of Equifax's records. I am otherwise competent to provide this declaration.

3. In am responsible for Equifax's consumer credit reporting system and the system involved in credit recording, storing and retrieving credit reports. I am also responsible for the model implementation group, the Exchange system, and CDC system.

4. I am familiar with the documents that are generally referred to as "frozen scans."

1

5. A frozen scan is a snapshot of what a consumer's credit file looked like on a certain date.

6. A frozen scan does not simply exist in Equifax's records. It must be created through a process that involves both dedicated computer time and the use of computer software programming and systems analysis employees.

7. The production of frozen scans can be a costly and time-consuming process depending on the number of scans requested and the research required to produce the scans.

8. When a frozen scan is created, there are limitations to the data that it reflects. For example, a frozen scan generally reflects the information contained in a consumer's credit file near the last day of a particular month and year. In other words, the January 2009 frozen scan for a consumer's credit file only shows what the consumer's credit file looked like on a day near the last day of January 2009 and not the other days during that month.

9. For this reason, it is impossible to say with certainty that a judgment and hard inquiry (i.e., a third-party request for a consumer report) appeared on a credit file at the same time and on the same date unless that date just happens to be the day of the month of the frozen scan was taken.

10. For example, if judgment is removed from a credit file on date falling between two frozen scans (for example, between December 31, 2008 and January 31, 2009), it would be impossible to tell from the frozen scan when in January the judgment was removed. Accordingly, if the frozen scan indicated that a consumer

report (hard inquiry) was issued on January 20, 2009, there would be no way to know whether the judgment had been deleted before or after the hard inquiry.

11. I am familiar with the portion of Plaintiff's Motion that references my deposition testimony in this case. That testimony dealt with several assumptions which were and remain just that – assumptions. It is only by making such assumptions that frozen scans can even come close to providing the very specific information requested by Plaintiff in this case and, as stated above, there is no way to provide such information concerning the appearance of a judgment and a hard inquiry on a consumer's credit file on a specific date with certainty.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 19th day of April, 2013, at Atlanta, Georgia.

By: _____
Margaret Leslie