# EXHIBIT A

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Virginia

| | |
|---|---|
| DONNA K. SOUTTER<br>*Plaintiff*<br>v.<br>EQUIFAX INFORMATION SERVICES, LLC.<br>*Defendant* | )<br>)<br>) Civil Action No. 3:10-cv-00107(REP)<br>)<br>) (If the action is pending in another district, state where:<br>)                                                   ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Lexis-Nexis, SERVE: CT Corporation System, Registered Agent,
4701 Cox Road, Suite 301, Gen Allen, VA 23060

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: SEE EXHIBIT "A" ATTACHED

| Place: Law Office Dale Pittman, Esq.<br>112-A West Tabb Street<br>Petersburg, VA 23803 | Date and Time:<br>08/27/2010 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

     The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: _____

                 *CLERK OF COURT*
                                               OR

     _____                          _____
       *Signature of Clerk or Deputy Clerk*                                   *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   Donna K. Soutter
_____ , who issues or requests this subpoena, are:

Leonard A. Bennett, Consumer Litigation Associates, P.C.
12515 Warwick Boulevard, Suite 100
Newport News, VA 23606

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:10-cv-00107(REP)

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc:

Case 3:10-cv-00107-REP Document 163-1 Filed 11/25/13 Page 4 of 7 PageID# 2134

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:
   **(i)** fails to allow a reasonable time to comply;
   **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
   **(i)** disclosing a trade secret or other confidential research, development, or commercial information;
   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
   **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   **(i)** expressly make the claim; and
   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# EXHIBIT "A"

**REQUEST NO. 1:** Documents prepared or obtained by you that in any way reference any public record information associated with the Plaintiff, including without limitation that certain City of Richmond, Virginia, General District Court Civil Judgment entered against Donna K. Soutter in the captioned matter *Virginia Credit Union, Inc. v. Donna K. Soutter,* Case No. GV07-034182 and set aside pursuant to Order entered 3/20/08.

**REQUEST NO. 2:** All written communications between you and Equifax or any other entity concerning Plaintiff or the collection of judgment information from the City of Richmond General District Court (not including any regularly scheduled communications by which an entries of a judgment is first reported to Equifax for batches of consumers).

**REQUEST FOR PRODUCTION NO. 3:** Limited to that period beginning on January 1, 2000 and through the present, all contracts, agreements or other communications between you and Equifax regarding the reporting and/or investigations of civil judgment information from the City of Richmond General District Court specifically, and the Virginia court system generally, including, without limitation, all contracts, invoices, e-mail correspondence with, "report cards", "scorecards", marketing materials, policy, procedure, compliance or operating manuals, invoices or other documents concerning your relationships with Equifax, but excluding documents or communications regarding a specific consumer.

**REQUEST FOR PRODUCTION NO. 4:** In an electronically readable format, all archived reports of judgment data in the City of Richmond General District Court that you have furnished to Equifax during the last five years.  [NOTE: PLAINTIFF HAS REQUESTED EQUIFAX'S STIPULATION AS TO NUMEROSITY AND ASCERTAINABLILITY. IF EQUIFAX SO STIPULATES, THEN THIS REQUEST WILL BE WITHDRAWN].

**REQUEST FOR PRODUCTION NO. 5:** Documents that identify the name, most recent address and contact information, job title and job description of each person that you have paid to gather civil judgments in City of Richmond, General District Court at any time during the last ten years.

**REQUEST FOR PRODUCTION NO. 6:** All emails and other correspondence sent to you by or received by you from any employee of the Virginia judicial system (e.g. any clerk of court, deputy clerk of court or employee at the Supreme Court of Virginia) during the last ten years regarding your collection and/or investigation of civil judgments in the Virginia General District courts

**REQUEST FOR PRODUCTION NO. 7:** Policy manuals, procedure manuals, or other documents, concerning how you collect information regarding civil judgments in the City of Richmond General District Court and in the other General District courts in Virginia.

**REQUEST FOR PRODUCTION NO. 8:** Documents containing internal analyses and/or audits of the accuracy of your Virginia civil judgment public records data.

**REQUEST FOR PRODUCTION NO. 9:** All CDVs you have received from Equifax during the last five years regarding whether or not a civil judgment in a General District court in Virginia had been vacated, appealed or satisfied.

**REQUEST FOR PRODUCTION NO. 10:** Documents reflecting any statistics you have compiled on an annual basis regarding the number of disputes you received complaining or disputing the accuracy of civil judgment public records data in Virginia on the basis that the judgment was appealed, vacated or satisfied.

**REQUEST FOR PRODUCTION NO. 11:** Contracts, invoices, agreements, memos, letters, manuals, emails, or any other documents exchanged between you and any third party subcontractor or vendor related to the gathering of public records or other credit data, other than those documents which have been generated through the process of reinvestigating specific consumer disputes or which otherwise relate to a specific and single consumer.

**REQUEST FOR PRODUCTION NO. 12:** All electronic mail and information about electronic mail (including message contents, header information, metadata, and logs of electronic mail system usage) containing information about your reporting of Virginia civil judgments public records data.

**REQUEST FOR PRODUCTION NO. 13:** All training materials, contracts, evaluations, meeting notes, performance reviews, or other communications to or from all employees or sub-vendors who have collected any civil judgment information regarding the City of Richmond General District Court for you during the past five years.

**REQUEST FOR PRODUCTION NO. 14:** For each vendor that furnished City of Richmond General District Court civil judgment public records data to you, please produce all contracts and consideration schedules by which the data was furnished; all records of interactions with the vendor, including, but not limited to, records of meetings, correspondence and other communications in which process improvement, accuracy, timeliness of response, vendor employee training and suggestions for enhancements to vendor production were discussed with regard to the vendor's retrieval of civil judgment information.

**REQUEST FOR PRODUCTION NO. 15:** Please produce all contracts and consideration schedules by which City of Richmond General District Court civil judgment public records data was furnished by you to Equifax; all records of interactions with Equifax regarding the collection of such data (whether public records civil judgment data generally or specifically just the Richmond data), including, but not limited to, records of meetings, correspondence and other communications in which process improvement, accuracy, timeliness of response, sub-vendor/employee training and/or suggestions for enhancements to production were discussed with regard to your retrieval of civil judgment information.