IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



DONNA K. SOUTTER, for herself
and on behalf of all similarly
situated individuals,

    Plaintiff,

v.                                      Civil Action No. 3:10cv107

EQUIFAX INFORMATION
SERVICES LLC,

    Defendant.

**MEMORANDUM OPINION**

This matter is before the Court on PLAINTIFF'S MOTION TO STRIKE THE MARK JOHNSON DECLARATIONS (Docket No. 156). Having considered the briefs and the oral arguments of counsel, for the reasons set forth below, PLAINTIFF'S MOTION TO STRIKE THE MARK JOHNSON DECLARATIONS (Docket No. 156) will be granted in part and, in part, denied as moot.[1]

---

[1] In fact, Soutter's motion addresses two Johnson declarations: one dated November 23, 2010, and one dated April 19, 2013. Plaintiff's Memorandum In Support of Her Motion to Strike the Mark Johnson Declarations (Docket No. 157, Exs. A and B, respectively). The 2010 version is no longer in issue because Equifax warranted, at oral argument, that its opposition to the class certification does not rely at all on the 2010 declaration. Hence, all references to the Johnson declaration refer only to the 2013 declaration.

**BACKGROUND**

This Fair Credit Reporting Act ("FCRA") case was filed by plaintiff Donna K. Soutter ("Soutter") against Equifax Information Services LLC ("Equifax") in 2010. Soutter, who initially sought to represent a class of "[a]ll consumers for whom Equifax furnished a consumer report which reported a judgment that was either set aside, vacated or dismissed with prejudice," alleged that Equifax violated the FCRA by failing to use reasonable procedures to assure maximum accuracy in reporting judgments that were collected from Virginia court records (sometimes referred to as "judgment dispositions"). After several proposed changes to the class definition, the Court certified the class on March 30, 2011, with one final amendment to the class definition on May 9, 2011. May 9, 2011 Order (Docket No. 101).[2]

---

[2] The certified class was defined as:

> "All natural persons, for whom Equifax's records note that a credit report was furnished to a third party who requested the credit report in connection with an application for credit on or after February 17, 2008 to February 17, 2010, other than for an employment purpose, at a time when any Virginia General District Court or Circuit Court judgment that had been satisfied, appealed, or vacated in the court file more than 30 days earlier was reported in Equifax's file as remaining unpaid."

May 9, 2011 Order (Docket No. 101), at 1-2.

2

Equifax appealed the certification of the class. On appeal, in a two-to-one decision, the Court of Appeals "agree[d] with Equifax that Soutter failed to satisfy the typicality requirement of Rule 23(a)(3) and, accordingly, that the district court abused its discretion in certifying the proposed class." Soutter v. Equifax Information Services, LLC, 498 F. App'x 260, 264 (4th Cir. 2012). The Court of Appeals did not address other arguments made by Equifax.[3]

Soutter now seeks to have a class certified as follows:

> All natural persons who meet every one of the following definitional requirements:
>
> a. The computer database of the Executive Secretary of the Supreme Court of Virginia shows that the person was the defendant in a Virginia General District Court civil action or judgment;
> b. The computer database of the Executive Secretary of the Supreme Court of Virginia shows that as of the date 20 days after the Court's certification of this class, the civil action or judgment was dismissed, satisfied, appealed, or vacated

---

[3] The Court of Appeals stated:

> Because we conclude that Soutter failed to satisfy Rule 23(a)(3)'s typicality requirement, we have not addressed Equifax's additional arguments on appeal. If, on remand, the district court is presented with a renewed request for certification, any proposed class is subject to the "rigorous analysis" under all four Rule 23(a) factors.

Id., 498 F. App'x at 266.

3

       on or before April 1, 2009 ("the disposition date");

  c. Equifax's records note receipt of a communication or dispute from that person about the accuracy of Equifax's reporting of that civil action or judgment status; and

  d. Equifax's records note that a credit report regarding the person was furnished to a third party who requested the credit report, other than for an employment purpose: (1.) no earlier than February 17, 2008, (2.) no later than February 21, 2013, (3.) after the date Equifax's records note its receipt of the consumer dispute regarding the judgment status, and (4.) at least thirty (30) days after the disposition date.

