IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DONNA K. SOUTTER, *for herself and on behalf
of other similarly situated individuals*

      Plaintiff,

v.

                               Civil Action No. 3:10cv107

EQUIFAX INFORMATION SERVICES, LLC

      Defendant.

**PLAINTIFF'S SUMMARY OF CORE CLASS CERTIFICATION ISSUES**

In accordance with this Court's August 8, 2014 order, Plaintiff hereby submits this summary of her core arguments made in support of her motion for class certification:

**1.    Whether Soutter is a member of the class proposed in the SACC, and if so, what alleged facts support her membership in the proposed class.**

Soutter satisfies the requirements for class membership found in paragraph 35 of the SACC, as follows:

    a.) The computer database of the Executive Secretary of the Supreme Court of Virginia shows that Soutter was the defendant in an action brought in the General District Court for the City of Richmond.

    b.) The computer database of the Executive Secretary of the Supreme Court of Virginia shows that the judgment entered against Soutter in the City of Richmond was dismissed on March 20, 2008.

    c.) Equifax's records note receipt of a communication or dispute from Soutter on May 20, 2008 regarding the status of the judgment.

    d.) Equifax's records note that at least three credit reports regarding Soutter were furnished to a third party who requested the credit report, other than for an employment purpose on the following dates: Nordstrom (10/19/08 – hard inquiry), Marlin Leasing (11/6/08 – hard inquiry), Discover Financial (12/16/08 – hard inquiry).

As Equifax finally corrected the reporting of the judgment within Soutter's credit file on December 28, 2008, these three credit reports satisfy the following criteria found in the SACC: (1.) no earlier than February 17, 2008, (2.) no later than February 21, 2013,


PLAINTIFF'S EXHIBIT A

(3.) after the date that Equifax's records note its receipt of the consumer's dispute regarding the judgment status **(May 20, 2008)**, and (4.) at least thirty (30) days after the disposition date **(April 20, 2008, given the disposition date of March 20, 2008)** but before the judgment was corrected by Equifax to report that it has been dismissed, satisfied, appealed, or vacated. **(December 28, 2008).**

2. **Whether Soutter asserts a claim under 15 U.S.C. §1681e(b) based on the April and May 2008 events, or based on the November and December 2008 events, and if so, which alleged facts support such a claim.**

Soutter's claim under §1681e(b) is based on the events that occurred on October 19, 2008, November 6, 2008, and December 16, 2008. On these dates, Equifax sold credit reports about the Plaintiff to third parties at a time when, Plaintiff contends, Equifax did not have reasonable procedures in place to ensure the maximum possible accuracy of these reports. The publication of a credit report is a necessary condition to a claim arising under §1681e(b), therefore her claim became viable on these dates.

3. **Whether Soutter asserts a claim under 15 U.S.C §1681i, and if so, which alleged facts support such a claim.**

Soutter's Second Amended Class Complaint does not allege a claim based on 15 U.S.C §1681i. Soutter's letter to Equifax, received by Equifax on May 20, 2008, is referenced in the SACC only because this letter provided notice to Equifax of the fact that, as a matter of public record, no outstanding judgment existed against Soutter in the General District Court for the City of Richmond as of March 20, 2008. At page 11 of the opinion, the Fourth Circuit concluded that such notice bears on the willfulness of Equifax's conduct when it voluntarily chose thereafter to sell credit reports that inaccurately stated that this judgment was outstanding and unpaid.

4. **Commonality: The questions that are common to the class as proposed in the SACC.**

The elements of the class claim are that (1.) the Plaintiff's credit report was inaccurate, (2.) that Equifax's procedures were unreasonable and caused the inaccuracy, and (3.) that Equifax's behavior was willful. Factors (1.) and (3.) are addressed within the class definition itself. An individual cannot be a member of the class unless an inaccurate credit report was published and unless that individual also provided notice to Equifax of the judgment inaccuracy. Factor (2.) requires proof of the unreasonableness of the procedures and a causal relationship between the implementation of the unreasonable procedures and the publication of inaccurate credit reports. As Plaintiff has now narrowed the class period significantly to address the supposed disparities between the way that judgment dispositions were collected across various time periods as discussed by the Fourth Circuit when it relied on Mark Johnson's declaration, the evidence about Equifax's policies and procedures during the "pre-May 2009 time period" will be uniform for each of the class members.

5. **Typicality: The claims or defenses of the representative party that are typical of the claims or defenses of the class as proposed in the SACC.**

The Plaintiff's claim is typical of those of the putative class members because the class definition is limited to class members who, like the Plaintiff, were the subject of a credit report which contained an inaccurate judgment notation after such time as the putative class member provided notice to Equifax that the judgment was no longer outstanding or owed.

6. **Adequacy: The representative party will fairly and adequately protect the interests of the class as proposed in the SACC.**

In the four and one-half years that have passed since filing, Plaintiff has remained actively engaged in this case, she corresponds frequently with her counsel, she has subjected herself to a deposition, and she has provided documents and discovery answers, and has demonstrated in all regards that she takes her commitment and role as a class representative seriously. Further, in approving the settlement that Plaintiff secured for her class members in the parallel *Soutter v. Trans Union* matter, Judge Hudson concluded that Plaintiff satisfied the adequacy requirement, stating that "Plaintiff and Class Counsel have fairly and adequately protected the interests of the Settlement Class". Doc. 47, ¶3 and 5, *Soutter v. Trans Union LLC*, Civil Action No. 3:10-cv-514.

7. **Identifiability: The threshold requirement that the members of a proposed class be "readily identifiable".**

Plaintiffs have demonstrated in their briefing and through the Declaration of Leonard Bennett that a determination of an individual's eligibility for membership in the class as defined in the SACC can be completed via a review of the electronic database records of the Supreme Court of Virginia as well as Equifax's business records created and maintained in the regular course of business and also stored in electronic format. Plaintiff's counsel has an updated copy of this database current through September 3, 2014.

8. **Predominance: Whether questions of law or fact common to class members predominate over any questions affecting only individual members.**

Classwide issues predominate over individual issues in that the most significant issues in this case pertain to uniform conduct by Equifax -- its policies and procedures, its contract with LexisNexis that governed judgment disposition pickup for all class members, Equifax's knowledge and notice of the defects in its system, and the willfulness of its conduct.

9. **Superiority: Whether a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.**

       A class action is superior to other available methods for fairly and efficiently adjudicating the controversy because the alternative to a class action is likely to be no action at all for the majority of the class members, because individual cases prosecuted in parallel would lead to the possibility of inconsistent and inefficient adjudications, because of this Court's interest in managing and controlling the volume of its docket, and because the members of this putative class, arguably without substantial resources given the entry of judgment against them, could not afford or would not know of their right to bring a claim against Equifax.