UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

DONNA K. SOUTTER,

   on behalf of herself and those
   similarly situated,

     Plaintiff,

v.                                                   Civil Action No. 3:10CV00107(REP)

EQUIFAX INFORMATION SERVICES LLC,

   Defendant.

## DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S RESPONSES TO PLAINTIFF DONNA K. SOUTTER'S FIRST SET OF INTERROGATORIES

    Defendant Equifax Information Services LLC (hereinafter "EIS"), pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, responds to Plaintiff Donna K. Soutter's First Set of Interrogatories as follows:

### RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**

    Describe and identify by date all actions taken by the defendant or any of its vendors with respect to the plaintiff's Equifax credit file and identify all persons who participated in taking such actions.

**RESPONSE TO INTERROGATORY NO. 1:**

    Subject to its previously served objections, EIS states that it maintains a credit file for plaintiff. Plaintiff's credit file was created on October 4, 1984. Plaintiff's credit file consists of information provided to EIS by the companies with whom Plaintiff has a credit or financial relationship. These companies regularly report information concerning Plaintiff's accounts to EIS either electronically or via magnetic tape. EIS updates this new information as it is reported by these data furnishers. The updates to any individual accounts would generally be reflected in



PLAINTIFF'S EXHIBIT E

**RESPONSE TO INTERROGATORY NO. 2:**

Subject to its previously served objections, EIS has communicated with Dorothy Virden, Mark Johnson, and Robby Curtis of LexisNexis and Erik Anderson of ChoicePoint concerning the gathering of public record information.

INTERROGATORY NO. 3

Identify any information which has appeared in the plaintiff's file and/or which it reported to any third party which the defendant believes, or has reason to believe, is or was in any way inaccurate, the basis for the defendant's belief that any such information is or was inaccurate, the manner in which the defendant determined or obtained reason to believe that any such information was inaccurate.

**RESPONSE TO INTERROGATORY NO. 3:**

With respect to the judgment against Plaintiff that was filed in the Richmond General District Court, the judgment was entered on January 29, 2008 and set aside on March 20, 2008. The judgment was reported on Plaintiff's EIS credit file in or about July 2008. Between the time the judgment was reported on Plaintiff's file and the time it was removed, the following hard inquiries and account review inquiries appear on Plaintiff's credit file: (1) Stellarone (8/16/08, account review); (2) Nordstrom (10/19/08, hard inquiry); (3) Nordstrom (11/6/08, account review); (4) Marlin Leasing (11/6/08, hard inquiry); (5) FIA CSNA (11/13/08, account review); and (6) Discover Financial (12/16/08, hard inquiry). At the time of the inquiries listed above, EIS had no reason to believe that any information on Plaintiff's credit file was inaccurate. When Equifax received documents from Plaintiff on December 28, 2008, it determined that the documents were sufficient to remove the judgment from the credit file pursuant to its policies and procedures and, therefore, removed the judgment.

INTERROGATORY NO. 4

Separately list each procedure you followed in preparing the credit reports of the Plaintiff and other putative class members since February 1, 2008 that you contend was a "reasonable

For each year since 2008, describe in full detail, identify all documents that describe or explain and identify all persons responsible for management of this function the manner in which Equifax has gathered civil judgment information in the City of Richmond General District Court, including the initial judgment entries as well as any later vacation, appeal or satisfaction of the judgment.

**RESPONSE TO INTERROGATORY NO. 5:**

Shawn DeGrace and James Kegley are responsible for the management of this function. The document related to this function is the contract between LexisNexis and EIS which has been produced to Plaintiff.

INTERROGATORY NO. 6

For each consumer about whom Equifax has furnished a hard inquiry consumer report (a.) within the period commencing two years preceding the filing of the Complaint and through the date of this request, (b.) that contained a, and (c.) in which that judgment was not reported as paid, satisfied, vacated or appealed, list the full name and last known address of that consumer, the date of each such report and the details of the judgment tradeline contained in that consumer's file.

NOTE: A. In lieu of a substantive response to this request, Plaintiff will accept Equifax's stipulations as follows: 1. The putative class is numerous and would exceed 300 persons; 2. The putative class membership is ascertainable through a comparison of the records of Equifax and those of either the General District Court electronic files or those of Lexis Nexis.

B. Plaintiff's counsel is familiar with Equifax's argument in other cases that it does not maintain sufficient archives in order to know the content of a specific consumer report on a specific date. If Equifax asserts this position in this case, Plaintiff insists then that Equifax provide its answer by use of the frozen scans or other monthly archives to provide the above list for consumers about whom the report was furnished during a month in which Equifax's archives show the judgment as described to be in that consumer's file.

**RESPONSE TO INTERROGATORY NO. 6:**

Subject to its previously served objections, EIS has advised Plaintiff that it will stipulate to numerosity. EIS is in the process of attempting to ascertain the class.

Respectfully submitted this 6th day of August, 2010.

_____
John W. Montgomery (VSB #37149)
MONTGOMERY & SIMPSON, LLP
2116 Dabney Road, Suite A-1
Richmond, Virginia 23230
Telephone: (804) 355-8744
Facsimile: (804) 355-8748
Counsel for Defendant Equifax Information Services LLC

## CERTIFICATE OF SERVICE

This is to certify that I have this 6th day of August, 2010, served a true and correct copy of the foregoing by depositing same in the United States mail, properly addressed with sufficient postage affixed thereto to ensure delivery to:

Leonard A. Bennett
Consumer Litigation Associates
12515 Warwick Boulevard
Suite 100
Newport News, Virginia 23606
*Counsel for Plaintiff*

_____
Counsel for Defendant Equifax Information Services LLC

7