IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DONNA K. SOUTTER,
For herself and on behalf of all
similarly situated individuals,

        Plaintiff,

v.                                 Civil Action No. 3:10-cv-00514-HEH

TRANS UNION, LLC,

        Defendant.

## FINAL APPROVAL ORDER

Plaintiff, on her own behalf and on behalf of all similarly situated consumers, submitted to the District Court a Motion for Final Approval of the Class Action Settlement ("Motion") seeking final approval of the Stipulation and Agreement of Settlement (the "Agreement"), and the exhibits attached thereto, entered into by and between Plaintiff and Defendant. Defendant does not oppose Plaintiff's Motion.

By Order dated December 19, 2013, the District Court entered an Order that preliminarily approved the Agreement and conditionally certified the Settlement Class for settlement purposes only (the "Preliminary Approval Order").(Doc. 47.) In compliance with the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4, Defendant served written notice of the proposed class settlement on the United States Attorney General and the Attorneys General of all 50 states and the District of Columbia. (Doc. 53-1.) Adequate notice having been given to the Settlement Class in compliance with the procedures set forth in the Agreement and the Preliminary Approval Order, this Court having considered all papers filed and proceedings had herein, and otherwise being fully informed of the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:


PLAINTIFF'S EXHIBIT

1.  This Final Approval Order incorporates by reference the definitions in the Agreement, and all terms used herein shall have the same meanings as set forth in the Agreement.

2.  This Court has jurisdiction over the subject matter and, for purposes of this Settlement only, personal jurisdiction over all the Parties, including all Settlement Class Members.

3.  Pursuant to Federal Rule of Civil Procedure 23, and consistent with Due Process, the Court finds that the settlement of the lawsuit, on the terms and conditions set forth in the Agreement, is in all respects fair, reasonable, adequate, and in the best interest of the Settlement Class Members, especially in light of the benefits to the Settlement Class Members; the strength of the Parties' cases and defenses; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; the risk of collecting any judgment obtained on behalf of the Settlement Class; and, the limited amount of any potential total recovery for Settlement Class Members if litigation continued..

4.  Pursuant to Federal Rule of Civil Procedure 23(b)(3), this Court hereby certifies the Settlement Class solely for purposes of effectuating this Settlement.

    a.  The Settlement Class is defined as follows:

    All consumers in the United States who, between July 26, 2008, and the date of preliminary approval of the Settlement, had a hard inquiry on their TransUnion File resulting in the delivery of a TransUnion consumer report that reflected an unsatisfied Virginia General District Court or Virginia Circuit Court civil judgment, if at least 31 days prior to delivery of the consumer report, and on the date of delivery of the consumer

report, such judgment had been satisfied, vacated or dismissed, as shown by the VSC Master File.

b.  Individuals within the Settlement Class had the right to exclude themselves by way of the opt-out procedure set forth in the Preliminary Approval Order. Excluded from the Settlement Class are those persons who validly and timely requested exclusion from the Settlement Class by way of the opt-out procedure, as identified in Exhibit 1 hereto (the "Opt-Outs").

c.  Individuals within the Settlement Class had the ability to reserve their right to seek compensatory damages by submitting to the Settlement Administrator a fully-completed and personally-signed Reservation of Rights Form. Settlement Class Members who submitted valid Reservation of Rights Forms are identified in Exhibit 2 hereto. Such Settlement Class Members are bound by the terms of Section 8.5 of the Agreement and the Parties will carry out the procedures set forth therein. In the event that the parties are unable to resolve the claims of the Settlement Class Members who submitted Reservation of Rights Forms pursuant to the procedures sect forth in Section 8.5 of the Agreement, then such individuals may proceed in a separate action on an individual, non-class, non-representative basis only, at his or her own expense, against Defendant to attempt recovery of his or her individual compensatory damages, but the individual will not be entitled to seek statutory or punitive damages or attorneys' fees pursuant to 15 U.S.C. § 1681n or attorneys' fees pursuant to 15 U.S.C. § 1681o. Notwithstanding the foregoing, such individuals may seek attorneys' fees in a separate action if the individual prevails in the separate action and only as set forth in Section 8.5(c) of the Agreement. The right to sue pursuant to a valid Reservation of Rights shall expire as set forth in Section 8.5(c) of the Agreement.

