IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DONNA K. SOUTTER, *for herself and on behalf*
*of other similarly situated individuals*

       Plaintiff,                                            Civil Action No. 3:10-cv-107

    v.

EQUIFAX INFORMATION SERVICES, LLC

       Defendant.

---

BRENDA ARNOLD and
JOYCE RIDGLEY, *on behalf of themselves*
*and all other similarly situated individuals*,

       Plaintiffs,                                           Civil Action No. 3:15-cv-460

v.

EQUIFAX INFORMATION
SERVICES, LLC

## [PROPOSED] FINAL APPROVAL ORDER

Plaintiffs Donna Soutter, Brenda Arnold, and Joyce Ridgley, on their own behalf and on behalf of all similarly situated consumers, submitted to the District Court a Motion for Final Approval of the Class Action Settlement ("Motion") seeking final approval of the Stipulation and Agreement of Settlement (the "Agreement"), and the exhibits attached thereto, entered into by and between Plaintiffs and Defendant. Defendant does not oppose Plaintiffs' Motion.

By Order dated _____, 2015, the District Court entered an Order that preliminarily approved the Agreement and conditionally certified the Settlement Class for settlement purposes only (the "Preliminary Approval Order"). In compliance with the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4, Defendant served written notice of the proposed class

settlement on the United States Attorney General and the Attorneys General of all 50 states and the District of Columbia. Due and adequate notice having been given to the Settlement Class in compliance with the procedures set forth in the Agreement and the Preliminary Approval Order, this Court having considered all papers filed and proceedings had herein, and otherwise being fully informed of the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. This Final Approval Order incorporates by reference the definitions in the Agreement, and all terms used herein shall have the same meanings as set forth in the Agreement.

2. This Court has jurisdiction over the subject matter and, for purposes of this Settlement only, personal jurisdiction over all the Parties, including all Settlement Class Members.

3. Pursuant to Federal Rule of Civil Procedure 23, and consistent with Due Process, the Court finds that the settlement of the lawsuit, on the terms and conditions set forth in the Agreement, is in all respects fair, reasonable, adequate, and in the best interest of the Settlement Class Members, especially in light of the benefits to the Settlement Class Members; the strength of the Parties' cases and defenses; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; the risk of collecting any judgment obtained on behalf of the Settlement Class; and, the limited amount of any potential total recovery for Settlement Class Members if litigation continued.

4. Pursuant to Federal Rule of Civil Procedure 23(b)(3), this Court hereby certifies the Settlement Class solely for purposes of effectuating this Settlement.

    a. The Settlement Class is defined as follows:

> All consumers in the United States whose Equifax File contained a Virginia General District Court civil judgment, between January 1, 2003 and the date of preliminary approval of the Settlement, that was reporting as an open judgment, if at least 31 days prior to delivery of the consumer report, and on the date of delivery of the consumer report, such judgment had been satisfied, vacated dismissed, or appealed as shown by the VSC Master File.

b. Individuals within the Settlement Class had the right to exclude themselves by way of the opt-out procedure set forth in the Preliminary Approval Order.  Excluded from the Settlement Class are those persons who validly and timely requested exclusion from the Settlement Class by way of the opt-out procedure, as identified in Exhibit 1 hereto (the "Opt-Outs").

c. Individuals within the Settlement Class had the ability to reserve their right to seek actual damages by submitting to the Settlement Administrator a fully-completed and personally-signed Reservation of Actual Damages Form.  Settlement Class Members who submitted valid Reservation of Actual Damages Forms are identified in Exhibit 2 hereto.  Such Settlement Class Members are bound by the terms of Sections 3 and 7.7 of the Agreement and the Parties will carry out the procedures set forth therein. Settlement Class Members who reserve their actual damages claim may not recover outside the Settlement, under any circumstances, any damages other than actual damages.  Reserving class members still expressly release, waive, and agree not to pursue any additional damages or penalties, including (but not limited to) punitive damages and statutory damages. Any amount of money an Actual Damages Settlement Class member recovers from the Actual Damages Settlement Fund may offset Equifax's obligation under any actual damages judgment later obtained as a result of a Settlement Class Member's prosecution of a claim he or she reserved by a Reservation of Actual Damages.

5. For purposes of this Settlement only, this Court finds and concludes that:  (a) the Settlement Class is so numerous that joinder of all individuals in the Settlement Class is

impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) Plaintiffs' claims are typical of the claims of the Settlement Class; (d) Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of all individuals in the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Settlement Class Members in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Settlement Class Members; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of this class action.

