IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DONNA K. SOUTTER, *for herself and on behalf*
*of other similarly situated individuals*

       Plaintiff,                                            Civil Action No. 3:10-cv-107

      v.

EQUIFAX INFORMATION SERVICES, LLC

       Defendant.

---

BRENDA ARNOLD and
JOYCE RIDGLEY, *on behalf of themselves*
*and all other similarly situated individuals*,

       Plaintiffs,                                          Civil Action No. 3:15-cv-460

v.

EQUIFAX INFORMATION
SERVICES, LLC

**STIPULATION AND ORDER PERMITTING DISCLOSURE OF PERSONAL AND CREDIT INFORMATION OF PLAINTIFFS AND OTHER CONSUMERS WHO MAY FALL WITHIN A POTENTIAL SETTLEMENT CLASS PROPOSED BY PLAINTIFFS**

      WHEREAS Plaintiffs Donna K. Soutter, Brenda Arnold, and Joyce Ridgley ("Plaintiffs") allege claims under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (the "FCRA") against Defendant Equifax Information Services, LLC ("Equifax") (together, the "Parties") on behalf of themselves and others similarly situated;

      WHEREAS the Parties engaged in settlement discussions facilitated by Rodney Max, Upchurch Watson White & Max Mediation Group, on August 14, 2015, after which the Parties reached a settlement in principle on a class basis (the "Settlement");

WHEREAS, as part of the Settlement, Equifax must disclose to the settlement administrator and Plaintiffs' counsel certain personal and credit information in the possession of Equifax related to Plaintiffs and other consumers who may fall within a possible Settlement class proposed by Plaintiffs;

WHEREAS Plaintiffs' counsel and the settlement administrator will need to be able to review such personal and credit information for purposes of settlement administration and as they conclude appropriate for Plaintiffs' counsel to contact and/or advise class members of their rights under the FCRA for purposes of the Settlement as it relates to Equifax and comparable issues involving other consumer reporting agencies, i.e., how judgments and post-judgment events are reported;

WHEREAS Plaintiffs' counsel agrees that the information to be provided will not be used to solicit or support any claims against Equifax, whether known or unknown, under the FCRA or any other federal or state law;

WHEREAS the Court is authorized under 15 U.S.C. § 1681b(a)(1) to grant leave to Equifax to produce the subject personal and credit information to the settlement administrator and Plaintiffs' counsel confidentially for the purposes described in the Settlement;

WHEREAS the credit information sought to be disclosed is necessary to complete the terms of the Settlement and settlement administration;

WHEREAS the Parties' request is narrowly tailored to protect to the greatest extent possible the privacy interests of Plaintiffs and other consumers who may fall within a possible Settlement class proposed by Plaintiffs;

WHEREAS pursuant to the Protective Order entered in this action (see Doc. No. 51), the credit information shall be designated as "Confidential – Attorneys' Eyes Only" (see Protective

Order, Paragraphs 2, 7) (except that information also may be disclosed to the settlement administrator) and all copies of said information destroyed or returned to Equifax within one hundred eighty (180) days of the Effective Date, as defined in the settlement agreement;[1] and

WHEREAS production of the personal and credit information under these conditions ensures a proper balance between protecting the privacy interests of Plaintiffs and other consumers who may fall within a possible Settlement class proposed by Plaintiffs and making available information necessary to a possible resolution of the proposed class claims against Equifax in this action;

WHEREAS, neither this stipulation nor the production of personal or credit information by Equifax shall be deemed an admission or concession that such information is discoverable or relevant to any issue in the action, or that any element of class certification can be established;

THEREFORE, IT IS HEREBY STIPULATED between the Parties, through their counsel of record, that the Court order Equifax to disclose the personal or credit information (as described in the parties' settlement agreement) to the settlement administrator and to Plaintiffs' counsel, solely for the purposes described in the settlement agreement and herein, and for no other purposes, as described in the above recitals, and that the proposed order attached hereto may be entered.

IT IS FURTHER HEREBY STIPULATED that, should preliminary approval of the settlement not be entered by _____, 2015, both the settlement administrator and Plaintiffs' counsel shall return any personal or credit information Equifax discloses pursuant to this Stipulation and permanently destroy any copies.

---

[1] To the extent this Order conflicts with the Protective Order, this Order shall govern.

IT IS HEREBY ORDERED that Equifax has a permissible purpose to disclose the personal and credit information (as described in the parties' settlement agreement), to the settlement administrator and to Plaintiffs' counsel, solely for the purposes described in the settlement agreement and herein, but for no other purposes, even if such information is deemed a consumer report pursuant to 15 U.S.C. § 1681a(d) (but the Court makes no findings as to whether in fact such information is a consumer report).

IT IS FURTHER ORDERED that all parties shall abide by the terms of the stipulation set forth above.

IT IS FURTHER ORDERED that, should preliminary approval of the settlement not be entered by _____, 2015, this Order shall terminate by its own terms, and, in such event, both the settlement administrator and Plaintiffs' counsel shall immediately return any personal and credit information disclosed pursuant to this Order to Equifax and immediately ensure that any and all copies (whether electronic or non-electronic) are permanently destroyed and not in any way preserved.

IT IS SO ORDERED.

_____
SENIOR UNITED STATES DISTRICT JUDGE

We Ask for This:

_____
Leonard Anthony Bennett
Virginia State Bar #37523
Attorney for Donna K. Soutter
Consumer Litigation Associates, P.C.
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, VA 23601
Phone: (757) 930-3660
Fax: (757) 930-3662
Email:  lenbennett@clalegal.com

_____
John W. Montgomery, Jr.
Virginia State Bar # 37149
Attorney for Equifax
JOHN W. MONTGOMERY, JR. ATTORNEY, PLC
2116 Dabney Road, Suite A-1
Richmond, Virginia 23230
Tel:    (804) 355-8744
Fax:    (804) 355-8748
Email: jmontgomery@jwm-law.com