Pl.'s Br. Supp. Am. Motion for Class Cert., Docket No. 132, at 9-10.

Equifax again opposes certification and, to that end, has supported its opposition with, <u>inter alia</u>, the Declaration of Mark Johnson, who is the Vice-President of Data Services for LexisNexis Risk Data Retrieval Services, LLC ("LexisNexis"), the company that collects information about judgment dispositions for Equifax.[4] Johnson's affidavit purports to recite information about a database maintained by the Supreme Court of Virginia

---

[4] The terms "declaration" and "affidavit" are used interchangeably in common parlance and in case law as well. An affidavit is made under oath; a declaration is not sworn, but is subject to the penalty of perjury. 28 U.S.C. § 1746 permits the use of a declaration in lieu of an affidavit. But, Fed. R. Civ. P. 43(c) only refers to the term "affidavit." Because it is Rule 43 that allows the use of affidavits in deciding motions, that term will be used henceforth.

which Soutter uses as a proof of the commonality and typicality components of class certification. The purpose of Johnson's affidavit is to show that the database is not accurate. As part of the effort to show that the database is not reliable, Johnson's affidavit discusses how the actual records reflected in the database differ from what is in the database.

Johnson's affidavit recites that its predicate is his personal knowledge. Pl.'s Br. Supp. (Docket No. 157), Ex. B ("I have personal knowledge of the matters discussed below."). To the contrary, in his deposition Johnson admitted that he did not have personal knowledge of the matters recited in the affidavit. In fact, he merely signed a document that an unknown lawyer for LexisNexis prepared and delivered to him for signature. See 2013 Deposition (Docket No. 157-3), at 22-24 (Dep. pp. 52-54). Nor did Johnson read the documents attached to the affidavit as exhibits, documents about which he made sworn substantive averments in the text of the affidavit.[5] Equifax does not contend that Johnson's affidavit is based on personal knowledge.

Soutter has moved to strike the affidavit because it is not based on personal knowledge and thus may not be considered under applicable federal law. Equifax takes the view that the

---

[5] Johnson's cavalier attitude about the duty of a declarant is reflected in his view that, if one has looked at a document, he has read it, "technically." 2013 Deposition (Docket No. 157-3), at 23 (Dep. p. 53), lines 8-13.

5

affidavit was not required to have been made on personal knowledge and that, even if it is deficient at law, the remedy of striking it is too drastic.

## DISCUSSION

The first issue is whether, under the foregoing circumstances, Johnson's affidavit may be considered in deciding the motion for class certification. That assessment must be made mindful of the fact that whether to permit certification requires a rigorous analysis of the evidence to determine whether all four class requirements set by Fed. R. Civ. P. 23(a) (numerosity, commonality, typicality and adequate representation) are satisfied, and whether the requirements of Rule 23(b) are satisfied. <u>Wal-Mart Stores, Inc. v. Dukes</u>, ___ U.S. ___, 131 S. Ct. 2541, 2551 (2011).

The threshold question is whether affidavits may be considered in making the necessary rigorous analysis, because affidavits, of course, are a less reliable source of evidence than oral testimony or deposition testimony. Fed. R. Civ. P. 43, entitled "Taking Testimony," provides the procedure for taking testimony in federal courts, and it allows the use of affidavits in certain instances. Specifically, Rule 43(c), entitled "Evidence on a Motion," provides that, "[w]hen a motion relies on facts outside the record, the court may hear the

6

matters on affidavits or it may hear it wholly or partly on oral testimony or depositions." "The rule is most commonly used to resolve preliminary issues in connection with jurisdiction or related types of motions." 8 Moore's Federal Practice, § 43.05[1] (Matthew Bender 3d ed.) (hereinafter "___ Moore's § ___"); Wright & Miller, 9A Federal Practice and Procedure: Civil § 2416 (3d ed. 2013) (hereinafter "___ Wright & Miller § ___").