5. For purposes of this Settlement only, this Court finds and concludes that: (a) the Settlement Class is so numerous that joinder of all individuals in the Settlement Class is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) Plaintiff's claims are typical of the claims of the Settlement Class; (d) Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all individuals in the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Settlement Class Members in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Settlement Class Members; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of this class action.

6. Pursuant to the Court's Preliminary Approval Order, the approved mail notice was mailed. The form and method for notifying the class members of the settlement and its terms and conditions were in conformity with this court's Preliminary Approval Order satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(b) and due process, and constituted the best notice practicable under the circumstances. The Court further finds that the notice was clearly designed to advise the settlement class members of their rights and clearly and concisely stated, in plain, easily understood language, all features of the lawsuit and settlement set forth in Fed. R. Civ. P. 23(C)(2)(B).

7. This Court finds that no objections to the Settlement have been timely filed.

8. This Court hereby dismisses with prejudice on the merits and without costs or attorneys' fees (except as otherwise provided in the Agreement) the above-captioned action (subject to retention of jurisdiction to enforce the Settlement).

9. The Released Parties include Defendant, together with its members, owners, shareholders, unitholders, predecessors, successors (including, without limitation, acquirers of all or substantially all of their assets, stock, units or other ownership interests) and assigns; the past, present, and future, direct and indirect, parents (including, but not limited to holding companies), subsidiaries and affiliates of any of the above; and the past, present and future principals, trustees, partners, insurers, officers, directors, employees, agents, advisors, attorneys, members, owners, shareholders, unitholders, predecessors, successors, assigns, representatives, heirs, executors, and administrators of any of the above. Released Parties also includes: (i) any and all resellers or retransmitters of TransUnion data, and (ii) LexisNexis and any consumer reporting agencies it owns or controls (through more than 50% ownership) (together, "Additional Released Parties"), but the release under this Agreement in favor of Additional Released Parties shall only release claims based on data delivered by TransUnion, shall not release claims that might be asserted under 15 U.S.C. § 1681k or 1681s-2(b), and shall otherwise be subject to the limitations set forth in Section 2.30 of the Agreement.

10. Plaintiff and each Settlement Class Member, their respective heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, assigns and all persons acting for or on their behalf, are deemed to have fully, finally and forever released all Released Parties from any and all actual or potential claims, actions, causes of action, suits, counterclaims, cross claims, third-party claims, contentions, allegations, and assertions of wrongdoing, and any demands for any and all debts, obligations, liabilities, damages (whether

actual, compensatory, treble, punitive, exemplary, statutory, or otherwise), attorneys' fees, costs, expenses, restitution, disgorgement, injunctive relief, any other type of equitable, legal or statutory relief, any other benefits, or any penalties of any type whatever, whether known or unknown, suspected or unsuspected, contingent or non-contingent, or discovered or undiscovered, whether asserted in federal court, state court, arbitration or otherwise, and whether triable before a judge or jury or otherwise, including, without limitation, those based on violation of FCRA or any other federal, state or local law, statute, regulation or common law, that were alleged (or that could have been alleged based on the same facts and circumstances) in the Action, the Amended Complaint or any other complaints, pleadings or other papers filed or to be filed in the Action or any similar or related litigation, and that involved a Virginia General District Court or Virginia Circuit Court judgment appearing on a consumer report or File disclosure issued by Defendant, or a consumer report or File disclosure created from data provided by Defendant, wherein such data inaccurately stated or suggested that such judgment was valid and had not been satisfied, vacated or dismissed.

11. Plaintiff and each Settlement Class Member are deemed to acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts which they now know or believe to be true with respect to the subject matter of the settlement, but that they release fully, finally and forever all Released Claims, and in furtherance of such intention, the release will remain in effect notwithstanding the discovery or existence of any such additional or different facts. Plaintiff and all Settlement Class Members agree, as set forth in Section 6.1 of the Agreement, that this release constitutes a waiver of any statutory provision, right or benefit of any state or territory of the United States or any jurisdiction, and any principle of common law at law or in equity that prohibits the waiver of unknown claims.