6. Pursuant to the Court's Preliminary Approval Order, the approved mail notice was mailed. The form and method for notifying the class members of the settlement and its terms and conditions were in conformity with this Court's Preliminary Approval Order satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(b) and due process, and constituted the best notice practicable under the circumstances. The Court further finds that the notice was clearly designed to advise the settlement class members of their rights and clearly and concisely stated, in plain, easily understood language, all features of the lawsuit and settlement set forth in Fed. R. Civ. P. 23(C)(2)(B).

7. This Court has considered and hereby overrules all objections to the Settlement on their merits.

8. This Court hereby dismisses with prejudice on the merits and without costs or attorneys' fees (except as otherwise provided in the Agreement) the above-captioned action (subject to retention of jurisdiction to enforce the Agreement and the Settlement).

9. The Released Parties include Equifax and its present or former officers, directors, employees, attorneys, agents, administrators, successors, assigns, subsidiaries, partners, corporate affiliates, sister corporations, parents, divisions, and predecessors.

10. The Plaintiffs and each Settlement Class Member, their respective heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, assigns and all persons acting for or on their behalf, shall be deemed to have fully, finally and forever released the Released Parties from all Released Claims described in Sections 2.1 and 5 of the Agreement.

Without limiting the foregoing, the Released Claims released pursuant to this Settlement specifically extend even as to all claims and potential claims that Settlement Class Members do not know or suspect to exist in their favor as of or prior to the Effective Date.  The Parties, and all Settlement Class Members, agree that this paragraph constitutes a waiver of any statutory provision, right or benefit of any state or territory of the United States or any jurisdiction, and any principle of common law at law or in equity that prohibits the waiver of unknown claims. Plaintiffs and each Settlement Class Member understand and acknowledge the significance of this waiver relating to limitations on releases.  In connection with such waiver and relinquishment, Plaintiffs and each Settlement Class Member acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts which they now know or believe to be true with respect to the subject matter of the Settlement, but that they release fully, finally and forever all Released Claims, and in furtherance of such intention, the release will remain in effect notwithstanding the discovery or existence of any such additional or different facts.  The Parties acknowledge (and all Settlement Class Members by operation of law

shall be deemed to have acknowledged) that the release of unknown Released Claims as set forth herein was separately bargained for and was a key element of the Settlement.

11. Settlement Class Members, and any person or entity allegedly acting on behalf of Settlement Class Members, either directly, representatively or in any other capacity, are enjoined from commencing or prosecuting against any and all of the Released Parties any action or proceeding in any court or tribunal asserting any of the Released Claims; provided, however, that this injunction shall not apply to non-released claims of Opt-Outs or, as set forth in Section 7.7 of the Agreement, actual damages claims of Settlement Class Members who submitted valid Reservation of Actual Damages Forms.

12. Plaintiffs and Class Counsel have moved for a service award for the Class Representatives in the amount of twenty thousand dollars ($20,000.00) for Donna Soutter and two thousand five hundred dollars ($2,500) each for Brenda Arnold and Joyce Ridgley. The Court awards Donna Soutter twenty thousand dollars ($20,000.00) and Brenda Arnold and Joyce Ridgley two thousand five hundred dollars ($2,500) each, which shall be paid in accordance with the Agreement.

13. Plaintiffs and Class Counsel have moved for an award of attorneys' fees (including costs and expenses) in the amount of three million seven hundred twenty five thousand dollars ($3,725,000.00). The Court awards attorneys' fees (including costs and expenses) in the amount of three million seven hundred twenty five thousand dollars ($3,725,000.00) which shall be paid in accordance with the Agreement.

14. Furthermore, Equifax will remove and/or suppress the reporting of all Virginia General District Court judgments from the credit files of all consumers. Equifax will implement this change for a period of no less than five (5) years commencing no later than ninety (90) days

after the entry of this Order. Equifax will confirm with Class Counsel when it completes the deletion of this information.

15. Without affecting the finality of this Final Approval Order in any way, this Court retains continuing jurisdiction of all matters relating to the modification, interpretation, administration, implementation, effectuation, and enforcement of this Agreement and the Settlement. Class Counsel are to continue in their role to oversee all aspects of the Agreement and Settlement. Upon notice to Class Counsel, Defendant may seek from this Court, pursuant to 28 U.S.C. § 1651(a), such further orders or process as may be necessary to prevent or forestall the assertion of any of the Released Claims in any other forum, or as may be necessary to protect and effectuate the Settlement and this Final Approval Order.

16. If an appeal, writ proceeding, or other challenge is filed as to this Final Approval Order, and if thereafter the Final Approval Order is not ultimately upheld, all orders entered, stipulations made and releases delivered in connection herewith, or in the Agreement or in connection therewith, shall be null and void to the extent provided by and in accordance with the Agreement.

IT IS SO ORDERED, ADJUDGED AND DECREED.

IT IS SO ORDERED.

Dated: _____    _____

Senior United States District Judge