Both treatises list examples of the kinds of motions in which affidavits may be considered. 8 Moore's § 43.03[1]; Wright & Miller § 2416. Neither treatise includes class certification motions among the listed examples. Nonetheless, federal courts frequently, in fact perhaps usually, consider affidavits when deciding motions for class certification. And, "[n]o circuit literally requires the district court to hold a formal evidentiary hearing with live witnesses, so as to comply with the rigorous analysis standard, though a court is entitled to do so if it assists in that analysis." William B. Rubenstein, Newberg on Class Actions § 7:19 (5th ed. 2013)(hereinafter "Newberg"). Thus, the threshold question is answered in the affirmative: affidavits can be considered in deciding motions for class certification.

However, the Federal Rules of Civil Procedure do not provide criteria for the admissibility of affidavits that are tendered for use in deciding motions under the authority

7

conferred by Rule 43(c). Sjoblom v. Charter Communications, LLC, 2007 WL 4560541, at *10 (W.D. Wis. Dec. 19, 2007).[6] Fed. R. Civ. P. 56(c)(4) is the only rule that enunciates criteria for affidavits and declarations to be used in any motion. The terms set by Rule 56(c)(4) are that "[a]n affidavit or declaration used to support or oppose a motion [for summary judgment] must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."

There appears to be a divide in the courts respecting whether motions in support of, or opposition to, class certification motions must be based on personal knowledge. The differing approaches are illustrated below.

In Sjoblom, an action under the Fair Labor Standards Act ("FLSA"), the court, in deciding a motion to dismiss a class action filed held that:

> I disagree with plaintiff that affidavits [in the FLSA certification context] should be held to a lesser standard when they are submitted for purposes other than summary judgment. . . .

Sjoblom, 2007 WL 4560541, at *10. That approach was founded upon a Seventh Circuit opinion that, in turn, relied on Fed. R.

---

[6] Amended, Sjoblom v. Charter Communications, LLC, 2008 WL 4547526 (W.D. Wis. Jan. 2, 2008). The amendment did not offer the cited proposition.

Evid. 602 which confirmed that a witness have personal knowledge about a matter as a prerequisite to testifying about it. <u>Payne v. Pauley</u>, 337 F.3d 767, 772 (7th Cir. 2003).

In <u>Richards v. Computer Science Corp.</u>, 2004 WL 2211691, at *2 (D. Conn. Sept. 28, 2004), the court considered a motion to proceed as a collective action in an FLSA case pursuant to 29 U.S.C. § 216(b). In striking parts of the affidavit for lack of personal knowledge, the court applied the yardstick given in Rule 56(c)(4), explaining that "[h]earsay and secondhand information do not constitute personal knowledge." <u>Id.</u> (citing <u>Isaacs v. Mid. Am. Body & Equip. Co.</u>, 720 F. Supp. 255, 256 (D. Conn. 1989)). Similarly, in <u>Clark v. Dollar General Corp.</u>, 2001 WL 878887, at *2 (M.D. Tenn. May 23, 2001), a collective action brought on behalf of the plaintiff and others similarly situated under the FLSA, the court struck all parts of affidavits that were not based on personal knowledge, citing Fed. R. Evid. 602.

The same approach was applied, with the same results, in <u>Harrison v. McDonald's Corp.</u>, 411 F. Supp. 2d 862 (S.D. Ohio 2005). There, the court noted that the plaintiff had a relatively low evidentiary burden at the conditional certification stage of a collective action under the FLSA and then nonetheless rejected, for lack of personal knowledge, affidavits because they were based on hearsay. <u>Id.</u> at 866-67. See also <u>Atlantic Marine Florida, LLC v. Evanston Ins. Co.</u>, 2010

WL 1930977, at *10 (M.D. Fla. May 13, 2010)(holding that "plaintiffs are required to show through admissible evidence a 'reasonable basis' for their claim that the employer acted on a class-wide basis.").