12. This Final Approval Order, the Preliminary Approval Order, the Agreement, and any act performed or document executed pursuant to or in furtherance thereof:

    a. Will not be offered or received against the Released Parties as evidence of, or be construed as or deemed to be evidence of, any admission or concession by the Released Parties as to the truth or relevance of any fact alleged by Plaintiff, the existence of any class alleged by Plaintiffs, the propriety of class certification had the Action been litigated rather than settled, or the validity of any claim that has been or could have been asserted in the Amended Complaint or in any other litigation, or the deficiency of any defense that has been or could have been asserted in the Amended Complaint or in any other litigation, or of any liability, negligence, fault, or wrongdoing of the Released Parties;

    b. Will not be offered as or received against any of the Released Parties as evidence of, or construed as or deemed to be evidence of, any admission or concession of any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the parties to the Agreement, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Agreement, except that the Released Parties may refer to it to effectuate the liability protection granted them thereunder;

    c. Will not be deemed an admission by Defendant that it is subject to the jurisdiction of any court;

    d. Will not be construed against Defendant as an admission or concession that the consideration to be given under the Agreement represents the amount which could be or would have been recovered after trial.

13. The Released Parties may file the Agreement and/or this Final Approval Order in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar, reduction, set-off or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

14. Settlement Class Members, and any person or entity allegedly acting on behalf of Settlement Class Members, either directly, representatively or in any other capacity, are enjoined from commencing or prosecuting against any and all of the Released Parties any action or proceeding in any court or tribunal asserting any of the Released Claims; provided, however, that this injunction shall not apply to non-released claims of Opt-Outs or, as set forth in Section 8.5 of the Agreement, compensatory damages claims of Settlement Class Members who submitted valid Reservation of Rights Forms.

15. Plaintiff and Class Counsel have moved for a service award for the Class Representative in the amount of seven thousand five hundred dollars ($ 7,500.00). The Court awards the Class Representative __7,500__ dollars ($_____.00), which shall be paid in accordance with the Agreement.

16. Plaintiff and Class Counsel have moved for an award of attorneys' fees (including costs and expenses) in the amount of five hundred thousand dollars ($ 500,000.00 ). The Court awards attorneys' fees (including costs and expenses) in the amount of $500,000 dollars ($ _____) which shall be paid in accordance with the Agreement.

17. Without affecting the finality of this Final Approval Order in any way, this Court retains continuing jurisdiction to implement the Agreement and to construe, enforce and administer the Agreement and the Settlement. Class Counsel are to continue in their role to

oversee all aspects of the Agreement and Settlement. Upon notice to Class Counsel, Defendant may seek from this Court, pursuant to 28 U.S.C. § 1651(a), such further orders or process as may be necessary to prevent or forestall the assertion of any of the Released Claims in any other forum, or as may be necessary to protect and effectuate the Settlement and this Final Approval Order.

18. If an appeal, writ proceeding or other challenge is filed as to this Final Approval Order, and if thereafter the Final Approval Order is not ultimately upheld, all orders entered, stipulations made and releases delivered in connection herewith, or in the Agreement or in connection therewith, shall be null and void to the extent provided by and in accordance with the Agreement.

IT IS SO ORDERED, ADJUDGED AND DECREED.

IT IS SO ORDERED.

Dated: June 4, 2014

/s/
Henry E. Hudson
United States District Judge

# EXHIBIT 1

### Persons Who Requested Exclusion From The Settlement Class By Opting Out

Leon Wright Jester, Jr.
Beatrice Deloris Russell

# EXHIBIT 2

## Settlement Class Members Who Submitted Valid Reservation Of Rights Forms

Tolbert Adkins
Shawnte Datrelle Barley
April K. Barnes
Suwanda L. Beeman
James A. Bullion
Danielle M. Bumbrey
Melanie Carter
Timothy Clark
Wayne A. Clark
Betty L. Cook
Kim Diehl
Christie M. Dooley
Jason P. Doss
Tammy H. Fells
Felicia Fennell
Nakita Ferguson
Grisel G. Figueroa
Dwayne Forrest
Sherry M. Grayson
James Hall
Lolita J. Hall
Lucy A. Harris
Joe Hill
Ricardo A. Jimenez
Lila Johnson
Sharron D. Johnson
David Lewis
Tawanda J. Long
Jennifer Martin
Carol B. Mason
Leslie Mcguire
Cort D. Moore
Floxy Ogu
Cindy Petika
Sharon C. Salou
Tommy A. Shearer
Christopher B. Smith
Lakita T. Spencer
Chandra F. Stewart
Hassan A. Suluki
Deana Jean Valade
Starnell S. Walker
Cleties Wardell Welch, Jr

Carlein L. White
Jonothan Wilson
Maraschino A. Wright
Katharine L. Zwart
Jeanne A. Duhamel