Illustrative of the opposing view is Lewis v. First American Title Ins. Co., 265 F.R.D. 536 (D. Idaho 2010). After first outlining the different lines of authority,[7] the court declined to follow the decision on which Soutter principally relies, holding instead that:

> Because a motion for class certification is not dispositive, the admissibility of evidence under the Rules is less relevant at this stage.

Id. at 552 (citations omitted). A like approach is reflected in In Re Zurn Pex Plumbing Products Utility Litigation, 644 F.3d 604, 613 (8th Cir. 2011) which concluded that a Daubert analysis did not need to be conducted at the class certification stage because the motion for certification was tentative, preliminary, and limited and, thus, was "far from a conclusive judgment on the merits."

---

[7] For instance, in Levitt v. PricewaterhouseCoopers, LLP, 2007 WL 2106309, at *1 (S.D.N.Y. July 10, 2007), the court held that Rule 56(c)(4) applied only to summary judgment. There, as in Serrano v. Cintas Corp. 2009 WL 910702, at *2-3 (E.D. Mich. 2009), which took the same view, no reasoning was given.

10

The rationale that animated <u>Lewis</u> and <u>Zurn</u> and their fellow travelers, however, is at odds with the real world effect of a class certification decision. As the leading treatise puts it:

> <u>The class certification decision is generally the most important aspect of a class action case.</u> If a court certifies the case to proceed as a class action, the case's dynamics change dramatically, with the plaintiff having the capacity to bargain from a much-strengthened position. On the other hand, if class certification is denied, that is generally the "death knell" of the matter; while the plaintiff may nonetheless proceed individually, typically her claims will be so small, and the costs of litigating them so great, that she will not do so.

<u>Newberg</u> § 7:18 (emphasis added). As <u>Newberg</u> makes clear, the class certification decision is, as a practical matter, of dispositive consequence, notwithstanding that it is not dispositive in the same way as is a summary judgment motion.

The significant role of class certification is a principal reason underlying decisions of the Supreme Court and the Fourth Circuit that have underscored the need for a rigorous analysis in making the certification decision. <u>Id.</u> The demand for a rigorous analysis of the class qualifying factors at the critical class certification stage makes it important that the evidence to be used in making that decision be reliable. The Federal Rules of Evidence teach that personal knowledge is the predicate of reliability. Fed. R. Evid. 602. Of course, those

11

rules "apply to proceedings in United States courts," subject to certain exceptions not applicable here. Fed. R. Evid. 101; Fed. R. Evid. 1101. A motion for class certification is, without doubt, such a proceeding. Thus, Fed. R. Evid. 602 applies to testimony, whether ore tenus or by affidavit or declaration, and it says in clear terms:

> A witness <u>may testify</u> to a matter <u>only if</u> evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.

Fed. R. Evid. 602 (emphasis added). Personal knowledge is just as important in conducting the rigorous analysis required for class certification as is personal knowledge in deciding a summary judgment motion. That is why, for example, in <u>Lujan v. Cabana Management, Inc.</u>, 284 F.R.D. 50 (E.D.N.Y. 2012), the court rejected <u>Lewis</u>, <u>Levitt</u>, and <u>Serrano</u>, the leading cases for the opposite view, and concluded that "the Second Circuit would require that such declaration be admissible (i.e., based on personal knowledge and either non-hearsay or information subject to hearsay exceptions.)" <u>Id.</u> at 64.

Moreover, like a motion to dismiss for lack of jurisdiction, a motion for class certification is a threshold motion. As the Second Circuit explained, the evidentiary showing to be made under Rule 23 is like "any other threshold prerequisite for continuing a lawsuit." <u>In re Initial Pub.</u>

Offerings Sec. Litig., 471 F.3d 24, 42 (2d Cir. 2006). And, as explained in Lujan, "courts may not rely on inadmissible hearsay" in deciding a challenge to jurisdiction. Lujan v. Cabana Management, Inc., 824 F.R.D. at 64 (citations omitted).

Finally, in Wal-Mart Stores, Inc. v. Dukes, ___ U.S. at ___, 131 S. Ct. at 2553-54, the Supreme Court expressed clear doubt that the district court had been correct in concluding that Daubert did not apply at the class certification stage. That, of course, is dictum, but it casts doubt on the earlier decisions to the contrary in Zurn and Serrano. It also illustrates that only reliable evidence must be considered in deciding class certification because reliability of evidence is a fundamental dictate of Daubert.

Equifax does not dispute the viability of the decisions on which Soutter relies. In fact, Equifax's brief does not even cite the opposing line of authority. Instead, Equifax argues that, because Johnson had been deposed as a witness designated under Fed. R. Civ. P. 30(b)(6) well before he provided the affidavit, "he was not required to have direct personal knowledge regarding all matters in his declaration." Def.'s Br. Opp'n (Docket No. 163), at 11.

In support of this contention, Equifax cites several decisions involving affidavits that were submitted on behalf of corporations. The argument misses the mark because here Johnson

13

did not claim to be offering his affidavit on behalf of a corporation. Instead, he declared, under penalty of perjury, that he was speaking from his own personal knowledge. That factual situation is not present in any of the decisions upon which Equifax relies.

The language in some of the decisions cited by Equifax supports, in part, the proposition that it urges the Court to adopt here. However, upon examination, those decisions do not really support the broad rule for which Equifax advocates. For instance, in ABN Amro Mortgage Group, Inc. v. Maximum Mortgage, Inc., 2006 WL 2598034, *7 (N.D. Ind. Sept. 8, 2006), the court explained that the affiant was testifying both on "personal knowledge and upon her familiarity with ABN's business records." Further, the affiant in that case, unlike Johnson here, was testifying as to records of the corporation of which the affiant was an employee. In this case, Johnson is testifying about problems with the records of the Supreme Court of Virginia and other documents, none of which are records of his employer and none of which he has seen or studied. The decision in Hijeck v. Menlo Logistics, Inc., 2008 WL 465274, *4 (N.D. Tex. Feb. 21, 2008), is to the same effect and, for the same reason, is not helpful to Equifax's position.

A different situation obtained in Joseph v. Pennsylvania Dept. of Envtl. Prot., 107 Fair Empl. Prac. Case (BNA) 1624,

14

y

2009 WL 3849696 (Nov. 16, 2009). There, a corporation was permitted to introduce affidavits of a previously deposed Rule 30(b)(6) witness because the affidavits were offered under, and met the requirements of, Fed. R. Evid. 801(d)(1), which is very much unlike the situation for which Johnson's affidavit is offered here. Most of the cases upon which Equifax relies offer no explanation in support of the decision to allow an affidavit of a 30(b)(6) witness.[8]

Moreover, to hold, as Equifax here urges, that merely because a person has been previously deposed under Rule 30(b)(6), the deponent becomes vested with that information as a matter of personal knowledge would set at naught the personal knowledge requirement. That is certainly so where, as here, the affiant declares that the content of the affidavit is based on personal knowledge and in fact it is not.

---

[8] See Carl Zeiss Vision Int'l GMBH v. Signet Armorlite, Inc., 2010 WL 1641144 (S.D. Cal. Apr. 22, 2010); Williamson v. Life Insurance Co. of North America, 2012 WL 3262857 (D. Nev. Aug. 8, 2012); Schwendimann v. Arkwight Advanced Coating, Inc., 2012 WL 928214 (D. Minn. Mar. 19, 2012). Likewise, Weinstein v. District of Columbia Housing Auth., 931 F. Supp. 2d 178, 186-87 (D.D.C. 2013), relies upon the unexplained decisions in Williamson and Schwendimann. It also relies on Sunbelt Worksite Mktg., Inc. v. Metropolitan Life Ins. Co., 2011 WL 3444256 (M.D. Fla. Aug. 8, 2011). There, as in Weinstein, the affiant was testifying about documents and matters that were corporate records of his own corporate employer. As noted previously, that situation is unlike Johnson's testimony.

15

In any event, there is a significant difference between a Rule 30(b)(6) deposition and an affidavit. The difference was explained recently by the Western District of Washington, wherein the district court explained the difference between a Rule 30(b)(6) deposition and an affidavit.[9] In so doing, the court stated:

> Rule 30(b)(6) is a rule that applies to depositions in which an opposing party is given the opportunity to question a corporate entity and bind it for purposes of the litigation. A declaration, on the other hand, is not offered as the testimony of the corporation, but rather reflects – or is supposed to reflect – the personal knowledge of the declarant.

McDonald v. OneWest Bank, FSB, 929 F. Supp. 2d 1079, 1090 (W.D. Wash. 2013)(awarding sanctions under Fed. R. Civ. P. 37, 28 U.S.C. § 1927, and applicable local rules for defendants' discovery violations, including offering an affidavit from "a 'Rule 30(b)(6) declarant' who regurgitated information provided by other sources."). Other decisions confirm that a former Rule 30(b)(6) witness's subsequent affidavit or declaration must be based on his personal knowledge. See Sutton v. Roth, LLC, 361 F. App'x 543, 550 n.7 (4th Cir. 2010)(not reaching the issue but noting "that the affidavit [of McDonald's Corporation] is of questionable value because the affiant's 'personal knowledge' is

---

[9] The out-of-court statement was actually a declaration but the holding applies equally to an affidavit.

16

based on a review of files rather than direct, personal knowledge of the underlying facts."); Woods v. Austal, USA, LLC, 2011 WL 1380054 (S.D. Ala. Apr. 11, 2011)(granting motion to strike in part respecting portions of declaration made by former Rule 30(b)(6) deponent that were not based on personal knowledge); Apparel Bus. Systems, LLC v. Tom James Co., 2008 WL 858754, at *21 (E.D. Pa. Mar. 28, 2008)(evaluating declaration of former 30(b)(6) deponent based on the personal knowledge requirement of Rule 56(e), now Rule 56(c)(4)).

For these reasons, the Court declines the invitation to exempt Johnson's affidavit from the personal knowledge requirement that is so widely recognized as imbuing testimony with sufficient reliability to allow courts to credit it.

Apart from the fact that Johnson's affidavit lacks the time-tested predicate for reliability, the affidavit cannot be admitted simply because Johnson did not tell the truth. He swore that what he said in the matters to which he testified were based on his personal knowledge. In his deposition, Johnson confessed that was not so. That untruth, alone, illustrates that Johnson's affidavit is not sufficiently reliable to use in conducting the rigorous analysis that must be undertaken in assessing a motion for class certification.

The next issue is whether the remedy proposed by Soutter - striking the affidavit - is appropriate. Equifax opposes that

17

remedy as too drastic, relying on decisions respecting the striking of pleadings under Fed. R. Civ. P. 12(f). Def.'s Br. Opp'n (Docket No. 163), at 8. That rule permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." However, Rule 12(f) is not applicable here because Johnson's affidavit is not a pleading.

More importantly, the remedy ought to be suited to the infraction. Here, Johnson purports to assert personal knowledge on issues that are quite important to the class certification question. Yet, his deposition discloses that he does not have any personal knowledge on those points. Also, his affidavit discusses actions and conduct of others of which he has no personal knowledge, and, his affidavit bespeaks personal knowledge of documents that his deposition proves that he has not read. In sum, the record shows that the affidavit does not bear the hallmark of reliability - personal knowledge. And, Johnson did not tell the truth when he said that it did bear that hallmark. Either reason alone or both taken together require that the affidavit not be considered in deciding class certification. On the record as a whole, striking the affidavit is the appropriate sanction.

18

## CONCLUSION

For the foregoing reasons, PLAINTIFF'S MOTION TO STRIKE THE MARK JOHNSON DECLARATIONS (Docket No. 156) will be granted as to the 2013 Johnson affidavit and denied, as moot, as to the 2010 Johnson affidavit.

It is so ORDERED.

                                         /s/    *REP*
                              Robert E. Payne
                              Senior United States District Judge

Richmond, Virginia
Date: April 8, 2014